# MANDATE

NHCT
00-cv-1802
Thompson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 12th day of Feb., two thousand and four.

PRESENT:
    HON. PIERRE N. LEVAL,
    HON. SONIA SOTOMAYOR,
    HON. RICHARD C. WESLEY,
        *Circuit Judges.*



---

JOHN ACZEL,

    *Plaintiff-Appellee,*

    v.                       No. 03-7414

LEONARD LABONIA and ETHAN MABLE,

    *Defendants-Appellants.*

---

Appearing for Appellants:    THOMAS R. GERARDE, (John J. Radshaw, III, and Jay T. DonFrancisco, *on the brief*), Howd & Ludorf, Hartford, CT.

Appearing for Appellee:    TIZIANA M. SCACCIA, Goldstein and Peck, Bridgeport, CT.

ISSUED AS MANDATE: MAR - 9 2004

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, J.), it is hereby ORDERED, ADJUDGED AND DECREED that the judgment is AFFIRMED.

Defendants-appellants Leonard Labonia and Ethan Mable ("Labonia" and "Mable," or together, "the officers"), two police officers for the City of Danbury, Connecticut, appeal from an order of the United States District Court for the District of Connecticut (Thompson, J.), denying, in part, their motion for summary judgment in this suit alleging that the officers beat, arrested, and pursued criminal charges against plaintiff John Aczel ("Aczel") without cause or legal justification. As to the plaintiff's claims of false arrest, excessive force, and abuse of process brought under 42 U.S.C. § 1983, the district court found that the existence of many disputed issues of fact precluded a finding that defendants were entitled to qualified immunity as a matter of law. In this appeal, Labonia and Mable urge us to find that, with respect to those claims, "no reasonable jury . . . could conclude that it was objectively unreasonable" for the officers to believe that they were "acting in a fashion that did not clearly violate an established federally protected right." *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995) (citation and quotation marks omitted).

Familiarity with the events giving rise to this action is presumed.

"Ordinarily, 'the denial of a motion for summary judgment is not immediately appealable because such a decision is not a final judgment.'" *Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 760 (2d Cir. 2003) (quoting *O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 38 (2d Cir. 2003)). An interlocutory appeal from a district court's denial of a defendant's motion for summary judgment on the basis of qualified immunity, however, can be taken "because, as the Supreme Court has emphasized, the qualified immunity issue should be resolved early in the proceedings since qualified immunity protects an officer from suit." *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 200 (2001)). That said, this Court will only have "jurisdiction over the appeal to the extent it is based on either the undisputed facts or the version of the facts presented by [the plaintiff], and we will disregard any disputed facts or facts that contradict [the plaintiff's] version of the events." *Id.* at 761 (citing *O'Bert*, 331 F.3d at 39).

Aczel argues that because the material facts identified by the district court remain in dispute, we lack jurisdiction to hear the officers' appeal. We disagree. Accepting the undisputed facts and, where disputed, the version most favorable to the plaintiff, we conclude that defendants are not entitled to summary judgment on qualified immunity grounds because on that version of the facts plaintiff invokes constitutional rights that were clearly established at the time of the event. *See id.* at 761.

At the outset, we note that, rather than accept the plaintiff's version of events, counsel for the officers has submitted a brief on appeal that is glaringly "replete with [their] own

2

versions of the events."[1] *O'Bert*, 331 F.3d at 38. Thus, for example, defendants maintain that Aczel was resisting arrest and possibly grabbing for Labonia's weapons, and argue that they are entitled to qualified immunity on Aczel's claim of excessive force[2] because they acted reasonably in applying only the minimal force necessary to subdue him. Aczel, however, testified in his deposition that he offered no resistance and that the officers nevertheless kicked him repeatedly about the body and sprayed him in the face with pepper spray.[3]

Furthermore, Aczel's across-the-street neighbor, David Fesh, testified in his deposition that he witnessed the events, but saw nothing in Aczel's conduct that warranted a violent response from the officers. Specifically, Fesh testified that when Aczel got out of the back of the police car, Labonia turned him around to face the car, placed him in handcuffs, and then punched Aczel in the head. Fesh stated that Aczel and the officer thereafter fell to the ground on the side of the police car that was obstructed from his view, but he heard Aczel screaming. When next Fesh was able to see Aczel, Aczel was hunched in a ball on the ground. Although Fesh did not see Aczel resisting or attempting to flee, he heard Labonia tell Aczel to "stop resisting" and saw Labonia "mace" Aczel by spraying something in his face. After the incident, Fesh told the police what he had observed and complained that, in his opinion, the officer used unnecessary force.

