**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JOHN ACZEL : NO: 3:00 CV 1802 (AWT)
:
v. :
:
LEONARD LABONIA and :
ETHAN MABLE : AUGUST 2, 2004

<u>**DEFENDANTS' PROPOSED CHARGE TO THE JURY**</u>
<u>**SECTION I.  OPENING INSTRUCTIONS**</u>

MEMBERS OF THE JURY:

Now that the evidence in this case has been presented, the time has come for me to instruct you on the law.  My instructions will be in three parts:  <u>First</u>, some instructions on general rules that define and control the role of the court and the duty of the jury in a civil case; <u>second</u>, instructions that define the issues in this case and set out the specific questions of fact that you must answer from the evidence that has been introduced at trial; and <u>third</u>, some rules and guidelines for your deliberations.  You have been provided with a copy of my instructions so that you can read along as we go.

Before we begin, I ask you to review the other document that has been placed on each of your seats – namely, the verdict form.  When we conclude these instructions and you leave to deliberate, you will have with you the original of the verdict form along with the exhibit admitted in this case.  At the conclusion of your deliberations, you will use the verdict form to report your verdict to the court and the parties.

# Exhibit D

For the moment, your brief review of this document will help you to better understand my instructions and the tasks you will perform when you deliberate.

## SECTION II:  GENERAL INSTRUCTIONS

## A.  ROLE OF THE COURT

As Judge, I perform basically two functions during the trial.  <u>First</u>, I decide what evidence is admissible for your consideration.  You have heard me doing that throughout the trial.  <u>Second</u>, I instruct you on the law that you are to apply to the facts. I gave you some preliminary instructions before trial began, and some during the course of the trial when that was necessary, but it is now – at the close of the evidence – that most of the instructions are given.

If any lawyer has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

## B.  <u>INSTRUCTIONS TO BE CONSIDERED AS A WHOLE</u>

If I repeat or state in varying ways any rule, idea or direction in these instructions, it does not mean that I intend to emphasize that rule, idea or direction.  You should not assume from its repetition that I do mean to emphasize it.  You should not single out any one part of my instructions and ignore the rest.  Instead, you should consider all of the various instructions as a whole and consider each one in light of all the others.  Moreover, the order in which I give you instructions in no way indicates their relative importance.  And you must not read into these instructions, or into anything I have said or done, any suggestion from me as to what verdict you should return – that is a matter entirely up to you.

I should also point out to you that, although you have been given a copy of the instructions to follow as I deliver them, it is what I say here, on the record, that you are to understand as the proper instructions.  That is to say that, if there is any variance between what is written on these pages and what I say, it is what I say to you that controls.

## C. <u>COURT'S REFERENCES TO THE EVIDENCE</u>

During these instructions, it may be necessary for me to refer to some of the evidence that has been placed before you. Should I refer to any of the evidence, it will be simply for the purposes of illustration and clarification, and you are not to understand that I intend to emphasize any evidence thereby, or to limit your attention to it. If I omit any evidence, you will apply it from your recollection, and if I incorrectly state any of the evidence, you will correct my error, because it is your duty – and yours alone – to review the evidence and determine the facts established by it.

### D.  <u>BOTH SIDES ENTITLED TO FULL AND FAIR HEARING</u>

After you have considered the evidence in this case and discussed the case with your fellow jurors, and considered the law as given in these instructions, you may or may not believe the claims asserted by the plaintiff or the defenses asserted by the defendant.  As I have indicated before, the determination of the facts in this case is your responsibility alone.

Regardless of your ultimate determination as to the merits of the plaintiff's claims, all the parties in this case are entitled to a full and fair hearing.  You must remember that one of the most important functions of our system is to give people who believe that they are aggrieved, as well as people who are sued, a full and fair hearing, regardless of the final outcome of the case.

It is your duty, therefore, to give careful consideration to every issue in these instructions, regardless of any general impression that you may have about the merit or lack of merit of the claims of the Plaintiff.

## E.  <u>OBJECTIONS AND RULINGS</u>

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which shows prejudice against an attorney or his client because the attorney has made an objection – or because the attorney has failed to make an objection.

Upon allowing testimony or other evidence to be introduced over the objection of a lawyer – that is, in overruling a lawyer's objection – the Court does not, unless expressly stated, indicate any opinion as to the weight of or effect on the credibility of all witnesses and the weight and effect of all evidence.

If during the course of the trial the Court has sustained an objection to a question addressed to a witness, or has granted a motion to strike, you must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if he had been permitted to answer any question.

## F.  <u>DUTIES OF THE JURY</u>

In defining the duties of the jury, let me first give you a few general rules:

It is your duty to find the facts from all the evidence in the case.  To the facts as you find them, you must apply the law.  You must apply the law as I give it to you, whether you agree with it or not.  And you must do your duty as jurors regardless of any personal likes, dislikes, opinions, prejudices, or sympathies.  In other words, you must decide the case solely on the evidence before you, and you must do so fairly and impartially.

