UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.: 3:00CV1802 (AWT) |
| | : | |
| v. | : | |
| | : | |
| LEONARD LABONIA, ETHAN MABLE | : | |
| AND CITY OF DANBURY | : | JANUARY 31, 2005 |

## DEFENDANTS' MOTION IN LIMINE RE: LIFE EXPECTANCY TABLE

    The Defendants in the above matter respectfully move this Court to preclude the Plaintiff from introducing his exhibit, referenced Exhibit 1: Life Expectancy Table in the Plaintiff and Defendants' Joint Trial Memorandum dated July 30, 2004. As is more specifically set forth in the attached memorandum of law, such exhibit should be precluded because it is inadmissible hearsay and, even if it is not, it must be supported and introduced by way of expert testimony.

ORAL ARGUMENT IS REQUESTED

WHEREFORE, the Defendants request that an order be entered precluding the Plaintiff from offering into evidence the Life Expectancy Table.

>DEFENDANTS,
>LEONARD LABONIA and ETHAN MABLE
>
>By___/s/ John J. Radshaw, III____
>John J. Radshaw, III
>Howd & Ludorf, LLC
>65 Wethersfield Avenue
>Hartford, CT  06114
>(860) 249-1361
>(860) 249-7665 (fax)
>ct19882

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 31st day of January, 2005

Tiziana Marie Scaccia, Esquire
Goldstein & Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT  06601-1538

                                            _____/s/ John J. Radshaw, III_____
                                            John J. Radshaw, III

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.: 3:00CV1802 (AWT) |
| | : | |
| v. | : | |
| | : | |
| LEONARD LABONIA, ETHAN MABLE | : | |
| AND CITY OF DANBURY | : | JANUARY 31, 2005 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE RE: LIFE EXPECTANCY TABLE**

I.   **BACKGROUND**

This is a civil rights case brought by the Plaintiff under 42 U.S.C. § 1983 alleging that he was subject to excessive force on August 10, 1999, in the City of Danbury. The Plaintiff claims he was subject to excessive force by police officers. The Defendants claim that they were dispatched to Highland Avenue to investigate a complaint of a dispute. In the course of their investigation, they determined that the Plaintiff was a suspect and briefly detained him in order to complete the investigation. During the brief detention, the Plaintiff, who the officers suspected was intoxicated, refused to comply with the lawful instructions of the officers, became violent, assaulted a police officer and refused to submit to being handcuffed. The officers were forced to use a reasonable degree of force to ensure the Plaintiff's compliance. The Plaintiff suffered physical injuries when he fought with, and was arrested by, the Defendants.

The Plaintiff also joins pendent state law causes of action for Assault and Battery, False Imprisonment, Abuse of Process, and Intentional Infliction of Emotional Distress.

The Defendant officers deny liability, and assert that all of their actions were reasonable and justified under the circumstances.

## II.   LAW AND ARGUMENT

### A.   The Life Expectancy Tables are Inadmissible Hearsay

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801.  Hearsay is inadmissible except as provided by the Federal Rules of Evidence, rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.  Fed. R. Evid. 802.

In this case, the Plaintiff seeks to introduce the Life Expectancy Tables to prove the truth of the matters contained therein, namely that he will be expected to live a certain amount of years based upon statistical averages.  As such, these tables are inadmissible hearsay.

Furthermore, no hearsay exception exists in the case.  The Plaintiff may cite to Fed. R. Evid. 803 (17) which states, "**Market Reports, Commercial Publications.** Market quotations, tabulations, lists, directories, or other published compilations, generally used and relied upon by the public or by persons in particular occupations," are not excluded by the hearsay rule. However, the Plaintiff has failed to make any showing or offer any foundation these requirements have been met in this case.  This

2

failure makes such an exhibit inadmissible under this exception inadmissible.  <u>See</u> <u>Crane v. Crest Tankers, Inc.</u>, 47 F.3d 292,  (8th Cir. 1995) "Appellee's contention must fail because the she made no showing and offered no foundation that the exhibit is generally used or relied upon by the public or persons in the legal or other professions."

> **B.    The Life Expectancy Tables, Even if Admissible Pursuant to a Hearsay Exception, Does Not Have a Proper Foundation**

When the Life Expectancy Table is admitted to evidence without a sponsoring witness or any foundation, as the Plaintiff attempts to do in this case, it as though the exhibit "testifies."  <u>See</u> <u>Crane v. Crest Tankers, Inc.</u>, 47 F.3d 292, 296  (8th Cir. 1995). Federal Rules of Evidence 702 states, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if . . . the witness has applied the principles and methods reliably to the facts of the case."

The formulation of a Life Expectancy Table is clearly within the realm of expert testimony.  However, even more importantly, how the Life Expectancy Table relates to this particular Plaintiff is clearly scientific or other specialized knowledge.  Without an expert that is qualified to explain how the table is relevant to this case and how it applies to the Plaintiff, the jury must speculate as to its relevancy to the Plaintiff's case.

Furthermore, admitting the Life Expectancy Table without a sponsoring witness leaves the Defendant without an opportunity to cross-examine a witness.  Factors

such as the Plaintiff's health and lifestyle habits clearly weigh on the accuracy of the Life Expectancy Table as it relates to the Plaintiff.  Thus, there is no way of knowing if using the Life Expectancy Table, as applied to the Plaintiff, is a reliable method of determining his approximate life expectancy. And, while it is true that the Defendants may cross-examine the Plaintiff about these factors, an expert with the necessary qualifications will be the only type of witness that will be able to appropriately discuss how these factors relate to the accuracy of the Life Expectancy Tables.  The Plaintiff has failed to disclose a single expert that has relied upon the Life Expectancy Table in relation to any opinion to be set forth at the trial.  As such, the Plaintiff cannot offer a proper foundation and the Life Expectancy Table should be excluded.

### III.    <u>CONCLUSION</u>

Based on the foregoing, the Defendants respectfully request that this Court grant the Defendants' Motion in Limine, and preclude the Plaintiff from introducing the Life Expectancy Table at trial.

DEFENDANTS,
LEONARD LABONIA and ETHAN MABLE


By___/s/ John J. Radshaw, III____
  John J. Radshaw, III
  Howd & Ludorf, LLC
  65 Wethersfield Avenue
  Hartford, CT  06114
  (860) 249-1361
  (860) 249-8776 (fax)
  ct19882

**CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 31st day of January, 2005

Tiziana Marie Scaccia, Esquire
Goldstein & Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT  06601-1538

                                                               /s/ John J. Radshaw, III
                                                        John J. Radshaw, III