UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.: 3:00CV1802 (AWT) |
| | : | |
| v. | : | |
| | : | |
| LEONARD LABONIA, ETHAN MABLE | : | |
| AND CITY OF DANBURY | : | JANUARY 31, 2005 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE RE: DEPOSITION TRANSCRIPTS AND EXHIBITS OF DAVID FESH, MAGDOLNA ACZEL, MARIA ACZEL, FRANK BUTERA, JEFFREY GRANT AND VERONICA STEFANO**

I.   **BACKGROUND**

This is a civil rights case brought by the Plaintiff under 42 U.S.C. § 1983 alleging that he was subject to excessive force on August 10, 1999, in the City of Danbury. The Plaintiff claims he was subject to excessive force by police officers. The Defendants claim that they were dispatched to Highland Avenue to investigate a complaint of a dispute. In the course of their investigation, they determined that the Plaintiff was a suspect and briefly detained him in order to complete the investigation. During the brief detention, the Plaintiff, who the officers suspected was intoxicated, refused to comply with the lawful instructions of the officers, became violent, assaulted a police officer and refused to submit to being handcuffed. The officers were forced to

use a reasonable degree of force to ensure the Plaintiff's compliance. The Plaintiff suffered physical injuries when he fought with, and was arrested by, the Defendants.

The Plaintiff also joins pendent state law causes of action for Assault and Battery, False Imprisonment, Abuse of Process, and Intentional Infliction of Emotional Distress.

The Defendant officers deny liability, and assert that all of their actions were reasonable and justified under the circumstances.

## II.     LAW AND ARGUMENT

"In considering the use of depositions at a trial . . . the problem has two aspects. First, the conditions set forth in Rule 32(a) *must* exist before the deposition can be used at all. Second, when it is found that these conditions authorize the use of the deposition, it must be determined whether the matters contained in it are admissible under the rules of evidence."  Kolb v. Suffolk County, 109 F.R.D. 125, 127 (E.D.N.Y.1985) (internal citations and quotations omitted); see Frechette v. Welch, 621 F.2d 11, 14 (1st Cir. 1980) (error to allow use of depositions without a showing that the conditions of Fed. R. Civ. P. 32 were met).

### A. The Plaintiff is Precluded From Introducing the Deposition Transcripts of Nonparties Because the Plaintiff's Proposed Use Does Not Meet the Requirements of Federal Rules of Civil Procedure 32

The Plaintiff impermissibly seeks to offer the deposition testimony of David Fesh, Magdolna Azel, Maria Aczel, Frank Butera, Jeffrey Grant and Veronica Stafano, nonparties to the above captioned action, as exhibits. Federal Rules of Civil Procedure 32 provides for the limited use of depositions at trial as follows:

> **(a) Use of Depositions.** At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
>
> **(1)** Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, or for any other purpose permitted by the Federal Rules of Evidence.
>
> **(2)** The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose.
>
> **(3)** The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
>
> **(A)** that the witness is dead; or
>
> **(B)** that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears

>that the absence of the witness was procured by the party offering the deposition; or
>
>**(C)** that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or
>
>**(D)** that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or
>
>**(E)** upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

The Plaintiff has failed to demonstrate that any of the provisions of Rule 32 that would allow the use of nonparty deposition transcripts exist.

Furthermore, while the Defendants do not object to the use of depositions to **impeach** such witnesses, it is wholly inappropriate to simply submit deposition transcripts as exhibits at trial. The Federal Rules of Civil Procedure provide, "[i]n every trial, the testimony of witnesses shall be taken in open court, unless a federal law, these rules, the Federal Rules of Evidence, or other rules adopted by the Supreme Court provide otherwise." Fed. R. Civ. P. 43. There is no doubt that a deposition transcript is testimony that must be taken in open court.

    **B.**    **The Deposition Transcripts of the Nonparty Witnesses are Inadmissible Hearsay Under the Federal Rules of Evidence Because There is no Showing That the Witnesses are Unavailable.**

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801. Hearsay is inadmissible except as provided by the Federal Rules of

Evidence, rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress. Fed. R. Evid. 802.

In this case, the Plaintiff seeks to introduce the deposition transcripts of nonparty witnesses to prove the truth of the matters contained therein. As such, the transcripts are inadmissible hearsay.

The Plaintiff may cite to Federal Rules of Evidence 804 (b) (1) *Former Testimony*. However, former testimony, pursuant to Federal Rules of Evidence 804, is only admissible if the declarant is unavailable. There is no indication that any of the nonparty witnesses are unavailable. "The deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand." Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939). As such, no hearsay exception applies.

### III.  **CONCLUSION**

Based on the foregoing, the Defendants respectfully request that this Court grant the Defendants' Motion in Limine, and preclude the Plaintiff from introducing deposition transcripts or testimony of the nonparty witnesses at trial.

                                               DEFENDANTS,
                                               LEONARD LABONIA and ETHAN MABLE

                                               By/s/John J. Radshaw, III
                                                 John J. Radshaw, III
                                                 Howd & Ludorf, LLC
                                                 65 Wethersfield Avenue
                                                 Hartford, CT  06114
                                                 (860) 249-1361
                                                 (860) 249-7665 (fax)
                                                 ct19882

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 31st day of January, 2005

Tiziana Marie Scaccia, Esquire
Goldstein & Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT  06601-1538

                                          /s/John J. Radshaw, III
                                          John J. Radshaw, III