UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.: 3:00CV1802 (AWT) |
| | : | |
| v. | : | |
| | : | |
| LEONARD LABONIA, ETHAN MABLE | : | |
| AND CITY OF DANBURY | : | JANUARY 31, 2005 |

**<u>DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE RE: DEPOSITION TRANSCRIPTS AND RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF JOHN ACZEL</u>**

**I.    <u>BACKGROUND</u>**

This is a civil rights case brought by the Plaintiff under 42 U.S.C. § 1983 alleging that he was subject to excessive force on August 10, 1999, in the City of Danbury. The Plaintiff claims he was subject to excessive force by police officers. The Defendants claim that they were dispatched to Highland Avenue to investigate a complaint of a dispute. In the course of their investigation, they determined that the Plaintiff was a suspect and briefly detained him in order to complete the investigation. During the brief detention, the Plaintiff, who the officers suspected was intoxicated, refused to comply with the lawful instructions of the officers, became violent, assaulted a police officer and refused to submit to being handcuffed. The officers were forced to use a reasonable degree of force to ensure the Plaintiff's compliance. The Plaintiff suffered physical injuries when he fought with, and was arrested by, the Defendants.

The Plaintiff also joins pendent state law causes of action for Assault and Battery, False Imprisonment, Abuse of Process, and Intentional Infliction of Emotional Distress.

The Defendant officers deny liability, and assert that all of their actions were reasonable and justified under the circumstances.

## II.    LAW AND ARGUMENT

The Federal Rules of Civil Procedure provide, "[i]n every trial, the testimony of witnesses shall be taken in open court, unless a federal law, these rules, the Federal Rules of Evidence, or other rules adopted by the Supreme Court provide otherwise." Fed. R. Civ. P. 43.  There is no doubt that a deposition is testimony. See Fed. R. Civ. P. 30 ([a] party may take the *testimony* of any person, including a party, by *deposition* upon oral examination (emphasis added)).

"In considering the use of depositions at a trial ... the problem has two aspects. First, the conditions set forth in Rule 32(a) *must* exist before the deposition can be used at all. Second, when it is found that these conditions authorize the use of the deposition, it must be determined whether the matters contained in it are admissible under the rules of evidence." Kolb v. Suffolk County, 109 F.R.D. 125, 127 (E.D.N.Y.1985) (internal citations and quotations omitted); See Frechette v. Welch, 621 F.2d 11, 14 (1st Cir. 1980) (error to allow use of depositions without a showing that the conditions of Fed. R. Civ. P. 32 were not met).

    **A.**    **The Plaintiff is Precluded From Introducing His Own Deposition Transcripts Because the Plaintiff's Proposed Use Does Not Meet the Requirements of Federal Rules of Civil Procedure 32**

The Plaintiff impermissibly seeks to offer the deposition transcript of John Aczel, the Plaintiff in the above captioned action, as an exhibit. Federal Rules of Civil Procedure 32 provides for the limited use of depositions at trial as follows:

> **(a) Use of Depositions.** At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
>
> **(1)** Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, or for any other purpose permitted by the Federal Rules of Evidence.
>
> **(2)** The deposition of a party or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose.
>
> **(3)** The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
>
>> **(A)** that the witness is dead; or
>>
>> **(B)** that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or
>>
>> **(C)** that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or

> **(D)** that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or
>
> **(E)** upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

The Plaintiff has failed to demonstrate that any of the provisions of Rule 32 in Sections **A** through **E**, above, would allow the use of his own deposition as an exhibit or otherwise.

### B. The Deposition Transcript of the Plaintiff is Inadmissible Hearsay Under the Federal Rules of Evidence Because There is no Showing That the Witness is Unavailable

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801. Hearsay is inadmissible except as provided by the Federal Rules of Evidence, rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress. Fed. R. Evid. 802.

In this case, the Plaintiff seeks to introduce his own deposition transcripts to prove the truth of the matters contained therein. As such, the transcripts are inadmissible hearsay.

The Plaintiff may cite to Federal Rules of Evidence 804 (b) (1) *Former Testimony*. However, former testimony, pursuant to Federal Rules of Evidence 804, is only admissible if the declarant is unavailable. There is no indication that the Plaintiff is unavailable. "The deposition has always been, and still is, treated as a substitute, a

second-best, not to be used when the original is at hand." Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939). As such, no hearsay exception applies.

