UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.: 3:00CV1802 (AWT) |
| | : | |
| v. | : | |
| | : | |
| LEONARD LABONIA, ETHAN MABLE | : | |
| AND CITY OF DANBURY | : | JANUARY 31, 2005 |

**DEFENDANTS' MOTION IN LIMINE RE: DEPOSITION TRANSCRIPTS OF DEFENDANTS LEONARD LABONIA AND ETHAN MABLE**

      The Defendants in the above matter respectfully move this Court to preclude the Plaintiff from introducing his exhibits, referenced Exhibits 8 and 9: Deposition transcripts of Leonard Labonia and Ethan Mable, in the Plaintiff and Defendants' Joint Trial Memorandum dated July 30, 2004.  As is more specifically set forth in the attached memorandum of law, these exhibits should be precluded from being submitted the jury because the Plaintiff seeks to use the depositions in a manner prohibited by the Federal Rules of Civil Procedure and Federal Rules of Evidence.

ORAL ARGUMENT IS REQUESTED

WHEREFORE, the Defendants request that an order be entered precluding the Plaintiff from submitting to Defendants deposition transcripts as an exhibit.

>DEFENDANTS,
>LEONARD LABONIA and ETHAN MABLE
>
>By  /s/ John J. Radshaw, III
>John J. Radshaw, III
>Howd & Ludorf, LLC
>65 Wethersfield Avenue
>Hartford, CT  06114
>(860) 249-1361
>(860) 249-7665 (fax)
>ct19882

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 31st day of January, 2005

Tiziana Marie Scaccia, Esquire
Goldstein & Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT 06601-1538

                                                                                    _____/s/ John J. Radshaw, III_____
                                                                                    John J. Radshaw, III

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.: 3:00CV1802 (AWT) |
| | : | |
| v. | : | |
| | : | |
| LEONARD LABONIA, ETHAN MABLE | : | |
| AND CITY OF DANBURY | : | JANUARY 31, 2005 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
IN LIMINE RE: DEPOSITION TRANSCRIPTS OF DEFENDANTS,
LEONARD LABONIA AND ETHAN MABLE**

**I.   BACKGROUND**

This is a civil rights case brought by the Plaintiff under 42 U.S.C. § 1983 alleging that he was subject to excessive force on August 10, 1999, in the City of Danbury.  The Plaintiff claims he was subject to excessive force by police officers. The Defendants claim that they were dispatched to Highland Avenue to investigate a complaint of a dispute. In the course of their investigation, they determined that the Plaintiff was a suspect and briefly detained him in order to complete the investigation. During the brief detention, the Plaintiff, who the officers suspected was intoxicated, refused to comply with the lawful instructions of the officers, became violent, assaulted a police officer and refused to submit to being handcuffed.  The officers were forced to

use a reasonable degree of force to ensure the Plaintiff's compliance. The Plaintiff suffered physical injuries when he fought with, and was arrested by, the Defendants.

The Plaintiff also joins pendent state law causes of action for Assault and Battery, False Imprisonment, Abuse of Process, and Intentional Infliction of Emotional Distress.

The Defendant officers deny liability, and assert that all of their actions were reasonable and justified under the circumstances.

II. **LAW AND ARGUMENT**

The Federal Rules of Civil Procedure provide, "[i]n every trial, the testimony of witnesses shall be taken in open court, unless a federal law, these rules, the Federal Rules of Evidence, or other rules adopted by the Supreme Court provide otherwise." Fed. R. Civ. P. 43. Federal Rules of Evidence 403 and 404 provide for the exclusion of irrelevant evidence and relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

    **A.**    **The Plaintiff is Precluded From Introducing the Deposition Transcripts of the Defendants, Leonard Labonia and Ethan Mable, as an Exhibit Because the Plaintiff's Proposed Use Violates Federal Rules of Civil Procedure 43**

There is no doubt that a deposition is testimony. See Fed. R. Civ. P. 30 ([a] party may take the *testimony* of any person, including a party, by *deposition* upon oral

examination (emphasis added)).  "A deposition is a record of testimony taken outside of the courtroom that has been certified in conformity with the Federal Rules of Civil Procedure so that a jury can regard it as equivalent to testimony delivered inside the courtroom under oath."  <u>Windsor Shirt Co. v. New Jersey Nat. Bank,</u> 793 F.Supp. 589, 606 (E.D. Pa. 1992).

While Federal Rule of Civil Procedure 32 allows the use of party depositions for impeachment and other purposes, the Plaintiff may not submit the deposition transcript as an exhibit because testimony must be presented in open court.  Fed. R. Civ. P. 43.  The transcript, the paper or document itself has no meaning independent of the testimony contained therein.  Rule 43 **requires** testimony be given in open court.  "The emphasis on testimony in open court was incorporated into the rule [Rule 43] to combat the early practice in equity of providing juries with edited depositions witnesses' testimony."  Moore's Federal Practice § 43.02[2] 3rd. Ed.  Prohibiting parties from merely submitting deposition transcripts as exhibits is consistent with the original purpose because it prevents the members of the jury from self-editing such testimony by reading only the portions they want to read.

