UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.: 3:00CV1802 (AWT) |
| | : | |
| v. | : | |
| | : | |
| LEONARD LABONIA, ETHAN MABLE | : | |
| AND CITY OF DANBURY | : | JANUARY 31, 2005 |

**DEFENDANTS' MOTION IN LIMINE RE INTERROGATORY RESPONSES OF THE CITY OF DANBURY**

   The Defendants in the above matter respectfully move this Court to preclude the Plaintiff from introducing portions of his exhibit, referenced Exhibit 66: City of Danbury's responses to Interrogatories and Request for Production, in the Plaintiff and Defendants' Joint Trial Memorandum dated July 30, 2004.  As is more specifically set forth in the attached memorandum of law, this exhibit should be precluded because it is inadmissible pursuant to the Federal Rules of Evidence.

ORAL ARGUMENT IS REQUESTED

WHEREFORE, the Defendants request that an order be entered precluding the Plaintiff from submitting the City of Danbury's responses to Interrogatories and Requests for Production.

        DEFENDANTS,
        LEONARD LABONIA and ETHAN MABLE


By_____
  John J. Radshaw, III
  Howd & Ludorf, LLC
  65 Wethersfield Avenue
  Hartford, CT  06114
  (860) 249-1361
  (860) 249-7665 (fax)
  ct19882

## **CERTIFICATION**

        This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 31st day of January, 2005

Tiziana Marie Scaccia, Esquire  
Goldstein & Peck, P.C.  
1087 Broad Street  
P.O. Box 1538  
Bridgeport, CT  06601-1538

                                             _____  
                                             John J. Radshaw, III

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.: 3:00CV1802 (AWT) |
| | : | |
| v. | : | |
| | : | |
| LEONARD LABONIA, ETHAN MABLE | : | |
| AND CITY OF DANBURY | : | JANUARY 31, 2005 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE RE INTERROGATORY RESPONSES OF CITY OF DANBURY**

**I.     Background**

This is a civil rights case brought by the plaintiff under 42 U.S.C. § 1983 alleging that he was subject to excessive force on August 10, 1999 in the City of Danbury. The Plaintiff claims he was subjected to excessive force by police officers. The Defendants claim that they were dispatched to Highland Avenue to investigate a complaint of a dispute. In the course of their investigation, they determined that the Plaintiff was a suspect and briefly detained him in order to complete the investigation. During the brief detention, the Plaintiff, who the officers suspected was intoxicated, refused to comply with the lawful instructions of the officers, became violent, assaulted a police officer and refused to submit to being handcuffed. The officers were forced to

use a reasonable degree of force to ensure the Plaintiff's compliance. The Plaintiff suffered physical injuries when he fought with, and was arrested by, the Defendants.

The Plaintiff also joins pendent state law causes of action for Assault and Battery, False Imprisonment, Abuse of Process, and Intentional Infliction of Emotional Distress.

The Defendant officers deny liability, and assert that all of their actions were reasonable and justified under the circumstances.

**II.**     **Law and Argument**

Federal Rules of Civil Procedure Rule 33 states in relevant part, "**(c) Scope; Use at Trial.** Interrogatories may relate to any matters which can be inquired into under Rule 26(b)(1), and the answers may be used to the extent permitted by the rules of evidence."

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801. Hearsay is inadmissible except as provided by the Federal Rules of Evidence, rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress. Fed. R. Evid. 802.

In this case, the Plaintiff seeks to introduce the City of Danbury's responses to interrogatories and requests for production as evidence to prove the truth of the matters asserted therein. The responses are clearly hearsay. The City of Danbury is

no longer a party to this action.  As such, the responses to the interrogatories, that may otherwise have been admissible as admissions and non hearsay, no longer qualify as such.  No other hearsay exception exists.  As such, the Plaintiff must be precluded from offering the City of Danbury's responses to interrogatories and requests for production.

Federal Rules of Evidence 402 provides, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."  Rule 403 states, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."   Fed. R. Evid. 403.

The City of Danbury's responses contain answers relating to prior allegations of excessive force against Danbury police officers and liability insurance.  Even if admissible pursuant to a hearsay exception, the probative value of the responses is clearly outweighed by the danger of unfair prejudice against the officers because the references other complaints of excessive force will prejudice the jury.  The Plaintiff is attempting to place evidence of allegations of misconduct before the jury.  This is an attempt to show a propensity on the part of Danbury police officers to engage in

3

misconduct.  There is no longer a <u>Monell</u> claim in this case.  Therefore, this evidence is irrelevant to any issue the jury must resolve.  Such evidence, even if relevant, is highly prejudicial and has little or no probative value.

Furthermore, Rule 411 of the Federal Rules of Evidence prohibits the introduction of evidence of liability insurance for most purposes.  Therefore, even if some portions of the responses are admissible, there are portions that are clearly inadmissible and must be precluded.

### III.    Conclusion

For the foregoing reasons, the Defendants respectfully request that this Court grant the Defendants' Motion in Limine and preclude the Plaintiff from submitting the City of Danbury's Responses to Interrogatories as an exhibit.

                                          DEFENDANTS,
                                        LEONARD LABONIA and ETHAN MABLE


                                        By<u>/s/John J. Radshaw, III</u>
                                          John J. Radshaw, III
                                          Howd & Ludorf, LLC
                                          65 Wethersfield Avenue
                                          Hartford, CT  06114
                                          (860) 249-1361
                                          (860) 249-7665 (fax)
                                          ct19882

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 31st day of January, 2005

Tiziana Marie Scaccia, Esquire
Goldstein & Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT  06601-1538

                                          <u>/s/John J. Radshaw, III</u>
                                          John J. Radshaw, III