UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.: 3:00CV1802 (AWT) |
| | : | |
| v. | : | |
| | : | |
| LEONARD LABONIA, ETHAN MABLE | : | |
| AND CITY OF DANBURY | : | JANUARY 31, 2005 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE RE: MAGAZINE ARTICLES; VIDEO; BOOKS; AND NEWSPAPERS ARTICLES**

I.  **BACKGROUND**

This is a civil rights case brought by the Plaintiff under 42 U.S.C. § 1983 alleging that he was subject to excessive force on August 10, 1999, in the City of Danbury. The Plaintiff claims he was subject to excessive force by police officers. The Defendants claim that they were dispatched to Highland Avenue to investigate a complaint of a dispute. In the course of their investigation, they determined that the Plaintiff was a suspect and briefly detained him in order to complete the investigation. During the brief detention, the Plaintiff, who the officers suspected was intoxicated, refused to comply with the lawful instructions of the officers, became violent, assaulted a police officer and refused to submit to being handcuffed. The officers were forced to

use a reasonable degree of force to ensure the Plaintiff's compliance. The Plaintiff suffered physical injuries when he fought with, and was arrested by, the Defendants.

The Plaintiff also joins pendent state law causes of action for Assault and Battery, False Imprisonment, Abuse of Process, and Intentional Infliction of Emotional Distress.

The Defendant officers deny liability, and assert that all of their actions were reasonable and justified under the circumstances.

II.     **LAW AND ARGUMENT**

Federal Rules of Evidence 402 provides, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."  Rule 403 states, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  Federal Rules of Evidence 404 states:

> **(a) Character Evidence Generally.** Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except **(1) Character of Accused.**--Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same, or if evidence of a trait of character of the alleged victim of the crime is offered by an accused

>and admitted under Rule 404(a)(2), evidence of the same trait of character of the accused offered by the prosecution;
>
>**(2) Character of Alleged Victim.**--Evidence of a pertinent trait of character of the alleged victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the alleged victim offered by the prosecution in a homicide case to rebut evidence that the alleged victim was the first aggressor."

Federal Rules of Evidence 404 also provides, "**(b) Other Crimes, Wrongs, or Acts,** provides, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

>A.  The Plaintiff is Precluded From Introducing Articles, Books, and Videos Discussing His Restaurant, "The Goulash Place," Because They are Irrelevant to the Instant Action, and Even if Relevant, the Probative Value is Outweighed by Their Tendency to Mislead and Confuse the Jury

The Plaintiff in this case must be prohibited from submitting as exhibits, articles, books, and a video, because they are irrelevant to the instant action.  Federal Rules of Evidence 401 states, ""[r]elevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The articles, books, and video discuss various aspects of the Plaintiff's restaurant that he owns and operates with his wife.  They discuss the location, menu, and prices of the food.  They discuss the decor and dessert.  They even mention that

the Plaintiff's mother works in the restaurant. However, all this information is completely irrelevant to any issue presented in this case and must be excluded. The information contained within the articles is probative of absolutely no fact that it relevant to this case, and, as such, all these exhibits must be excluded.

The Plaintiff may claim that the success of his business is somehow probative of some aspect of damages. However, the articles make absolutely no mention of the incident or any impact it may have had on business and furthermore, the articles actually discuss how his business has had greater success in the years following the incident. The Defendant has made no claim of lost wages.  As such, the articles are irrelevant to any element of damages.

Furthermore, even if the articles have some probative value, that value is substantially outweighed by the potential to mislead the jury and confuse issues.  The article's tendency to portray the Plaintiff in a favorable light will tend to bias the jury against the Defendants or in favor of the Plaintiff with little or no probative value that outweighs such prejudice.

      **B.**    **The Plaintiff is Precluded From Introducing Articles, Books, and Videos Discussing His Restaurant, "The Goulash Place," Because the Plaintiff is Seeking to Offer Impermissible Character Evidence**

The Plaintiff is impermissibly seeking to offer circumstantial character evidence. Rule 404 prohibits such evidence.  The Plaintiff seeks to portray himself as a successful businessman that is some kind of a celebrity.  The implication being that, as a successful restaurant operator, he could not, or would not engage in the conduct that the Defendants in this case claim brought about the incident in question.  Or, that

the Plaintiff would act in conformity with his actions, traits and character as a successful restaurant owner while dealing with the police. The Plaintiff is prohibited from offering such evidence. Such evidence is irrelevant and would only be introduced to bolster the Plaintiff's credibility and character.

    **C.**    **The Plaintiff is Precluded From Introducing Articles, Books, and Videos Discussing His Restaurant, "The Goulash Place," Because They are Inadmissible Hearsay**

Even if admissible on some other grounds, the articles are inadmissible hearsay and must be excluded. There is no exception that would allow their introduction into evidence.

### III. CONCLUSION

For the foregoing reasons, the Defendants respectfully request that this Court grant the Defendants' Motion in Limine, and preclude the Plaintiff from submitting the articles and video.

                              DEFENDANTS,
                              LEONARD LABONIA and ETHAN MABLE

                              By/s/John J. Radshaw, III
                                John J. Radshaw, III
                                Howd & Ludorf, LLC
                                65 Wethersfield Avenue
                                Hartford, CT  06114
                                (860) 249-1361
                                (860) 249-7665 (fax)
                                ct19882

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 31st day of January, 2005

Tiziana Marie Scaccia, Esquire
Goldstein & Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT  06601-1538

                                                   /s/John J. Radshaw, III
                                                   John J. Radshaw, III