UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.: 3:00CV1802 (AWT) |
| | : | |
| v. | : | |
| | : | |
| LEONARD LABONIA, ETHAN MABLE | : | |
| AND CITY OF DANBURY | : | JANUARY 31, 2005 |

**DEFENDANTS' MOTION IN LIMINE RE UNITED STATES COURT OF APPEALS DECISION IN THIS CASE**

      The Defendants in the above matter respectfully move this Court to preclude the Plaintiff from introducing his exhibit, referenced Exhibit 64: United States District Court for the Second Circuit Court of Appeals decision in this case, in the Plaintiff and Defendants' Joint Trial Memorandum dated July 30, 2004.  As is more specifically set forth in the attached memorandum of law, the Plaintiff should be precluded from offering this exhibit because it is prohibited by the Federal Rules of Evidence.

ORAL ARGUMENT IS REQUESTED

WHEREFORE, the Defendants request that an order be entered precluding the Plaintiff from offering into evidence the above referenced exhibit.

DEFENDANTS,
LEONARD LABONIA and ETHAN MABLE


By_____
John J. Radshaw, III
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)
ct19882

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 31st day of January, 2005

Tiziana Marie Scaccia, Esquire
Goldstein & Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT 06601-1538

                                          _____
                                          John J. Radshaw, III

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.: 3:00CV1802 (AWT) |
| | : | |
| v. | : | |
| | : | |
| LEONARD LABONIA, ETHAN MABLE | : | |
| AND CITY OF DANBURY | : | JANUARY 31, 2005 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE RE: UNITED STATES COURT OF APPEALS DECISION IN THIS CASE**

**I.    Background**

This is a civil rights case brought by the Plaintiff under 42 U.S.C. § 1983 alleging that he was subjected to excessive force on August 10, 1999, in the City of Danbury. The Plaintiff claims he was subjected to excessive force by police officers. The Defendants claim that they were dispatched to Highland Avenue to investigate a complaint of a dispute. In the course of their investigation, they determined that the Plaintiff was a suspect and briefly detained him in order to complete the investigation. During the brief detention, the Plaintiff, who the officers suspected was intoxicated, refused to comply with the lawful instructions of the officers, became violent, assaulted a police officer and refused to submit to being handcuffed. The officers were forced to

use a reasonable degree of force to ensure the Plaintiff's compliance. The Plaintiff suffered physical injuries when he fought with, and was arrested by, the Defendants.

The Plaintiff also joins pendent state law causes of action for Assault and Battery, False Imprisonment, Abuse of Process, and Intentional Infliction of Emotional Distress.

The Defendant officers deny liability, and assert that all of their actions were reasonable and justified under the circumstances.

## II.    Law and Argument

Federal Rules of Evidence 402 provides, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."  Rule 403 states, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

The Plaintiff in this case seeks to introduce into evidence as an exhibit the United States Court of Appeals decision in this case.  The Plaintiff has absolutely no foundation whatsoever to offer this exhibit, it is irrelevant to any issue that the jury must resolve, and even if relevant, any probative value of the evidence is clearly

outweighed by the high degree of unfair prejudice that would result to the Defendants, with little or no probative value. As such, this exhibit must be precluded.

### III.     Conclusion

Based on the foregoing, the Defendants respectfully request that this Court grant the Defendants' Motion in Limine, and preclude the Plaintiff from introducing the above referenced exhibit.

                    DEFENDANTS,
                    LEONARD LABONIA and ETHAN MABLE


                    By/s/John J. Radshaw, III
                      John J. Radshaw, III
                      Howd & Ludorf, LLC
                      65 Wethersfield Avenue
                      Hartford, CT  06114
                      (860) 249-1361
                      (860) 249-7665 (fax)
                      ct19882

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 31st day of January, 2005

Tiziana Marie Scaccia, Esquire
Goldstein & Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT  06601-1538

                                  /s/John J. Radshaw, III
                                  John J. Radshaw, III