UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.: 3:00CV1802 (AWT) |
| | : | |
| v. | : | |
| | : | |
| LEONARD LABONIA, ETHAN MABLE | : | |
| AND CITY OF DANBURY | : | JANUARY 31, 2005 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE RE: CITY OF DANBURY POLICE RULES, REGULATIONS, POLICIES, CODE OF CONDUCT, POLICE DIRECTIVES, AND GENERAL ORDERS**

**I.    BACKGROUND**

This is a civil rights case brought by the Plaintiff under 42 U.S.C. § 1983 alleging that he was subject to excessive force on August 10, 1999, in the City of Danbury. The Plaintiff claims he was subject to excessive force by police officers. The Defendants claim that they were dispatched to Highland Avenue to investigate a complaint of a dispute. In the course of their investigation, they determined that the Plaintiff was a suspect and briefly detained him in order to complete the investigation. During the brief detention, the Plaintiff, who the officers suspected was intoxicated, refused to comply with the lawful instructions of the officers, became violent, assaulted a police officer and refused to submit to being handcuffed. The officers were forced to

use a reasonable degree of force to ensure the Plaintiff's compliance. The Plaintiff suffered physical injuries when he fought with, and was arrested by, the Defendants.

The Plaintiff also joins pendent state law causes of action for Assault and Battery, False Imprisonment, Abuse of Process, and Intentional Infliction of Emotional Distress.

The Defendant officers deny liability, and assert that all of their actions were reasonable and justified under the circumstances.

## II.    LAW AND ARGUMENT

Rule 402 of the Federal Rules of Evidence states, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."  Rule 403 states, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

Pursuant to Monell v.Dep't. of Soc. Servs., 436 U.S. 658 (1978), a City or other government policymaker may be held liable for a constitutional deprivation if it fails to properly train, supervise or discipline an officer that deprives a citizen of his constitutional rights.  City of Canton v. Harris, 489 U.S. 378, 390 (1989).  There is no Monell claim in this case.  As such, the police department's rules, regulations, policies,

etc., are irrelevant to the issues in this case.  The appropriate standards to be applied to Constitutional violations are appropriately directed announced by the Courts and Constitution, and not by police regulations, polices, etc.  The City of Danbury Police Department rules, regulations, policies, etc., are irrelevant to the issues of this case.  If the Plaintiff is allowed to introduce the rules and regulations, the jury will be misled and confused as to the actual issues in this case.  A violation of a department rule is not the standard for a Constitutional violation or a violation of state common law.  An officer can violate a police rule without violating the Constitution or committing a tort.  As one court stated, "[si]milarly, defendants' motion to bar evidence that the defendants breached Chicago Police Department regulations or directives is GRANTED except where necessary for impeachment or rebuttal. The issue in this case is whether the defendants violated [the plaintiff's] rights, not whether they violated standards of professional conduct." <u>Saunders v. City of Chicago,</u> 320 F.Supp.2d 735, 739 (N.D.Ill. 2004).

     For example, Danbury's use of force policy encourages officers to "use alternative to force, if possible."  The jury could easily confuse or be misled to believe that the Constitutional standard to be applied to the use of force <u>requires</u> or encourages an officer to consider or use alternatives to force.  This is incorrect.  The appropriate standard is whether the use of force was objectively reasonable under the circumstances.  <u>Graham v. Connor</u>, 490 U.S. 386, 397 (1989).  The policies, directives, and regulations are irrelevant, and if relevant, should be excluded because

admitting them will tend to mislead and confuse the jury and will lead to unfair prejudice against the Defendants.

The Plaintiff seeks to introduce Exhibits 39 and 43 regarding the use of deadly force and investigation of the use of deadly force.  These exhibits are clearly irrelevant as there was no use of deadly force in this case.  Introducing these exhibits will clearly mislead and confuse the jury.  And, they have no probative value whatsoever in this case.

### III.     CONCLUSION

Based on the foregoing, the Defendants respectfully request that this Court grant the Defendants' Motion in Limine, and preclude the Plaintiff from introducing the City of Danbury police rules, regulations, policies, code of conduct, police directives, and general orders.

DEFENDANTS,
LEONARD LABONIA and ETHAN MABLE


By/s/John J. Radshaw, III
  John J. Radshaw, III
  Howd & Ludorf, LLC
  65 Wethersfield Avenue
  Hartford, CT  06114
  (860) 249-1361
  (860) 249-7665 (fax)
  ct19882

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 31st day of January, 2005

Tiziana Marie Scaccia, Esquire
Goldstein & Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT  06601-1538

                                                  /s/John J. Radshaw, III
                                                  John J. Radshaw, III