UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.: 3:00CV1802 (AWT) |
| | : | |
| v. | : | |
| | : | |
| LEONARD LABONIA, ETHAN MABLE | : | |
| AND CITY OF DANBURY | : | JANUARY 31, 2005 |

**<u>DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE RE: VARIOUS STATEMENTS OF DAVID FESH; MAGDOLNA ACZEL; FRANK BUTERA; VERONICA DEROSA; DAWN MORACHO; AND, GRETCHEN OLSON</u>**

**I.   <u>BACKGROUND</u>**

This is a civil rights case brought by the Plaintiff under 42 U.S.C. § 1983 alleging that he was subject to excessive force on August 10, 1999, in the City of Danbury. The Plaintiff claims he was subject to excessive force by police officers. The Defendants claim that they were dispatched to Highland Avenue to investigate a complaint of a dispute. In the course of their investigation, they determined that the Plaintiff was a suspect and briefly detained him in order to complete the investigation. During the brief detention, the Plaintiff, who the officers suspected was intoxicated, refused to comply with the lawful instructions of the officers, became violent, assaulted a police officer and refused to submit to being handcuffed. The officers were forced to

1

use a reasonable degree of force to ensure the Plaintiff's compliance. The Plaintiff suffered physical injuries when he fought with, and was arrested by, the Defendants.

The Plaintiff also joins pendent state law causes of action for Assault and Battery, False Imprisonment, Abuse of Process, and Intentional Infliction of Emotional Distress.

The Defendant officers deny liability, and assert that all of their actions were reasonable and justified under the circumstances.

**II.     Law and Argument**

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801.  Hearsay is inadmissible except as provided by the Federal Rules of Evidence, rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.  Fed. R. Evid. 802.

"Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules."  Fed. R. Evid. 805.

In this case, the Plaintiff seeks to introduce the written statements of non-party witnesses to prove the truth of the matters contained therein.  As such, the written statements are inadmissible hearsay.

    **A.**    **The Plaintiff is Precluded From Introducing the Statements of Nonparty Witnesses not Contained in Police Reports Because They are Inadmissible Hearsay Not Subject to a Hearsay Exception**

The Plaintiff impermissibly seeks to offer the written statements of David Fesh, Magdolna Azel, Frank Butera, and Dawn Moracho, non-parties to the above captioned action, as exhibits. The Plaintiff seeks to offer these out of court statements as truth of the matters contained therein.  These statements were not made in connection with a police investigation and are not sworn. (David Fesh made two statements, one to Danbury Police that is part of the police incident report and one other that it not). As such, they have no reliability.  These written statements are inadmissible hearsay and should be excluded from evidence.

    **B.**    **The Written Statements of the Nonparty Witnesses Contained Within the Police Incident Reports are Inadmissible Hearsay Because, Even Though the Police Report May be Admitted Pursuant to the Public Records and Reports Exception, the Written Statements Within the Police Report are a Second Level of Hearsay Within the Report that Requires an Exception to be Admissible**

The Plaintiff also seeks to introduce, as exhibits, statements of the various parties that were taken and are included as part of a police report incident report including David Fesh, Veronica DeRosa and Gretchen Olson . The Defendants do not dispute that various exceptions to the hearsay rule apply to admit the police report itself.  However, the police report contains the various statements of witnesses, other than the officer that wrote the report.  "[W]hen police reports contain witness

statements, and the witness statements are offered to prove their truth, the statements themselves generally are inadmissible." Jacobs v. City of Port Neches, 7 F.Supp.2d 829, 835 (E.D.Tex. 1998). See also, United States v. Dotson, 821 F.2d 1034, 1035-36 (5th Cir.1987) (holding that witness statements in police reports are inadmissible).

As stated in Rule 805 of the Federal Rules of Evidence, these statements are admissible if another hearsay exception exists for them. No such exception exists. Therefore, the witness statements contained within the police report are inadmissible hearsay.

### III. CONCLUSION

Based on the foregoing, the Defendants respectfully request that this Court grant the Defendants' Motion in Limine, and preclude the Plaintiff from introducing the written statements of all non-party witnesses as exhibits.

DEFENDANTS,
LEONARD LABONIA and ETHAN MABLE


By/s/John J. Radshaw, III
  John J. Radshaw, III
  Howd & Ludorf, LLC
  65 Wethersfield Avenue
  Hartford, CT  06114
  (860) 249-1361
  (860) 249-7665 (fax)
  ct19882

**CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 31st day of January, 2005

Tiziana Marie Scaccia, Esquire
Goldstein & Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT  06601-1538

                                             /s/John J. Radshaw, III
                                             John J. Radshaw, III