UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.: 3:00CV1802 (AWT) |
| | : | |
| v. | : | |
| | : | |
| LEONARD LABONIA, ETHAN MABLE | : | |
| AND CITY OF DANBURY | : | JANUARY 31, 2005 |

## DEFENDANTS' MOTION IN LIMINE RE: OTHER CONDUCT AND CITZEN COMPLAINTS

The Defendants in the above matter respectfully move this Court to preclude the Plaintiff from introducing his exhibits, referenced Exhibits 55 through 60, in the Plaintiff and Defendants' Joint Trial Memorandum dated July 30, 2004, which include internal affairs investigations and citizen complaints filed against the Defendant officers for incidents both before and after the incident which is the subject of this suit. As is more specifically set forth in the attached memorandum of law, the Plaintiff should be precluded from offering evidence of these other incidents because it is prohibited by the Federal Rules of Evidence.

WHEREFORE, the Defendants request that an order be entered precluding the Plaintiff from offering into evidence any of the above referenced exhibits and

ORAL ARGUMENT IS REQUESTED

prohibiting the Plaintiff from questioning the Defendants or any other witnesses about the incidents referenced therein.

                              DEFENDANTS,
                              LEONARD LABONIA and ETHAN MABLE

                              By____/s/ John J. Radshaw, III_____
                                John J. Radshaw, III
                                Howd & Ludorf, LLC
                                65 Wethersfield Avenue
                                Hartford, CT  06114
                                (860) 249-1361
                                (860) 249-7665 (fax)
                                ct19882

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 31st day of January, 2005

Tiziana Marie Scaccia, Esquire
Goldstein & Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT  06601-1538

                                                  /s/ John J. Radshaw, III
                                                  John J. Radshaw, III

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.:  3:00CV1802 (AWT) |
| | : | |
| v. | : | |
| | : | |
| LEONARD LABONIA, ETHAN MABLE | : | |
| AND CITY OF DANBURY | : | JANUARY 31, 2005 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE
RE: OTHER CONDUCT AND CITIZEN COMPLAINTS**

I.     **BACKGROUND**

This is a civil rights case brought by the Plaintiff under 42 U.S.C. § 1983 alleging that he was subject to excessive force on August 10, 1999, in the City of Danbury.  The Plaintiff claims he was subject to excessive force by police officers.  The Defendants claim that they were dispatched to Highland Avenue to investigate a complaint of a dispute.  In the course of their investigation, they determined that the Plaintiff was a suspect and briefly detained him in order to complete the investigation.  During the brief detention, the Plaintiff, who the officers suspected was intoxicated, refused to comply with the lawful instructions of the officers, became violent, assaulted a police officer and refused to submit to being handcuffed.  The officers were forced to

use a reasonable degree of force to ensure the Plaintiff's compliance.  The Plaintiff suffered physical injuries when he fought with, and was arrested by, the Defendants.

The Plaintiff also joins pendent state law causes of action for Assault and Battery, False Imprisonment, Abuse of Process, and Intentional Infliction of Emotional Distress.

The Defendant officers deny liability, and assert that all of their actions were reasonable and justified under the circumstances.

**II.     Law and Argument**

Federal Rules of Evidence 402 provides, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."  Rule 403 states, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

The Plaintiff's attempt to offer the referenced exhibits is an obvious and egregious attempt to suggest a propensity to act improperly and/or violate the rights of

citizens. Such evidence is expressly prohibited by FRE 404 (b). Federal Rules of Evidence 404 states, in part, as follows:

> (a) **Character Evidence, Generally.** Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion ….
>
> (b) **Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident ….

Pursuant to Rule 404 (b), wrongful acts evidence may not be admitted merely to show the defendant's propensity to commit the act in question. Such evidence may be admitted for other relevant purposes under the inclusionary approach. See Berkovich v. Hicks, 922 F.2d 1018, 1022 (2nd Cir. 1991) (citing, United States v. Brennan, 798 F.2d 581, 589 (2d Cir. 1986)). Federal Rules of Evidence 403, however, limits the potentially broad reach of the inclusionary approach. "It permits the exclusion of relevant evidence if the probative value of that evidence is 'substantially outweighed' by, among other things, 'the danger of unfair prejudice.'" Id. (citing Fed.R.Evid. 403).

    To determine whether the trial court properly admitted other act evidence, the reviewing court will consider whether: "(1) it was offered for a proper purpose; (2) it was relevant to a disputed trial issue; (3) its probative value is substantially outweighed by its possible prejudice; and (4) the trial court administered an

3

appropriate limiting instruction." United States v. Edwards, 342 F.3d 168, 176 (2d Cir. 2003) (citing United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992)).

