UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN ACZEL
    Plaintiff                                  : CIVIL NO. 300 CV 1802 AWT

    V.

LEONARD LABONIA
ETHAN MABLE
 and CITY OF DANBURY
    Defendants                          : FEBRUARY 14, 2005

**<u>PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE RE: TESTIMONY OF JOHN REED AND MATT C., AT EMS, DANBURY EMERGENCY ROOM DEPARTMENT</u>**

I.    <u>Nature of Case:</u>

    This is a civil rights case brought by the plaintiff, John Aczel, under 42 U.S.C. Section 1983 and under 42 U.S.C. Section 1988 alleging that his Fourth and Fourteenth Amendment rights were violated. Plaintiff alleges that he was falsely arrested and subjected to excessive force on August 10, 1999 by Defendant, Leonard Labonia and Defendant, Ethan Mable, both of whom are police officers of the City of Danbury. Plaintiff alleges that he was subjected to excessive force by Defendant police officers when, without probable cause, the police officers placed him in the police cruiser and then subsequently repeatedly and violently struck his head, face, and body, pepper sprayed him and placed him under arrest. Plaintiff claims that Defendant police

officers had a realistic opportunity to prevent use of excessive force against him but did not do so, and that Defendant police officers denied him adequate medical care despite the obligation of police officers to provide medical treatment to persons injured by the police by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims.

Plaintiff also alleges that Defendant police officers violated the laws of the State of Connecticut. Plaintiff is suing Defendant police officers for violation of the state law tort of Assault and Battery.   Plaintiff is also suing Defendant police officers for wrongfully and unlawfully confining him in an unventilated police car in hot weather (whereupon he began to experience severe breathing difficulties) before assaulting him and later detaining him at the police station, all without reason, justification or authority in violation of the state law tort of False Imprisonment.   Plaintiff is also suing Defendant police officers for using the criminal process against him in order to intimidate him from asserting his rights against them and in order to cover up their own wrongdoing and avoid civil and criminal liability for their own acts in violation of the state law tort of Abuse of Process.   As part of the Abuse of Process claim, Plaintiff claims that Defendant police officers arrested him for committing the crime of interfering with a police officer and breach of peace to conceal and excuse their attack on him. Plaintiff further claims that Defendant police officers further attempted to conceal their attack on

him by preparing a false police report, (which they knew, and intended, would be forwarded to and relied upon by a prosecutor), and, by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims. Plaintiff is also suing Defendant police officers for violation of the state law tort of Intentional Infliction of Emotional Distress.

The Defendant police officers deny liability. With respect to most of the claims made by Plaintiff, Defendant police officers assert that all of their actions were objectively reasonable under the circumstances.

Plaintiff claims as part of his damages that he was incarcerated for four to five hours, was required to appear in Court as an accused criminal, and was required to spend money to hire an attorney to defend himself against the false charges. Additionally, Plaintiff claims that he suffered a loss of liberty, inconvenience and humiliation, great physical pain and disability, and extreme emotional distress, with associated economic loss. Plaintiff also claims to have suffered a traumatic brain injury, traumatic labyrinthitis, a fracture of the left wrist, traumatic headaches, TMJ injury, a fractured zygomatic arch requiring surgical repair, rib injuries, and a knee injury.

II.     **Law and Argument**

"If the witness is not testifying as an expert, the witness' testimony in the form of opinions or interferences is limited to those opinions or inferences which are (a) rationally based

on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702

Federal Rules of Evidence 402 provides, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority.   Evidence which is not relevant is not admissible." Rule 403 states, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403

The Defendants seek to introduce testimony through the lay witnesses, John Reed and Matt C. which in this case requires expert testimony because the symptomalogy portrayed by

Plaintiff after having been attacked and pepper sprayed by the police officers could easily have misled the witnesses in reaching a baseless conclusion that Plaintiff was intoxicated. As such, the testimony of these witnesses is not reliable evidence and not admissible evidence in this case. The testimony of these witnesses is also inadmissible because the probative value of the testimony of John Reed and Matt C. is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

A. **The federal rules of evidence prohibit Defendants from introducing**expert testimony through the lay witnesses, John Reed and Matt C,**because under the federal rules of evidence, if**the witness is not testifying as**an expert, the witness' testimony in the form of opinions or interferences is limited to those opinions or inferences which are** not based on, scientific, technical, or other specialized knowledge-Moreover, the probative value of the testimony of John Reed and Matt C., lay witnesses, is substantially outweighed by the danger of unfair prejudice, confusion of**the issues or misleading the jury**

