UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN ACZEL
    Plaintiff                                 : CIVIL NO. 300 CV 1802 AWT

LEONARD LABONIA
ETHAN MABLE
  and CITY OF DANBURY
    Defendants                            : FEBRUARY 14, 2005

**PLAINTIFF'S MOTION IN LIMINE RE: ALLEGATION THAT PLAINTIFF WAS INTOXICATED AND ALLEGATION OF A COMPLAINT OF SEXUAL ASSAULT AND, RE: ALLEGATION THAT GRETCHEN OLSEN WAS A CO-COMPLAINANT**

I.    Background:

    This is a civil rights case brought by the plaintiff, John Aczel, under 42 U.S.C. Section 1983 and under 42 U.S.C. Section 1988 alleging that his Fourth and Fourteenth Amendment rights were violated. Plaintiff alleges that he was falsely arrested and subjected to excessive force on August 10, 1999 by Defendant, Leonard Labonia and Defendant, Ethan Mable, both of whom are police officers of the City of Danbury. Plaintiff alleges that he was subjected to excessive force by Defendant police officers when, without probable cause, the police officers placed him in the police cruiser and then subsequently repeatedly and violently struck his head, face, and body, pepper sprayed him and placed him under arrest. Plaintiff claims that Defendant police

officers had a realistic opportunity to prevent use of excessive force against him but did not do so, and that Defendant police officers denied him adequate medical care despite the obligation of police officers to provide medical treatment to persons injured by the police by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims.

Plaintiff also alleges that Defendant police officers violated the laws of the State of Connecticut. Plaintiff is suing Defendant police officers for violation of the state law tort of Assault and Battery. Plaintiff is also suing Defendant police officers for wrongfully and unlawfully confining him an unventilated police car in extreme temperatures (whereupon he experienced severe breathing difficulties) before assaulting him and later detaining him at the police station, all without reason, justification or authority in violation of the state law tort of False Imprisonment. Plaintiff is also suing Defendant police officers for using the criminal process against him in order to intimidate him from asserting his rights against them and in order to cover up their own wrongdoing and avoid civil and criminal liability for their own acts in violation of the state law tort of Abuse of Process. As part of the Abuse of Process claim, Plaintiff claims that Defendant police officers arrested him for committing the crime of interfering with a police officer and breach of peace to conceal and excuse their attack on him. Plaintiff further claims that Defendant police officers further attempted to conceal their attack on

him by preparing a false police report, (which they knew, and intended, would be forwarded to and relied upon by a prosecutor), and, by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims. Plaintiff is also su ng Defendant police officers for violation of the state law tort of Intentional Infliction of Emotional Distress.

The Defendant police officers deny liability. With respect to most of the claims made by Plaintiff, Defendant police officers assert that all of their actions were objectively reasonable under the circumstances.

Plaintiff claims as part of his damages that he was incarcerated for four to five hours, was required to appear in Court as an accused criminal, and was required to spend money to hire an attorney to defend himself against the false charges. Additionally, Plaintiff claims that he suffered a loss of liberty, inconvenience and humiliation, great physical pain and disability, and extreme emotional distress, with associated economic loss. Plaintiff also claims to have suffered a traumatic brain injury, traumatic labyrinthitis, a fracture of the left wrist, traumatic headaches, TMJ injury, a fractured zygomatic arch requiring surgical repair, rib injuries, and a knee injury.

## II. **Law and Argument**

"If the witness is not testifying as an expert, the witness' testimony in the form of opinions or

interferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702

Federal Rules of Evidence 401, provides, "' [r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Federal Rule of Evidence 402 provides, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."

