UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN ACZEL
    Plaintiff        : CIVIL NO. 300 CV 1802 AWT

V.

LEONARD LABONIA
ETHAN MABLE
  and CITY OF DANBURY
    Defendants       : FEBRUARY 14, 2005

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE RE:
Conn. Gen.Stat. 53a-22 and Conn. Gen.Stat. 53a-23**

I. Nature of Case:

 This is a civil rights case brought by the plaintiff, John Aczel, under 42 U.S.C. Section 1983 and under 42 U.S.C. Section 1988 alleging that his Fourth and Fourteenth Amendment rights were violated. Plaintiff alleges that he was falsely arrested and subjected to excessive force on August 10, 1999 by Defendant, Leonard Labonia and Defendant, Ethan Mable, both of whom are police officers of the City of Danbury. Plaintiff alleges that he was subjected to excessive force by Defendant police officers when, without probable cause, the police officers placed him in the police cruiser and then subsequently repeatedly and violently struck his head, face, and body, pepper sprayed him and placed him under arrest. Plaintiff claims that Defendant police officers had a realistic opportunity to prevent use of excessive force against him but did not do

so, and that Defendant police officers denied him adequate medical care despite the obligation of police officers to provide medical treatment to persons injured by the police by falsely informing medical personnel at Danbury Hospital that lie was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims.

Plaintiff also alleges that Defendant police officers violated the laws of the State of Connecticut. Plaintiff is suing Defendant police officers for violation of the state law tort of Assault and Battery. Plaintiff is also suing Defendant police officers for wrongfully and unlawfully confining him in the police car before assaulting him and later detaining him at the police station, all without reason, justification or authority in violation of the state law tort of False Imprisonment. Plaintiff is also suing Defendant police officers for using the criminal process against him in order to intimidate him from asserting his rights against them and in order to cover up their own wrongdoing and avoid civil and criminal liability for their own acts in violation of the state law tort of Abuse of Process. As part of the Abuse of Process claim, Plaintiff claims that Defendant police officers arrested him for committing the crime of interfering with a police officer and breach of peace to conceal and excuse their attack on him. Plaintiff further claims that Defendant police officers further attempted to conceal their attack on him by preparing a false police report, (which they knew, and intended, would be forwarded to and relied upon by a prosecutor), and, by falsely informing medical personnel at Danbury

Hospital that lie was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims. Plaintiff is also suing Defendant police officers for violation of the state law tort of Intentional Infliction of Emotional Distress.

The Defendant police officers deny liability. With respect to most of the claims made by Plaintiff, Defendant police officers assert that all of their actions were objectively reasonable under the circumstances.

Plaintiff claims as part of his damages that he was incarcerated for four to five hours, was required to appear in Court as an accused criminal, and was required to spend money to hire an attorney to defend himself against the false charges. Additionally, Plaintiff claims that he suffered a loss of liberty, inconvenience and humiliation, great physical pain and disability, and extreme emotional distress, with associated economic loss. Plaintiff also claims to have suffered a traumatic brain injury, traumatic labyrinthitis, a fracture of the left wrist, traumatic headaches, TMJ injury, a fractured zygomatic arch requiring surgical repair, rib injuries, and a knee injury.

II.    Law and Argument

Conn. Gen. Stat. 53a-22, entitled "Use of physical force in making arrest or preventing escape", provides, as follows:

> (a) For purposes of this section, a reasonable belief that a person has
> committed an offense means a reasonable belief in facts or circumstances
> which if true would in law constitute an offense.

If the believed facts or circumstances would not in law constitute an offense, an erroneous though not unreasonable belief that the law is otherwise does not render justifiable the use of physical force to make an arrest or to prevent an escape from custody.  <u>A peace officer or an authorized official of the Department of Correction or the Board of Parole who is effecting an arrest pursuant to a warrant or preventing an escape from custody is justified in using the physical force prescribed in subsections (b) and (c) of this section</u> (emphasis added) unless such warrant is invalid and is known by such officer to be invalid.

  (b) Except as provided in subsection (a) of this section, a peace officer or authorized official of the Department of Correction or the Board of Parole is justified in using physical force upon another person when and to the extent that he reasonably believes such to be necessary to: (1) Effect an arrest or prevent the escape from custody of a person whom he reasonably believes to have committed an offense, unless he knows that the arrest or custody is unauthorized; or (2) defend himself or a third person from the use or imminent use of physical force while effecting or attempting to effect an arrest or while preventing or attempting to prevent an escape.

  (c) A peace officer or authorized official of the Department of Correction or the Board of Parole is justified in using deadly physical force upon another person for the purposes specified in subsection (b) of this section only when he reasonably believes such to be necessary to: (1) Defend himself or a third person from the use or imminent use of deadly physical force; or (2) effect an arrest or prevent the escape from custody of a person whom he reasonably believes has committed or attempted to commit a felony which involved the infliction or threatened infliction of serious physical injury and if, where feasible, he has given warning of his intent to use deadly physical force.

