FILED

2005 FEB 14 P 3: 45

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN ACZEL                          :
    Plaintiff                       : CIVIL NO. 300 CV 1802 AWT
                                    :
    V.                              :
                                    :
LEONARD LABONIA                     :
ETHAN MABLE                         :
  and CITY OF DANBURY               :
    Defendants                      : FEBRUARY 14, 2005

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE RE: VARIOUS STATEMENTS OF DAVID FESH; VERONICA DEROSA; AND GRETCHEN OLSON

### I.    Nature of Case:

This is a civil rights case brought by the plaintiff, John Aczel, under 42 U.S.C. Section 1983 and under 42 U.S.C. Section 1988 alleging that his Fourth and Fourteenth Amendment rights were violated. Plaintiff alleges that he was falsely arrested and subjected to excessive force on August 10, 1999 by Defendant, Leonard Labonia and Defendant, Ethan Mable, both of whom are police officers of the City of Danbury. Plaintiff alleges that he was subjected to excessive force by Defendant police officers when, without probable cause, the police officers placed him in the police cruiser and then subsequently repeatedly and violently struck his head, face, and body, pepper sprayed him and placed him under arrest. Plaintiff claims that Defendant police

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

officers had a realistic opportunity to prevent use of excessive force against him but did not do so, and that Defendant police officers denied him adequate medical care despite the obligation of police officers to provide medical treatment to persons injured by the police by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims.

Plaintiff also alleges that Defendant police officers violated the laws of the State of Connecticut. Plaintiff is suing Defendant police officers for violation of the state law tort of Assault and Battery. Plaintiff is also suing Defendant police officers for wrongfully and unlawfully confining him in an unventilated police car in hot weather (whereupon he began to experience severe breathing difficulties) before assaulting him and later detaining him at the police station, all without reason, justification or authority in violation of the state law tort of False Imprisonment. Plaintiff is also suing Defendant police officers for using the criminal process against him in order to intimidate him from asserting his rights against them and in order to cover up their own wrongdoing and avoid civil and criminal liability for their own acts in violation of the state law tort of Abuse of Process. As part of the Abuse of Process claim, Plaintiff claims that Defendant police officers arrested him for committing the crime of interfering with a police officer and breach of peace to conceal and excuse their attack on him. Plaintiff further claims that Defendant police officers further attempted to conceal their attack on

him by preparing a false police report, (which they knew, and intended, would be forwarded to and relied upon by a prosecutor), and, by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims.  Plaintiff is also suing Defendant police officers for violation of the state law tort of Intentional Infliction of Emotional Distress.

The Defendant police officers deny liability.  With respect to most of the claims made by Plaintiff, Defendant police officers assert that all of their actions were objectively reasonable under the circumstances.

Plaintiff claims as part of his damages that he was incarcerated for four to five hours, was required to appear in Court as an accused criminal, and was required to spend money to hire an attorney to defend himself against the false charges.  Additionally, Plaintiff claims that he suffered a loss of liberty, inconvenience and humiliation, great physical pain and disability, and extreme emotional distress, with associated economic loss.  Plaintiff also claims to have suffered a traumatic brain injury, traumatic labyrinthitis, a fracture of the left wrist; traumatic headaches; TMJ injury; a fractured zygomatic arch requiring surgical repair, rib injuries, and a knee injury.

## II.    **Law and Argument**

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801.

Hearsay is inadmissible except as provided by the Federal Rules of Evidence, rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress". Fed. R. Evid. 802.

"Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statement conforms with an exception to the hearsay rule provided in these rules." Fed. R. Evid. 805.

In this case, the Defendants seek to introduce the written statements of non-party witnesses to prove the truth of the matters contained therein. As such, the written statements are inadmissible hearsay.

