FILED

2005 FEB 14 P 3: 46

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN ACZEL
    Plaintiff                       : CIVIL NO. 300 CV 1802 AWT

V.

LEONARD LABONIA
ETHAN MABLE
  and CITY OF DANBURY
    Defendants                 : FEBRUARY 14, 2005

### PLAINTIFF'S MOTION IN LIMINE RE: THE POLICE REPORT

The Plaintiff in the above matter respectfully moves this Court to preclude the Defendants from introducing their Exhibit 1, the Police Report, in the Plaintiff and Defendants' Joint Trial Memorandum dated July 30, 2004. As is more specifically set forth in the attached memorandum of law, this exhibit should be precluded because the police report proposed to be introduced as an exhibit is cumulative or repetitive of the testimony to be given by Defendants, Leonard Labonia and Ethan Mable. The police report is a prior statement of the two Defendants and/or a recorded recollection of the two Defendants. There is no evidence advanced by the parties of recent fabrication and/or insufficient recollection permitting the police report to be introduced into evidence under Federal Rules of Evidence 801(d) and 803(5). The police report also does not meet the requirements of Federal Rules of Evidence 803(6) and can not qualify as a

record of regular conducted activity because the source of the information in the police report and/or the method or circumstances of its preparations, in this case, indicate a lack of trustworthiness. The Federal Rules of Civil Procedure, Section 43, requires that the testimony of Leonard Labonia and Ethan Mable be given in open court.

In the alternative, if the Court denies Plaintiff's request to preclude the police report, Plaintiff requests that a redacted version of the police report be admitted, redacting all oral hearsay statements made by non-party witnesses within the police report, redacting all statements in the police report that were not the personal observations of the Defendant police officers who dictated and adopted the police report, redacting all conclusions which the trier of fact must determine, redacting all speculative information, and further redacting all statements from the police report that can only be made by a properly qualified expert.

If the Court grants Plaintiff's Motion to preclude the Defendants from introducing the police report into evidence, Plaintiff will not introduce the police report as a Plaintiff's exhibit. If the court grants only Plaintiff's alternative request that, to wit, that Defendants are permitted to introduce only a redacted version of the police report, then Plaintiff will similarly only introduce into evidence a redacted version of the police report.

WHEREFORE, the Plaintiff requests that an order be entered precluding the Defendants

from offering into evidence the police report.

PLAINTIFF,
JOHN ACZEL

BY _____
Tiziana M. Scaccia
Goldstein and Peck, P.C.
1087 Broad Street, P.O. Box 1538
Bridgeport, CT 06601-1538
(203) 334-9421
(203) 334-6949 (fax)
Ct08713

### CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, U.S. Mail to the following counsel of record this 14th day of February, 2005

John J. Radshaw, III, Esquire
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

_____
Tiziana M. Scaccia