## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN ACZEL | :   NO.: 3:00CV1802 (AWT) |
| | : |
| v. | : |
| | : |
| LEONARD LABONIA, ETHAN MABLE | : |
| AND CITY OF DANBURY | :   FEBRUARY 14, 2005 |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE RE: TESTIMONY OF DIANE FERNANDEZ

**I.     BACKGROUND**

This is a civil rights case brought by the Plaintiff under 42 U.S.C. § 1983 alleging that he was subject to excessive force on August 10, 1999, in the City of Danbury. The Plaintiff claims he was subject to excessive force by police officers. The Defendants claim that they were dispatched to Highland Avenue to investigate a complaint of a dispute. In the course of their investigation, they determined that the Plaintiff was a suspect and briefly detained him in order to complete the investigation. During the brief detention, the Plaintiff, who the officers suspected was intoxicated, refused to comply with the lawful instructions of the officers, became violent, assaulted a police officer and refused to submit to being handcuffed. The officers were forced to use a reasonable degree of force to ensure the Plaintiff's compliance. The Plaintiff suffered physical injuries when he fought with, and was arrested by, the Defendants.

The Plaintiff also joins pendent state law causes of action for Assault and Battery, False Imprisonment, Abuse of Process, and Intentional Infliction of Emotional Distress.

The Defendant officers deny liability, and assert that all of their actions were reasonable and justified under the circumstances.

## II.  **LAW AND ARGUMENT**

Rule 402 of the Federal Rules of Evidence states, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."  Rule 403 states, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

Diane Fernandez was never disclosed as a witness in this case by the plaintiff. She was not listed in the initial disclosures pursuant to Rule 26(a)(1).  Despite the nearly five years this case has been pending, plaintiff never supplemented her disclosures to include Ms. Fernandez.  The first time the defendants learned of Ms. Fernandez was in a draft of the JTM.  Not having notice, the defendants did not have an opportunity to depose her.  The Federal Rules of Civil Procedure was intended to avoid just the sort of "trial by ambush" attempted by the plaintiff here. Marron v. H. O. Penn Machinery Co., Inc., 518 F.Supp. 1069, 1073 (D.Conn. 1981); *Cf.* Airtex Corp. v. Shelly Radiant Ceiling Co., 536 F.2d 145, 155 (7 Cir. 1976) (noting "the duty of cooperation and disclosure imposed by the discovery provisions of the federal rules").

Accordingly, the plaintiff should be precluded from calling Ms. Fernandez as a witness.

### III. <u>CONCLUSION</u>

Based on the foregoing, the Defendants respectfully request that this Court grant the Defendants' Motion in Limine, and preclude the Plaintiff from calling Ms. Fernandez.

THE DEFENDANTS,
LEONARD LABONIA and ETHAN MABLE
<u>/s/ John J. Radshaw, III</u>
John J. Radshaw, III, ct19882
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)

## **CERTIFICATION**

     This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 14th day of February 2005

Tiziana Marie Scaccia, Esquire  
Goldstein & Peck, P.C.  
1087 Broad Street  
P.O. Box 1538  
Bridgeport, CT  06601-1538

                                            <u>/s/ John J. Radshaw, III</u>  
                                            John J. Radshaw, III