# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JOHN ACZEL                                  :        NO.:  3:00CV1802 (AWT)
                                            :
v.                                          :
                                            :
LEONARD LABONIA, ETHAN MABLE                :
AND CITY OF DANBURY                         :        FEBRUARY 14, 2005

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE RE: TESTIMONY OF CHIEF PAQUETTE, FORMER CHIEF MACEDO, LT. KLUDGE, AND LYNN BEARDSLEY

## I.    BACKGROUND

This is a civil rights case brought by the Plaintiff under 42 U.S.C. § 1983 alleging that he was subject to excessive force on August 10, 1999, in the City of Danbury.  The Plaintiff claims he was subject to excessive force by police officers. The Defendants claim that they were dispatched to Highland Avenue to investigate a complaint of a dispute. In the course of their investigation, they determined that the Plaintiff was a suspect and briefly detained him in order to complete the investigation. During the brief detention, the Plaintiff, who the officers suspected was intoxicated, refused to comply with the lawful instructions of the officers, became violent, assaulted a police officer and refused to submit to being handcuffed. The officers were forced to use a reasonable degree of force to ensure the Plaintiff's compliance. The Plaintiff suffered physical injuries when he fought with, and was arrested by, the Defendants.

The Plaintiff also joins pendent state law causes of action for Assault and Battery, False Imprisonment, Abuse of Process, and Intentional Infliction of Emotional Distress.

The Defendant officers deny liability, and assert that all of their actions were reasonable and justified under the circumstances.

At summary judgment, the court dismissed the plaintiff's claims against the City of Danbury based on the doctrine articulated in <u>Monell v.Dep't. of Soc. Servs.</u>, 436 U.S. 658 (1978).  An appeal followed by the defendants but the plaintiff did not cross-appeal the dismissal of his claims against the City.

## II.    <u>LAW AND ARGUMENT</u>

Rule 402 of the Federal Rules of Evidence states, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."  Rule 403 states, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

Pursuant to <u>Monell v.Dep't. of Soc. Servs.</u>, 436 U.S. 658 (1978), a City or other government policymaker may be held liable for a constitutional deprivation if it fails to properly train, supervise or discipline an officer that deprives a citizen of his constitutional rights.  <u>City of Canton v. Harris</u>, 489 U.S. 378, 390 (1989).  There is no <u>Monell</u> claim in this case.  As such, the police department's rules, regulations, policies, etc., are irrelevant to the issues in this case.  The appropriate standards to be applied to Constitutional violations are appropriately directed announced by the Courts and Constitution, and not by police regulations, polices, etc.  The City of Danbury Police

Department rules, regulations, policies, etc., are irrelevant to the issues of this case.  If the Plaintiff is allowed to introduce the rules and regulations, the jury will be misled and confused as to the actual issues in this case.  A violation of a department rule is not the standard for a Constitutional violation or a violation of state common law.  An officer can violate a police rule without violating the Constitution or committing a tort.  As one court stated, "[si]milarly, defendants' motion to bar evidence that the defendants breached Chicago Police Department regulations or directives is GRANTED except where necessary for impeachment or rebuttal. The issue in this case is whether the defendants violated [the plaintiff's] rights, not whether they violated standards of professional conduct."  <u>Saunders v. City of Chicago,</u> 320 F.Supp.2d 735, 739 (N.D.Ill. 2004).

In a related motion in limine, the defendants have moved to preclude a number of exhibits pertaining to general orders, rules, regulations, citizen complaints and the like.  The plaintiff proposes to elicit the following testimony from Chief Paquette, former Chief Macedo, Lt. Kludge and Lynn Beardsley will testify as to facts relevant to liability and damages and to authenticate exhibits as listed in Section 11 of the Joint Trial Memorandum.  Notably, none of these witnesses was present at the scene of the incident that forms the subject matter of the plaintiff's complaint.  Their testimony is irrelevant.  The claims against the City were dismissed.

The use of these witnesses to discuss the rules, regulations, policies, practices customs, citizen complaints and the like associated with Officers Labonia and Mable is simply irrelevant as to what occurred on the day in question.  The appropriate standard is whether the use of force was objectively reasonable under the circumstances.  <u>Graham v. Connor</u>, 490 U.S. 386, 397 (1989).  The policies, directives, and regulations

are irrelevant, and if relevant, should be excluded because admitting them will tend to mislead and confuse the jury and will lead to unfair prejudice against the Defendants.

As discussed in the related motion in limine re citizen complaints, in the way that the plaintiff cannot use exhibits to claim the defendants had a propensity to act in a certain way, the use of witnesses to adduce this evidence is similarly precluded. This evidence is fraught with confusion, waste of time and any probative value, as discussed in that related motion, is clearly outweighed by the prejudice to the officers.

## III.   **CONCLUSION**

Based on the foregoing, the Defendants respectfully request that this Court grant the Defendants' Motion in Limine, and preclude the Plaintiff from introducing the testimony of Chief Paquette, former Chief Macedo, Lt. Kludge and Lynn Beardsley.

THE DEFENDANTS,
LEONARD LABONIA and ETHAN
MABLE
/s/ John J. Radshaw, III
John J. Radshaw, III, ct19882
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)

## <u>CERTIFICATION</u>

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 14th day of February 2005

Tiziana Marie Scaccia, Esquire
Goldstein & Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT  06601-1538

<u>/s/ John J. Radshaw, III</u>
John J. Radshaw, III