## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.:  3:00CV1802 (AWT) |
| | : | |
| v. | : | |
| | : | |
| LEONARD LABONIA, ETHAN MABLE | : | |
| AND CITY OF DANBURY | : | MARCH 7, 2005 |

### DEFENDANTS' MEMORANDUM IN OPPOSITION
### TO PLAINTIFF'S MOTION IN LIMINE RE: POLICE REPORT

The defendants in the above-captioned matter hereby submit this Opposition Memorandum to the plaintiff's Motion in Limine, dated February 14, 2005, and request that this Court deny the Plaintiff's motion because the Defendant's Exhibit # 1, the Danbury Police Incident Report, is admissible pursuant to both Federal Rules of Evidence 803(6) and 803 (8).  Furthermore, the statements by others within the report are not hearsay because they are not being offered to prove the truth of the matters asserted therein.

## I.    BACKGROUND

This is a civil rights case brought by the Plaintiff under 42 U.S.C. § 1983 alleging that he was subject to excessive force on August 10, 1999, in the City of Danbury.  The Plaintiff claims he was subject to excessive force by police officers. The Defendants claim that they were dispatched to Highland Avenue to investigate a

complaint of a dispute. In the course of their investigation, they determined that the Plaintiff was a suspect and briefly detained him in order to complete the investigation. During the brief detention, the Plaintiff, who the officers suspected was intoxicated, refused to comply with the lawful instructions of the officers, became violent, assaulted a police officer and refused to submit to being handcuffed. The officers were forced to use a reasonable degree of force to ensure the Plaintiff's compliance. The Plaintiff suffered physical injuries when he fought with, and was arrested by, the Defendants.

The Plaintiff also joins pendent state law causes of action for Assault and Battery, False Imprisonment, Abuse of Process, and Intentional Infliction of Emotional Distress.

The Defendant officers deny liability, and assert that all of their actions were reasonable and justified under the circumstances.

## II.    LAW AND ARGUMENT

### A.    The Defendants may submit the police incident report in his case as an exhibit pursuant to Federal Rules of Evidence 803 (6) and 803 (8).

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801.  Hearsay is inadmissible except as provided by the Federal Rules of Evidence, rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.  Fed. R. Evid. 802.

2

Federal Rules of Civil Procedure 803 excludes the following from the hearsay rule.

> **(6) Records of Regularly Conducted Activity.**--A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

> **(8) Public records and reports.** Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Fed. R. Evid. 803.

Police reports are admissible under Rule 803 (6), as a business record.  Juaire v. Nardin, 395 F.2d 373, 378 (2d Cir. 1968); Smith v. Spina, 477 F.2d 1140, 1146 (3d Cir. 1973); Richards v. City of New York, 2003 WL 21036365, *6 (S.D.N.Y.) (S.D.N.Y. 2003).  Police reports are also admissible at civil trials pursuant to Rule 803 (8) as a

public record.  Bolduc v. U.S., 265 F.Supp.2d 153, 164 (D. Mass. 2003)  ("as this is a

civil trial, the police reports, which recorded first-hand observations of officers, are

admissible under the "public records and reports" exception to the hearsay rule).

Danbury police officers have a duty imposed by directive to complete a

typewritten report when they make an arrest.  See Lovely v. Caplan, 11 Conn. App.

327, 330 (1987) (police reports are admissible because "the statutory indicia of

reliability, the duty to report, is present.").

The police incident report in this case clearly falls within both of the above noted

exceptions.  While the Plaintiff alleges that the report is inadmissible hearsay that does

not fall within any recognized exception, he all but concedes that a police report

qualifies as an exception to hearsay pursuant to Federal Rules of Evidence 803 (6),

with the exception of challenging this report on the basis that source of the information

or method or circumstances indicate a lack of trustworthiness.

The Plaintiff's argument fails to show that the police report lacks

trustworthiness.  The report was written in the day of the incident and was signed

under oath by each of the involved officers.  The officers involved had a duty to write

this report.  The Plaintiff's allegation that the officers were not under oath when they

dictated and adopted the report is false.  Each officer sign a Gerstein v. Pugh Affidavit

on the day of the incident swearing that the information contained within the report was

accurate.  (See Police Report and Affidavits, attached hereto as **Exhibit A**).

4

The Plaintiff alleges that the report lacks trustworthiness because the authors of the report, Officers Mable and LaBonia, are being sued by the Plaintiff. However, when the officers wrote the report, there was no lawsuit. The Plaintiff further labels the report self-serving. However, the fact that the report may be self-serving is not grounds for excluding the report.

