UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.: 3:00CV1802 (AWT) |
| | : | |
| v. | : | |
| | : | |
| LEONARD LABONIA, ETHAN MABLE | : | |
| AND CITY OF DANBURY | : | MARCH 7, 2005 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE RE: ALLEGATION THAT PLAINTIFF WAS INTOXICATED AND ALLEGATION OF COMPLAINT OF SEXUAL ASSAULT AND ALLEGATION THAT GRETCHEN OLSEN WAS A CO-COMPLAINANT**

The Defendants in the above-captioned matter hereby submit this Opposition Memorandum to the Plaintiff's Motion in Limine, dated February 14, 2005, and request that this Court deny the Plaintiff's motion because the above referenced evidence is admissible pursuant to the Federal Rules of Evidence 701, 402 and 403.

I.   **BACKGROUND**

This is a civil rights case brought by the Plaintiff under 42 U.S.C. § 1983 alleging that he was subject to excessive force on August 10, 1999, in the City of Danbury. The Plaintiff claims he was subject to excessive force by police officers. The Defendants claim that they were dispatched to Highland Avenue to investigate a complaint of a dispute. In the course of their investigation, they determined that the Plaintiff was a suspect and briefly detained him in order to complete the investigation.

During the brief detention, the Plaintiff, who the officers suspected was intoxicated, refused to comply with the lawful instructions of the officers, became violent, assaulted a police officer and refused to submit to being handcuffed. The officers were forced to use a reasonable degree of force to ensure the Plaintiff's compliance. The Plaintiff suffered physical injuries when he fought with, and was arrested by, the Defendants.

The Plaintiff also joins pendent state law causes of action for Assault and Battery, False Imprisonment, Abuse of Process, and Intentional Infliction of Emotional Distress.

The Defendant officers deny liability and assert that all of their actions were reasonable and justified under the circumstances.

## II. LAW AND ARGUMENT

### A. The Defendants may offer the testimony regarding the Plaintiff's intoxicated appearance as lay witness opinion pursuant to Federal Rules of Evidence 701.

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701.

Testimony concerning the appearance of intoxication is not expert testimony and may be offered as the opinion of a lay witness. See, Gaynor v. Atlantic Greyhound

Corp., 183 F.2d 482, 485 (3d Cir. 1950); U.S. V. Denny, 48 Fed. Appx. 732, 737 (10th Cir. 2002); Quinones v. Miller, 2003 WL 21276429, *52 (U.S. Dist. Ct. (S.D.N.Y. 2003); State v. Jones, 124 Conn. 664, 668-69 (1938); D'Amato v. Johnston, 140 Conn. 54, 58 (1953). As such, testimony that the Plaintiff was intoxicated is not inadmissible expert testimony.

The Plaintiff alleges that this testimony should be excluded because the appearance of the Plaintiff may have been altered by the Plaintiff's injuries. However, this does not make such testimony inadmissible. The Plaintiff may cross-examine witnesses regarding their observations. Furthermore, despite the Plaintiff's claims that these witnesses may not be able to distinguish between intoxication and injury, the strong odor of alcohol is not altered by injury. Furthermore, the Plaintiff's claim that these witnesses were not told that the Plaintiff was "assaulted" by the police is false. The Ambulance report clearly indicates that the Plaintiff was involved in an altercation with police.

    **B.    Evidence of the Plaintiff's intoxication is relevant to many issues in the case.**

Evidence of intoxication in this case is relevant because it is more likely that the Plaintiff attempted to punch the officer and resist arrest. Because we know inhibitions are curbed and memory and reaction times are influenced by alcohol consumption, evidence of intoxication is relevant in this case to explain the Plaintiff's belligerent

conduct. This conduct is a fact and circumstance that is directly relevant to whether the use of force in this case was reasonable under the circumstances.

In this case, the Plaintiff has put his physical condition in issue. Plaintiff alleges that, at the hospital, he failed to inform doctor of his injuries because he was injured and couldn't breathe. And, the Plaintiff, as part of all claims against the Defendant officers, in Paragraph 19 of each remaining Count of his complaint, alleges that, "[t]he defendant officers further attempted to conceal their attack on plaintiff by falsely informing medical personnel at Danbury Hospital and others that plaintiff's dazed and unstable demeanor was the result of intoxication . .." Therefore, the Defendants must be allowed to present evidence that the Plaintiff was intoxicated to refute his factual contentions.

