UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.: 3:00CV1802 (AWT) |
| | : | |
| v. | : | |
| | : | |
| LEONARD LABONIA, ETHAN MABLE | : | |
| AND CITY OF DANBURY | : | MARCH 7, 2005 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE RE: MAP/DIAGRAM OF LOCATION OF INCIDENT**

The Defendants in the above-captioned matter hereby submit this Opposition Memorandum to the Plaintiff's Motion in Limine, dated February 14, 2005, and request that this Court deny the Plaintiff's motion because the Defendants may use a map and/or diagram of the location of the incident to assist the jury in understanding testimony of witnesses pursuant to Federal Rules of Evidence 611.

**I.   BACKGROUND**

This is a civil rights case brought by the Plaintiff under 42 U.S.C. § 1983 alleging that he was subject to excessive force on August 10, 1999, in the City of Danbury. The Plaintiff claims he was subject to excessive force by police officers. The Defendants claim that they were dispatched to Highland Avenue to investigate a complaint of a dispute. In the course of their investigation, they determined that the Plaintiff was a suspect and briefly detained him in order to complete the investigation.

During the brief detention, the Plaintiff, who the officers suspected was intoxicated, refused to comply with the lawful instructions of the officers, became violent, assaulted a police officer and refused to submit to being handcuffed.  The officers were forced to use a reasonable degree of force to ensure the Plaintiff's compliance.  The Plaintiff suffered physical injuries when he fought with, and was arrested by, the Defendants.

The Plaintiff also joins pendent state law causes of action for Assault and Battery, False Imprisonment, Abuse of Process, and Intentional Infliction of Emotional Distress.

The Defendant officers deny liability and assert that all of their actions were reasonable and justified under the circumstances.

**II.   LAW AND ARGUMENT**

    **A.   Federal Rules of Evidence 611 allows the Court to allow the use of a map or diagram to aid in the jury in understanding the testimony of a witness.**

Rule 611, Mode and Order of Interrogation and Presentation, states in relevant part:

> **(a) Control by court.** The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth.

Fed. R. Evid. 611.

"'If audio or visual presentation is calculated to assist the jury, the court should not discourage the use of it....'" <u>Datskow v. Teledyne Continental Motors Aircraft Products, a Div. of Teledyne Industries, Inc.</u>, 826 F.Supp. 677, 685 (W.D.N.Y. 1993) (quoting 1 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 403[5] at 403-88 (1992 ed.) (footnotes omitted)).

The Defendants in the case will use a map or diagram of the area where the incident took place as an aid in explaining their testimony. The Defendants will not submit the map or diagram into evidence. The Defendants are currently seeking to review official maps on file with the City of Danbury to select an appropriate map or diagram to use at trial. In addition, to aid the jury, the Defendants may seek to use an enlarged version of this map or diagram.

The Fifth Circuit Court of Appeals explained the difference between using a map as evidence and using a map to help illustrate witness testimony stating, "[t]he use of a map, drawing or plat for purposes of illustration must be distinguished from its admission in evidence. In the latter case the instrument possesses within itself evidential characteristics tending to establish a particular fact. In the former case the testimony of the witness is the evidence and the map or diagram is merely an aid to its

understanding." Rhoads v. Virginia-Florida Corp., 476 F.2d 82, 87 (1973) (citing Crocker v. Lee, 261 Ala. 439 (1954).

In this case, the map or diagram will be used to explain and illustrate the testimony of the Defendants, and possibly other witnesses, who will be referring to it, regarding the movements of the parties to this lawsuit and their actions and conduct on the day of the incident. "Authenticated documents can be employed in such a limited and ancillary manner." Id. (citing Florida Southern Ry. Co. v. Parsons, 33 Fla. 631 (1894); Turner v. U. S., 66 F. 289 (5th Cir. 1895). See also Southern Pac. Co. v. Hall, 100 F. 760. 763 (9th Cir. 1900) (use of map of the place where the injury occurred was proper to aid the jury in understanding the testimony of the witnesses).

Pursuant to Rule 611, the Court has control over the mode and order of interrogating witnesses and presenting evidence so as to make the interrogation and presentation effective for the ascertainment of the truth. As the map or diagram the Defendants seek to use in aid of the testimony of witnesses will assist the jury in the ascertainment of the truth, the court should allow the Defendants to use such a map or diagram.

### III.  <u>CONCLUSION</u>

For the foregoing reasons, the Defendants respectfully request that the Court deny the Plaintiff's Motion in Limine Re: Map/Diagram of Location of Incident.

        DEFENDANTS,
        LEONARD LABONIA and ETHAN MABLE

By___/s/ John J. Radshaw, III____
John J. Radshaw, III
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)
ct19882

5

## **CERTIFICATION**

       This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 7th day of March 2005

Tiziana Marie Scaccia, Esquire
Goldstein & Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT  06601-1538

                                  By___/s/ John J. Radshaw, III____
                                  John J. Radshaw, III