UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.: 3:00CV1802 (AWT) |
| | : | |
| v. | : | |
| | : | |
| LEONARD LABONIA, ETHAN MABLE | : | |
| AND CITY OF DANBURY | : | MARCH 7, 2005 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE RE: REFERENCES TO CONN. GEN. STAT. SECTIONS 53a-22 AND CONN. GEN. STAT. 53a-23**

The Defendants in the above-captioned matter hereby submit this Opposition Memorandum to the Plaintiff's Motion in Limine, dated February 14, 2005, and request that this Court deny the Plaintiff's motion because the above-referenced statutes a directly relevant to the Defendants defense of the Plaintiff's Assault and Battery and Negligent Infliction of Emotional Distress claims. The above referenced statutes are admissible pursuant to Federal Rules of Evidence 402 and 403.

**I.   BACKGROUND**

This is a civil rights case brought by the Plaintiff under 42 U.S.C. § 1983 alleging that he was subject to excessive force on August 10, 1999, in the City of Danbury. The Plaintiff claims he was subject to excessive force by police officers. The Defendants claim that they were dispatched to Highland Avenue to investigate a

complaint of a dispute. In the course of their investigation, they determined that the Plaintiff was a suspect and briefly detained him in order to complete the investigation. During the brief detention, the Plaintiff, who the officers suspected was intoxicated, refused to comply with the lawful instructions of the officers, became violent, assaulted a police officer and refused to submit to being handcuffed. The officers were forced to use a reasonable degree of force to ensure the Plaintiff's compliance. The Plaintiff suffered physical injuries when he fought with, and was arrested by, the Defendants.

The Plaintiff also joins pendent state law causes of action for Assault and Battery, False Imprisonment, Abuse of Process, and Intentional Infliction of Emotional Distress.

The Defendant officers deny liability and assert that all of their actions were reasonable and justified under the circumstances.

## II. LAW AND ARGUMENT

### A. Conn. Gen. Stat. §§ 53a-22 allows the use of physical force to make a warrantless arrest and to use or imminent use of physical force while effecting or attempting to affect an arrest or while defending against the use or imminent use of physical force.

Connecticut General Statutes § 53a-22 (b) states:

> Except as provided in subsection (a) of this section, a peace officer or authorized official of the Department of Correction is justified in using physical force upon another person when and to the extent that he reasonably believes such to be necessary to: (1) Effect an arrest or prevent the escape from custody of a person whom he reasonably believes to have committed an offense, unless he knows that the arrest or custody is unauthorized; or (2) defend himself or a third person from

>the use or imminent use of physical force while effecting or attempting to effect an arrest or while preventing or attempting to prevent an escape.

Conn. Gen. Stat. § 53a-22.

The Plaintiff's contention that this statute only allows the use of physical force in effecting an arrest only if the arrest is pursuant to a warrant or while preventing an escape from custody is erroneous. The statute clearly states that a peace officer may use force to "effect an arrest . . . of a person whom he reasonably believes to have committed an offense . . .[or] . . . defend himself or a third person from the use or imminent use of physical force while effecting or attempting to effect an arrest. . .." Conn. Gen. Stat. 53a-22. See also Rydingsward v. Sikoski, 1996 WL 521006, *10 (Conn.Super. Ct. 1996) ("use of force was justified under Section 53a-22(b)(1) and relevant case law in that they were effectuating the arrest of someone whom they reasonably believed to have committed an offense").

The Plaintiff cites subsection (a) of the statute for the contention that the statute only applies to an arrest pursuant to a warrant. However, the distinction between subsection (a) and (b) is that when an officer makes an arrest pursuant to a warrant, he does not need to have a reasonable belief that the suspect has committed an offense, unless such a warrant is invalid and known to the officer to be invalid.

Therefore, Connecticut General Statutes § 53a-22 is applicable to the facts of this case.

    **B.    The Defendants may refer to Conn. Gen. Stat. §§ 53a-22 and 53a-23 because they are relevant to the Plaintiff's state law Assault and Battery and Negligent Infliction of Emotional Distress claims.**

In this case, since the Defendants have admitted that some force was used, the Defendants must absolutely be allowed to discuss the appropriate statutory legal standard for the use of such force by a police officer with respect to the state law claims by the Plaintiff. The courts have made it clear that § 53a-22 dictates the appropriate standard for evaluating claims of Assault and Battery by police offices. See Rydingsward v. Sikoski, 1996 WL 521006, *10 (Conn.Super.) (Conn.Super.1996); Keeney v. City of New London, 196 F.Supp.2d 190, 202 (D.Conn. 2002); Holeman v. City of New London, 330 F.Supp.2d 99, 120 (D.Conn. 2004).

Under Connecticut Law, "[a] person is not justified in using physical force to resist an arrest by a reasonably identifiable peace officer, whether such arrest is legal or illegal." Conn. Gen. Stat. § 53a-23. Since Plaintiff has state law claims of False Imprisonment and Assault and Battery, this standard is directly relevant to the claims in this case. Even if the Defendants were not justified in placing the Defendant in the police cruiser or attempting to arrest him, as a matter of state law, the Plaintiff was not allowed to use physical force to resist such arrest. Furthermore, if the Defendants

were justified under state law in using the force applied, then their conduct was less likely to be extreme and outrageous.  Therefore, the statutes are relevant to the Plaintiff's Intentional Infliction of Emotional Distress claim.

The Plaintiff has state law claims to which the statutes are clearly applicable.  As such, the Defendants must be allowed to introduce the statutes as part of their defense to the Plaintiff's state law claims.

### C. The probative value is not substantially outweighed by danger of unfair prejudice, confusion of the issues of misleading the jury.

The Plaintiff states in cursory fashion that if the statutes in this case are relevant, their probative value is greatly outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury without offering any explanation why.  The statutes in this case essentially provide the standard for a defense to an assault and battery claim made against a Connecticut police officer.  As such, these statutes are highly relevant.  Furthermore, the Court may provide an appropriate instruction to address any concerns of the Plaintiff if and when he cares to articulate why the probative value of the statutes is outweighed by unfair prejudice, etc.

### III.    <u>CONCLUSION</u>

For the foregoing reasons, the Defendants respectfully request that the Court deny the Plaintiff's Motion in Limine Re: References to Conn. Gen. Stat. Sections %3a-22 and Conn. Gen. Stat. 53a-23.

>
> DEFENDANTS,
> LEONARD LABONIA and ETHAN MABLE
>
>
> By___/s/ John J. Radshaw, III____
> John J. Radshaw, III
> Howd & Ludorf, LLC
> 65 Wethersfield Avenue
> Hartford, CT  06114
> (860) 249-1361
> (860) 249-7665 (fax)
> ct19882

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 7th day of March 2005

Tiziana Marie Scaccia, Esquire
Goldstein & Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT  06601-1538

By___/s/ John J. Radshaw, III____
John J. Radshaw, III