UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN ACZEL
    Plaintiff     : CIVIL NO. 300 CV 1802 AWT

V.

LEONARD LABONIA
ETHAN MABLE
 and CITY OF DANBURY
    Defendants     : MARCH 10, 2005

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION IN LIMINE RE: TESTIMONY OF CHIEF PAQUETTE, FORMER CHIEF MACEDO, LT. KLUDGE, AND LYNN BEARDSLEY

**Nature of Case:**

This is a civil rights case brought by the plaintiff, John Aczel, under 42 U.S.C. Section 1983 and under 42 U.S.C. Section 1988 alleging that his Fourth and Fourteenth Amendment rights were violated. Plaintiff alleges that he was falsely arrested and subjected to excessive force on August 10, 1999 by Defendant, Leonard Labonia and Defendant, Ethan Mable, both of whom are police officers of the City of Danbury. Plaintiff alleges that he was subjected to excessive force by Defendant police officers when, without probable cause, the police officers placed him an unventilated police cruiser in extremely hot weather (causing him to overheat and to experience breathing difficulties) and then subsequently repeatedly and violently struck his head, face, and body, pepper sprayed him and placed him under arrest. Plaintiff claims that Defendant police officers had a realistic opportunity to prevent use of excessive force against him but did not do so, and that Defendant

police officers denied him adequate medical care despite the obligation of police officers to provide medical treatment to persons injured by the police by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims.

Plaintiff also alleges that Defendant police officers violated the laws of the State of Connecticut. Plaintiff is suing Defendant police officers for violation of the state law tort of Assault and Battery. Plaintiff is also suing Defendant police officers for wrongfully and unlawfully confining him in the police car before assaulting him and later detaining him at the police station, all without reason, justification or authority in violation of the state law tort of False Imprisonment. Plaintiff is also suing Defendant police officers for using the criminal process against him in order to intimidate him from asserting his rights against them and in order to cover up their own wrongdoing and avoid civil and criminal liability for their own acts in violation of the state law tort of Abuse of Process.   As part of the Abuse of Process claim, Plaintiff claims that Defendant police officers arrested him for committing the crime of interfering with a police officer and breach of peace to conceal and excuse their attack on him. Plaintiff further claims that Defendant police officers further attempted to conceal their attack on him by preparing a false police report, (which they knew, and intended, would be forwarded to and relied upon by a prosecutor), and, by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims. Plaintiff is also suing

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. Box 1538 • BRIDGEPORT. CT 06601-1538 • TEt. 12031 334-9421 • FAn (2031 334-6949 • JURIS No. 23640

Defendant police officers for violation of the state law tort of Intentional Infliction of Emotional Distress.

The Defendant police officers deny liability. With respect to most of the claims made by Plaintiff, Defendant police officers assert that all of their actions were objectively reasonable under the circumstances.

Plaintiff claims as part of his damages that he was incarcerated for four to five hours, was required to appear in Court as an accused criminal, and was required to spend money to hire an attorney to defend himself against the false charges. Additionally, Plaintiff claims that he suffered a loss of liberty, inconvenience and humiliation, great physical pain and disability, and extreme emotional distress, with associated economic loss. Plaintiff also claims to have suffered a traumatic brain injury, traumatic labyrinthitis, a fracture of the left wrist; traumatic headaches; TMJ injury; a fractured zygomatic arch requiring surgical repair, rib injuries, and a knee injury.

## II.     Law and Argument

### A. THE TESTIMONY OF CHIEF PAQUETTE, FORMER CHIEF MACEDO, LT. KLUDGE AND LYNN BEARDSLEY IS NOT BEING INTRODUCED BY PLAITNIFF INTO EVIDENCE FOR PURPOSES OF A MONELL V. DEPARTMENT OF SOCIAL SERVICES 436 U.S. 658 (1978) ARGUMENT.

Under Monell v. Department of Social Services, 436 U.S. 658 (1978), Section 1983 liability may be imposed on a municipality, if plaintiff demonstrates that any constitutional harm suffered was the result of a municipal policy or custom. Sorlucco v. New York City Police Dep't, 971 F.2d 864, 870 (2d Cir. 1992); Curry v. City of Syracuse, 316 F.3d 324 (2R' Cir. 2003). Monell held that

municipalities may be sued directly under Section 1983 for constitutional deprivations inflicted upon private individuals pursuant to a governmental custom, policy, ordinance, regulation, or decision.

The City of Danbury is not longer a party to this lawsuit. Thus, the present lawsuit no longer involves allegations which would satisfy the requirements of <u>Monell v. Department of Social Services,</u> 436 U.S. 658 (1978), for 42 U.S.C. Section 1983 claims against the City of Danbury as they relate to the provision of municipal policy or practice tolerating police brutality.

Thus, the testimony of Chief Paquette, Former Chief Macedo, Lt. Kludge, and Lynn Beardsley, is not being introduced by plaintiff into evidence for purposes of establishing a <u>Monell</u> argument, as hereinafter discussed.

