UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN ACZEL
    Plaintiff                      : CIVIL NO. 300 CV 1802 AWT

    V.

LEONARD LABONIA
ETHAN MABLE
 and CITY OF DANBURY
    Defendants                : MARCH 10, 2005

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS
OBJECTION TO DEFENDANTS' MOTION IN LIMINE
RE: VARIOUS STATEMENTS OF DAVID FESHt
MAGDOLNA ACZEL; FRANK BUTERA
VERONICA DEROSA; DAWN MARACHO; AND GRETCHEN OLSON**

I.      **NATURE OF CASE:**

This is a civil rights case brought by the plaintiff, John Aczel, under 42 U.S.C. Section

1983 and under 42 U.S.C. Section 1988 alleging that his Fourth and Fourteenth Amendment

rights were violated. Plaintiff alleges that he was falsely arrested and subjected to excessive force

on August 10, 1999 by Defendant, Leonard Labonia and Defendant, Ethan Mable, both of whom

are police officers of the City of Danbury. Plaintiff alleges that he was subjected to excessive

force by Defendant police officers when, without probable cause, the police officers placed him

in an unventilated police cruiser in extremely hot weather (causing him to overheat and

experience severe breathing difficulties) and then subsequently repeatedly and violently struck

his head, face, and body, pepper sprayed him and placed him under arrest. Plaintiff claims that

Defendant police officers had a realistic opportunity to prevent use of excessive force against

him but did not do so, and that Defendant police officers denied him adequate medical care

despite the obligation of police officers to provide medical treatment to persons injured by the

police by falsely informing medical personnel at Danbury Hospital that he was intoxicated,

although Defendant police officers did not seek to perform and did not perform any tests to

confirm such claims.

Plaintiff also alleges that Defendant police officers violated the laws of the State of

Connecticut. Plaintiff is suing Defendant police officers for violation of the state law tort of

Assault and Battery.    Plaintiff is also suing Defendant police officers for wrongfully and

unlawfully confining him in the police car before assaulting him and later detaining him at the

police station, all without reason, justification or authority in violation of the state law tort of

False Imprisonment.    Plaintiff is also suing Defendant police officers for using the criminal

process against him in order to intimidate him from asserting his rights against them and in order

to cover up their own wrongdoing and avoid civil and criminal liability for their own acts in

violation of the state law tort of Abuse of Process.    As part of the Abuse of Process claim,

Plaintiff claims that Defendant police officers arrested him for committing the crime of

interfering with a police officer and breach of peace to conceal and excuse their attack on him. Plaintiff further claims that Defendant police officers further attempted to conceal their attack on him by preparing a false police report, (which they knew, and intended, would be forwarded to and relied upon by a prosecutor), and, by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims. Plaintiff is also suing Defendant police officers for violation of the state law tort of Intentional Infliction of Emotional Distress.

The Defendant police officers deny liability.   With respect to most of the claims made by Plaintiff,  Defendant police officers assert that all of their actions were objectively reasonable under the circumstances.

Plaintiff claims as part of his damages that he was incarcerated for four to five hours, was required to appear in Court as an accused criminal, and was required to spend money to hire an attorney to defend himself against the false charges.   Additionally, Plaintiff claims that he suffered a loss of liberty, inconvenience and humiliation, great physical pain and disability, and extreme emotional distress, with associated economic loss. Plaintiff also claims to have suffered a traumatic brain injury, traumatic labyrinthitis, a fracture of the left wrist; traumatic headaches; TMJ injury; a fractured zygomatic arch requiring surgical repair, rib injuries, and a knee injury.

## II.    LAW AND ARGUMENT

The plaintiff seeks to offer Statements of David Fesh, Magdolna Aczel, Frank Butera, Veronica DeRosa Stefano, Dawn Maracho and Gretchen Olson, non parties to the above captioned action, as exhibits.

The Statements of the non party witnesses, as aforesaid, qualify as hearsay exceptions under Federal Rules of Evidence 803, entitled "Hearsay Exceptions, Availability of Declarant Immaterial". Federal Rules of Evidence 803 (1) carves out an exception to the hearsay rule for "A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." Under this rule of evidence the availability of the witness to testify at trial is immaterial. The statements made by the non party witnesses, David Fesh, Magdolna Aczel, Frank Butera, Veronica DeRosa Stefano, Dawn Maracho and Gretchen Olson, were made immediately after the incident, which is the subject of this lawsuit, and the statements describe or explain the incident they observed.

The statements of these non-party witnesses also qualify as an admission of a prior statement by a witness, under Federal Rule 801. Federal Rule 801 (1) entitled "Statements Which Are Not Hearsay" provides that a prior statement by a witness is not hearsay if "The declarant testifies at the trial or hearing and is subject to cross-examination concerning the

statement, and the statement, is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at trial, hearing, or other proceeding, or in a deposition, or (B) consistent with the delcarant's testimony and is offered to rebut an express or ¡mplied charge against the declarant of recent fabrication or improper influence, or (C) one of identification of a person made after perceiving the person". For example, if during the trial of this matter, any of the non party witnesses give inconsistent testimony then their prior statements are admissible under Federal Rules of Evidence 801(1)(A). Also, if any of the non party witnesses are charged with recent fabrication or improper influence, then the prior statements of the witnesses are admissible under Federal Rules of Evidence 801 (1) (B), to rebut the charge.

The statements of the non party witnesses are also admissible in evidence under Federal Rule 803 (5), if the witness has insufficient recollection to enable the witnesses to testify fully and accurately at trial. Federal Rule of Evidence 803(5) provides an exception to the hearsay rule for "a memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party".

If the circumstances arise at the trial of case, the statements of the non party witnesses may also be admitted as exhibits under Federal Rule of Evidence 612, if the adverse party (Defendants) uses any of the statements to refresh the memory of any of the non party witnesses either (1) while the non party witnesses testifies or (2) before the non party witness testifies, if the court in its discretion determines it is necessary in the interests of justice. Federal Rule of Evidence 612.

Thus, the Plaintiff requests that the statements of these non party witnesses be admitted into evidence. In the alternative, at the trial of this matter, if any of the conditions set forth in Federal Rules of Evidence exist, the plaintiff will offer the statements of the non party witnesses and will demonstrate the provisions of the rules of evidence that would allow the use of the nonparty statements.

III.    **CONCLUSION**

Based on the foregoing, the plaintiff respectfully requests that this Court deny the Defendants' Motion in Limine. Plaintiff requests that the statements of the nonparty witnesses be admitted into evidence. In the alternative, Plaintiff requests that the statements of the nonparty witnesses be admitted into evidence after Plaintiff demonstrates, at trial, the provisions of the Federal Rules of Evidence applicable to allow entry of the exhibits.

PLAINTIFF,
JOHN ACZEL

BY _____
    Tiziana M. Scaccia
    Goldstein and Peck, P.C.
    1087 Broad Street, P.O. Box 1538
    Bridgeport, CT 06601-1538
    (203) 334-9421
    (203) 334-6949 (fax)
    ct08713

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, U.S. Mail to the following counsel of record this $10^{0}$ day of March, 2005ʼ

John J. Radshaw, III, Esquire
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

_____
Tiziana M. Scaccia

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. Box IS38 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAx 1203) 334-6949 • JuRIs No. 23640