UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN ACZEL
    Plaintiff                        : CIVIL NO. 300 CV 1802 AWT

V.

LEONARD LABONIA
ETHAN MABLE
  and CITY OF DANBURY
    Defendants                  : MARCH 10, 2005

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF THE
OBJECTION TO DEFENDANTS' MOTION IN LIMINE
RE: DEPOSITION TRANSCRIPTS AND EXHIBITS OF DAVID FESHL
MAGDOLNA ACZEL; MARIA ACZEL; FRANK BUTERA
JEFFREY GRANT; AND VERONICA STEFANO**

I.    **Nature of Case:**

    This is a civil rights case brought by the plaintiff, John Aczel, under 42 U.S.C. Section 1983 and under 42 U.S.C. Section 1988 alleging that his Fourth and Fourteenth Amendment rights were violated. Plaintiff alleges that he was falsely arrested and subjected to excessive force on August 10, 1999 by Defendant, Leonard Labonia and Defendant, Ethan Mable, both of whom are police officers of the City of Danbury. Plaintiff alleges that he was subjected to excessive force by Defendant police officers when, without probable cause, the police officers placed him an unventilated police cruiser on an extremely hot day (causing him to overheat and have severe breathing difficulties) and then subsequently repeatedly and violently struck his head, face, and body, pepper sprayed him and placed him under arrest. Plaintiff claims that Defendant police officers had a realistic opportunity to prevent use of excessive force against him but did not do so, and that Defendant police officers denied him adequate medical care despite the

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. Box 1538 • BRIDGEPORT, CT 06601-1536 • TEL. (203) 334-9421 • Fnx 1203) 334-6949 • JuR1s No. 23640

obligation of police officers to provide medical treatment to persons injured by the police by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims.

Plaintiff also alleges that Defendant police officers violated the laws of the State of Connecticut. Plaintiff is suing Defendant police officers for violation of the state law tort of Assault and Battery. Plaintiff is also suing Defendant police officers for wrongfully and unlawfully confining him in the police car before assaulting him and later detaining him at the police station, all without reason, justification or authority in violation of the state law tort of False Imprisonment. Plaintiff is also suing Defendant police officers for using the criminal process against him in order to intimidate him from asserting his rights against them and in order to cover up their own wrongdoing and avoid civil and criminal liability for their own acts in violation of the state law tort of Abuse of Process. As part of the Abuse of Process claim, Plaintiff claims that Defendant police officers arrested him for committing the crime of interfering with a police officer and breach of peace to conceal and excuse their attack on him. Plaintiff further claims that Defendant police officers further attempted to conceal their attack on him by preparing a false police report, (which they knew, and intended, would be forwarded to and relied upon by a prosecutor), and, by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims. Plaintiff is also suing Defendant police officers for violation of the state law tort of Intentional Infliction of Emotional Distress.

The Defendant police officers deny liability. With respect to most of the claims made by Plaintiff, Defendant police officers assert that all of their actions were objectively reasonable under the circumstances.

Plaintiff claims as part of his damages that he was incarcerated for four to five hours, was required to appear in Court as an accused criminal, and was required to spend money to hire an attorney to defend himself against the false charges. Additionally, Plaintiff claims that he suffered a loss of liberty, inconvenience and humiliation, great physical pain and disability, and extreme emotional distress, with associated economic loss. Plaintiff also claims to have suffered a traumatic brain injury, traumatic labyrinthitis, a fracture of the left wrist; traumatic headaches; TMJ injury; a fractured zygomatic arch requiring surgical repair, rib injuries, and a knee injury.

II.     **Law and Argument**

"The conditions set forth in Rule 32(a) must exist before a deposition transcript can be used at all. When it is found that these conditions authorize the use of the deposition, it must be determined whether the matters contained in it are admissible under the rules of evidence." IColb v. suffolk County, 109 F.R.D. 125, 127 (E.D.N.Y. 1985) (internal citations and quotations omitted); see Frechette v. Welch, 621 F.2d 11, 14 (1" Cir. 1980) (error to allow use of depositions without a showing that the conditions of Fed. R. Civ. P. 32 were met).

The plaintiff seeks to offer the deposition testimony of David Fesh, Magdolna Aczel, Maria Aczel, Frank Butera, Jeffrey Grant and Veronica Stefano, non parties to the above captioned action, as exhibits. Federal Rules of Civil Procedure 32 provides for the use of depositions at trial as follows:

**(a) Use of Depositions.** At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:

1. Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, or for any other purpose permitted by the federal Rules of Evidence.

