UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN ACZEL
    Plaintiff          : CIVIL NO. 300 CV 1802 AWT

V.

LEONARD LABONIA
ETHAN MABLE
  and CITY OF DANBURY
    Defendants        : MARCH 10, 2005

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS MOTION IN LIMINE RE: OTHER CONDUCT AND CITZEN COMPLAINTS

I. **Nature of Case:**

  This is a civil rights case brought by the plaintiff, John Aczel, under 42 U.S.C. Section 1983 and under 42 U.S.C. Section 1988 alleging that his Fourth and Fourteenth Amendment rights were violated. Plaintiff alleges that he was falsely arrested and subjected to excessive force on August 10, 1999 by Defendant, Leonard Labonia and Defendant, Ethan Mable, both of whom are police officers of the City of Danbury. Plaintiff alleges that he was subjected to excessive force by Defendant police officers when, without probable cause, the police officers placed him in an unventilated police cruiser in extremely hot weather (causing him to overheat and to experience severe breathing difficulties) and then subsequently repeatedly and violently struck his head, face, and body, pepper sprayed him and placed him under arrest. Plaintiff claims that Defendant police officers had a realistic opportunity to prevent use of excessive force against him but did not do so, and that Defendant police officers denied him adequate medical care despite the obligation of police officers

to provide medical treatment to persons injured by the police by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims.

Plaintiff also alleges that Defendant police officers violated the laws of the State of Connecticut. Plaintiff is suing Defendant police officers for violation of the state law tort of Assault and Battery. Plaintiff is also suing Defendant police officers for wrongfully and unlawfully confining him in the police car before assaulting him and later detaining him at the police station, all without reason, justification or authority in violation of the state law tort of False Imprisonment. Plaintiff is also suing Defendant police officers for using the criminal process against him in order to intimidate him from asserting his rights against them and in order to cover up their own wrongdoing and avoid civil and criminal liability for their own acts in violation of the state law tort of Abuse of Process.    As part of the Abuse of Process claim, Plaintiff claims that Defendant police officers arrested him for committing the crime of interfering with a police officer and breach of peace to conceal and excuse their attack on him. Plaintiff further claims that Defendant police officers further attempted to conceal their attack on him by preparing a false police report, (which they knew, and intended, would be forwarded to and relied upon by a prosecutor), and, by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims. Plaintiff is also suing Defendant police officers for violation of the state law tort of Intentional Infliction of Emotional Distress.

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET ׀ P.O. Box 1538 ׀ BRIDGEPORT. CT 06601-1538 ׀ TEL. ׀2031 334-9421 • FAx ׀2031 334-6949 • JuRIs No. 23640

The Defendant police officers deny liability. With respect to most of the claims made by Plaintiff, Defendant police officers assert that all of their actions were objectively reasonable under the circumstances.

Plaintiff claims as part of his damages that he was incarcerated for four to five hours, was required to appear in Court as an accused criminal, and was required to spend money to hire an attorney to defend himself against the false charges. Additionally, Plaintiff claims that he suffered a loss of liberty, inconvenience and humiliation, great physical pain and disability, and extreme emotional distress, with associated economic loss. Plaintiff also claims to have suffered a traumatic brain injury, traumatic labyrinthitis, a fracture of the left wrist; traumatic headaches; TMJ injury; a fractured zygomatic arch requiring surgical repair, rib injuries, and a knee injury.

II.     **Law and Argument**

Plaintiffs Objection to Motion in Limine re: City of Danbury Police Rules, Regulations, Policies, Code of Conduct, Police Directives and General Orders filed simultaneously herewith is ¡ncorporated herein by reference, as if more fully set forth. The arguments set forth by Plaintiff with respect to the admissibility of the City of Danbury Police Rules, Regulations, Policies, Code of Conduct, Police Directives and General Orders are equally applicable to the admissibility of other conduct and citizen complaints.

Defendants' training as a police officers and their deliberate violation of danbury police rules, regulations, policies, code of conduct, police directives and general orders, in effecting the

arrest gave Defendants notice as to the gravity of their misconduct under color of their official authority, as well as notice that such misconduct would hinder their career. Defendant's other conduct and citizen complaint gave further notice to Defendants of the as to the gravity of their misconduct under color of their official authority, as well as notice that such misconduct would hinder their career. Thus, Defendants' other conduct and citizen complaints in deliberate violation of danbury police rules, regulations, pol c es, code of conduct, police directives and general orders, in effecting arrests is relevant to whether the officers' mistake was a reasonable mistake in their application of force. Defendants' other conduct and citizen complaints in deliberate violation of danbury police rules, regulations, policies, code of conduct, police directives and general orders, in effecting the arrest will merely provide an aid to help jury answer question of whether the officers were deliberately indifferent and whether the officers mistake was a reasonable mistake in their application of force, especially knowing that they would be sanctioned for use of excessive force.

The officers' other conduct and citizen complaints are also relevant and/or material to Defendants state of mind for purposes of the request for an award of punitive damages in that Defendants had notice as to the gravity of their misconduct under color of their official authority, as well as notice that such misconduct would hinder their career.

In summary, Defendants' other conduct and citizen complaints regarding deliberate violation of danbury police rules, regulations, policies, code of conduct, police directives and general orders, ¡n effecting the arrest will merely provide an aid to help jury answer questions concerning credibility, notice, reasonableness, mistake, and state of mind for purposes of an award of punitive damages.

In this case, the Defendants do not seek to introduce the other conduct and citizen complaints to prove the truth of the matters contained in the other conduct or citizen complaints, rather, the other conduct and citizen complaints are being introduced into evidence toward the issues of credibility, notice, reasonableness, and mistake, and state of mind for purposes of awarding pu itive damages. As such the other conduct and citizen complaints, are not inadmissible hearsay.

Moreover, assuming arguendo that the other conduct and citizen complaints are hearsay, then they are nonetheless admissible under the Business Rule exception, Federal Rules of Evidence 803 (6) or Federal Rules of Evidence 803 (8) or under the Residual Exception, Federal Rules of Evidence 807.

III. **<u>CONCLUSION</u>**

Based on the foregoing, the plaintiff respectfully requests that this Court deny the Defendants' Motion in Limine, and allow the plaintiff to introduce other conduct and citizen complaints into evidence.

PLAINTIFF,
JOHN ACZEL

BY _____
Tiziana M. Scaccia
Goldstein and Peck, P.C.
1087 Broad Street, P.O. Box 1538
Bridgeport, CT 06601-1538
(203) 334-9421
(203) 334-6949 (fax)
ct08713

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, U.S. Mail to the following counsel of record this 10th day of March, 2005.

John J. Radshaw, III, Esquire
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

                                                  Tiziana M. Scaccia

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. Box 1538 • BRIDGEPORT, CT 06601-1538 • TEL. 12031 334-9421 • FAZ 12031 334-6949 • Jun1s No. 23640