UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN ACZEL
    Plaintiff                     : CIVIL NO. 300 CV 1802 AWT

V.

LEONARD LABONIA
ETHAN MABLE
  and CITY OF DANBURY
    Defendants              : MARCH 10, 2005

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION IN LIMINE RE: DEPOSITION TRANSCRIPTS OF DEFENDANTS LEONARD LABONIA AND ETHAN MABLE**

I.   **Nature of Case:**

This is a civil rights case brought by the plaintiff, John Aczel, under 42 U.S.C. Section 1983 and under 42 U.S.C. Section 1988 alleging that his Fourth and Fourteenth Amendment rights were violated. Plaintiff alleges that he was falsely arrested and subjected to excessive force on August 10, 1999 by Defendant, Leonard Labonia and Defendant, Ethan Mable, both of whom are police officers of the City of Danbury. Plaintiff alleges that he was subjected to excessive force by Defendant police officers when, without probable cause, the police officers placed him in an unventilated police cruiser in extremely hot weather (causing him to overheat and have severe breathing difficulties) and then subsequently repeatedly and violently struck his head, face, and body, pepper sprayed him and placed him under arrest. Plaintiff claims that Defendant police officers had a realistic opportunity to prevent use of excessive force against him but did not do so, and that Defendant police officers denied him adequate medical care despite the obligation of police officers to provide medical

treatment to persons injured by the police by falsely informing medical personnel at Danbury Hospital that lie was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims.

Plaintiff also alleges that Defendant police officers violated the laws of the State of Connecticut. Plaintiff is suing Defendant police officers for violation of the state law tort of Assault and Battery. Plaintiff is also suing Defendant police officers for wrongfully and unlawfully confining him in the police car before assaulting him and later detaining him at the police station, all without reason, justification or authority in violation of the state law tort of False Imprisonment. Plaintiff is also suing Defendant police officers for using the criminal process against him in order to intimidate him from asserting his rights against them and in order to cover up their own wrongdoing and avoid civil and criminal liability for their own acts in violation of the state law tort of Abuse of Process.   As part of the Abuse of Process claim, Plaintiff claims that Defendant police officers arrested him for committing the crime of interfering with a police officer and breach of peace to conceal and excuse their attack on him. Plaintiff further claims that Defendant police officers further attempted to conceal their attack on him by preparing a false police report, (which they knew, and intended, would be forwarded to and relied upon by a prosecutor), and, by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims. Plaintiff is also suing Defendant police officers for violation of the state law tort of Intentional Infliction of Emotional Distress.

The Defendant police officers deny liability. With respect to most of the claims made by Plaintiff, Defendant police officers assert that all of their actions were objectively reasonable under the circumstances.

Plaintiff claims as part of his damages that he was incarcerated for four to five hours, was required to appear in Court as an accused criminal, and was required to spend money to hire an attorney to defend himself against the false charges. Additionally, Plaintiff claims that he suffered a loss of liberty, inconvenience and humiliation, great physical pain and disability, and extreme emotional distress, with associated economic loss. Plaintiff also claims to have suffered a traumatic brain injury, traumatic labyrinthitis, a fracture of the left wrist; traumatic headaches; TMJ injury; a fractured zygomatic arch requiring surgical repair, rib injuries, and a knee injury.

## II. Law and Argument

"The conditions set forth in Rule 32(a) must exist before a deposition transcript can be used at all. When it is found that these conditions authorize the use of the deposition, it must be determined whether the matters contained in it are admissible under the rules of evidence." Kolb v. suffolk County, 109 F.R.D. 125,127 (E.D.N.Y. 1985) (internal citations and quotations omitted); see Frechette v. Welch, 621 F.2d 11, 14 (1[5`] Cir. 1980) (error to allow use of depositions without a showing that the conditions of Fed. R. Civ. P. 32 were met).

The plaintiff seeks to offer the deposition testimony of Defendants, Leonard Labonia and Ethan Mable, parties to the above captioned action, as exhibits. Federal Rules of Civil Procedure 32 provides for the use of depositions at trial as follow:

(a) **Use of Depositions.** At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:

(1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, or for any other purpose permitted by the federal Rules of Evidence.

(2) The deposition of a party [emphasis added] or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party may be used by an adverse party for any purpose [emphasis added].

(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:

A. that the witness is dead; or

B. that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or

C. that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or

D. that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or

E. upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. Box 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS No. 23640

Rule 32 allows a party to introduce "as part of his substantive proof, the deposition of his adversary, and it is quite immaterial that the adversary is available to testify at trial or has testified there". Coletti v. Cudd Pressure Control, No. 97-8125 (10°i Cir 1999) quoting, King Icing Enters v. Champlin Petroleum Co., 657 F.2d 1147, 1163-64 (10°i Cir. 1981)(internal quotation marks and citations omitted), cert. denied, 454 U.S. 1164 (1982); Shanklin vs. Norfolk Southern Railway Co., No. 01-6449 (6°i Cir. 5/27/2004). Indeed, to preclude a party from reading or introducing the deposition testimony of an available adverse party witness is inconsistent with the language of Rule 32 (a)(2).

The admission of deposition testimony, however, still remains subject to the sound discretion of the trial court. Coletti v. Cudd Pressure Control, No. 97-8125 (10°i Cir 1999) , citing, Reeg v. Shauglmessy, 570 F.2d 309, 316 (10°i Cir. 1978). The Court does have a "right to limit the use of the material if [the deposition] is repetitious or immaterial". Coletti v. Cudd Pressure Control, No. 97-8125 (10°i Cir 1999) quoting, Icing King, 657 F.2d at 1164.

