UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN ACZEL
    Plaintiff                        : CIVIL NO. 300 CV 1802 AWT

V.

LEONARD LABONIA
ETHAN MABLE
  and CITY OF DANBURY
    Defendants                MARCH 10, 2005

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION IN LIMINE RE: DEPOSITION TRANSCRIPT AND RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF JOHN ACZEL**

I.    **Nature of Case:**

    This is a civil rights case brought by the plaintiff, John Aczel, under 42 U.S.C. Section 1983 and under 42 U.S.C. Section 1988 alleging that his Fourth and Fourteenth Amendment rights were violated. Plaintiff alleges that he was falsely arrested and subjected to excessive force on August 10, 1999 by Defendant, Leonard Labonia and Defendant, Ethan Mable, both of whom are police officers of the City of Danbury. Plaintiff alleges that he was subjected to excessive force by Defendant police officers when, without probable cause, the police officers placed him in an unventilated police cruiser in extremely hot weather (causing him to overheat and experience severe breathing problems) and then subsequently repeatedly and violently struck his head, face, and body, pepper sprayed him and placed him under arrest. Plaintiff claims that Defendant police officers had a realistic opportunity to prevent use of excessive force against him but did not do so, and that Defendant police officers denied him adequate medical care despite the obligation of police officers to provide medical treatment to persons injured by the

police by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims.

Plaintiff also alleges that Defendant police officers violated the laws of the State of Connecticut. Plaintiff is suing Defendant police officers for violation of the state law tort of Assault and Battery. Plaintiff is also suing Defendant police officers for wrongfully and unlawfully confining him in the police car before assaulting him and later detaining him at the police station, all without reason, justification or authority in violation of the state law tort of False Imprisonment. Plaintiff is also suing Defendant police officers for using the criminal process against him in order to intimidate him from asserting his rights against them and in order to cover up their own wrongdoing and avoid civil and criminal liability for their own acts in violation of the state law tort of Abuse of Process. As part of the Abuse of Process claim, Plaintiff claims that Defendant police officers arrested him for committing the crime of interfering with a police officer and breach of peace to conceal and excuse their attack on him. Plaintiff further claims that Defendant police officers further attempted to conceal their attack on him by preparing a false police report, (which they knew, and intended, would be forwarded to and relied upon by a prosecutor), and, by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims. Plaintiff is also suing Defendant police officers for violation of the state law tort of Intentional Infliction of Emotional Distress.

The Defendant police officers deny liability. With respect to most of the claims made by

Plaintiff, Defendant police officers assert that all of their actions were objectively reasonable under the circumstances.

Plaintiff claims as part of his damages that he was incarcerated for four to five hours, was required to appear in Court as an accused criminal, and was required to spend money to hire an attorney to defend himself against the false charges.   Additionally, Plaintiff claims that he suffered a loss of liberty, inconvenience and humiliation, great physical pain and disability, and extreme emotional distress, with associated economic loss. Plaintiff also claims to have suffered a traumatic brain injury, traumatic labyrinthitis, a fracture of the left wrist; traumatic headaches; TMJ injury; a fractured zygomatic arch requiring surgical repair, rib injuries, and a knee injury.

II.    **Law and Argument**

A.    **THE DEPOSIITON TRANSCRIPT OF PLAINTIFF, JOHN ACZEL**

"The conditions set forth in Rule 32(a) must exist before a deposition transcript can be used at all.  When it is found that these conditions authorized the use of the deposition, it must be determined whether the matters contained in it are admissible under the rules of evidence." Kolb v. suffolk County, 109 F.R.D. 125, 127 (E.D.N.Y. 1985) (internal citations and quotations omitted); see Frechette v. Welch, 621 F.2d 11, 14 ($V^t$ Cir. 1980) (error to allow use of depositions without a showing that the conditions of Fed. R. Civ. P. 32 were met).

The plaintiff seeks to offer the deposition testimony of Plaintiff, John Aczel, in the above captioned action, as an exhibit. Federal Rules of Civil Procedure 32 provides for the use of depositions at trial as follow:

    (a)    **Use of Depositions.**    At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible

under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:

(1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, or for any other purpose permitted by the federal Rules of Evidence.

(2) <u>The deposition of a party</u> [emphasis added] or of anyone who at the time of taking the deposition was an officer, director, or managing agent, or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a public or private corporation, partnership or association or governmental agency which is a party <u>may be used by an adverse party for any purpose</u> [emphasis added].

