UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN ACZEL
    Plaintiff                                : CIVIL NO. 300 CV 1802 AWT

V.

LEONARD LABONIA
ETHAN MABLE
 and CITY OF DANBURY
    Defendants                          : MARCH 10, 2005

### **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION IN LIMINE RE: GOLDSTEIN AND PECK RETAINER AGREEMENT, AFFIDAVIT AND BILL OF COTS**

**Nature of Case:**

This is a civil rights case brought by the plaintiff, John Aczel, under 42 U.S.C. Section 1983 and under 42 U.S.C. Section 1988 alleging that his Fourth and Fourteenth Amendment rights were violated. Plaintiff alleges that he was falsely arrested and subjected to excessive force on August 10, 1999 by Defendant, Leonard Labonia and Defendant, Ethan Mable, both of whom are police officers of the City of Danbury. Plaintiff alleges that he was subjected to excessive force by Defendant police officers when, without probable cause, the police officers placed him in an unventilated police cruiser in extremely hot weather (causing him to overheat and experience severe breathing difficulties) and then subsequently repeatedly and violently struck his head, face, and body, pepper sprayed him and placed him under arrest. Plaintiff claims that Defendant police officers had a realistic opportunity to prevent use of excessive force against him but did not do so, and that

Defendant police officers denied him adequate medical care despite the obligation of police officers to provide medical treatment to persons injured by the police by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims.

Plaintiff also alleges that Defendant police officers violated the laws of the State of Connecticut. Plaintiff is suing Defendant police officers for violation of the state law tort of Assault and Battery. Plaintiff is also suing Defendant police officers for wrongfully and unlawfully confining him in the police car before assaulting him and later detaining him at the police station, all without reason, justification or authority in violation of the state law tort of False Imprisonment. Plaintiff is also suing Defendant police officers for using the criminal process against him in order to intimidate him from asserting his rights against them and in order to cover up their own wrongdoing and avoid civil and criminal liability for their own acts in violation of the state law tort of Abuse of Process.    As part of the Abuse of Process claim, Plaintiff claims that Defendant police officers arrested him for committing the crime of interfering with a police officer and breach of peace to conceal and excuse their attack on him. Plaintiff further claims that Defendant police officers further attempted to conceal their attack on him by preparing a false police report, (which they knew, and intended, would be forwarded to and relied upon by a prosecutor), and, by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims. Plaintiff is also suing

Defendant police officers for violation of the state law tort of Intentional Infliction of Emotional Distress.

The Defendant police officers deny liability. With respect to most of the claims made by Plaintiff, Defendant police officers assert that all of their actions were objectively reasonable under the circumstances.

Plaintiff claims as part of his damages that he was incarcerated for four to five hours, was required to appear in Court as an accused criminal, and was required to spend money to hire an attorney to defend himself against the false charges. Additionally, Plaintiff claims that he suffered a loss of liberty, inconvenience and humiliation, great physical pain and disability, and extreme emotional distress, with associated economic loss. Plaintiff also claims to have suffered a traumatic brain injury, traumatic labyrinthitis, a fracture of the left wrist; traumatic headaches; TMJ injury; a fractured zygomatic arch requiring surgical repair, rib injuries, and a knee injury.

II.     **Law and Argument**

Plaintiff's arguments regarding the admissibility of the Bill of Costs taxed by the Appeals Court in this case, and Order re: Bill of Costs (Plaintiffs Exhibits 63 and 64), are addressed in Plaintiff's Objection to Motion in Limine Re: the United States Court of Appeals Decision in this case, filed simultaneously herewith. The arguments made by Plaintiff in Plaintiffs Objection to Motion in Limine Re: the United States Court of Appeals Decision in this case are repeated and incorporated herein, as if more fully set forth.

"In any action or proceeding to enforce a provision of Section 1981, 1981a, 1982, 1983,

1985, and 1986 of this title ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs". 42 U.S.C.A. Section 1988. Moreover, in addition to attorney fees, there are two separate sources of authority courts use to award out-of-pocket expenses to a prevailing party in a 1983 case. See, Brown v. Gray, No 99-1134 (10$^t$ Cir 2000). "Some expenses, such as travel, may be included in the concept of attorney's fees as `incidental and necessary expenses incurred in furnishing effective and competent representation'. 122Cong. Rec.H12160 (daily ed. Oct. 1, 1976) (statement of Rep. Drinan). These expenses are thus authorized by section 1988. See, Dowdell v. City of Apopka, 698 F.2d 1181, 1190 (11th Cir. 1983) ('Reasonable attorneys' fees under [section 1988] must include reasonable expenses because attorneys' fees and expenses are inseparably intertwined as equally vital components of the costs of litigation'.) Other costs, such as interpreters' fees and stenographic fees, are incurred by third parties who are not attorneys for the case. These costs cannot reasonably be considered attorney's fees, and are instead governed by 28 U.S.C. Section 1920, the general cost statute"." Id.

  Plaintiff agrees with Defendants that the sixth and ninth circuits have articulated that "it is clear error to instruct a jury as to the potential for attorneys' fees" in a Section 1983 action. Fischer v. City of Memphis, 234 F.3d 312, 319 (6$^t$ Cir. 2000) (citing, Brooks v. Cook), 938 F.2d 1048, 1051-52 (9$^t$ Cir. 1991) (reversing for abuse of discretion a district judge's decision to instruct a jury on a Section 1988 attorneys' fees)). Plaintiff also agrees that the sixth circuit has stated that "[i]n addition, it is clearly prejudicial to instruct a jury as to the potential for attorneys'

fees when it is deciding the merits of the underlying Section 1983 action". <u>Fischer v. City of Memphis,</u> 234 F.3d at 319.

If Plaintiff receives a favorable verdict from the jury in this case, Plaintiff will file a Motion for an Award of Costs and Attorney Fees. As such, Plaintiff has disclosed to Defendants that it will submit a claim for attorney fees and costs in the post judgment proceeding. Plaintiff did not include the Affidavit and itemization of Attorney Fees and Costs in its Exhibit list in that it is premature to disclose the exhibit insofar as it is not a complete exhibit. The exhibit can not be completed until after Plaintiff has tried this case to the jury. Plaintiff had previously informed Defendants that it had no intention of submitting these exhibits to the jury but that Plaintiff has every intention of submitting these exhibits to the court after the jury renders its verdict. Defendants are also on notice that, in the post judgment proceedings, Plaintiff will submit along with the Affidavit and Itemization of Attorney Fees and Costs any other exhibit relevant and necessary for the court to consider the request for attorney fees and costs in this case.

III.    **CONCLUSION**

Based on the foregoing, the plaintiff respectfully requests that this Court deny the Defendants' Motion in Limine.

PLAINTIFF,
JOHN ACZEL

BY
   Tiziana M. Scaccia
   Goldstein and Peck, P.C.
   1087 Broad Street, P.O. Box 1538
   Bridgeport, CT 06601-1538
   (203) 334-9421
   (203) 334-6949 (fax)
   ct08713

### **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, U.S. Mail to the following counsel of record this 10th day of March, 2005

John J. Radshaw, III, Esquire
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

 

_____
Tiziana M. Scaccia

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET ∙ P.O. Box 1538 ∙ BRIDGEPORT, CT 06601-IS38 ∙ TEL. (203) 334-9421 ∙ FA< (203) 334-6949 ∙ JuRls No. 23640