UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN ACZEL
    Plaintiff                                : CIVIL NO. 300 CV 1802 AWT

V.

LEONARD LABONIA
ETHAN MABLE
 and CITY OF DANBURY
    Defendants                           : MAY 10, 2005

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION IN LIMINE RE: INTERROGATORIES RESPONSES OF THE CITY OF DANBURY**

I.    **Nature of Case:**

This is a civil rights case brought by the plaintiff, John Aczel, under 42 U.S.C. Section 1983 and under 42 U.S.C. Section 1988 alleging that his Fourth and Fourteenth Amendment rights were violated. Plaintiff alleges that he was falsely arrested and subjected to excessive force on August 10, 1999 by Defendant, Leonard Labonia and Defendant, Ethan Mable, both of whom are police officers of the City of Danbury. Plaintiff alleges that he was subjected to excessive force by Defendant police officers when, without probable cause, the police officers placed him in an unventilated police cruiser in extremely hot weather (causing him to overheat and to begin experiencing breathing problems) and then subsequently repeatedly and violently struck his

head, face, and body, pepper sprayed him and placed him under arrest. Plaintiff claims that Defendant police officers had a realistic opportunity to prevent use of excessive force against him but did not do so, and that Defendant police officers denied him adequate medical care despite the obligation of police officers to provide medical treatment to persons injured by the police by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims.

Plaintiff also alleges that Defendant police officers violated the laws of the State of Connecticut. Plaintiff is suing Defendant police officers for violation of the state law tort of Assault and Battery. Plaintiff is also suing Defendant police officers for wrongfully and unlawfully confining him in the police car before assaulting him and later detaining him at the police station, all without reason, justification or authority in violation of the state law tort of False Imprisonment. Plaintiff is also suing Defendant police officers for using the criminal process against him in order to intimidate him from asserting his rights against them and in order to cover up their own wrongdoing and avoid civil and criminal liability for their own acts in violation of the state law tort of Abuse of Process. As part of the Abuse of Process claim, Plaintiff claims that Defendant police officers arrested him for committing the crime of interfering with a police officer and breach of peace to conceal and excuse their attack on him.

Plaintiff further claims that Defendant police officers further attempted to conceal their attack on him by preparing a false police report, (which they knew, and intended, would be forwarded to and relied upon by a prosecutor), and, by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims. Plaintiff is also suing Defendant police officers for violation of the state law tort of Intentional Infliction of Emotional Distress.

The Defendant police officers deny liability. With respect to most of the claims made by Plaintiff, Defendant police officers assert that all of their actions were objectively reasonable under the circumstances.

Plaintiff claims as part of his damages that he was incarcerated for four to five hours, was required to appear in Court as an accused criminal, and was required to spend money to hire an attorney to defend himself against the false charges. Additionally, Plaintiff claims that he suffered a loss of liberty, inconvenience and humiliation, great physical pai and disability, and extreme emotional distress, with associated economic loss. Plaintiff also claims to have suffered a traumatic brain injury, traumatic labyrinthitis, a fracture of the left wrist; traumatic headaches; TMJ injury; a fractured zygomatic arch requiring surgical repair, rib injuries, and a knee injury.

## II.     Law and Argument

Federal Rules of Civil Procedure Rule 33 states in relevant part, "(c) Scope; Use at Trial.

Interrogatories may relate to any matters which can be inquired into under Rule 26 (b)(1), and the answers may be used to the extent permitted by the rules of evidence".

In this case, Plaintiff seeks to introduce The City of Danbury's Responses to Interrogatories and Requests for Production, but only if the circumstances at the trial of this matter dictate the introduction of this exhibit. If it becomes necessary to introduce this exhibit at the time of the trial of this matter plaintiff will offer the exhibit and demonstrate the provisions of the Federal Rules of Evidence that would allow the use of the City of Danbury's discovery responses.

For example, if the City of Danbury is unavailable to testify and circumstances during the trial of this matter dictate the use of its former testimony, then Plaintiff will seek to introduce the City of Danbury's former testimony given in its discovery responses under "Rule of Evidence 804(b)(1) [which] carves out an exception to the hearsay prohibition when a witness is unavailable for testimony: it permits the inclusion of a statement given by a witness in another proceedings so long as the party 'had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination'. Fed. R. Evid. 804 (b)(1). " <u>Shanklin vs. Norfolk Southern Railway Co.,</u> No. 01-6449 *(6th' Cir. 5/27/2004)*.

Depending on circumstances presented at the time of trial, the City of Danbury's discovery responses may also qualify as admission of prior statement by witness, under Federal

Rule 801. Federal Rule 801 (1) entitled "Statements Which Are Not Hearsay" provides that prior statement by a witness is not hearsay if "The declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement, is (A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty of perjury at trial, hearing, or other proceeding, or in a deposition, or (B) consistent with the delcarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence, or (C) one of identification of a person made after perceiving the person".

Defendants do not object to Plaintiff use of the Interrogatory Responses of the City of Danbury for purposes of impeachment and therefore, Plaintiff will not further address the use of the discovery for purposes of impeachment.

However, the discovery responses of the City of Danbury are also admissible if during the trial of this matter, there is a charge of recent fabrication or improper influence, then the City of Danbury's responses to Discovery are admissible under Federal Rules of Evidence 801 (1) (B), to rebut the charge.

Moreover, in the written discovery the City of Danbury was requested to produce Defendants' personnel file. Although the City of Danbury failed to produce Defendants' entire personnel file in response to discovery, Plaintiff will subpoena the entire personnel files of Defendants to Court at the trial of this matter. Since Plaintiff is seeking punitive damages

against Defendants, the financial situation of Defendants is admissible. Thus, the personnel file of Defendants are admissible to show their financial situation. See <u>Disorbo v. Hoy,</u> 343, F.3d 172 ($2n^d$ Cir. 2003). "[O]ne purpose of punitive damages is deterrence, and that deterrence is directly related to what people can afford to pay."    See <u>Disorbo v. Hoy,</u> 343, F.3d 172 (2nd Cir. 2003) and citations therein.

The City of Danbury's responses to Discovery are also admissible for reasons set forth in Plaintiff's Objection to Motion in Limine re: City of Danbury Police Rules, Regulations, Policies, Code of Conduct, Police Directives and General Orders and Plaintiff's Objection to Motion in Limine re: Defendants' Motion in Limine Re: Other Conduct and Citizen Complaints, which are incorporated herein by reference, as if more fully set forth.

III.    **<u>CONCLUSION</u>**

Based on the foregoing, the plaintiff respectfully requests that this Court deny the Defendants' Motion in Limine. Plaintiff requests that the Court allow the entry of the City of Danbury's discovery responses. In the alternative, Plaintiff requests that it be allowed, if necessary, to introduce Plaintiffs responses to discovery at the trial of this matter, upon a showing that a particular provision of the Federal Rules of Evidence will allow the introduction of this exhibits into evidence.

PLAINTIFF,
JOHN ACZEL

BY
    Tiziana M. Scaccia
    Goldstein and Peck, P.C.
    1087 Broad Street, P.O. Box 1538
    Bridgeport, CT 06601-1538
    (203) 334-9421
    (203) 334-6949 (fax)
    ct08713

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. Box 1538 • BRIDGEPORT. CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURS No. 23640

**CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, U.S. Mail to the following counsel of record this $10^{0'}$ day of March, 2005.

John J. Radshaw, III, Esquire
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

 

_____
Tiziana M. Scaccia