UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN ACZEL
  Plaintiff                                      : CIVIL NO. 300 CV 1802 AWT

V.

LEONARD LABONIA
ETHAN MABLE
  and CITY OF DANBURY
    Defendants                                : MARCH 10, 2005

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS MOTION IN LIMINE RE: UNITED STATES COURT OF APPEALS DECISIONS IN THIS CASE AND BILL OF COSTS**

I.    **Nature of Case:**

This is a civil rights case brought by the plaintiff, John Aczel, under 42 U.S.C. Section 1983 and under 42 U.S.C. Section 1988 alleging that his Fourth and Fourteenth Amendment rights were violated. Plaintiff alleges that he was falsely arrested and subjected to excessive force on August 10, 1999 by Defendant, Leonard Labonia and Defendant, Ethan Mable, both of whom are police officers of the City of Danbury. Plaintiff alleges that he was subjected to excessive force by Defendant police officers when, without probable cause, the police officers placed him in an unventilated in extremely hot weather (which caused him to overheat and suffer severe breathing difficulties) police cruiser and then subsequently repeatedly and violently struck his head, face, and body, pepper sprayed him and placed him under arrest. Plaintiff claims that Defendant police officers had a realistic opportunity to prevent use of excessive force against him but did not

do so, and that Defendant police officers denied him adequate medical care despite the obligation of police officers to provide medical treatment to persons injured by the police by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims.

Plaintiff also alleges that Defendant police officers violated the laws of the State of Connecticut. Plaintiff is suing Defendant police officers for violation of the state law tort of Assault and Battery. Plaintiff is also suing Defendant police officers for wrongfully and unlawfully confining him in the police car before assaulting him and later detaining him at the police station, all without reason, justification or authority in violation of the state law tort of False Imprisonment. Plaintiff is also suing Defendant police officers for using the criminal process against him in order to intimidate him from asserting his rights against them and in order to cover up their own wrongdoing and avoid civil and criminal liability for their own acts in violation of the state law tort of Abuse of Process. As part of the Abuse of Process claim, Plaintiff claims that Defendant police officers arrested him for committing the crime of interfering with a police officer and breach of peace to conceal and excuse their attack on him. Plaintiff further claims that Defendant police officers further attempted to conceal their attack on him by preparing a false police report, (which they knew, and intended, would be forwarded to and relied upon by a prosecutor), and, by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims.

Plaintiff is also suing Defendant police officers for violation of the state law tort of Intentional Infliction of Emotional Distress.

The Defendant police officers deny liability. With respect to most of the claims made by Plaintiff, Defendant police officers assert that all of their actions were objectively reasonable under the circumstances.

Plaintiff claims as part of his damages that he was incarcerated for four to five hours, was required to appear in Court as an accused criminal, and was required to spend money to hire an attorney to defend himself against the false charges. Additionally, Plaintiff claims that he suffered a loss of liberty, inconvenience and humiliation, great physical pain and disability, and extreme emotional distress, with associated economic loss. Plaintiff also claims to have suffered a traumatic brain injury, traumatic labyrinthitis, a fracture of the left wrist; traumatic headaches; TMJ injury; a fractured zygomatic arch requiring surgical repair, rib injuries, and a knee injury.

II.     **Law and Argument**

Compensatory damages represent a sum of money that will fairly and adequately and reasonably compensate a person for the harm or injuries proximately caused by another's conduct. . Bracey v. Board of Education of City of Bridgeport, 03-7094 ($2n^d$ Cir. 2004). Any dollar loss can be considered such as lost wages, as well as any reasonable amount to compensate a plaintiff for any emotional pain, personal humiliation, impairment of reputation, embarrassment, or other suffering which the jury finds that a plaintiff suffered as a result of the unlawful conduct of a defendant. Id.

There must be evidence to establish compensatory damages with at least a reasonable degree of certainty. Id.

