UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN ACZEL<br>    Plaintiff | :<br>: CIVIL NO. 300 CV 1802 AWT |
| V. | : |
| LEONARD LABONIA<br>ETHAN MABLE | :<br>: |
|     Defendants | :<br>: MARCH 10, 2005 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS'MOTION IN LIMINE RE: MAGAZINE ARTICLES; VIDEO; BOOKS; AND NEWSPAPER ARTICLES**

**I.   Nature of Case:**

This is a civil rights case brought by the plaintiff, John Aczel, under 42 U.S.C. Section 1983 and under 42 U.S.C. Section 1988 alleging that his Fourth and Fourteenth Amendment rights were violated. Plaintiff alleges that he was falsely arrested and subjected to excessive force on August 10, 1999 by Defendant, Leonard Labonia and Defendant, Ethan Mable, both of whom are police officers of the City of Danbury. Plaintiff alleges that he was subjected to excessive force by Defendant police officers when, without probable cause, the police officers placed him in an unventilated police cruiser in extremely hot weather (causing him to overheat and to experience breathing difficulties) and then subsequently repeatedly and violently struck his head, face, and body, pepper sprayed him and placed him under arrest. Plaintiff claims that Defendant police officers had a realistic opportunity to prevent use of excessive force against him but did not do so, and that Defendant police officers denied him

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL (203) 334-9421 • FAX (203) 334-6949 • JURIS No. 23640

adequate medical care despite the obligation of police officers to provide medical treatment to persons injured by the police by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims.

Plaintiff also alleges that Defendant police officers violated the laws of the State of Connecticut. Plaintiff is suing Defendant police officers for violation of the state law tort of Assault and Battery. Plaintiff is also suing Defendant police officers for wrongfully and unlawfully confining him in the police car before assaulting him and later detaining him at the police station, all without reason, justification or authority in violation of the state law tort of False Imprisonment. Plaintiff is also suing Defendant police officers for using the criminal process against him in order to intimidate him from asserting his rights against them and in order to cover up their own wrongdoing and avoid civil and criminal liability for their own acts in violation of the state law tort of Abuse of Process. As part of the Abuse of Process claim, Plaintiff claims that Defendant police officers arrested him for committing the crime of interfering with a police officer and breach of peace to conceal and excuse their attack on him. Plaintiff further claims that Defendant police officers further attempted to conceal their attack on him by preparing a false police report, (which they knew, and intended, would be forwarded to and relied upon by a prosecutor), and, by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

did not perform any tests to confirm such claims. Plaintiff is also suing Defendant police officers for violation of the state law tort of Intentional Infliction of Emotional Distress.

The Defendant police officers deny liability. With respect to most of the claims made by Plaintiff, Defendant police officers assert that all of their actions were objectively reasonable under the circumstances.

Plaintiff claims as part of his damages that he was incarcerated for four to five hours, was required to appear in Court as an accused criminal, and was required to spend money to hire an attorney to defend himself against the false charges. Additionally, Plaintiff claims that he suffered a loss of liberty, inconvenience and humiliation, great physical pain and disability, and extreme emotional distress, with associated economic loss. Plaintiff also claims to have suffered a traumatic brain injury, traumatic labyrinthitis, a fracture of the left wrist; traumatic headaches; TMJ injury; a fractured zygomatic arch requiring surgical repair, rib injuries, and a knee injury.

## II.    Law and Argument

Federal Rules of Evidence 104 (a) entitled "Questions of Admissibility Generally", provides that "<u>Preliminary questions concerning</u> (emphasis added) the qualification of a person to be a witness, the existence of a privilege, or <u>the admissibility of evidence shall be determined by the court</u>, (emphasis added) subject to the provisions of subdivision (b). In making its determination it is not bound by the rules of evidence except those with respect to privileges".

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

Federal Rule of Evidence 104(e) entitled "Weight and Credibility" also states "This rule does not limit the right of a party to introduce before the jury evidence relevant to weight or credibility".

"All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Federal Rule of Evidence 402.

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801. Hearsay is inadmissible except as provided by the Federal Rules of Evidence, rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress". Fed. R. Evid. 802.

Federal Rules of Evidence 807 provides for a residual exception to the hearsay rule. "A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purpose of these rules and the interests of justice will best be served by admission of the statement into evidence." Federal Rule of Evidence 807.

Federal Rule 902 provides that "Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:…… (6) Newspapers and Periodicals. Printed materials purporting to be newspapers or periodicals."

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

Compensatory damages represent a sum of money that will fairly and adequately and reasonably compensate a person for the harm or injuries proximately caused by another's conduct. .Bracey v. Board of Education of City of Bridgeport, 03-7094 (2nd Cir. 2004). Any dollar loss can be considered such as lost wages, as well as any reasonable amount to compensate a plaintiff for any emotional pain, personal humiliation, impairment of reputation, embarrassment, or other suffering which the jury finds that a Plaintiff suffered as a result of the unlawful conduct of a defendant. Id. There must be evidence to establish compensatory damages with at least a reasonable degree of certainty. Id.

In a Section 1983 action, damages may include not only out-of-pocket loss and other monetary harms, but also such injuries as impairment to reputation…personal humiliation, and mental anguish and suffering and mental and emotional distress. Allah v. Al-Hafeez, 226 F.3d 247, 250 (3d Cir. 2000); Memphis Community Sch. Dist. v. Stachura, 477 U.S. 299, 307 (1986); Gansert V. State of Colorado, 03-F-1327 (Colo. 2004); Gertz v. Robert Welch, Inc., 418 U.S. 323, 350, 94 S.Ct. 2997, 3012, 41 L.Ed. 2d 789 (1974); Irish Lesbian and Gay Organization vs. Giuliani, 143 F.3d 638 (2nd Cir. 1997).

