UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN ACZEL<br>   Plaintiff | : CIVIL NO. 300 CV 1802 AWT |
| V. | |
| LEONARD LABONIA<br>ETHAN MABLE<br> and CITY OF DANBURY<br>   Defendants | : MARCH 21, 2005 |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MEMORANDUM IN OPPOSTION TO PLAINTIFF'S MOTION IN LIMINE RE: MAP/DIAGRAM OF LOCATION OF INCIDENT

The Plaintiff in the above matter respectfully responds to Defendants' Memorandum in Opposition To Plaintiff's Motion in Limine Re: Map/Diagram of Location of Incident (hereinafter "Memo in Opposition"), as follows:

1. To date, Defendants have failed to produce the document they are purporting to use at trial to Plaintiff. See Page 3 of the Memo in Opposition.

2. Defendants admit in their Memo in Opposition, at page 3, that they have not yet located and/or identified the document they intend to use at trial. In fact, the Defendants admit that they are currently seeking to review official maps on file with the City of Danbury to select a map or diagram to use at trial.

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS No. 23640

3. This Court can not blindly allow Defendants to use a document at trial, without the benefit of knowing the identity of the document defendants are purportedly attempting to introduce at trial and without giving Plaintiff the benefit to review the document and object to the exhibit. Plaintiff may have additional objections to the proposed map/diagram regarding the location of the incident upon inspection of the proposed map/diagram but can not intelligently make the objection insofar as Defendants have not identified or produced the document they are attempting to use at trial.

4. The deadline set by the court to exchange exhibits was January 10, 2005.

5. Defendants have failed to abide by the Court's order by failing to exchange this document (re: the Map/Diagram of Location of Incident) by the Court ordered deadline. It is prejudicial to Plaintiff to allow Defendants to introduce, (after the deadline to exchange exhibits expired), at trial a document that was not produced to Plaintiff. The Defendants have flouted not only our liberal discovery rules but also the district court's order compelling production of exhibits by January 10, 2005. There is no excuse for such obstructionist tactics. If Defendants attempt to produce this document at trial it will be a trial by ambush.

6. This court has already allowed Defendants much liberty. The Court allowed

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

Defendants to disclose their one expert, Dr. Joseph Muratori, 'long' after the deadline to disclose experts had expired. Defendants now seek to introduce at trial a document that was to be produced to Plaintiff on January 10, 2005, but has not been produced to Plaintiff, despite the passage of three months since that deadline expired. Defendants are also attempting to disclose an additional expert, Robert B. Cox (See Disclosure of Expert Witnesses dated March 7, 2005), long after the deadline for both discovery and the deadline to disclose experts has expired. It is unfair and prejudicial to Plaintiff for the Court to continue to allow Defendants to ignore deadlines in this case to the detriment of Plaintiff. If the Court allows Defendants once again to ignore the court's deadline, then it would only be fair that Plaintiff should be allowed to introduce any other exhibits, documents, and/or experts that Plaintiff did not disclose and/or produce to date. Plaintiff may need to present a document in response to the map/diagram (i.e. their own map/diagram) that Defendants purport to introduce at trial to either respond to or contradict the information on the map/diagram purported to be used by Defendants or to aid the testimony of Plaintiff's witnesses. Plaintiff may also wish to present expert testimony regarding some aspect of the map/diagram that Defendants are purporting to introduce at trial. This court's discovery deadline

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

and all other deadlines will be rendered a nullity if the Court allows Defendants once again to flout the deadlines set by the Court.

PLAINTIFF,
JOHN ACZEL

BY _____
Tiziana M. Scaccia
Goldstein and Peck, P.C.
1087 Broad Street, P.O. Box 1538
Bridgeport, CT 06601-1538
(203) 334-9421
(203) 334-6949 (fax)
Ct08713

### CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, U.S. Mail to the following counsel of record this 21st day of March, 2005.

John J. Radshaw, III, Esquire
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

_____
Tiziana M. Scaccia