Although a jury ultimately could reject Aczel's account of what transpired in favor of the officers', "[w]here the circumstances are in dispute, and contrasting accounts . . . present factual issues as to the degree of force actually employed and its reasonableness, a defendant is not entitled to judgment as a matter of law on a defense of qualified immunity." *Mickle v. Morin*, 297 F.3d 114, 122 (2d Cir. 2002) (alteration in original; citation and quotation marks omitted). Here, "the parties have provided conflicting accounts as to [who] initiated the use of force, how much force was used by each, and whether [the arrestee] was reaching toward" the officer's weapon. *Robison v. Via*, 821 F.2d 913, 924 (2d Cir. 1987).

---

[1] We find that the defendants-appellants' brief, which improperly and persistently presents the facts in the light most favorable to them rather than in the light most favorable to the plaintiff, as summary judgment requires, makes an award of costs to the prevailing plaintiff-appellee appropriate.

[2] We note that at oral argument, Aczel conceded that his claim of excessive force is brought pursuant to the Fourth, as opposed to the Fourteenth, Amendment.

[3] Appellants argued, in a footnote of their brief on appeal and at oral argument, that Officer Mable is entitled to qualified immunity on Aczel's claim of excessive force, because there is insufficient evidence to implicate Officer Mable in the alleged beating. Appellants, however, must direct that sufficiency of the evidence claim to the district court on remand, as "we have repeatedly ruled that arguments presented to us only in a footnote are not entitled to appellate consideration." *Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 445 (2d Cir. 2001).

With regard to the defendants' claim of qualified immunity on plaintiff's claim of false imprisonment, factual disputes likewise persist as to the "pivotal issue" of probable cause. *See Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003). Defendants contend that Labonia had both probable cause to arrest and reasonable suspicion to detain Aczel, based on his personal observations of Aczel shouting obscenities, and on the fact that while he was interviewing two of Aczel's female tenants simultaneously, the tenants told him that Aczel had sexually assaulted them in the past. Aczel, however, denied having yelled in Labonia's presence, and one of the tenants, Veronica DeRosa Stefano, denied in her deposition that any such accusation had been made during Labonia's interview. Defendants simply have "not established that no genuine issue of material fact exists as to whether [the officers] reasonably believed that [they] had probable cause to arrest" or reasonable suspicion sufficient for an investigatory stop. *Curry v. City of Syracuse*, 316 F.3d 324, 337 (2d Cir. 2003).

Despite the myriad of disputed factual issues, defendants argue that we should nevertheless vacate the judgment of the district court on the ground that the district court's purported failure to conduct the full analysis set forth in *Saucier v. Katz*, 533 U.S. 194, 200 (2001), amounts to reversible error. Although it might have been helpful for the district court to be more explicit, the court's denial of the motion was necessarily based on a conclusion in plaintiff's favor as to both the existence of the right and the fact that it was clearly established at the time. *See Cowan*, 352 F.3d at 765. We therefore see no basis for reversal.

Finally, appellants have not identified in their brief any independent reason that they are entitled to qualified immunity as a matter of law on plaintiff's abuse of process claim, arguing instead that their arguments made in support of their other claims "appl[y] equally" to the abuse of process claim.[4] As we have concluded that defendants have asserted no meritorious argument as to why – at this time – they are entitled to qualified immunity on the claims of excessive force and false imprisonment, we conclude that defendants have offered us no basis upon which to reverse the district court's denial of qualified immunity on the abuse of process claim.

---

[4] At oral argument, appellants argued that they are entitled to qualified immunity on the abuse of process claim because Aczel has failed to make out such a claim as a matter of law. *Cf. Savino v. City of New York*, 331 F.3d 63, 77 (2d Cir. 2003) (rejecting plaintiff's abuse of process claim, brought under New York law, for failing to show that defendants acted with improper purpose, as opposed to merely an improper motive); *Suffield Dev. Assocs. Ltd. P'ship v. Nat'l Loan Investors, L.P.*, 802 A.2d 44, 48 (Conn. 2002) ("[T]he gravamen of the action for abuse of process is the use of a legal process . . . against another *primarily* to accomplish a purpose for which it is not designed.") (quoting *Mozzochi v. Beck*, 529 A.2d 171, 173 (Conn. 1987) (emphasis and alteration in original)). Because the issue was not adequately briefed, however, any argument in this regard also must be addressed to the district court on remand. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998).

Having found that material issues of fact regarding the defendants' entitlement to qualified immunity remain in dispute, the judgment is AFFIRMED. We REMAND to the district court for further proceedings. Further, defendants-appellants are ORDERED to pay the plaintiff-appellee's costs.

FOR THE COURT:
ROSEANNE B. MACKECHNIE, Clerk

*[signature]*

By: LUCILLE CARR, Deputy Clerk

A TRUE COPY
Roseann B. MacKechnie, CLERK
by *[signature]* Angela Martin
DEPUTY CLERK