The verdict you reach must be unanimous; that is, agreed upon by each of you. If after careful consideration of the evidence, using such time as is appropriate, you are divided in any way – even if only one of you disagrees with the majority – the court would consider whether the result should be no verdict or, as we say colloquially, a "hung jury."  In that event, the court declares a mistrial and another trial may be held in due course.

You must each decide the case for yourself, but do so only after impartial consideration of the evidence in the case with your fellow jurors.

## G.  "PROVE" AND "FIND"

Throughout the remainder of my instructions to you, I will use the word "prove" from time to time, with reference to the plaintiff's burden.  I shall also speak of your "finding" various facts as to the elements of the claims made in this case.

Throughout my instructions, you should understand that whenever I say that the plaintiff has to "prove" a fact to you, I mean that he has to prove that fact to you by the appropriate burden of proof, as I will explain that term to you.  You are to understand my use of the word "prove" to mean "prove by the appropriate burden of proof," even if I do not always repeat those exact words.

Similarly, when I say that you must "find" a fact in order to return a verdict in favor of the plaintiff, you must find that fact to have been proved by the plaintiff by the appropriate burden of proof as I will explain that term to you, even if I simply use the word "find."

## H.  <u>"HE" AND "SHE"</u>

At various times I may use the personal pronoun "he" when I refer generally to witnesses or other classes of persons.  In keeping with traditional English usage, when I use the personal pronoun, I of course refer to men and women, as appropriate.

## I. <u>BURDEN OF PROOF</u>

I will now explain to you the meaning of the phrase "burden of proof." The case before you is a civil action, and in most civil actions – including this one – the party who asserts certain facts must prove those facts by what is described in the law as a "preponderance of the evidence."

Let me explain the meaning of the term "preponderance of the evidence." This rule does not require proof to an absolute certainty. Proof to an absolute certainly is seldom possible in any case. This rule does not even require proof "beyond a reasonable doubt," which would be required in criminal cases. This rule simply requires you to determine whether a fact that has been asserted is more likely to be true than to be false.

In applying this standard, you may find it helpful to ask yourselves what would happen if the evidence presented by both sides were placed on an imaginary pair of scales. If you find that the evidence concerning a particular issue would tip the scale in favor of the defendants, you must conclude that the plaintiff has failed to meet his burden of proof on that issue. Moreover, if you find that the evidence on a particular issue would cause the scales to strike an even balance – not tipping in favor of either party – you must also find that the plaintiff has failed to meet his burden of proof on that issue. But if you find that the evidence on a particular issue would cause the scales to tip even slightly in favor of the plaintiff, then you must find that the plaintiff has successfully met his burden of proof on that issue. In other words, the plaintiff has proved a fact by a preponderance of the evidence.

In determining whether any fact in dispute has been proved by the applicable burden of proof, you should consider the testimony of all witnesses and all exhibits received in evidence, regardless of who may have introduced them.

## SECTION III:  THE ISSUES IN THIS CASE

**A.    INSTRUCTIONS RELATING TO THE FEDERAL CIVIL RIGHTS CLAIM**

**1.    DEFINITION OF SECTION 1983 CLAIM**

The plaintiff claims that while the defendants were acting under color of authority of the State of Connecticut as a member of the City of Danbury Police Department, they intentionally violated the plaintiff's constitutional right not to be subjected to excessive or unreasonable force during an arrest.

Federal law, specifically a statute known as section 1983, provides that a person may sue in this court for an award of money damages against anyone who, "under color" of any state law or custom, violates the plaintiff's rights under the Constitution of the United States.

Under the Fourth Amendment to the Constitution of the United States, every citizen has the right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer, even though the arrest itself may be lawful.

In order to prevail on his claims, the plaintiff must prove each of the following facts by the preponderance of the evidence:

First:  That the defendants intentionally committed acts that violated the plaintiff's federal constitutional rights not to be subjected to excessive or unreasonable force during an arrest;

Second: That in so doing the defendants acted "under color" of the authority of the State of Connecticut; and

Third: That the defendants' acts were the proximate cause of damages sustained by the plaintiff.

In the verdict form that I will explain in a moment, you will be asked to determine a series of factual questions concerning each of these issues.

In this case the parties have agreed that the defendants acted "under color" of state law, and you should, therefore, accept that fact as proven.

Source:  Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions, 2002 Supplement, Volume 4, § 7.01 Excessive Force Arrest Claims, Instruction 7.01.4A.