    **C.    The Deposition Transcript is Not Admissible as a Prior Consistent Statement Because There is no Evidence it is Being Used to Rebut an Express or Implied Charge Against the Declarant of Recent Fabrication or Improper Influence or Motive.**

Federal Rules of Evidence 801 (d) states, "A statement is not hearsay if- **(1) Prior statement by witness.** The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . (B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive."

In this case, the Plaintiff has offered no evidence of a charge of recent fabrication or improper influence of motive. Rather, Defendant's contend that any charge of fabrication by the Defendants dated to the time of the Complaint in this case and such motive or influence existed at that time and was not recent.

As such, Plaintiff may not introduce his own deposition transcript.

    **D.    The Responses to Interrogatories and Requests for Production of the Plaintiff are inadmissible hearsay pursuant to the Federal Rules of Evidence**

Federal Rules of Civil Procedure Rule 33 states in relevant part, "**(c) Scope; Use at Trial.** Interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1), and the answers may be used to the extent permitted by the rules of evidence."

"A statement is (1) an oral or written assertion." Fed. R. Evid. 801. "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801. Hearsay is inadmissible except as provided by the Federal Rules of Evidence, rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress. Fed. R. Evid. 802.

"Normally, a party may not introduce his self-serving answers to an opponent's interrogatories." Grace & Co. v. City of Los Angeles, 278 F.2d 771, 776 (9th Cir. 1960). "Defendant's objection to the receipt in evidence of plaintiff's answers to interrogatories (propounded by defendant) is sustained inasmuch as the answers are self-serving. Interrogatory answers are admissible only against the party who made them." Rosenthal v. Poland, 337 F.Supp. 1161, 1170 (D.C.N.Y., 1972).

> If a party relies upon an opposing party's answers to interrogatories, the answers are admissible as statements of a party opponent, Fed.R.Evid. 801(d)(2); but a party's own answers to interrogatories are not so admissible. Older cases said that a party could not ordinarily introduce his or her own answers to an opponent's interrogatories, since they would be self-serving statements. But the 'self-serving' nature of evidence is ordinarily no ground for exclusion, and a more correct explanation would be that a party's own statements are hearsay when offered to prove the truth of the matter asserted, and that they fall within no recognized hearsay rule.

Duff v. Lobdell-Emery Mfg. Co., 926 F.Supp. 799, 803 (N.D.Ind. 1996) (internal citations and quotation marks omitted).

In this case, the Plaintiff seeks to introduce his own Responses to Interrogatories and Requests for Production to prove the truth of the matters contained therein. As such, they are inadmissible hearsay. There is no hearsay exception that applies and the responses are, therefore, inadmissible.

### E.  The Documents, Including Various Statements, Produced in Response to Interrogatories and Requests for Production Directed to the Plaintiff are Inadmissible Hearsay Pursuant to the Federal Rules of Evidence

The Plaintiff seeks to introduce, as an exhibit, documents he produced in response to the Defendants Interrogatories and Requests for Production. These documents include, among other things, written statements of Dawn Morocho, Magdolna Aczel, and David Fesh. These statements must be precluded, as they are inadmissible hearsay. (See, Defendants' Motion in Limine re: Various Statements; Plaintiff has also identified these statements as exhibits in conjunction with seeking to admit his own response to interrogatories and requests for production-Plaintiff's Exhibit 22, and individually as Exhibits 26, 27, and 31).

### III.  Conclusion

Based on the foregoing, the Defendants respectfully request that this Court grant the Defendants' Motion in Limine, and preclude the Plaintiff from introducing his

own deposition transcripts or testimony and his responses to Interrogatories and

Requests for Production.

                                              DEFENDANTS,
                                              LEONARD LABONIA and ETHAN MABLE


                                              By/s/John J. Radshaw, III
                                                John J. Radshaw, III
                                                Howd & Ludorf, LLC
                                                65 Wethersfield Avenue
                                                Hartford, CT  06114
                                                (860) 249-1361
                                                (860) 249-7665 (fax)
                                                ct19882

**CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 31st day of January, 2005

Tiziana Marie Scaccia, Esquire
Goldstein & Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT  06601-1538

                                            /s/John J. Radshaw, III
                                            John J. Radshaw, III