The Court of Appeals for the Fifth Circuit stated the following of a district court's decision to submit deposition testimony to a jury to read rather than presenting it in open court:

> We view with considerably greater concern, however, the district court's practice in this case of requiring the parties to provide excerpts of depositions to the jury, rather than allowing this testimony to be read in open court. Such a practice requires the jury to spend time outside the courtroom, over and above a full day in the courtroom. The jury's reading

>of the deposition excerpts was thus totally outside the supervision of the trial judge. Indeed, the procedure followed incurs a real risk that the jurors merely took the excerpts home and brought them back the next day unread and, thus, reached a verdict without having considered all the evidence.

Stine v. Marathon Oil Co., 976 F.2d 254, 267 (5th Cir. 1992).

While the Plaintiff is not proposing the jury take the trancripts home, the same concerns of the Fifth Circuit Court of Appeals cited above apply. While the jury does not have the ability to evaluate the demeanor of the witness when testimony is given by deposition in open court, at minimum, requiring the Plaintiff to select and read specific portions of the deposition transcripts in open court will at least require the jury to hear the testimony in its entirety.

> **B.    The Deposition Transcripts of the Defendants, Leonard Labonia and Ethan Mable, are Inadmissible Pursuant to the Rules of Evidence Because They Contain Irrelevant Information, Inadmissible Information, and Their Submission Will Result in Undue Delay, Waste of Time, and Needless Presentation of Cumulative Evidence**

Even if Defendants' deposition transcripts are allowed to be introduced as exhibits without violating Rule 43, they are inadmissible pursuant to Federal Rules of Evidence 403 and 404. The deposition transcripts of both Defendants are riddled with irrelevant information that is inadmissible. For example, the general background information about spouse's names and occupations, number of children and ages, is completely irrelevant to the issues of alleged constitutional violations in this case.

Furthermore, the depositions are filled with inadmissible testimony regarding prior incidents of use of force. (See Defendants Motion in Limine re Other Conduct

and Citizen Complaints). For example, pages 63-76 of Defendant Labonia's deposition are laced with questions concerning prior uses of force and citizen complaints. Since there is no <u>Monell</u> claim in this case, these prior incidents are inadmissible because presenting such testimony is nothing more than an attempt to get other allegations of misconduct in front of the jury in an attempt to show the character of the witness, which is impermissible pursuant to Federal Rules of Evidence 404 (b).

    The deposition transcripts may not be submitted to the jury because they include inadmissible subject matter pursuant to Federal Rule of Evidence 411. On page 85, there is reference to insurance for the purposes of this lawsuit. Evidence of liability insurance is inadmissible for most purposes pursuant to Federal Rules of Evidence 411.

    Furthermore, the transcripts should not be presented as an exhibit because this unfairly prejudices the Defendants by placing emphasis on their deposition testimony, with little or no probative value, because, the Defendants will already be testifying at the trail and subject to cross-examination and impeachment. The submission of the deposition transcripts will result in a waste of time and needless presentation of cumulative evidence because, as stated before, the Defendants will already be testifying at trial and subject to cross-examination and impeachment.  As such, in order to properly consider all the evidence, the jury will be forced to read the entire transcripts of testimony that they will already have heard.  If the jury properly fulfills its duty to consider all the evidence, it would have to read the transcripts; this would result

5

in massive duplication and waste of time because the jury would have to sit and read the transcripts from witnesses that will already be testifying.

      Submission of the transcripts to the jury as an exhibit will result in a needless presentation of cumulative evidence because the Defendant's are already testifying at trial. "[W]e believe as a general rule the better practice is for the court in the first instance to require counsel to specify the particular portions [of a depostion] that are deemed relevant and to limit the offer accordingly." Pursche v. Atlas Scraper & Engineering Co., 300 F.2d 467, 488 (C.A.Cal. 1961). District Courts, "notwithstanding Fed.R.Civ.P. 32(a)(2), may reject repetitious testimony." Gauthier v. Crosby Marine Service, Inc., 752 F.2d 1085, 1089 (5th Cir.1985). The Court, therefore, may exclude submission of the deposition transcripts because it would result in needless presentation of cumulative evidence, while still allowing their fair use for cross-examination and impeachment purposes.

      In addition, the depositions transcripts are riddled with inadmissible hearsay, questions lacking foundation, inadmissible testimony, particularly testimony regarding prior incidents, prior acts, unrelated citizen complaints, and numerous questions submitted in objectionable form. (See, Motion in Limine re Other Conduct and Citizen Complaints). As such, Counsel and the Court would be forced to hold a trial within a trial to make rulings on all such objectionable and impermissible material and redact the transcripts accordingly before submitting them to the jury. This is not a proper use of the Court's time when the witnesses will already be testifying.

### III.    <u>CONCLUSION</u>

For the foregoing reasons, the Defendants respectfully request that this Court grant the Defendants' Motion in Limine, and preclude the Plaintiff from submitting the Defendants' deposition transcripts to the jury as exhibits.

                        DEFENDANTS,
                        LEONARD LABONIA and ETHAN MABLE

                        By___/s/ John J. Radshaw, III_____
                          John J. Radshaw, III
                          Howd & Ludorf, LLC
                          65 Wethersfield Avenue
                          Hartford, CT  06114
                          (860) 249-1361
                          (860) 249-7665 (fax)
                          ct19882

## **CERTIFICATION**

       This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 31st day of January, 2005

Tiziana Marie Scaccia, Esquire
Goldstein & Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT  06601-1538

                                                    /s/ John J. Radshaw, III
                                               John J. Radshaw, III