Without a showing similarity of other acts so that they approach near identity with the disputed trial issue, the Second Circuit has consistently precluded the proffer of prior citizen complaints or reports against defendant police officers by way of the balancing requirement of Rule 403. See Berkovich v. Hicks, 922 F.2d 1018, 1022 (2d Cir. 1991) (affirming district court's decision to exclude seven prior complaints against police officers, alleged to be probative of a pattern of misconduct, because they did not show the kind of *modus operandi* in this case); Ricketts v. City of Hartford, 74 F.3d 1397 (2d Cir. 1996) (following Berkovich, supra, holding that a subsequent citizen complaint against a defendant officer was properly excluded); Hynes v. Coughlin, 79 F.3d 285 (2d Cir. 1996) (affirming district court's decision to exclude prior discipline records to show a pattern of conduct as pattern evidence is principally to show the identity of the perpetrator or the absence of accident or mistake); Laws v. Cleaver, 140 F.Supp.2d 145, 156 (D. Conn. 2001) (excluding prior incident in an excessive force case in which defendant correctional officer failed to report an incident in which two white officers hung a noose in front of an African-American inmate on the grounds that it was not similar to the conduct at issue); contrast, Ismail v. Cohen, 899 F.2d 183 (2nd Cir. 1990) (affirmed district court's admission of a subsequent complaint that arose

under nearly identical circumstances to the incident for which the defendant officer was then on trial).

> **A.    The Plaintiff is Precluded From Introducing Evidence of Citizen Complaints and Internal Affairs Investigations of Other Acts Because Federal Rules of Evidence Rule 404(b) and 403 Prohibit Such Evidence**

The Plaintiff seeks to introduce evidence of citizen complaints and internal affairs investigations against the Defendant officers. Such evidence is precluded by Rule 404(b) of the Federal Rules of Evidence. In police misconduct cases, the context in which other incidents of alleged misconduct are most relevant is in a Monell claim. There is no remaining Monell claim in this case. A City or other policymaker can be liable if it fails to properly train, supervise or discipline officers to a point that such failure becomes a policy of deliberate indifference that causes a deprivation of a citizen's constitutional rights. City of Canton v. Harris, 489 U.S. 378, 390 (1989). The Monell claim against the City of Danbury in this case was dismissed on a motion for summary judgment. There is no doubt that if a Monell claim still existed, the citizen complaints and investigations may have been relevant to demonstrate a policy on the part of the City. However, there is no such claim remaining.

The Plaintiff seeks to introduce the following complaints and investigations.

Exhibit 55-Citzen complaint against Officer Mable alleging assault and rudeness on April 14, 1997, and accompanying investigation. Adjudicated as unfounded.

      Exhibit 56-Citizen complaint against Officer Labonia alleging excessive force and unlawful entry into the citizen's home on December 9, 2001, and accompanying investigation. Adjudicated as unfounded.

      Exhibit 57-Citzen complaint against Officer Mable alleging he failed to arrest and issue a ticket to a driver at fault for an accident that left the scene of the accident on August 4, 1999, and accompanying investigation. Adjudicated as unfounded.

      Exhibit 58-Citizen complaint against Officer Labonia alleging he stopped the complainant for a traffic violation for no reason, mistreated the complainant, illegally searched his car, and seized and threw away a knife found in the vehicle on December 10, 1998. All the allegations were dismissed as unfounded with the exception of throwing away the knife. Officer Labonia was suspended for two days for this incident. The suspension would be held in abeyance if Officer LaBonia had no other disciplinary action in the next six months.

      Exhibit 59-Citizen letter complaining that Officer LaBonia improperly issued a traffic ticket and was rude and insulting on October 19, 1998. No adjudication as no formal complaint was filed.

      Exhibit 60-Internal investigation regarding Officer Mable leaving the City of Danbury for meal breaks on May 12, 2000, in violation of department rules. Officer Mable was orally reprimanded.

      Exhibits 60, 59, 58, and 57 must be excluded because the complaints contained therein allege conduct so dissimilar to the conduct in this case that they are clearly irrelevant, even under the inclusionary approach. The validity of any complaint that

6

arises out of the issuance of a traffic ticket must be questioned. It goes without saying that no recipient of a traffic ticket has ever felt it to be properly justified and claims that they were unjustly or improperly written are so common it would be unfair to attach any significance to such complaints, absent a showing of an unusual number of type of complaint in that context.

None of the exhibits can be offered for a proper purpose pursuant to Rule 404(b). It is difficult to imagine any purpose that would be served by offering evidence of the other acts other than to prove character of the officers in order to show action in conformity therewith. Although Exhibit 56 alleges excessive force, that allegation involved an officer other than Officer Labonia. It is very clear that Officer LaBonia was not involved in the arrest and handcuffing of the complainant. As such, the only complaint against Officer LaBonia in Exhibit 56 was that he improperly entered the complainant's house. This charge is so dissimilar to the current incident it is not relevant.