The Defendants seek to introduce expert testimony through the lay witnesses, John Reed and Matt C. in this case. In the Plaintiff and Defendants' Joint Trial Memorandum dated July 30, 2004, Defendants list John Reed as lay witness number 12 and Matt C as lay witness number 13. Defendants state in the Joint Trial Memorandum, as to these two lay witnesses that they "responded to the Danbury PD in connection with [their] employment as an emergency medical technician and treated the plaintiff for his injuries. [They] will testify as to his actions and

observations of the plaintiff during the course of said treatment".

Under information and belief, Defendants will seek to introduce testimony from these two lay witnesses, relating to the baseless allegation that Plaintiff was intoxicated. Although not always a requirement, this case, testimony to evidence that Plaintiff was intoxicated requires scientific, technical, or other specialized knowledge from a witness qualified as an expert by knowledge, skill, experience, training, or education because John Reed and Matt C.'s observation of Plaintiff is grossly tainted by the fact that Plaintiff had been the victim of an assault by Defendant police officers. John Reed and Matt C have not been disclosed by Defendants as expert witnesses to testify as to whether Plaintiff was intoxicated on the date of the incident.

Any testimony that John Reed and Matt C. could give regarding their observations or assessment of Plaintiff, to wit, that Plaintiff, could not walk or could not walk, or that his face was flushed, etc. is tainted by the fact that at the time of their observations of Plaintiff, Plaintiff had already been physically attacked by the police and was suffering from a traumatic brain injury, traumatic labyrinthitis, a fracture of the left wrist, traumatic headaches, TMJ injury, a fractured zygomatic arch requiring surgical repair, three rib fractures, and a knee injury, among other injuries. Also, at the time that John Reed and Matt C. observed Plaintiff, Plaintiff also had already been pepper sprayed by the police. These witnesses were not told that Plaintiff was

attacked by the police. The symptomalgy portrayed by Plaintiff due to the attack by the police could easily have misled the witnesses to wrongly conclude that Plaintiff`s face was flushed because of alcohol and/or that Plaintiff was unable to walk and/or talk because of alcohol rather than because of the personal injuries resulting from the attack that he suffered. Their testimony is unreliable. Moreover, assuming arguendo, that Plaintiff was intoxicated at the time of the incident, that does not excuse the conduct of Defendants in using excessive unconstitutional force on Plaintiff. Admitting such type of baseless testimony into evidence will merely confuse the issues to be decided by the jury. The jury in this case must decide whether or not Defendant police officers used excessive force on Plaintiff. Our constitution does not permit police officers to use excessive force on an individual, irrespective of whether the individual was intoxicated at the time of the assault.

There were no field test, breathalyzer tests, blood tests, or any other test conducted on Plaintiff to determine whether or not Plaintiff was intoxicated at the time of the incident. Rule 403 states, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of ti e, or needless presentation of cumulative evidence." Red. R. Evid. 403. The probative value of the testimony of John Reed and Matt C., lay witnesses, is substantially outweighed by the danger of unfair prejudice, confusion of the

issues or misleading the jury.

**III.** **CONCLUSION**

Based on the foregoing, the Plaintiff respectfully requests that this Court grant the Plaintiffs Motion in Limine, and preclude the Defendants from introducing testimony from lay witnesses John Reed and Matt C. into evidence.

>PLAINTIFF,
>JO 1 t CZEL
>
>BY _____
>Tiz ana M' Scaccia
>Goldstein and Peck, P.C.
>1087 Broad Street, P.O. Box 1538
>Bridgeport, CT 06601-1538
>(203) 334-9421
>(203) 334-6949 (fax)
>ct08713

### **CERTIFICATION**

    This is to certify that a copy of the foregoing has been sent, handling charges prepaid, U.S. Mail to the following counsel of record this 14th day of February, 2005

John J. Radshaw, III, Esquire
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

_____
Tiziana M. Scaccia
Goldstein and Peck, P.C.
1087 Broad Street, P.O. Box 1538
Bridgeport, CT 06601-1538
(203) 334-9421
(203) 334-6949
ct08713