Federal Rule of Evidence 403 states, "[a]lthough relevant, evidence may be excluded if

its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

**A .   The federal rules of evidence prohibit Defendants from introducing expert testimony through lay witnesses, because under the federal rules of evidence, if the witness is not testifying as an expert, the witness' testimony in the form of opinions or interferences is limited to those opinions or inferences which are not based on scientific, technical, or other specialized knowledge. Moreover, the probative value of any testimony accusing Plaintiff of being intoxicated, is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury**

In this case, the Defendants seek to introduce expert testimony through the lay witnesses, John Reed and Matt C., the police officers, Dr. Muratori, and possibly other witnesses. Dr. Muratori did not conduct any tests on Plaintiffs to determine whether the symptamology he was portraying were the results of personal injuries sustained in the attack on Plaintiff or the results of alcohol.   Dr. Muratori was not informed that Plaintiff was mercilessly attacked by Defendant police officers.   Dr. Muratori was also not disclosed as an expert witness to testify as to whether or not Plaintiff was intoxicated at the time of the incident.

Defendants will seek to introduce into evidence their baseless allegation that Plaintiff was intoxicated.  Although not always a requirement, in this case, testimony to evidence that Plaintiff was intoxicated requires scientific, technical, or other specialized knowledge from a witness

qualified as an expert by knowledge, skill, experience, training, or education because the observations of any witness of Plaintiff is grossly tainted by the fact that Plaintiff had been the victim of an assault. In other words, any testimony that any one witness could give regarding their observations or assessment of Plaintiff, to wit, that Plaintiff, could not walk or could not walk, or that his face was flushed, etc. is tainted by the fact that at the time of their observations of Plaintiff, Plaintiff had already been physically attacked by the police and was suffering from a traumatic brain injury, traumatic labyrinthitis, a fracture of the left wrist, traumatic headaches, TMJ injury, a fractured zygomatic arch requiring surgical repair, three rib fractures, and a knee injury, among other injuries.   Also, Plaintiff also had been pepper sprayed by the police which had the effect upon him such that his speech sounded like the grunt of a pig and he also experienced breathing difficulties. The symptamology portrayed by Plaintiff due to the attack by the police could easily have misled any witness to wrongly conclude that Plaintiff's face was flushed because of alcohol and/or that Plaintiff was unable to walk and/or talk because of alcohol rather than because of the personal injuries resulting from the attack that he suffered.

     Defendants have absolutely no foundation whatsoever to offer testimony into evidence that suggests that Plaintiff was intoxicated. The police conducted no field test, no balance or sobriety tests on Plaintiff on the date of the incident. A breathalyzer test was not conducted on Plaintiff.   Although Plaintiff was brought to the hospital by the police for examination, Plaintiff s

blood was not tested for alcohol levels while at the hospital. There is absolutely no evidentiary ground to accuse Plaintiff of being intoxicated on the date of the incident.

Moreover, assuming arguendo, that Plaintiff was intoxicated at the time of the incident, that does not excuse the conduct of Defendants in using excessive unconstitutional force on Plaintiff. Admitting such type of baseless testimony into evidence will merely confuse the issues to be decided by the jury. The jury in this case must decide whether or not Defendant police officers used excessive force on Plaintiff. Our constitution does not permit police officers to use excessive force on an individual, irrespective of whether the individual was intoxicated at the time of the assault. There were no field test, breathalyzer tests, blood tests, or any other test conducted on Plaintiff to determine whether or not Plaintiff was intoxicated at the time of the incident. Rule 403 states, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. The probative value of the testimony of any witnesses who testifies that Plaintiff was intoxicated and/or showed symptoms of intoxication is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury,.

**The federal rules of evidence prohibit Defendants from introducing** into evidence references to a complaint of sexual abuse because said evidence is inadmissible hearsay and also because the probative value of the **groundless evidence of a complaint of sexual abuse is outweighed by the danger of unfair prejudice= confusion of the issues or misleading the** jury

Federal Rules of Evidence 402 provides, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Rule 403 states, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