  (d) Except as provided in subsection (e) of this section, a person who has been directed by a peace officer or authorized official of the

Department of Correction or the Board of Parole to assist such peace officer or official to effect an arrest or to prevent an escape from custody is justified in using reasonable physical force when and to the extent that he reasonably believes such to be necessary to carry out such peace officer's or official's direction.

(e) A person who has been directed to assist a peace officer or authorized official of the Department of Correction or the Board of Parole under circumstances specified in subsection (d) of this section may use deadly physical force to effect an arrest or to prevent an escape from custody only when: (1) He reasonably believes such to be necessary to defend himself or a third person from what he reasonably believes to be the use or imminent use of deadly physical force; or (2) he is directed or authorized by such peace officer or official to use deadly physical force, unless he knows that the peace officer or official himself is not authorized to use deadly physical force under the circumstances.

(f) A private person acting on his own account is justified in using reasonable physical force upon another person when and to the extent that he reasonably believes such to be necessary to effect an arrest or to prevent the escape from custody of an arrested person whom he reasonably believes to have committed an offense and who in fact has committed such offense; but he is not justified in using deadly physical force in such circumstances, except in defense of person as prescribed in section 53a-19..

Moreover, Connecticut General Statutes, Section 53a-23, entitled "Use of physical force to resist arrest not justified", provides, "A person is not justified in using physical force to resist an arrest by a reasonably identifiable peace officer, whether such arrest is legal or illegal".

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. Box 1538 • BRIDGEPORT, CT 06601-1538 • TEE. (203) 3349421 • fl (203) 334-6949 • JuR15 No. 23640

A.  <u>Plaintiff requests that Defendants be prohibited from introducing at trial any provision of or reference to Conn. Gen. Stat. Sections 53a-22 and 53a-23 in attempts to excuse</u>**Defendants' conduct in using excessive force on Plaintiff.   Moreover, the probative value of references to the aforesaid statutory language**<u>is substantially outweighed by</u>**the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay,** <u>and waste</u>**of time.**

The Defendants seek to introduce references to Conn. Gen. Stat. Sections 53a-22 and 53a-23 in this case. Both statutory sections are inapplicable to the facts and circumstances of the present case.   Conn. Gen. Stat. Section 53a-22, entitles a police officer to use physical force in making an arrest or preventing escape if the officer is effecting an arrest pursuant to a warrant or if the officer is preventing an escape from custody. The plain and clear meaning of this statutory section does not permit a police officer to use "excessive force" in effecting an arrest under any circumstance.   Moreover, this statute only permits a police officer to use physical force in effecting an arrest only if the arrest is pursuant to a warrant or if the officer is preventing an escape from custody. There was no warrant for the arrest of Plaintiff in this case. There is absolutely no evidence in this case that Plaintiff was attempting to flee from custody. In fact, Officer Mable testified that when he arrived at the scene of the incident, there was no conduct that he saw from Plaintiff to suggest that he was fleeing from custody. All witnesses similarly testified at their depositions.   Nevertheless, the pertinent point is that the statute provides no basis for Defendants' claim that their use of excessive force is justified and legal.

Also, Conn. Gen. Stat. Section 53a-23 provides no basis for Defendants to argue that their use of excessive force on Plaintiff was justified. This statutory section provides no shield to police officers who use human beings as punching bags. The statute although prohibiting the use of physical force to resist an arrest, whether the arrest is legal or illegal, does not prohibit an individual who is being physically beaten by the police officer, (as opposed to being arrested, irrespective of whether the arrest is legal or illegal) to defend himself or herself from serious physical injury and/or death.    Any other reading of the statute would render the statute unconstitutional.

Even if the court disagrees and finds the statutes to be relevant in this case, the probative value of these statutes is greatly outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. Thus, any reference to these statutes must be excluded from evidence under Federal Rules of Evidence 403.

### III.  CONCLUSION

Based on the foregoing, the Plaintiff respectfully requests that this Court grant the Plaintiffs Motion in Limine, and preclude the Defendants from introducing into evidence any reference to Conn. Gen. Stat. 53a-22 and Conn. Gen. Stat. 53a-23 to justify their use of excessive force on Plaintiff.

PLAINTIFF,
JOHN ACZEL

BY _____
   Tiziana M. Scaccia
   Goldstein and Peck, P.C.
   1087 Broad Street, P.O. Box 1538
   Bridgeport, CT 06601-1538
   (203) 334-9421
   (203) 334-6949 (fax)
   ct08713

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, U.S. Mail to the following counsel of record this 14th day of February, 2005

John J. Radshaw, III, Esquire
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

_____
Tiziana M. Scaccia
Goldstein and Peck, P.C.
 1087 Broad Street, P.O. Box 1538
Bridgeport, CT 06601-1538
 (203) 334-9421
 (203) 334-6949
 ct08713