**A.** **The written statements of the nonparty witnesses contained within the police incident reports are inadmissible hearsay because, the written statements within the police report are a second level of hearsay within the report that requires an exception to be admissible.**

The Defendants seek to introduce, as exhibits, statements of the various parties that were taken and are included as part of a police incident report including the statements of David Fesh, Veronica DeRosa and Gretchen Olson. See Schedule A attached hereto for a copy of the statements. The police report contains various statements of witnesses, other than the officer that wrote the report. "[W]hen police reports contain witness statements, and the witness statements are offered to prove their truth, the statements themselves generally are inadmissible." Jacobs v. City of Port Neches, 7 F.Supp. 2d 829, 835 (E.D. Tex. 1998). See also, United States v. Dotson,

821 F.2d 1034, 1035,-36 (5th Cir. 1987) (holding that witness statements in police reports are inadmissible).

As stated in Rule 805 of the Federal Rules of Evidence, these statements are admissible if another hearsay exception exists for them. No such exception exists. Therefore, the witness statements contained within the police report are inadmissible hearsay.

## III.    CONCLUSION

Based on the foregoing, the Plaintiff respectfully requests that this Court grant the Plaintiff's Motion in Limine, and preclude the Defendants from introducing the written statements of all non-party witnesses as exhibits.

PLAINTIFF,
JOHN ACZEL

BY_____
    Tiziana M. Scaccia
    Goldstein and Peck, P.C.
    1087 Broad Street, P.O. Box 1538
    Bridgeport, CT 06601-1538
    (203) 334-9421
    (203) 334-6949 (fax)
    ct08713

SCHEDULE A

# Danbury Police Department

| INCIDENT NO | DATE | TIME STARTED | TIME ENDED | PLACE OF STATEMENT |
|---|---|---|---|---|
| 99-22746 | 8-10-99 | 1943 | Approx 2010 | 50 Davis St. |

| NAME (FIRST, LAST) | | STREET | CITY | ST | PHONE |
|---|---|---|---|---|---|
| David Fesh | | 50 Davis St. | Danbury CT | | 794-1867 |

| DATE OF BIRTH | STATEMENT TAKER | |
|---|---|---|
| 8-25-75 | SGT. Brian Merrick | OF THE Danbury Police |

I make the following statement, without fear, threat, or promise, knowing that it may be used against me in court. I have been advised of my right to remain silent, that I have a right to consult with an attorney prior to any questioning and to have the attorney present during the questioning; that, if I do talk to the police, I can terminate the questioning at any time; that if I cannot afford an attorney, one will be appointed for me by the court. I understand the above rights and, at this time, waive them. I have been advised that any statement(s) made herein which I do not believe to be true, and which statement is intended to mislead a public servant in the performance of his/her official function, is a crime under C.G.S. section 53a-157.

AT Approximately 5:00 pm I was sitting on my front Porch talking to my Roommate when I saw a cop car pull into the Goulash restaurant parking lot. I was'nt paying much attention and my view was partially obstructed by some trees. I saw John, the owner of the Goulash place start to walk away from the officer and towards his house at the rear of the restaurant. The cop called for him to come back and then went over to him and brought him back to the Police car. The cop put John in the Police car and walked over to two women. I saw the car rocking and heard bangs from what sounded like John hitting the door. The officer went back to the car and opened the door and John got out and stood up. I lost sight of what was happening

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____     Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this 10th day of August 1999 under authority of the Connecticut General Statutes, 1-24. _____

Page 1 of 2

©1994 Hunt & Hanahan Computer Designs

# Danbury Police Department

| INCIDENT NO | DATE | TIME STARTED | TIME ENDED | PLACE OF STATEMENT |
|---|---|---|---|---|
| 99-22746 | 8-10-99 | 1943 | APPROX. 2010 | 50 Davis ST |

| NAME (FIRST, LAST) | STREET | CITY | ST | PHONE |
|---|---|---|---|---|
| David Fesh | 50 Davis St. | Danbury | CT | 794-1867 |

| DATE OF BIRTH | STATEMENT TAKER | | | OF THE |
|---|---|---|---|---|
| 8-25-75 | Sgt Brian Merrick | | | Danbury Police |