As part of his abuse of process claim, the Plaintiff alleges that the police report was used to conceal the Defendant's attack on him and falsely prepared the report that they knew would be relied upon by the prosecutor. As such, the Plaintiff has put in issue the accuracy of the report as part of his complaint. The jury should be allowed to actually see the report the plaintiff claims is false in order to evaluate it against the testimony of the witnesses.

For the foregoing reasons, the police report is admissible as an exception to the hearsay rule.

**B.     The Defendant's may submit the statements of John Aczel contained within the police incident report in his case as admissions.**

The Defendants have demonstrated in section A, supra, that the police report is admissible.    In addition, the statements of the Plaintiff contained within the police report are admissions pursuant to Fed. R. Evid. 802 (d)(2). Therefore, the statements of John Aczel within the police report are admissible.

**C.    The non-party statements contained within the police report are not being used to prove the truth of the matters asserted therein but, are being used to show the effect on the listener, more specifically, the existence of articuable suspicion and arguable probable cause to question the plaintiff about his conduct and briefly detain him in the police car.**

The Plaintiff contends that the statements of the non-party witnesses contained within the police reports must be redacted, even if the police report is admitted because they are inadmissible hearsay.  This is erroneous.

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801.  In this case, the statements contained within the police report narrative are not being offered to prove the truth of the matters contained therein, rather, they are being offered to show the effect on the listener, Officer Labonia.  "It is well established, though, that statements offered for their effect on the listener are non-hearsay."  Smith v. City of New York, 2005 WL 44449, *1 U.S. Dist. Ct. (S.D.N.Y. 2005)  (citing United States v. Garcia, 900 F.2d 571, 576 (2d Cir.1990) (holding that statements were properly admitted as non-hearsay to provide context in which drug transaction occurred)).

The Plaintiff has claims of false imprisonment and false arrest alleging that the officers lacked probable cause to place the Plaintiff in the police cruiser and to arrest him.  The statements made to the Defendant by the complainants demonstrate the

existence of reasonable suspicion and probable cause to investigate and/or arrest the Plaintiff, regardless of the truth of those statements.  Statements within police reports are admissible to show the existence of probable cause.    Richards v. City of New York, 2003 WL 21036365, *6 (S.D.N.Y. 2003).

In this case, the statements within the police reports admissible and they are also highly relevant.  As such, the police report should not be redacted, but should be submitted to the jury in its entirety, with an appropriate limiting instruction, if necessary.

Furthermore, the statements of Officers LaBonia and Mable contained in the police report narrative are admissible to show their effect on the Plaintiff, John Aczel.  The statements to the Plaintiff are verbal acts because they are orders, which the Plaintiff did not obey.  The statements must be introduced to show that the Plaintiff did not listen to these orders, giving the Defendants cause to briefly detain the Plaintiff.

The Defendants must also address the Plaintiff's repeated allegation that there are two "versions" of the police report.  Danbury police directives require that when an arrest is made, the incident report must be typed.  With the exception of one being typed, and one being handwritten, there is no difference between the two "versions" of the police report.

Finally, the Plaintiff objects to statements contained within the police report as requiring expert testimony.  The Plaintiff fails to specifically name these statements.  However, Defendants speculate that the Plaintiff is referring to his intoxicated

appearance and odor of alcohol.  However, an opinion about the appearance of intoxication is not expert testimony and may be offered as the opinion of a lay witness. See, Gaynor v. Atlantic Greyhound Corp., 183 F.2d 482, 485 (3d Cir. 1950); U.S. V. Denny, 48 Fed. Appx. 732, 737 (10th Cir. 2002); Quinones v. Miller, 2003 WL 21276429, *52 (U.S. Dist. Ct. (S.D.N.Y. 2003); State v. Jones, 124 Conn. 664, 668-69 (1938); D'Amato v. Johnston, 140 Conn. 54, 58 (1953).   As such, these statements are not inadmissible expert testimony.

## III.     **CONCLUSION**

For the foregoing reasons, the Defendants respectfully request that the Court deny the Plaintiff's Motion in Limine Re: Police Report.  The Defendants also request that the Court deny the Plaintiff's request to redact allegedly objectionable material.

DEFENDANTS,

LEONARD LABONIA and ETHAN MABLE


By___/s/ John J. Radshaw, III_____
John J. Radshaw, III
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)
ct19882

**CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 7th day of March, 2005


Tiziana Marie Scaccia, Esquire
Goldstein & Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT  06601-1538


      By____/s/ John J. Radshaw, III_____
      John J. Radshaw, III