In addition, the Plaintiff's alleged intoxication is also relevant to the cause of his injuries. There is significant evidence that the plaintiff was banging his head against the glass inside the police cruiser. If the Plaintiff was intoxicated, it is much more likely that he severely injured himself while banging his head against the cruiser window because he was less likely to feel pain. Therefore, the Plaintiff's intoxication is relevant to the cause of his injuries.

    **C.**    **The probative value of the evidence of the Plaintiff's intoxication is not substantially outweighed by the danger of unfair prejudice.**

The probative value of this evidence clearly outweighs any danger of unfair prejudice, confusion of issues or misleading the jury. As explained above, the Plaintiff's intoxication is relevant to the facts and circumstances justifying the use of force and the cause of the Plaintiff's injuries; and, the Plaintiff has placed his physical condition at issue by the factual contentions in his complaint.

The Plaintiff, in cursory fashion, concludes that evidence of the Plaintiff's intoxication should not be admitted because our Constitution does not permit the use of excessive force, irrespective if the individual was intoxicated at the time of the assault. However, since the belligerent conduct of the Plaintiff that arose from his intoxication created the need for the use of force, this concern does not substantially outweigh the danger of unfair prejudice, confusion of the issues or misleading the jury. Without a doubt, if the Plaintiff was intoxicated, it is more likely that the Plaintiff resisted arrest and hit his head on the cruiser window. Furthermore, the Plaintiff's intoxicated state is relevant to the cause of his injuries. The Plaintiff would be more likely to inflict serious injury upon himself by hitting his head on the cruiser window because he could not feel the severity of the pain due to his intoxicated condition.

**C.    The Defendants have disclosed Dr. Muratori as an expert witness and he may testify in accordance with his disclosure.**

The Defendants disclosed Dr. Muratori as an expert by disclosure dated May 10, 2002, (attached hereto as **Exhibit A**) and he may testify as to the Plaintiff's

intoxicated state. As an emergency room physician, Dr. Muratori has the education, knowledge and experience to testify as to the Plaintiff's intoxication and how the Plaintiff's injury may have influenced his appearance.

    **D.    The Plaintiff has no basis for objecting to referring to Gretchen Olsen as a co-complainant.**

The Danbury Police Department Incident Report # lists Veronica DeRosa and Gretchen Olsen as complainants in this case. As such, Gretchen Olsen is, by definition, a co-complainant. (See Police Report attached hereto as **Exhibit B**). Defendants should not be precluded from referring to her as such.

    **D.    The statement regarding touching, sexual gestures and advances towards Gretchen Olsen are not hearsay and are admissible because they are not being offered for the truth of the matters asserted therein.**

The Plaintiff is attempting to exclude references to improper touching, sexual gestures and advances towards Gretchen Olsen and Veronica DeRosa-Stefano because it is impermissible hearsay. However, the Defendants will offer this statement not for its truth, but to show its effect on the listener, Officer Labonia. This statement supports the fact that Officer Labonia had reasonable suspicion to detain the Plaintiff briefly to investigate whether a crime had occurred before he arrived. The Plaintiff may cross-examine Officer Labonia about this statement.

Since this statement is direct evidence of reasonable suspicion, no matter how unfair the prejudice and regardless of whether the complainants' allegations were

completely false, the statements are relevant to establishing that the Defendants had reasonable suspicion to detain the Plaintiff and must be admitted.  As such, the Defendants must be allowed to offer such evidence.

### III. **CONCLUSION**

For the foregoing reasons, the Defendants respectfully request that the Court deny the Plaintiff's Motion in Limine Re: Allegation That Plaintiff Was Intoxicated And Allegation Of Complaint of Sexual Assault And Allegation that Gretchen Olsen Was a Co-Complainant.

DEFENDANTS,

LEONARD LABONIA and ETHAN MABLE

By___/s/ John J. Radshaw, III____
John J. Radshaw, III
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)
ct19882

## **CERTIFICATION**

       This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 7th day of March, 2005.

Tiziana Marie Scaccia, Esquire
Goldstein & Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT  06601-1538

                                         By___/s/ John J. Radshaw, III____
                                         John J. Radshaw, III