**B. THE TESTIMONY OF CHIEF PAQUETTE, FORMER CHIEF MACEDO, LT. KLUDGE AND LYNN BEARDSLEY IS RELEVANT AND MATERIAL FOR THE INTRODUCTION INTO EVIDENCE OF DEFENDANTS' FINACIAL STATUS FOR PURPOSES OF A REQUEST FOR A PUNITIVE DAMAGE AWARD AND IS ALSO NECESSARY TO AUTHENTICATE AND GIVE TESTIMONY WITH RESPECT TO THE RESPONSES GIVEN BY THE CITY OF DANBURY TO WRITTEN DISCOVERY REQUESTS**

In the written discovery request addressed to the City of Danbury, the City of Danbury was requested to produce Defendants' personnel file. Although the City of Danbury failed to produce Defendants' entire personnel file in response to discovery, Plaintiff will subpoena the entire personnel files of Defendants to Court at the trial of this matter. Since Plaintiff is seeking punitive damages against Defendants, the financial situation of Defendants is admissible. Thus, the personnel file of Defendants are admissible to show their financial situation. See <u>Disorbo v. Hoy,</u> 343, F.3d

172 (2nd Cir. 2003). "[O]ne purpose of punitive damages is deterrence, and that deterrence is directly related to what people can afford to pay."     See Disorbo v. Hoy, 343, F.3d 172 (2R" Cir. 2003) and citations therein.

Thus, the testimony of Chief Paquette, Former Chief Macedo, Lt. Kludge, and Lynn Beardsley, will be introduced by plaintiff into evidence for purposes of authenticating the personnel files of Defendants' regarding their pay and benefits (i.e. pensions) received from the City of Danbury.

Also, Chief Paquette, Former Chief Macedo, Lt. Kludge, and Lynn Beardsley, are necessary witnesses for purposes of giving testimony regarding pay and benefits (i.e. pensions) received by Defendants from the City of Danbury. This testimony will be offered toward the issue of damages, specifically, toward Plaintiffs request for a punitive damage award.

Moreover, the City of Danbury's responses to written discovery are admissible into evidence for reasons set forth in Plaintiff Objection to Motion     Limine Re: Interrogatory Responses of the City of Danbury, which objection is incorporated herein by reference as if more fully set forth. Similarly, the testimony of Chief Paquette, Former Chief Macedo, Lt. Kludge, and Lynn Beardsley, is admissible into evidence for the purpose of giving testimony and/or authenticating the responses given by the City of Danbury to Plaintiffs Interrogatory and Requests for Production (i.e. for impeachment purposes, etc.).

C. **THE TESTIMONY OF CHIEF PAQUETTE, FORMER CHIEF MACEDO, LT. KLUDGE AND LYNN BEARDSLEY IS NECESSARY TO AUTHENTICATE AND GIVE TESTIMONY RE: THE CITY OF DANBURY POLICE RULES, REGULATIONS, POLICIES, CODE OF CONDUCT, POLICE DIRECTIVES, AND GENERAL ORDERS SO THAT THESE EXHIBITS CAN BE INTRODUCED INTO EVIDENCE**

The testimony of Chief Paquette, Former Chief Macedo, Lt. Kludge, and Lynn Beardsley, is also admissible to authenticate and give testimony regarding the City of Danbury Police Rules, Regulations, Policies, Code of Conduct, Police Directives and General Orders, so that these exhibits can be introduced into evidence, for reasons set forth in Plaintiffs Objection to Motion in Limine re: City of Danbury Police Rules, Regulations, Policies, Code of Conduct, Police Directives and General Orders filed simultaneously herewith and incorporated herein by reference, as if more fully set forth.

D. **THE TESTIMONY OF CHIEF PAQUETTE, FORMER CHIEF MACEDO, LT. KLUDGE AND LYNN BEARDSLEY IS NECESSARY TO AUTHENTICATE AND GIVE TESTIMONY RE: THE OTHER CONDUCT AND CITIZEN COMPLAINTS SO THAT THESE EXHIBITS CAN BE INTRODUCED INTO EVIDENCE**

The testimony of Chief Paquette, Former Chief Macedo, Lt. Kludge, and Lynn Beardsley, is also admissible to authenticate and give testimony as to the other conduct and citizen complaints, so that those exhibits and the testimony as to the other conduct and citizen complaints can be introduced into evidence, for reasons set forth in Plaintiffs Objection to Motion in Limine re: Defendants' Motion in Limine Re: Other Conduct and Citizen Complaints, *which* is incorporated herein by

reference, as if more fully set forth.

III. **CONCLUSION**

Based on the foregoing, the plaintiff respectfully requests that this Court deny the Defendants' Motion in Limine, and allow the plaintiff to introduce the testimony of Chief Paquette, Former Chief Macedo, Lt. Kludge, and Lynn Beardsley into evidence.

```
                                    PLAINTIFF,
                                    JOHN ACZEL

                                    BY _____
                                       Tiziana M. Scaccia
                                       Goldstein and Peck, P.C.
                                       1087 Broad Street, P.O. Box 1538
                                       Bridgeport, CT 06601-1538
                                       (203) 334-9421
                                       (203) 334-6949 (fax)
                                       ct08713
```

### **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, U.S. Mail to the following counsel of record this 10$^{0'}$ day of March, 2005

Jolvn J. Radshaw, III, Esquire
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

_____
Tiziana M. Scaccia

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1067 BROAD STREET • P.O. Box 1538 • BRIDDEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX 12031 334-6949 • JVRIS No. 23640