2. The deposition of a party or of anyone who at the time of tatting the deposition was an officer, director, or managing agent, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose_

3. The deposition of a witness, (emphasis added) whether or not a party, may be used by any party for any purpose if the court finds:

    A. that the witness is dead; or

    B. that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or

    C. that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or

    D. that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or

    E. upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

The admission of deposition testimony, however, still remains subject to the sound discretion of the trial court. Coletti v. Cudd Pressure Control, No. 97-8125 (10th Cir 1999), citing, Reeg v. Shauglmessy, 570 F.2d 309, 316 (10th Cir. 1978). The Court does have a "right to limit the use of the material if [the deposition] is repetitious or immaterial". Coletti v. Cudd Pressure Control, No. 97-8125 (10th Cir 1999) quoting, King King, 657 F.2d at 1164.

Plaintiff does not have an objection to redacting the depositions transcripts of the nonparty witnesses, David Fesh, Magdolna Aczel, Maria Aczel, Frank Butera, Jeffrey Grant, and Veronica Stefano, to remove any portion deemed inadmissible by this Court or by agreement of the parties.

If the opportunity arises during the course of trial, plaintiff can and will introduce the deposition transcript to impeach the incorrect testimony of any of the nonparty witnesses, David Fesh, Magdolna Aczel, Maria Aczel, Frank Butera, Jeffrey Grant, and Veronica Stefano. Defendants do not object to the use of the aforementioned deposition transcripts to impeach.

Depending on the availability of the non party witnesses, as aforesaid, during trial or depending on other exceptional circumstances that may arise prior to or during trial, the deposition transcripts of these nonparty witnesses, may qualify and be admissible under Rule of Evidence Rule 32 (a)(3).

Also, Plaintiff argues that the deposition transcripts of these nonparty witnesses may also qualify as an admission of a prior statement by a witness, under Federal Rule 801. Federal Rule 801 (1) entitled "Statements Which Are Not Hearsay" provides that prior statement by a witness is not hearsay if "The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement, is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at trial, hearing, or other proceeding, or in a deposition, or (B) consistent with the delcarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence, or (C) one of identification of a person made after perceiving the person".

For example, if during the trial of this matter, any of the witnesses give inconsistent testimony then their deposition transcripts are admissible under Federal Rules of Evidence 801(1)(A). Also, if any of the witnesses are charged with recent fabrication or improper influence, then the deposition transcripts of the witnesses are admissible under Federal Rules of Evidence 801 (1) (B), to rebut the charge.

Depending on the availability of the nonparty witnesses during trial, the depositions of the witnesses, as aforesaid, may also qualify, as Former Testimony, under "Rule of Evidence 804(b)(1) [which] carves out an exception to the hearsay prohibition when a witness is unavailable for testimony: it permits the inclusion of a statement given by a witness in another

proceedings so long as the party 'had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination'. Fed. R. Evid. 804 (b)(1). " Shanklin vs. Norfolk Southern Railway Co., No. 01-6449 (6th Cir. 5/27/2004).

There are already indications that the nonparty witnesses, Veronica Stefano and Maria Aczel, may be unavailable at trial. Veronica Stefano appears to be a transient and the attorneys in this case may not be able to locate her present whereabouts in order to subpoena her for trial. Even if the attorneys do find Veronica Stefano's location prior to trial, it may very well be the case that she may not be able to testify due to her state of mind in that it appears that she is a heavy narcotics user. Also, Maria Aczel is over 95 years old and may or may not be available either physically or mentally to testify.

At the trial of this matter if any of the conditions set forth in Rule 32(a) exist the plaintiff will offer the deposition transcripts and will demonstrate the provisions of Rule 32 or any other rule of evidence that would allow the use of the nonparty deposition transcripts.

III. **CONCLUSION**

Based on the foregoing, the plaintiff respectfully requests that this Court deny the Defendants' Motion in Limine. Plaintiff requests that the deposition transcripts of the nonparty witnesses be admitted into evidence after Plaintiff demonstrates, at trial, the provisions of the

Federal Rules of Evidence applicable to allow entry of these exhibits.

                    PLAINTIFF,
                    JOHN ACZEL

                    BY

                        Tiziana M. Scaccia
                        Goldstein and Peck, P.C.
                        1087 Broad Street, P.O. Box 1538
                        Bridgeport, CT 06601-1538
                        (203) 334-9421
                        (203) 334-6949 (fax)
                        ct08713

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, U.S. Mail to the following counsel of record this 10th day of March, 2005

John J. Radshaw, III, Esquire
I-Iowd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

_____
Tiziana M. Scaccia

GOLDSTEIN JD PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. Box 1539 • BRIDGEPORT, CT 06601-1538 • TEL. 12031 334-9421 • Fax 12031 334-6949 • JuRis No. 23640