Plaintiff does not have an objection to redacting the deposition transcripts of Defendant, Leonard Labonia and Ethan Mable to remove any portion deemed inadmissible by this Court or by agreement of the parties.

This case is extremely fact specific and the parties have provided widely contrasting versions of what happened on the date of the incident. The deposition transcripts of Defendants Leonard Labonia ("Labonia") and Ethan Mable, ("Mable") parties to this lawsuit, do contain

information that the parties/witnesses' live testimony cannot provide. For example, when Mable was deposed he was questioned as to what he observed when he first came to the scene of the incident after he exited his police cruiser. Mable testified that when he first arrived at the scene of the incident, Plaintiff was struggling with Defendant, Officer Labonia on the ground. He testified that Plaintiff was resistive to Officer Labonia's attempt to obtain control of Plaintiff. Despite being questioned repeatedly and painstakingly thoroughly during the course of the deposition and although Mable accused Plaintiff with struggling with Labonia and exhibiting resistive conduct, Mable could not give any definitional content to what he claimed he observed as a struggle or resistive conduct. It has become apparent during the course of this litigation, including during the mediation of this case, that Defendant Mable will now attempt to qualify his answers to these and other questions asked during his deposition by making the response to the deposition question time sensitive. He will testify at trial by stating that when he first arrived at the scene he could not define the struggle or resistive conduct but sometime thereafter, he observed specific conduct which could give definition to the struggle or resistive conduct. Due to the fact that this case is entirely fact specific, both Mable and Labonia will play this game of timing to qualify each and every disfavorable response given at their deposition. Plaintiff will not be able to effectively cross-examine these parties and charge them with recent fabrication and/or a new theory of the case, unless the entire transcripts of Mable and Labonia are introduced as full exhibits so that the jury can read their former testimony, "as a whole" and realize that during their depositions they had ample opportunity to provide their qualified answers to the

various deposition questions but they did not. Only by reading the entire transcripts, compared to their live testimony, will the jury be able to conclude that the parties, at trial, will repeatedly fabricate, their version of events, to underscore the inconsistent responses and/or qualify disfavorable testimony at trial.

If the court does not allow Plaintiff to introduce the deposition transcripts of Defendants, Labonia and Mable, into evidence, the Court will give the live witnesses the opportunity to give a different slant on the answers at trial and prove a "new theory of the case" and Plaintiff will not have any effective means of cross-examining these witnesses with their deposition transcript. These parties could easily change or fabricate testimony at trial and plaintiffs counsel can not easily use the recorded deposition testimony to effectively impeach their responses.

Depending on the availability of the Defendants, Labonia and Mable, during trial or depending on other exceptional circumstances that may arise prior to or during trial, the deposition transcripts of Labonia and Mable, may also qualify and be admissible under Rule of Evidence Rule 32 (a)(3).

In the alternative, Plaintiff argues that the deposition transcripts of Labonia and Mable qualify as admission of prior statement by witness, under Federal Rule 801. Federal Rule 801 (1) entitled "Statements Which Are Not Hearsay" provides that prior statement by a witness is not hearsay if "The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement, is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at trial, hearing, or other proceeding,

or in a deposition, or (B) consistent with the delcarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence, or (C) one of identification of a person made after perceiving the person". For example, if during the trial of this matter, Labonia or Mable give inconsistent testimony, then their deposition transcripts are admissible under Federal Rules of Evidence 801(1)(A).

Portions of the deposition transcripts of Labonia and Mable may also be admissible under Federal Rule 801 (2) entitled "Admission by Party-Opponent" which provides that a statement is not hearsay if "The statement is offered against a party and is (A) the party's own statement, either an individual or representative capacity".

Depending on the availability of the parties during trial, the deposition transcripts of Labonia and Mable, may also qualify, as Former Testimony, under "Rule of Evidence 804(b)(1) [which] carves out an exception to the hearsay prohibition when a witness is unavailable for testimony: it permits the inclusion of a statement given by a witness in another proceedings so long as the party 'had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination'. Fed. R. Evid. 804 (b)(1). "Shanklin vs. Norfolk Southern Railway Co., No. 01-6449 (6th Cir. 5/27/2004).

Additionally, if the opportunity arises during the course of trial, plaintiff can and will introduce the deposition transcript to impeach the incorrect testimony of any party. Defendants do not object to the use of the deposition transcripts to impeach.

The conditions set forth in Rule 32(a) exist. If necessary, at the trial of this matter, the

plaintiff will offer the deposition transcripts and will demonstrate the provisions of Rule 32 that would allow the use of party deposition transcripts.

## III. **CONCLUSION**

Based on the foregoing, the plaintiff respectfully requests that this Court deny the Defendants' Motion in Limine, and allow the plaintiff to introduce a redacted version of the entire deposition transcripts of the Defendants, Labonia and Mable at trial. In the alternative, Plaintiff requests that portions of the deposition transcripts be admitted into evidence after Plaintiff demonstrates, at trial, the provisions of the Federal Rules of Evidence applicable to allow entry of these exhibits.

PLAINTIFF,
JOHN ACZEL

BY

Tiziana M. Scaccia
Goldstein and Peck, P.C.
1087 Broad Street, P.O. Box 1538
Bridgeport, CT 06601-1538
(203) 334-9421
(203) 334-6949 (fax)
ct08713

**CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, U.S. Mail to the following counsel of record this 10'h day of March, 2005

John J. Radshaw, III, Esquire
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

Tiziana M. Scaccia