(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:

   A. that the witness is dead; or

   B. that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or

   C. that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or

   D. that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or

   E. upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

The admission of deposition testimony, however, still remains subject to the sound

discretion of the trial court. <u>Coletti v. Cudd Pressure Control,</u> No. 97-8125 (10th Cir 1999), citing, <u>Reeg v. Shaughnessy,</u> 570 F.2d 309,316 (10th Cir. 1978). The Court does have a "right to limit the use of the material if [the deposition] is repetitious or immaterial". <u>Coletti v. Cudd Pressure Control,</u> No. 97-8125 (10th Cir 1999) quoting, <u>King King,</u> 657 F.2d at 1164.

Plaintiff does not have an objection to redacting the depositions John Aczel to remove any portion deemed inadmissible by this Court or by agreement of the parties.

Plaintiff fully intends to give live testimony at trial. However, if at the trial of this matter any of the conditions set forth in Rule 32(a) exist, then the plaintiff will offer the deposition transcript of Plaintiff, and will demonstrate the provisions of Rule 32 that would allow the use of this party's deposition transcript.

Depending on the availability of the Plaintiff during trial or depending on other exceptional circumstance that may arise prior to or during trial, the depositions of Plaintiff, may qualify and may be admissible under Rule of Evidence Rule 32 (a)(3).

Moreover, if Plaintiff is unavailable to testify and circumstances during the trial of this matter dictate the use of his former testimony, then Plaintiff will seek to introduce Plaintiffs former testimony given in his deposition under "Rule of Evidence 804(b)(1) [which] carves out an exception to the hearsay prohibition when a witness is unavailable for testimony: it permits the inclusion of a statement given by a witness in another proceedings so long as the party 'had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination'. Fed. R. Evid. 804 (b)(1). "<u>Shanklin vs. Norfolk Southern Railway Co.,</u> No. 01-6449 (6th Cir. 5/27/2004).

Depending on circumstances presented at the time of trial, the deposition of Plaintiff may also qualify as admission of prior statement by witness, under Federal Rule 801. Federal Rule 801 (1) entitled "Statements Which Are Not Hearsay" provides that prior statement by a witness is not hearsay if "The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement, is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at trial, hearing, or other proceeding, or in a deposition, or (B) consistent with the delcarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence, or (C) one of identification of a person made after perceiving the person".

For example, if during the trial of this matter, Defendants charge Plaintiff with recent fabrication or improper influence, then the deposition transcript of Plaintiff is admissible under Federal Rules of Evidence 801 (1) (B), to rebut the charge.

B.  **PLAINTIFF'S RESPONSES TO INTEROGATORIES AND REQUESTS FOR PRODUCTION**

Federal Rules of Civil Procedure Rule 33 states in relevant part, "(c) Scope; Use at Trial. Interrogatories may relate to any matters which can be inquired into under Rule 26 (b)(1), and the answers may be used to the extent permitted by the rules of evidence".

In this case, Plaintiff seeks to introduce his own Responses to Interrogatories and Requests for Production, but only if the circumstances at the trial of this matter dictate the introduction of this exhibit. If it becomes necessary to introduce this exhibit at the time of the of this matter plaintiff will offer the exhibit and demonstrate the provisions of the Federal Rules of Evidence that would allow the use of this party's discovery responses.

For example, if Plaintiff is unavailable to testify and circumstances during the trial of this matter dictate the use of his former testimony, then Plaintiff will seek to introduce Plaintiffs former testimony given in his discovery responses under "Rule of Evidence 804(b)(1) [which] carves out an exception to the hearsay prohibition when a witness is unavailable for testimony: it permits the inclusion of a statement given by a witness in another proceedings so long as the party 'had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination'. Fed. R. Evid. 804 (b)(1). "Shanklin vs. Norfolk Southern Railway Co., No. 01-6449 (6° Cir. 5/27/2004).

Depending on circumstances presented at the time of trial, the Plaintiffs discovery responses may also qualify as admission of prior statement by witness, under Federal Rule 801. Federal Rule 801 (1) entitled "Statements Which Are Not Hearsay" provides that prior statement by a witness is not hearsay if "The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement, is (A) inconsistent with the

declarant's testimony, and was given under oath subject to the penalty of perjury at trial, hearing, or other proceeding, or in a deposition, or (B) consistent with the delcarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence, or (C) one of identification of a person made after perceiving the person".