In this case, the United States Court of Appeals, in its decision rendered on February 12, 2004, specifically ordered Defendants to pay Plaintiffs costs for the Appeal. In footnote one of the decision, the Court states "We find that the defendants-appellants- brief, which improperly and persistently presents the facts in the light most favorable to them rather than in light most favorable to the plaintiff, as summary judgment requires, makes an award of cots to the prevailing plaintiff appellee appropriate". See a copy of the decision attached hereto.    The United States Court of Appeals repeated it order in the main body of its decision by stating "Further, defendants-appellants are ORDERED to pay the plaintiff-appellee's costs. See a copy of the decision attached hereto. Plaintiff submitted a Bill of Costs on March 10, 2004 to the United States Court of Appeals and the Court of Appeals taxed costs in the amount of $190.40 on April 1, 2004. To date, Defendants have failed to pay Plaintiffs costs that were taxed on April 1, 2004. Thus, costs incurred by Plaintiff in the appeal are a proper element of damages in the instant case. Compensatory damages represent a sum of money that will fairly and adequately and reasonably compensate a person for the harm or injuries proximately caused by another's conduct.    <u>Bracey v. Board of Education of City of Bridgeport,</u> 03-7094 ($2^{Rd}$ Cir. 2004).   The award to Plaintiff of costs in defending the appeal, in this case, are an out-of-pocket loss to the Plaintiff and can be considered in the jury's determination of compensatory damages. Since there must be evidence to establish compensatory damages with at least a reasonable degree of certainty <u>Id,</u> a certified copy of the Untied States Court of Appeals

decision, referenced as Plaintiffs Exhibit 64, and a certified copy of the Bill of Costs that were taxed on April 1, 2004, referred to in Plaintiffs Exhibit 63, are admissible in this case toward the issue of damages.

Moreover, Federal Rules of Evidence 902, entitled "Self-Authentication", provides

"Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
(4) Certified copies of Public Records. A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded and filed in a public office, including data compilations in any form, certified as correct by the custodian or to her person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority."

Indeed under the Federal Rules of Evidence, a certified copy of the Judgment of the Second Circuit Court of Appeals and the taxed Bill of Costs in this case, are admissible as self-authenticating documents.

The Court can also take judicial notice of the decision of the United States Court of Appeals and the certified copy of the taxed Bill of Costs under Federal Rule 210.

Federal Rule 201, entitled "Judicial Notice of Adjudicative Facts", provides as follows:

**(a) Scope of rule.**

This rule governs only judicial notice of adjudicative facts.

**(b) Kinds of facts.**

A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

**(c) When discretionary.**

A court may take judicial notice, whether requested or not.

**(d) When mandatory.**

A court shall take judicial notice if requested by a party and supplied with the necessary information.

**(c) Opportunity to be heard.**

A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed, In the absence of prior notification, the request may be made after judicial notice has been taken.

**(f) Time of taking notice.**

Judicial notice may be taken at any stage of the proceeding.

**(g) Instructing jury.**

In a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed. In a criminal case, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed.

Thus, a certified copy of the decision in the United States Court of Appeals and the taxed bill of costs, are both relevant and material to the issue of damages. The exhibits are self-authenticating under Federal Rule 902. These exhibits are also admissible under Federal Rule 201.

III.     **CONCLUSION**

Based on the foregoing, the plaintiff respectfully requests that this Court deny the Defendants' Motion in Limine, and allow the plaintiff to introduce a certified copy of the United States Court of Appeals Decision in this case as well as a certified copy of the Bill of Costs filed

and taxed by the United States Court of Appeals.

          PLAINTIFF,
          JOHN ACZEL

BY_____
          Tiziana M. Scaccia
          Goldstein and Peck, P.C.
          1087 Broad Street, P.O. Box 1538
          Bridgeport, CT 06601-1538
          (203) 334-9421
          (203) 334-6949 (fax)
          ct08713

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, U.S. Mail to the following counsel of record this 10th day of March, 2005

John J. Radshaw, III, Esquire
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

                                                          _____
                                                          Tiziana M. Scaccia

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 12th day of February, two thousand and four.

PRESENT:
        HON. PIERRE N. LEVAL,
        HON. SONIA SOTOMAYOR,
        HON. RICHARD C. WESLEY,
        *Circuit Judges.*

JOHN ACZEL,

    *Plaintiff-Appellee,*

  v.                                                                  No. 03-7414

LEONARD LABONIA and ETHAN MABLE,

    *Defendants-Appellants.*

Appearing for Appellants:    THOMAS R. GERARDE, (John J. Radshaw, III, and Jay T. DonFrancisco, *on the brief),* Howd & Ludort Hartford, CT.

Appearing for Appellee:    TIZLANA M. SCACCIA, Goldstein and Peck, Bridgeport, CT.

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, J.), it is hereby ORDERED, ADJUDGED AND DECREED that the judgment is AFFIRMED.