Plaintiff seeks to introduce magazines, articles; video, books, and newspaper articles, which portray the restaurant owned by Plaintiff, "The Goulash Place". The Goulash Place is the situs of the incident which is the subject of this lawsuit. The incident took place at just about the time of day when patrons of the restaurant began to appear for dinner at the restaurant. One of the articles, featuring the Goulash Place, which appears in the Gourmet magazine, Exhibit 13,

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

states "Many a chef would give his or her right arm to be written up in the Gourmet magazine. It's an elite publication hostesses leave out in obvious places to make a statement, 'I like the good things in life'." The magazines, articles; video, books, and newspaper articles discuss how Plaintiff, John Aczel (hereinafter "Aczel") and his wife Magdi, have owned and operated the restaurant for 25 years. They discuss the humble beginnings of the Aczels who escaped from Hungary in 1971, because they did not want to join the communist party, and who have made their humble dining room a real "family" restaurant. They discuss how the "[o]ne reason that it's easy to feel at home at The Goulash Place is because it actually is John and Magdola Aczel's home. They live upstairs, and they are the staff." Exhibit 16. These exhibits discuss how the Aczels greet and take time to personally speak to each customer. The exhibits also discuss that the restaurant has been written up in various books such as "Road food" and "Where to eat in CT". The exhibits also discuss the fact that the restaurant was filmed for a series on the "Food Network" (this series is featured in the video, which is also an exhibit). The exhibits discuss how Aczel worked hard in this country to accomplish something. The exhibits portray the Aczels as taking pride in their work. The exhibits also discuss the fact that Aczel's 95 year old mother lives with Plaintiff and cooks and bakes for the restaurant. The exhibits discuss how Plaintiff receives telephone calls from people all over the country regarding the "The Goulash Place". The exhibits discuss and show that Aczel has been the subject of many newspaper stories and has been noted in the New Yorker magazine. The exhibits also discuss meager menu prices and menu items. Exhibits 13-17 are attached hereto.

6

In this case, Plaintiff does not seek to introduce magazine articles; video, books, and newspaper articles to prove the truth of the matters contained therein but, rather, to prove the state of mind of Plaintiff during and after the attack by the police. Thus, these exhibits are not hearsay. Plaintiff is not seeking to prove that what was reported was actually true. Rather, Plaintiff seeks to introduce the magazine articles, video, books, and newspaper articles toward the issues of damages, and in particular toward the issues of personal humiliation, and mental anguish and suffering and mental and emotional distress. Aczel was attacked by the police as the restaurant patrons were arriving for diner. Aczel was attacked by the police in the presence of his 95 year old mother and also in the presence of the co-owner of the restaurant, his wife. Plaintiff claims that he suffered great personal humiliation and emotional distress at having been falsely arrested and beaten in the situs of the restaurant (that he worked so hard to establish a reputation) and in the presence of his patrons. As such, the magazine articles; video, books and newspaper articles are not inadmissible hearsay and are relevant and material on the issue of personal humiliation, mental anguish and suffering and emotional distress. Publicly available information as well as Plaintiff's personal history is relevant [also] to the issue of reputation damages. See, Condit v. Dunne, No., 02 Civ 9910 (S.D.N.Y. 2004).

The exhibits, the magazine articles, video, books, and newspaper articles, are also relevant to the issues of weight and credibility regarding the personal humiliation, mental anguish and suffering, and emotional distress claimed by Plaintiff. As such they are admissible

7

under Federal Rules of Evidence 104 and 402. These exhibits are also admissible under Federal Rules of Evidence 807 and 902.

Defendants argue that Rule 404(a) excludes evidence of a person's character when offered to prove action in conformity therewith on a particular occasion, and Rule 404(b) excludes evidence of other crimes or bad acts when offered to prove character in order to show action in conformity therewith. Fed. R.. Evid. 404. Defendants reliance on Fed. R. Evid. 404(a) is wholly misplaced. Federal Rules of Evidence 404(a) is inapplicable in this case in that it is expressly limited to criminal actions. Although Federal Rule of Evidence 404(b) applies to civil cases, it is inapplicable in this case because Plaintiff is not offering any evidence of a Plaintiff's misdeeds. Moreover, under Rule 404 (b) the focus is on the conduct of a person. Plaintiff is not seeking to introduce these exhibits to show that Plaintiff did or did not engage in conduct that the Defendants in this case claim brought about the incident in question. Indeed, Defendants reliance on Rule 404(a) and 404(b) is misplaced.

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS No. 23640

### III. CONCLUSION

Based on the foregoing, the plaintiff respectfully requests that this Court deny the Defendants' Motion in Limine, and allow the plaintiff to introduce, the magazine articles, video, books, and newspaper articles, at trial.

> PLAINTIFF,
> JOHN ACZEL
>
> BY _____
> Tiziana M. Scaccia
> Goldstein and Peck, P.C.
> 1087 Broad Street, P.O. Box 1538
> Bridgeport, CT 06601-1538
> (203) 334-9421
> (203) 334-6949 (fax)
> ct08713

9

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, U.S. Mail to the following counsel of record this 10th day of March, 2005

John J. Radshaw, III, Esquire
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

_____
Tiziana M. Scaccia

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS No. 23640

EXHIBIT 13:

Only relevant sections of this article were copied. However, the entire article will be introduced into evidence. The original can be examined by Defendants at the offices of Goldstein and Peck, P.C., 1087 Broad Street, Bridgeport, CT. Please call to schedule an appointment in advance of the examination.