**2.     EXCESSIVE FORCE – ARREST OF PABLO ROSA**

a.     Plaintiff John Aczel claims that the defendants used excessive force in effecting his arrest.  Every person has the constitutional right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer, even though the arrest itself is otherwise lawful.  On the other hand, in making a lawful arrest, an officer has the right to use force that is reasonably necessary under the circumstances to complete the arrest.  Whether a specific use of force is excessive or unreasonable turns on the totality of the circumstances facing the police officer, including such factors as the severity of the crime, whether the suspect poses an immediate threat to the officer or others, and whether the suspect is resisting or fleeing.

> Source:  Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions, § 7.01 Excessive Force Arrest Claims, Instruction 7.01.4A., 2003 Supplement.

b.     Other factors you may consider when determining whether a specific use of force is excessive or unreasonable based on the totality of the circumstances facing the officer, is whether the officer reasonably believed the plaintiff was armed with a weapon, whether more than one arrestee or officer was involved, and whether other dangerous or exigent circumstances existed at the time of the arrest.

Source: <u>See</u>, Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions, § 7.01 Excessive Force Arrest Claims, 2004 Supplement, [A] Preliminary Notes; <u>citing</u>, <u>Chew v. Gates</u>, 27 F.3d 1432, 1441, n.5, (9th Cir. 1994); <u>Hunter v. District of Columbia</u>, 943 F.2d 69, 77 (D.C. Cir. 1991).

c.      With respect to a claim of excessive force, the standard applies to the reasonableness under the totality of the circumstances existing at that moment, [rather than using the benefit of 20/20 vision of hindsight].  Under the circumstances refers only to those circumstances known and information available to the officer at the time of his action.  The calculus of reasonableness must embody allowance for the fact that a police officer is often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation.

Source:  Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions, § 7.01, 2002 Supplement, Excessive Force Arrest Claims, 7-50 (commenting on the charge in <u>Deering v. Reich</u>, 183 F.3d 645, 649-654 (7th Cir.), <u>cert</u> <u>denied</u>, 120 S.Ct. 532 (1999)).

d.      The standard is not what is appropriate in the quiet and sanctity of a courtroom where the evidence is presented, but rather a standard appropriate to the circumstances in which the incident happened.

Source:  Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions, Volume 4, 2002 Supplement, § 7.01 Excessive Force Arrest Claims, 7-48.1; citing, Cox v. Treadway, 75 F.3d 230, 236 (6th Cir.), cert denied, 519 U.S. 821 (1996); see also, Anderson v. Branen, 17 F.3d 552, 555-560 (2d Cir. 1994).

e.    You do not have to determine whether the defendants had less intrusive alternatives available for the defendants need only to have acted within that range of conduct identified as reasonable under the totality of the circumstances at that moment in time.

Source: See, Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions, § 7.01 Excessive Force Arrest Claims, 2002 Supplement, [A] Preliminary Notes, 7-65; citing, Garner v. Meoli, 19 F. Supp. 2d 378, 390-391 (E.D. Pa. 1998).

3.    **STATE OF MIND – GENERAL**

I instruct you that, to establish a claim under section 1983, the plaintiff must show that the defendant acted intentionally or recklessly.  If you find that the acts of the defendants were merely negligent, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendants.


Source: 4 L.Sand, et.al. Modern Federal Jury Instructions -- Instruction 87-75

**4.      STATE OF MIND – RECKLESSNESS**

An act of reckless is done in conscious disregard of its known probable consequences.  In determining whether one or more of the defendants acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give or direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

Source:  4 L.Sand. et.al. Modern Federal Jury Instructions -- Instruction 87-77

**5.     PLAINTIFF'S CLAIM AGAINST ALLEGED OFFICER ON-LOOKER**

The plaintiff contends that defendants each had the opportunity to protect the plaintiff from acts of the other defendants, but failed to do so.

Police officers have an affirmative legal duty to enforce the law and preserve the peace.  This includes taking reasonable steps to prevent other police officers from violating the law.  Thus, if you find that, that plaintiff was subjected to excessive or unreasonable use of force by any one defendant, and you further find that the other defendants did nothing to prevent these actions, despite having a realistic opportunity to do so, then you will find the defendant on-lookers liable for that use of excessive force.

Thus, in order to find defendant officer on-lookers liable for this particular conduct, you must find the following:

1.  That the Plaintiff was subjected to excessive force by a defendant officer; and

2.  That the other defendant officers stood by without trying to assist the Plaintiff, and that there was a realistic opportunity for the other defendant officers to intervene to prevent the harm from occurring to the plaintiff.

Source:  Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions, 2002 Supplement, § 7.02.1, Instructions, p. 7-70.