Exhibit 55, while it alleges an assault by Officer Mable, demonstrates that Officer Mable and the complainant's version of the alleged assault were essentially the same because Officer Mable grabbed the complainant's arm as she attempted to walk away while Officer Mable was issuing her a traffic ticket. The complaint was deemed to be unfounded. Officer Mable was found to have acted appropriately under the circumstances.

Furthermore, even if these incidents are relevant, any probative value is clearly outweighed by a danger of unfair prejudice. The Plaintiff clearly seeks to

impermissibly introduce these incidents to show that the Defendants have a trait of mistreating suspects, breaking rules, or acting improperly in general, in order to show that the Defendants mistreated the Plaintiff in this case.  Given that four of the six complaints were unfounded and that the two that had any merit involved dissimilar conduct, it would be highly prejudicial to introduce any evidence of these incidents, with little or no probative value.  "[T]he strength of the evidence establishing the similar act is one of the factors the court may consider when conducting the Rule 403 balancing."  Ricketts, 74 F.3d at 1414 (internal citations and quotation marks omitted).  Police officers are duty bound to engage in conduct that many people do not like, particularly when they are suspects.  However, there is a clear line between conduct that a suspect does not like and conduct that is unlawful.  The jury has no way of assessing the credibility of the complainants without actually hearing their testimony concerning the prior incidents.  In this regard, the complainant statements within the internal affairs investigations are inadmissible hearsay.

     Rule 404 (b) provides the means of stopping the slippery slope arguments that can arise from admitting prior conduct.  Admitting other conduct of civil litigants tends to a focus a jury on incidents that tend to have no or little relation to the actual events in questions.  As the advisory committee notes to Rule 404(b) so succinctly state, "[c]haracter evidence is of slight probative value and may be very prejudicial. It tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and to punish the bad man because of their respective characters despite what the evidence

8

in the case shows actually happened." Fed. R. Evid. 404 advisory committee's notes (internal quotation marks and citation omitted).

If such prior acts are admitted, on the grounds they show knowledge, motive, intent, plan, preparation, or some other acceptable use, should the Court not also admit evidence of the hundreds or thousands of arrests made by the Defendant officers in which there were no complaints, to counter such evidence? The answer is no because the slippery slope presented is that when the prior acts are admitted the trial becomes a trial of character, rather than one of facts. As the citizen complaints and internal affairs investigations are irrelevant, and if relevant, their probative value is outweighed by dangers of unfair prejudice, they must be excluded from evidence.

> B. **The Plaintiff is Precluded From Introducing Statements Contained Within Internal Affairs Investigation Reports Because They are Inadmissible Hearsay**

The citizen statements contained within the internal affairs investigations are inadmissible hearsay. "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801. "Hearsay is inadmissible except as provided by the Federal Rules of Evidence, rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Fed. R. Evid. 802. "Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined

statements conforms with an exception to the hearsay rule provided in these rules." Fed. R. Evid. 805.

The Plaintiff clearly seeks to introduce the statements as truth of the mattes contained therein, because, if untrue, the statements are clearly irrelevant and prejudicial.  The Defendants do not dispute that various exceptions to the hearsay rule apply to admit the internal affairs reports.  However, these reports contain the various statements of the complainants and other witnesses other than the officer that wrote the report.  "[W]hen police reports contain witness statements, and the witness statements are offered to prove their truth, the statements themselves generally are inadmissible." Jacobs v. City of Port Neches, 7 F.Supp.2d 829, 835 (E.D.Tex. 1998). See also United States v. Dotson, 821 F.2d 1034, 1035-36 (5th Cir.1987) (holding that witness statements in police report are inadmissible).

### III.   CONCLUSION

Based on the foregoing, the Defendants respectfully request that this Court grant the Defendants' Motion in Limine and preclude the Plaintiff from introducing the

10

above referenced exhibits, and prohibit the Plaintiff from questioning the Defendants or any other witnesses about the incidents contained therein.

>DEFENDANTS,
>LEONARD LABONIA and ETHAN MABLE
>
>By___/s/ John J. Radshaw, III____
>  John J. Radshaw, III
>  Howd & Ludorf, LLC
>  65 Wethersfield Avenue
>  Hartford, CT  06114
>  (860) 249-1361
>  (860) 249-7665 (fax)
>  ct19882

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 31st day of January, 2005

Tiziana Marie Scaccia, Esquire
Goldstein & Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT  06601-1538

                                                           _____/s/ John J. Radshaw, III_____
                                                           John J. Radshaw, III