In this case, Defendants are attempting to place into evidence a baseless complaint of sexual abuse. Officer Leonard Labonia testified at his deposition that on the date of the incident, Veronica Derosa Stefano, Plaintiff's tenant, complained that Plaintiff made sexual gestures and/or advances toward her. Officer Labonia has fabricated this testimony to attempt to justify his arrest of Plaintiff when he locked Plaintiff in an unventilated police cruiser in extreme temperatures whereupon Plaintiff experienced severe breathing difficulties. There is not one witness who will corroborate this fabrication of Officer Labonia. The tenant, Veronica Derosa Stefano, gave a deposition in which she denied making a complaint of sexual abuse against Plaintiff. The only

other tenant, Gretchen Olsen, did not give deposition testimony and will not be giving trial testimony in that, under information and belief, she is either incarcerated and/or committed to a mental institution.   Defendant, Officer Mable also testified in his deposition that when he interviewed both tenants immediately after the incident, neither tenants mentioned any sexual or offensive touching by Plaintiff. Officer Mable states in his deposition that the only complaint that the tenants had regarding Plaintiff was with respect to the use of a washer/dryer located on the premises where the incident took place.

Even if admissible pursuant to a hearsay exception, the probative value of the alleged complaint of sexual abuse is clearly outweighed by the danger of unfair prejudice against the Plaintiff because the references to a complaint sexual abuse will prejudice the jury. The Plaintiff is attempting to place evidence of allegations of misconduct before the jury. This is an attempt to show a propensity on the part of Plaintiff to engage in misconduct. Such evidence does not excuse and/or legitimize the excessive use of force on Plaintiff by Defendant officers. The issue to be decided by the jury is not whether or not Plaintiff was guilty of sexually abusing one of his tenants or whether one of Plaintiffs tenants made a complaint against Plaintiff of sexual abuse. The issue to be decided by the jury in this case is whether Defendants used excessive force on Plaintiff. Introduction of a complaint of sexual abuse in this case will mislead and confuse the jury.

Any statement made by a tenant of Plaintiff (a non party to this litigation) to Officer

Labonia is hearsay. "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801. Hearsay is inadmissible except as provided by the Federal Rules of Evidence, rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress. Fed. R. Evid. 802.

In this case, the Defendants seek to introduce a statement that Officer Labonia claims was made to him by one of Plaintiffs tenants who is not a party to this litigation. Even if that statement could be corroborated, it is a statement, other than one made by the declarant while testifying at trial, being offered in evidence for the truth of the matter asserted therein and therefore it is inadmissible hearsay.

C. **The federal rules of evidence prohibit Defendants from introducing into evidence references Gretchen Olsen** as a co-complainant

Gretchen Olsen did not give deposition testimony in this case. Under information and belief, Gretchen Olsen will not be available to testify at trial in this matter due to the fact that she is either incarcerated and/or committed to a mental institution. Defendants are attempting to introduce into evidence that Gretchen Olsen was a co-complainant, who caused the dispatch of the police to 42 Highland Avenue on the date in question. See Defendants' lay witness number 9, in

Plaintiff and Defendants Joint Trial Memorandum dated July 30, 2004. There is absolutely no foundation, no grounds, and no basis, to support this evidence into trial. Any such evidence admitted into trial constitutes hearsay evidence which is inadmissible under the federal rules of evidence. Moreover, the probative value of this evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

### Ill.    **CONCLUSION**

Based on the foregoing, the Plaintiff respectfully requests that this Court grant the Plaintiff s Motion in Limine, and preclude the Defendants from introducing the into evidence allegations that Plaintiff was intoxicated and allegations of a complaint of sexual assault and allegations that Gretchen Olsen was a co-complainant.

          PLAINTIFF,
          JOHN ACZEL

BY _____
  Tiziana M. Scaccia
  Goldstein and Peck, P.C.
  1087 Broad Street, P.O. Box 1538
  Bridgeport, CT 06601-1538
  (203) 334-9421
  (203) 334-6949 (fax)
  ct08713

## **CERTIFICATION**

  This is to certify that a copy of the foregoing has been sent, handling charges prepaid, U.S. Mail to the following counsel of record this 14th day of February, 2005

John J. Radshaw, III, Esquire
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

_____
Tiziana M. Scaccia