I make the following statement, without fear, threat, or promise, knowing that it may be used against me in court. I have been advised of my right to remain silent, that I have a right to consult with an attorney prior to any questioning and to have the attorney present during the questioning; that, if I do talk to the police, I can terminate the questioning at any time; that if I cannot afford an attorney, one will be appointed for me by the court. I understand the above rights and, at this time, waive them. I have been advised that any statement(s) made herein which I do not believe to be true, and which statement is intended to mislead a public servant in the performance of his/her official function, is a crime under C.G.S. section 53a-157.

and walked over to the curb. I think the officer was trying to turn John around and I saw the cop punch John. John was saying something in Hungarian. John still did not turn around for the officer. As I walked across the street I saw the officer punch John and then somehow they fell to the ground behind the Police car. The officer was on top of John and had one hand handcuffed. The officer kept telling John to put his hand behind his back. ~~I think~~ The officer maced John ~~John~~ I think that that's when another Police car came, then followed by others and the officers stood him up and put John on the hood of the Police car and cuffed him.

This statement was written for me by Sgt. Brian Merrick as I dictated it to him.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____    Signature: _____

Witness: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this 10th day of August 1999 under authority of the Connecticut General Statutes, 1-24. _____

Page 2 of 2

# Danbury Police Department

| INCIDENT NO. 99-22746 | DATE 8/10/99 | TIME STARTED | TIME ENDED | PLACE OF STATEMENT 42 Highland Ave. 2nd Flr |
|---|---|---|---|---|
| NAME (FIRST LAST) GRETCHEN OLSEN | | STREET 42 Highland Ave. | CITY Danbury, | ST CT | PHONE 744-6512 |
| DATE OF BIRTH 7-23-65 | STATEMENT TAKER P.O. E. Mable | | | OF THE DPD |

I make the following voluntary statement. I have been advised that any statement(s) made herein which I do not believe to be true, and which statement is intended to mislead a public servant in the performance of his/her official function, is a crime under C.G.S. section 53a-157.

Mrs afternoon, I was in the rear parking lot of my home / Gretchen Ph restaurant working on my car. I was aware that my roommate had called the police over the laundry dispute and I was waiting for them to arrive.

John Accel came out of the restaurant, yelling and screaming, asking when I was going to move and get my clothes dryer out of his building. I told him that the police were coming and that he should go back to the restaurant.

The police officer arrived and said to both Mr. Accel and myself to calm down so that we could discuss the dispute. Mr. Accel said "Fuck you" to this officer and continued to yell and scream. The officer continued asking Mr. Accel to calm down, but he wouldn't, so the officer put Mr. Accel into his police car. Once inside the car, Mr. Accel was using his head, banging on the car and was kicking and screaming in the car.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____

Witness: _____

Signature: _Gretchen Olsen_

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this 10th day of August 1955 under authority of the Connecticut General Statutes, 1-24. P.o. E. Mable

Page 1 or 2

©1994 Hunt & Hanahan Computer Designs

# Danbury Police Department

| INCIDENT NO | DATE | TIME STARTED | TIME ENDED | PLACE OF STATEMENT |
|---|---|---|---|---|
| 99-22746 | 8/10/55 | | | 42 HIGHLAND AVE. |

| NAME (FIRST, LAST) | STREET | CITY | ST | PHONE |
|---|---|---|---|---|
| GRETCHEN OLSEN | 42 HIGHLAND AVE. (2nd FL.) | DANBURY, CT | | 744-6512 |

| DATE OF BIRTH | STATEMENT TAKER | | |
|---|---|---|---|
| 7-23-65 | P.O. E. MABLE | OF THE | DPD |

I make the following voluntary statement. I have been advised that any statement(s) made herein which I do not believe to be true, and which statement is intended to mislead a public servant in the performance of his/her official function, is a crime under C.G.S. section 53a-157.

The officer opened the door of the police car and Mr. Aossel was violent with and resisted the officer.