For example, if during the trial of this matter, Defendants charge Plaintiff with recent fabrication or improper influence, then Plaintiff's responses to Discovery are admissible under Federal Rules of Evidence 801 (1) (B), to rebut the charge.

**C.    THE DOCUMENTS, INCLUDING VARIOUS SATEMENTS, PRODUCED IN RESPONSE TO INTERROGATORIES AND REQUESTS FOR PRODUCTION DIRECTED TO THE PLAINTIFF**

The plaintiff seeks to offer Statements of David Fesh, Magdolna Aczel, and Dawn Maracho, non parties to the above captioned action, as exhibits.

The Statements of the non party witnesses, as aforesaid, qualify as hearsay exceptions under Federal Rules of Evidence 803, entitled "Hearsay Exceptions, Availability of Declarant Immaterial". Federal Rules of Evidence 803 (1) carves out an exception to the hearsay rule for "A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter." Under this rule of evidence the availability of the witness to testify at trial is immaterial. The statements made by the non party

witnesses, David Fesh, Magdolna Aczel, and Dawn Maracho were made immediately after the incident, which is the subject of this lawsuit, and the statements describe or explain the incident they observed. Thus, the statements of these non party witnesses are admissible under Federal Rules of Evidence 803.

The statements of these non-party witnesses also qualify as an admission of a prior statement by a witness, under Federal Rule 801. Federal Rule 801 (1) entitled "Statements Which Are Not Hearsay" provides that a prior statement by a witness is not hearsay if "The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement, is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at trial, hearing, or other proceeding, or in a deposition, or (B) consistent with the delcarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence, or (C) one of identification of a person made after perceiving the person". For example, if during the trial of this matter, any of the non party witnesses give inconsistent testimony then their prior statements are admissible under Federal Rules of Evidence 801(1)(A). Also, if any of the non party witnesses are charged with recent fabrication or improper influence, then the prior statements of the witnesses are admissible under Federal Rules of Evidence 801 (1) (B), to rebut the charge.

The statements of the non party witnesses are also admissible in evidence under Federal

Rule 803 (5), if the witness has insufficient recollection to enable the witnesses to testify fully and accurately at trial. Federal Rule of Evidence 803(5) provides an exception to the hearsay rule for "a memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the it ess to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness' memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party".

If the circumstances arise at the trial of case, the statements of the non party witnesses may also be admitted as exhibits under Federal Rule of Evidence 612, if the adverse party (Defendants) uses any of the statements to refresh the memory of any of the non party witnesses either (1) while the non party witnesses testifies or (2) before the non party witness testifies, if the court in its discretion determines it is necessary in the interests of justice. See, Federal Rule of Evidence 612.

Thus, the Plaintiff requests that the statements of these non party witnesses be admitted into evidence. In the alternative, at the trial of this matter, if any of the conditions set forth in the Federal Rules of Evidence exist, the plaintiff will offer the statements of the non party witnesses and will demonstrate the provisions of the rules of evidence that would allow the use of the

nonparty statements.

III. **CONCLUSION**

Based on the foregoing, the plaintiff respectfully requests that this Court deny the Defendants' Motion in Limine. Plaintiff requests that the Court allow the entry into evidence Plaintiffs deposition, Plaintiffs discovery responses and the statements of the non party witnesses. In the alternative, Plaintiff requests that it be allowed, if necessary, to introduce the transcript of Plaintiffs deposition, Plaintiffs responses to discovery and the statements of the non party witnesses, as evidence at the trial of this matter, upon a showing that a particular provision of the Federal Rules of Evidence will allow the introduction of these exhibits into evidence.

        PLAINTIFF,
        JOHN ACZEL

BY _____
        Tiziana M. Scaccia
        Goldstein and Peck, P.C.
        1087 Broad Street, P.O. Box 1538
        Bridgeport, CT 06601-1538
        (203) 334-9421
        (203) 334-6949 (fax)
        ct08713

### **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, U.S. Mail to the following counsel of record this 10th day of March, 2005.

John J. Radshaw, III, Esquire
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

                                                                  _____
                                                                  Tiziana M. Scaccia