Defendants-appellants Leonard Labonia and Ethan Mable ("Labonia" and "Mable," or together, "the officers"), two police officers for the City of Danbury, Connecticut, appeal from an order of the United States District Court for the District of Connecticut (Thompson, J.), denying, in part, their motion for summary judgment in this suit alleging that the officers beat, arrested, and pursued criminal charges against plaintiff John Aczel ("Aczel") without cause or legal justification. As to the plaintiff's claims of false arrest, excessive force, and abuse of process brought under 42 U.S.C. § 1983, the district court found that the existence of many disputed issues of fact precluded a finding that defendants were entitled to qualified immunity as a matter of law. In this appeal, Labonia and Mable urge us to find that,. with respect to those claims, "no reasonable jury ... could conclude that it was objectively unreasonable" for the officers to believe that they were "acting in a fashion that did not clearly violate an established federally protected right." *Lennon v. Miller,* 66 F.3d 416, 420 (2d Cir. 1995) (citation and quotation marks omitted).

Familiarity with the events giving rise to this action is presumed.

"Ordinarily, 'the denial of a motion for summary judgment is not immediately appealable because such a decision is not a final judgment."'' *Cowan ex rel. Estate of Cooper v. Breen,* 352 F.3d 756, 760 (2d Cir. 2003) (quoting *O'Bert ex rel. Estate of O'Bert v. Vargo,* 331 F.3d 29, 38 (2d Cit. 2003)). An interlocutory appeal from a district court's denial of a defendant's motion for summary judgment on the basis of qualified immunity, however, can be taken "because, as the Supreme Court has emphasized, the qualified immunity issue should be resolved early in the proceedings since qualified immunity protects an officer from suit." Id. (citing Saucier v. Katz, 533 U.S. 194, 200 (2001)). That said, this Court will only have "jurisdiction over the appeal to the extent it is based on either the undisputed facts or the version of the facts presented by [the plaintiff], and we will disregard any disputed facts or facts that contradict [the plaintiffs] version of the events." *Id.* at 761 (citing *O'Bert,* 331 F.3d at 39).

Aczel argues that because the material facts identified by the district court remain in dispute, we lack jurisdiction to bear the officers' appeal. We disagree. Accepting the undisputed facts and, where disputed, the version most favorable to the plaintiff, we conclude that defendants are not entitled to summary judgment on qualified immunity grounds because on that version of the facts plaintiff invokes constitutional rights that were clearly established at the time of the event. *See Id.* at 761.

At the outset, we note that, rather than accept the plaintiffs version of events, counsel for the officers bas submitted a brief on appeal that is glaringly "replete with [their] own

versions of the events.'"  *O'Bert,* 331 F.3d at 38. Thus, for example, defendants maintain that Aczel was resisting arrest and possibly grabbing for Labonia's weapons, and argue that they are entitled to qualified immunity on Aczel's claim of excessive force'- because they acted reasonably in applying only the minimal force necessary to subdue him. Aczel, however, testified in his deposition that he offered no resistance and that the officers nevertheless kicked him repeatedly about the body and sprayed him in the face with pepper spray.'

Furthermore, Aczel's across-the-street neighbor, David Fesh, testified in his deposition that he witnessed the events, but saw nothing in Aczel's conduct that warranted a violent response from the officers. Specifically, Fesh testified that when Aczel got out of the back of the police car, Labonia turned him around to face the car, placed him in handcuffs, and then punched Aczel in the head. Fesh stated that Aczel and the officer thereafter fell to the ground on the side of the police car that was obstructed from his view, but he heard Aczel screaming.  When next Fesh was able to see Aczel, Aczel was hunched in a ball on the ground. Although Fesh did not see Aczel resisting or attempting to flee, he beard Labonia tell Aczel to "stop resisting" and saw Labonia "mace" Aczel by spraying something in his face. After the incident, Fesh told the police what he had observed and complained that, in his opinion, the officer used unnecessary force.

Although a jury ultimately could reject Aczel's account of what transpired in favor of the officers', "[w]here the circumstances are in dispute, and contrasting accounts ... present factual issues as to the degree of force actually employed and its reasonableness, a defendant is not entitled to judgment as a matter of law on a defense of qualified immunity." *Mickle v. Morin,* 297 F.3d 114, 122 (2d Cir. 2002) (alteration in original; citation and quotation marks omitted). Here, "the parties have provided conflicting accounts as to [who] initiated the use of force, how much force was used by each, and whether [the arrestee] was reaching toward" the officer's weapon. *Robison v. Via,* 821 F.2d 913, 924 (2d Cir. 1987).