8.    **QUALIFIED IMMUNITY**

**(If the Issue of Qualified Immunity is Given to the Jury)**

I have now completed my instructions to you on the elements of plaintiff' Section 1983 claim.  If you find that the plaintiff has proven the elements of her Section 1983 claim against a defendant, you must proceed to consider whether the defendant is entitled to what the law calls "qualified immunity" for the claim that the plaintiff has proved.

A particular defendant will be entitled to qualified immunity if, at the time of the conduct complained of, he should have known that his conduct was contrary to clearly established federal law.

The defendant whom you are considering has the burden of demonstrating that his conduct did not violate the clearly established federal law about which I have instructed you.  The fact that a defendant acted with subjective good faith does not entitle the defendant to the protection of qualified immunity.  A particular defendant is entitled to qualified immunity only if a reasonable police officer in defendant's position would not have been expected at the time to know that his conduct violated clearly established federal law.

In deciding what a reasonable officer should have known about the legality of his conduct, you may consider the nature of that defendant's official responsibilities, the information that was known to the defendant or not known to him at the time of the incident in question, and the events that confront him.

With regard to the plaintiff's claim of unreasonable use of force, an officer is entitled to qualified immunity if either (1) it was objectively reasonable for the officer to believe that the use of such force was reasonable, or (2) officers of reasonable competence could disagree on whether such force was reasonable. Lennon v. Miller, 66 F.3d 416, 422 (2d Cir. 1995); Wachter v. County of Herkimer, 35 F.3d 77, 80 (2 Cir. 1994). The defendants are entitled to qualified immunity if you cannot find that the officers' judgment was so flawed that no reasonable officer would have made a similar choice. Lennon, 66 F.3d at 424-25.

Thus, you must ask yourself what a reasonable officer in the particular defendant's situation would believe about the legality of his conduct.  As I stated earlier, you should not, however, consider the defendant's subjective good faith or bad faith.  If you find that a reasonable officer in the defendant's situation would have believed that his conduct was lawful, the official is protected from liability by qualified immunity.

To summarize, if the defendant whom you are considering convinces you by a preponderance of the evidence that his conduct did not violate clearly established federal law on a particular claim, then you must return a verdict for that defendant on that claim.  This is so even though you may have previously found that the defendant in fact violated the plaintiff's federally protected rights.  If you find that the defendant has not proved that he is entitled to qualified immunity on a particular claim, then you should proceed to consider the issue of damages.

**B.    INSTRUCTIONS ON DAMAGES FOR CONSTITUTIONAL CLAIMS**

If you find that one or more of the defendants are liable to the plaintiff under his constitutional claim, you must then determine the amount of damages due to the plaintiff.  Just because I instruct you on damages does not mean that you must award damages, or that I have an opinion as to whether you should award damages.

**1.    Compensatory Damages**

The purpose of the law of damages is to award, as far as possible, just and fair compensation.  If you decide for the plaintiff on the issue of liability, you must then fix the amount of money damages which will reasonable and fairly compensate him for any harm.  To do so though, the wrongful conduct of the defendants you have found liable must have been a substantial factor in bringing about such harm.  These damages, then are known as compensatory damages.  Compensatory damages seek to make the plaintiff whole or to compensate him for the damages that he has suffered.

In order to award damages for a given injury or harm, you must determine that the plaintiff has proven by a preponderance of the evidence that the claimed injury or harm was caused by the defendants' unlawful acts.  Compensatory damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial.

In determining compensatory damages, you should consider the emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress, pain, suffering, personal indignity, fear, anxiety, or anguish which the plaintiff in the past suffered or which he will, with reasonable certainty, suffer in the future.  You

may not, however, award as a component of damages any sum intended to cover the attorneys' fees that may have been incurred by the plaintiff. This issue will be dealt with in a separate proceeding.

No evidence of monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing any compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial. The damages you award should be proportional to the actual loss sustained.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation or guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

### 2.     Nominal Damages

If you find, after considering all of the evidence presented that the plaintiff was deprived of his constitutional rights, but suffered no injury as a result, you must award him "nominal damages." Nominal damages are awarded as recognition that the plaintiff's rights have been violated. You award nominal damages if you conclude that the only injury that the plaintiff suffered was the deprivation of his rights without any resulting compensatory damage.

In this case, you may **NOT** award both nominal and compensatory damages to the plaintiff for any one constitutional claim. If you find that a constitutional claim exists against the defendant, either the Plaintiff suffered injuries that were legally, or proximately, caused by the defendant, in which case you must award compensatory damages, or the Plaintiff did not suffer injuries proximately caused from the conduct, in which case you must award nominal damages, such as ten dollars.

### 3.    Punitive Damages

In addition to awarding compensatory damages to a plaintiff, the law permits the jury under certain circumstances to award the injured person punitive damages, in order to punish the wrongdoer for some extraordinary misconduct, and to serve as a warning to others not to engage in such conduct. Punitive damages are intended to protect the community and to be an expression of the jury's indignation at the misconduct.