At that time I went into my apartment and I did not see anything else.

Off. Mable assisted me with writing this statement.

G.O

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____

Witness: _____

Signature: *Gretchen Olsen*

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this 10th day of AUGUST 1955 under authority of the Connecticut General Statutes, 1-24. P.O. E Mable

Page 2 of 2

©1994 Hunt & Hanahan Computer Designs

## Danbury Police Department

| INCIDENT NO | DATE | TIME STARTED | TIME ENDED | PLACE OF STATEMENT |
|---|---|---|---|---|
| 99-22746 | 8/10/95 | | | P.42 HIGHLAND AVE. 2ndFLR. |

| NAME (FIRST, LAST) | STREET | CITY | ST | PHONE |
|---|---|---|---|---|
| VERONICA DeRosa | 42 HIGHLAND AVE. | DANBURY CT | | 744-6512 |

| DATE OF BIRTH | STATEMENT TAKER | | |
|---|---|---|---|
| 3-10-72 | P.O. E. MABLE | OF THE | DPD |

I make the following voluntary statement. I have been advised that any statement(s) made herein which I do not believe to be true, and which statement is intended to mislead a public servant in the performance of his/her official function, is a crime under C.G.S. section 53a-157.

VDR

This afternoon, I went downstairs the to the rear of the Goulash Place restaurant to do my laundry. I live in the upstairs apartment of the building where the Goulash Place is and it is a common practice to use the laundry facilities downstairs. I asked the owner, John Aczel to open the basement area so that I could use the dryer.

Mr. Aczel said "Get the fuck out of my diner!!", "I aint opening shit for you" I asked John why he was yelling at me, and John went back into the restaurant.

I then called the police to settle the dispute over the dryer/laundry. At the time that the police arrived, Mr. Aczel was in the rear parking lot yelling and screaming at Gretchen Olson and myself. When the officer arrived, he spoke to Mr. Aczel and then to us. Mr. Aczel continued to come towards us yelling, screaming and swearing. With concern for our safety and his the officer had Mr. Aczel sit in the police car. Once in the police car

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____

Witness: _____

Signature: Veronica DeRosa

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this 10th day of AUGUST 1999 under authority of the Connecticut General Statutes, 1-24. P.o. E.Mable

Page 1 of 2

©1994 Hunt & Hanahan Computer Designs

# Danbury Police Department

| INCIDENT NO | DATE | TIME STARTED | TIME ENDED | PLACE OF STATEMENT |
|---|---|---|---|---|
| 99-22746 | 8-10-99 | | | 42 HIGHLAND AVE. |

| NAME (FIRST LAST) | STREET | CITY | ST | PHONE |
|---|---|---|---|---|
| VERONICA DEROSA | 42 HIGHLAND AVE. (2nd flr) | DANBURY, CT | | 744-6512 |

| DATE OF BIRTH | STATEMENT TAKER | |
|---|---|---|
| 3-10-72 | P.O. E. MABLE | OF THE DPD |

I make the following voluntary statement. I have been advised that any statement(s) made herein which I do not believe to be true, and which statement is intended to mislead a public servant in the performance of his/her official function, is a crime under C.G.S. section 53a-157.

Mr. Aczel continued to yell and scream and began to bang his head against the glass and kicking in the car. The officer opened the door in an attempt to calm Mr. Aczel down, but he would not and resisted the officer. The officer had Mr. Aczel get out of the car but Mr. Aczel struggled and fought with the officer. More police officers arrived and handcuffed and arrested Mr. Aczel.

I watched all of this take place from the rear parking lot of the Goulash Pl. restaurant, and from my apartment window, which overlooks the parking lot.

Officer Mable assisted me with writing this statement.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: _____

Witness: _____

Signature: *Veronica DeRosa*

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

Subscribed and sworn to before me on this 10th day of AUGUST 1999 under authority of the Connecticut General Statutes, 1-24. P.O. E. Mable

Page 2 of 2

©1994 Hunt & Hanahan Computer Designs