---

' We find that the defendants-appellants' brief, which improperly and persistently presents the facts in the light most favorable to them rather than in the light most favorable to the plaintiff, as summary judgment requires, makes an award of costs to the prevailing plaintiff-appellee appropriate.

[2] We note that at oral argument, Aczel conceded that his claim of excessive force is brought pursuant to the Fourth, as opposed to the Fourteenth, Amendment

' Appellants argued, in a footnote of their brief on appeal and at oral argument, that Officer Mable is entitled to qualified immunity on Aczel's claim of excessive force, because there is insufficient evidence to implicate Officer Mable in the alleged beating. Appellants, however, must direct that sufficiency of the evidence claim to the district court on remand, as "we have repeatedly ruled that arguments presented to us only in a footnote are not entitled to appellate consideration." *Universal City Studios, Inc. v. Carley,* 273 F.3d 429, 445 (2d Cir. 2001).

3

With regard to the defendants' claim of qualified immunity on plaintiff's claim of false imprisonment, factual disputes likewise persist as to the "pivotal issue" of probable cause. *See Boyd v. City of New York,* 336 F.3d 72, 75 (2d Cir. 2003). Defendants contend that Labonia had both probable cause to arrest and reasonable suspicion to detain Aczel, based on his personal observations of Aczel shouting obscenities, and on the fact that while he was interviewing two of Aczel's female tenants simultaneously, the tenants told him that Aczel had sexually assaulted them in the past. Aczel, however, denied having yelled in Labonia's presence, and one of the tenants, Veronica DeRosa Stefano, denied in her deposition that any such accusation had been made during Labonia's interview. Defendants simply have "not established that no genuine issue of material fact exists as to whether [the officers] reasonably believed that [they] had probable cause to arrest" or reasonable suspicion sufficient for an investigatory stop. *Cuny v. City of Syracuse,* 316 F.3d 324, 337 (2d Cir. 2003).

Despite the myriad of disputed factual issues, defendants argue that we should nevertheless vacate the judgment of the district court on the ground that the district court's purported failure to conduct the full analysis set forth in *Saucier v. Katz,* 533 U.S. 194, 200 (2001), amounts to reversible error. Although it might have been helpful for the district court to be more explicit, the court's denial of the motion was necessarily based on a conclusion in plaintiffs favor as to both the existence of the right and the fact that it was clearly established at the time. *See Cowan,* 352 F.3d at 765. We therefore see no basis for reversal.

Finally, appellants have not identified in their brief any independent reason that they are entitled to qualified immunity as a matter of law on plaintiff's abuse of process claim, arguing instead that their arguments made in support of their other claims "appl[y] equally" to the abuse of process claim." As we have concluded that defendants have asserted no meritorious argument as to why - at this time - they are entitled to qualified immunity on the claims of excessive force and false imprisonment, we conclude that defendants have offered us no basis upon which to reverse the district court's denial of qualified immunity on the abuse of process claim.

---

" At oral argument, appellants argued that they are entitled to qualified immunity on the abuse of process claim because Aczel has failed to make out such a claim as a matter of law. *Cf. Savino v. City of New York,* 331 F.3d 63, 77 (2d Cir. 2003) (rejecting plaintiffs abuse of process claim, brought under New York law, for failing to show that defendants acted with improper purpose, as opposed to merely an improper motive); *Suffield Dev. Assocs. Ltd. P'ship v. Nat'l Loan Investors, L.P.,* 802 A.2d 44, 48 (Conn. 2002) ("[T]he gravamen of the action for abuse of process is the use of a legal process ... against another *primarily* to accomplish a purpose for which it is not designed.") (quoting *Mozzochi v. Beck,* 529 A.2d 171, 173 (Conn. 1987) (emphasis and alteration in original)). Because the issue was not adequately briefed, however, any argument in this regard also must be addressed to the district court on remand. *See Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir. 1998).

4

Having found that material issues of fact regarding the defendants' entitlement to qualified immunity remain in dispute, the judgment is AFFIRMED. We REMAND to the district court for further proceedings. Further, defendants-appellants are ORDERED to pay the plaintiff-appellee's costs.

                                                    FOR THE COURT:
                                                    ROSEANNE B. MACKECHNIE, Clerk


                                                    By: LUCILLE CARR, Deputy Clerk

5