If you find from a preponderance of the evidence in the case that Mr. Rosa is entitled to a verdict for compensatory or nominal damages on any of the constitutional claims, and you further find that the acts or omissions of either defendant, which proximately caused actual injury or damage to Mr. Rosa, were maliciously or wantonly done, then you may find that punitive damages are proper against that defendant.

An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or some improper motive.

An act or failure to act is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the rights of one or more persons, including the injured person.

If you award punitive damages against a Defendant, you should indicate on the verdict form the amount of punitive damages to be awarded the Plaintiff, bearing in mind that the law requires that punitive damages, if awarded, must be fixed with calm discretion and sound reason.

## C.     MULTIPLE DEFENDANTS

You must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants whom you find to be liable on that claim. Although there are three individual defendants in this case, it does not follow that if one is liable, the other is liable as well.  Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendant.  If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant.

Nevertheless, you might find that more than one defendant is liable for a particular injury.  If two or more persons unite in an intentional act that violates another person's right, then all of those persons are individually and jointly liable for the acts of each of them.  The law does not require the injured party to establish how much of the injury was done by each particular defendant that you find liable.  Thus, if you find any of the defendant(s) liable to the plaintiff on a specific claim and award compensatory damages, the total damages awarded for that claim will be against all and each of the defendant(s) that you have found liable for that claim.  The law permits the injured party to treat all concerned in the injury as constituting one party who is liable to the plaintiff for the resulting gross sum of damages they caused.  This principle of individual and joint liability does not apply to punitive damages where you are to find, if you deem it appropriate, an amount of punitive damages for each specific defendant.  If any punitive damages are awarded, only that individual would be required to pay such damages.

**D.    ATTORNEY'S FEES SHOULD NOT BE CONSIDERED IN A DAMAGES CALCULATION**

I want to reiterate one more point I made about damages.  Should you decide to award damages of any kind for any of the plaintiff's claims, you should not consider or include the attorneys' fees incurred by the plaintiff in bringing this action.

## SECTION IV:  STATE LAW CLAIMS

**A.     GENERAL**

I now turn to the plaintiff's state law claims against the defendants.  We call these claims "supplemental state law claims," because they are alleged in addition to the federal constitutional claims.  These claims are not deprivations of federal constitutional rights, but they are claims based on Connecticut State Constitution and common law torts, namely, battery, reckless and/or wanton conduct, and intentional infliction of emotional distress, brought under state law principals.

In this case, the elements of these state law claims track the elements of the federal Section 1983 claims.  They have generally similar elements.  But the state claims have certain differences in the "rights and obligations," which I will point out to you during the instructions.

I have already instructed you on the elements of the federal Section 1983 excessive force claim, which the plaintiff must prove by the preponderance of the evidence.  Now I will review the similar causes of action brought as supplemental state law claims.

Source:  Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions 2002 Supplement, § 12.01.1 Supplemental State Law Claims, p. 12-3.

B.    __ASSAULT AND BATTERY__ **(If not stricken)**

The plaintiff also sets forth a state law claim against the defendant officers based on the tort of assault and battery.

The elements of this state law claim of assault and battery generally track the elements of the federal Section 1983 excessive force claim.

A police officer has the right to use as much force in the course of making an arrest, as he reasonably believes necessary in order to make the arrest, protect himself, protect others in the area, and protect persons being arrested.  He can be liable only if the force used was excessive.  See, C.G.S. § 53a-22(b).

The plaintiff claims that the defendant officers assaulted and battered him without justification during his arrest. The defendants admit that they used force upon the plaintiff but say that the plaintiff assaulted them by exiting the police cruiser swinging his fist and that the plaintiff was resisting arrest by refusing to submit to being handcuffed.  The defendants contend that they used only as much force reasonably believed necessary under the circumstances.

In this assault and battery cause of action, you must determine whether the force used by the defendants was reasonably believed to be necessary.

In making that decision, you must take into consideration all of the circumstances confronting the defendants at the time and place of the incident, including what they saw and what they heard and all the circumstances surrounding the dispute.  The defendants were not required, at their own peril, to measure the precise amount of force necessary.

If you find that the defendants used no more force than they reasonably believed to be necessary, then the defendants committed no assault and battery.

On the other hand, if you find that the plaintiff has established by a preponderance of the evidence that the defendants used more force than they reasonably believed to be necessary then they committed an assault and battery.

Source:  Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions 2002 Supplement, § 12.01.1 Supplemental State Law Claims, p. 12-5.

## C.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1.    The plaintiff has also set forth a claim for intentional infliction of emotional distress against each defendant.

2.    Similar to my previous instructions to you with regards to the plaintiff's claim for negligent infliction of emotional distress, a defendant cannot be held liable for his use of force that is justified by law, even though the defendant may be aware the exercise of those rights is certain to cause emotional distress.  See Petyan v. Ellis, 200 Conn. 243, 254 (1986).  A defendant cannot be held liable where he has done no more than exercising his legal rights in a permissible way.  See Id. at 254-55.  Thus, if you find the defendants' conduct was lawful, I instruct you to find in favor of the defendants with respect to the plaintiff's claim for intentional infliction of emotional distress.

3.    If you find that the one or more of the defendants did not comport their conduct within the confines of law, the plaintiff, to recover under his claim for intentional infliction of emotional distress, must prove by a preponderance of evidence four elements:  (1) that the defendants intended to inflict emotional distress; or that they knew or should have known that the emotional distress was a likely result of their conduct; (2) that the conduct was extreme and outrageous; (3) that the defendants' conduct was the cause of the plaintiffs' distress; and (4) that the emotional distress sustained by the plaintiffs was severe.  See Petyan v. Ellis, 200 Conn. 243, 253 (1986). If you find that the plaintiffs have failed to present evidence as to any one of these elements, you must return a verdict in favor of the defendants.

4.     First, the defendants' conduct must be especially calculated to cause, and does cause, mental distress of a very serious kind.  See DeLaurentis v. New Haven, 220 Conn. 225, 266 (1991); W. Prosser and W. Keeton, Torts, §12, p.64 (5th Ed. 1984). It is the intent to cause the injury that is the essential part of the tort.  See DeLaurentis, 220 Conn. at 267.  The plaintiffs, therefore, cannot recover on their claim for intentional infliction of emotional distress unless the defendants intended by their conduct to cause the injuries alleged as to each of the plaintiffs.

5.     Secondly, liability can be found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society. See Whelan v. Whelan, 41 Conn. Supp. 519, 523 (1991), quoting, 1 Restatement (Second) of Torts §46, p.73, comment (d).

6.     To be considered "extreme and outrageous," the conduct in question must be atrocious, utterly intolerable, and go beyond all possible bounds of human decency. See Whelan v. Whelan, 41 Conn. Supp. 519, 523 (1991).  Conduct on the part of the defendants that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress.  See Carrol v. Allstate Ins. Co., 262 Conn. 433, 443 (2003); Appleton v. Bd. of Ed., 254 Conn. 205, 211 (2000); Bombalicki v. Pastore, 71 Conn. App. 835, 840 (2002); Carnemolla v. Walsh, 75 Conn. App. 319, 332 (2003).  If you find that the plaintiffs have established that conduct of the defendants was merely insulting, displayed bad manners, or resulted in hurt feelings, you must return a verdict in favor of the defendants as to the claim of intentional infliction of emotional distress.

7.     If you find that the plaintiff proved all four elements of his claim by the preponderance of the evidence, you will find in his favor.  If, however, you find that the plaintiff had failed to prove one or more of the four elements to you, I instruct you to find in favor of the defendants as to the plaintiff's claim for intentional infliction of emotional distress.

**D.**    **Abuse of Process (if not stricken)**

Under Connecticut common law, an action for abuse of process lies against any person using a legal process against another in an improper manner,  primarily to accomplish a purpose for which it was not designed.  The tort of abuse of process is meant to exclude liability when the process is used for the purpose for which it is intended, but there is merely an incidental motive of spite or an ulterior purpose of benefit to the defendant.  As before, the existence of probable cause to support the plaintiff's arrest will defeat his claim for abuse of process.  So long as the defendants were possessed of probable cause to support their arrest of the plaintiff, the law does not concern itself with any secondary motivation which the officers may have had at the time.

Authority:   *Suffield Development Associates Limited Partnership v. National Loan Investors, L.P.,* 260 Conn. 766, 802 A.2d 44 (2002); *State of Connecticut v. James,* 261 Conn. 395, 415, 802 A.2d 820 (2002) (Test for probable cause is an objective one).

## E.  False Imprisonment

False imprisonment is the unlawful restraint by one person of the physical liberty of another.  The applicable law for these two causes of action is identical. A person is not liable for false imprisonment unless his act is done for the purpose of imposing a confinement, or with knowledge that such confinement will, to a substantial certainty, result from it.

To prevail on a claim of false imprisonment**,** the plaintiff must prove that his physical liberty has been restrained by the defendant and that the restraint was against his will, that is, that he did not consent to the restraint or acquiesce in it willingly. Because the law is clear that a cause of action for false imprisonment cannot be sustained where the plaintiff's imprisonment results from the defendants' institution of and compliance with proper legal authority, the existence of probable cause to support the arrest of the plaintiff is a complete defense to this cause of action.

Authority:  *Rivera v. Double A Transportation, Inc.*, 248 Conn. 21, 31, 727 A.2d 204 (1999); *Green v. Donro*e, 186 Conn. 265, 267, 440 A.2d 973 (1982); *Outlaw v. City of Meriden*, 43 Conn.App. 387, 392, 682 A.2d 1112, *cert. denied,* 239 Conn. 946, 686 A.2d 122 (1996);  *Lo Sacco v. Youn*g, 20 Conn. App. 6, 20, 564 A.2d 610 (1989).

**P.  INSTRUCTIONS ON DAMAGES FOR STATE LAW CLAIMS**

     **1.      Rule against double recovery**

If you return a verdict for the plaintiff, you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct result of the unlawful conduct of a defendant.  In this case, the plaintiff claims that the defendants violated his rights in a number of ways.  He claims that the defendants violated federal and state law by using excessive or unreasonable force when arresting him.  If you find that one or more of the defendants did in fact violate one or more of the plaintiff's rights, you must remember that, in calculating the damages, the plaintiff is entitled to be compensated only once for the injuries he actually suffered.

Because the plaintiff presents both a federal § 1983 claim and a supplemental state law claims based on the same events, you must be careful in fixing damages that you do not award double compensation for a single injury resulting from violations of the different rights.  On the other hand, if defendants violated more than one of the plaintiff's rights and you can identify separate injuries from the separate violations, you should award an amount of compensatory damages that will fairly and justly compensate the plaintiff for each of his separate injuries.  I emphasize again, however, that you should not compensate for the same injury twice merely because it was caused by the violation of two different legal rights, one federal and the other state.

Source:  Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions 2002 Supplement, § 18.05.2 Rule Against Double Recovery – Section 1983 and State Law Claims, p. 18-70.

37

## SECTION IV:   INSTRUCTIONS FOR DELIBERATIONS

### A.  THREE FORMS OF EVIDENCE

Next I want to discuss with you generally what we mean by evidence and how you should consider it.

The evidence from which you are to decide what the facts are comes in one of three forms:

First, there is the sworn testimony of witnesses, both on direct examination and cross-examination, and regardless of who called the witness.

Second, there are the exhibits that have been received into the trial record.

Third, there are any facts to which all the lawyers have agreed or stipulated, or that I have directed you to find.

## B.     STIPULATIONS OF FACTS

While we were hearing evidence, you were told that the plaintiff and the defendant agreed or "stipulated" to certain facts.  This means simply that they both accept this fact.  There is no need for evidence by either side on those points.  You must accept those stipulations as facts that have been conclusively proved, even though nothing more was said about them one way or the other.

## C.  WHAT IS NOT EVIDENCE

Certain things are not evidence and are to be disregarded in deciding what the facts are:

1.      Arguments or statements by lawyers are not evidence.  In this regard, you are instructed that the dollar figures advanced by counsel in arguing damages do not constitute evidence but merely represent argument that you are free to disregard in your deliberations should you reach the issue of damages.

2.      The questions to the witnesses are not evidence.  They may be considered only to give meaning to the witnesses' answer.

3.      Objections to questions and arguments are not evidence.  Attorneys have a duty to their client to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.  If the objection was sustained, you should ignore the question; if the objection was overruled, you should treat the answer like any other answer.

4.      Testimony that has been excluded, stricken, or that you have been instructed to disregard is not evidence, and must be disregarded.

5.      Anything you may have seen or heard outside the courtroom is not evidence.  You are to decide the case solely on the evidence offered and received in the trial.

## D.    DIRECT AND CIRCUMSTANTIAL EVIDENCE

I have told you about the three forms in which evidence comes:  testimony, exhibits, and stipulations.  There are two kinds of evidence:  direct evidence and circumstantial evidence.

Direct evidence is direct proof of a fact, such as testimony of any eyewitness.

Circumstantial evidence is proof of a chain of circumstances from which you could infer or conclude that a fact exists, even though it has not been proved directly.  You are entitled to consider both kinds of evidence.

The work "infer" – or the expression "to draw an inference" – means to find that a fact exists based on proof of another fact.  For example, if you see water on the street, sidewalks and yard outside your window, you could infer that it has rained.

In other words, the fact of rain is an inference that could be drawn from the presence of water on the street.  An inference may be drawn only if it is reasonable and logical, not if it is speculative.  Other facts may, however, explain the presence of water without rain.  Therefore, in deciding whether to draw an inference, you must look at and consider all the facts in light of reason, common sense, and experience.  You are not to speculate or guess.  After you have done that, the question whether to draw a particular inference is for you, the jury, to decide.

As a general rule, the law makes no distinction between direct and circumstantial evidence.  Neither is necessarily superior to the other.

You are to consider only the evidence in this case.  However, in your consideration of that evidence, you are not limited to the plain statements of the

witnesses.  On the contrary, you are permitted to draw from facts that you find to have been proved (as I explained that term to you) such reasonable and logical inferences as seem justified in the light of your experience.

Much of the evidence you have heard in this action has been what the law calls circumstantial evidence.  Unlike direct evidence, such as the testimony of eyewitnesses, circumstantial evidence seeks to have you infer from the circumstances surrounding a fact or an occurrence that some other fact or occurrence is more likely to have existed or occurred than not.  In considering such evidence you must bear in mind that the defendant's liability cannot be based on mere speculation, guess or conjecture.  The circumstances must justify an inference of probability, as distinguished from mere possibility.

### E.     DECIDING WHAT TESTIMONY TO BELIEVE

You will recall that at the beginning of the trial, I stated for you certain principles so that you could have them in mind as the trial progressed.  Briefly, they were these: that you are bound to accept the law of the case as I give it to you, whether or not you agree with it; you must not infer from my rulings or anything I have said during the trial that I hold any views for or against any party to this lawsuit, my view being completely irrelevant to your determination; you may not draw any inference from an unanswered question nor consider testimony which has been stricken in reaching your conclusion; in deciding what weight to give to any witnesses' testimony, you must consider that testimony as a whole; and in deciding the degree of weight you choose to give to the testimony of any particular witness, there is no magical formula which can be used.

The tests used in your everyday affairs to determine the reliability or unreliability of statements made to you by others are the tests applied in your deliberations.  Among the items to be taken into consideration in determining the weight you will assign to the testimony of a witness are the interest or lack of interest of the witness in the outcome of the case, the bias or prejudice of the witness, if there by any; the age, the appearance, the manner of the witness as he or she gives testimony from the stand; the opportunity that the witness had to observe the facts concerning which he testified; and the probability or improbability of the witness' testimony when viewed in the light of all the other evidence in the case.  If you find that any witness has willfully testified falsely as to any material fact, the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is

44

quite likely to testify falsely about everything.  You are not required, however, to consider such a witness as totally unworthy of belief.  You may accept so much of his testimony as you deem true and disregard what you feel is false.

By the process which I have just described to you, you, as the sole judges of the facts, determine which of the witnesses you will believe, what portion of their testimony you accept and what weight you will give to it.

### F.     INTERESTED WITNESSES

Parties to the action and their families are considered interested witnesses.  That a witness is interested in the outcome of the case does not mean that he has not told the truth.  It is for you to determine from his demeanor on the stand and such other tests as your experience dictates, whether or not his testimony has been colored, intentionally or unintentionally, by his interest.

You are at liberty, if you deem it proper under all of the circumstances to do so, to disbelieve the testimony of such a witness, even though it is not otherwise impeached or contradicted.  However, you are not required to disbelieve such a witness, and may accept all or such part of his testimony as you deem reliable and reject such part as you deem unworthy of acceptance.

## G.  POLICE TESTIMONY

In this case, you have heard the testimony of police officers.  The testimony of a police officer should be treated the same as that of any other witness.  In other words, it is entitled to no greater or lesser respect.  You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness.

## H.  UNCONTRADICTED TESTIMONY

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not discredited or impeached.  You may decide, because of the witness' bearing and demeanor or because of the inherent improbability of his testimony for other reasons sufficient to you, that such testimony is not worthy of belief.

On the other hand, the testimony of a single witness may be sufficient to convince you of a fact in dispute, if you believe that the witness has truthfully and accurately related what in fact occurred.

## K.  JURY BIAS

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.  It would be improper for you to consider any personal feelings you may have about the race, religion, national origin, sex, sexuality, age, wealth, lifestyle, or other features of the parties.  It also would be improper for you to allow any feelings you might have about the nature of the claims against the defendant to influence you in any way.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence presented here.  If you let sympathy or prejudice interfere with your clear thinking about the facts, there is a risk that you will not arrive at a just verdict.

In reaching your verdict, you are not to be affected by sympathy for any of the parties.  Each of the parties to this case must be regarded as equals by you.  This is the agreement you made when you were selected as jurors and it is the position that must guide your deliberations.

## **ADDITIONAL REQUESTS**

The defendants respectfully reserve their right to supplement their request for jury instructions after the evidence and prior to the charging conference. This request is made in an abundance of caution and on the theory that the defendants cannot reasonably anticipate how the evidence will be presented and what instructions, in addition to the foregoing and accompanying legal issues, will be necessary to enable the jury to reach their verdict.

THE DEFENDANTS,
LEONARD LABONIA
ETHAN MABLE


/s/ John J. Radshaw III
Thomas R. Gerarde, ct05640
John J. Radshaw III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT 06114-1190
(860) 249-1361
(860) 249-7665 (fax)