UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN ACZEL<br>    Plaintiff | : <br>: CIVIL NO. 300 CV 1802 AWT<br>: |
| V. | :<br>: |
| LEONARD LABONIA<br>ETHAN MABLE<br> and CITY OF DANBURY<br>    Defendants | :<br>:<br>:<br>: MARCH 21, 2005 |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MEMORANDUM IN OPPOSTION TO PLAINTIFF'S MOTION IN LIMINE RE: REFERENCES TO CONN. GEN. STAT. SECTIONS 53a-22 AND CONN. GEN. STAT. 53a-23

The Plaintiff in the above matter respectfully responds to Defendants' Memorandum in Opposition To Plaintiff's Motion in Limine Re: References to Conn. Gen. Stat. Sections 53a-22 and Conn. Gen. Stat. 53a-23 (hereinafter "Memo in Opposition"), as follows:    2.

1. Federal Rules of Civil Procedure, 8 (c) entitled "Affirmative Defenses", provides:

    In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. [emphasis added]. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS No. 23640

2. "The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed. See Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found., 402 U.S. 313, 350 (1971); see also Williams v. Ashland Eng'g Co., 45 F.3d 588, 593 (1st Cir. 1995) ('The purpose of Rule 8(c) is to give the court and the other parties fair warning that a particular line of defense will be pursued.'); Grant v. Preferred Research, Inc., 885 F.2d 795, 797 (11th Cir. 1989) ('The Supreme Court has held that the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it.') (citing Blonder-Tongue); Marino v. Otis Eng'g Corp., 839 F.2d 1404, 1408 (10th Cir. 1988) ('The purpose behind rule 8(c) . . . [is to] put[ ] 'plaintiff on notice well in advance of trial that defendant intends to present a defense in the nature of an avoidance.' ) (citations omitted); Perez v. United States, 830 F.2d 54, 57 (5th Cir. 1987) ('The central purpose of the Rule 8(c) requirement that affirmative defenses be pled is to prevent unfair surprise. 'A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense.' ). Technically, the Federal Rules of Civil Procedure require that affirmative defenses be pleaded in the answer. Rule 12(b) states that '[e]very defense . . . shall be asserted in the responsive pleading thereto if one is required, except that

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

the following defenses may at the option of the pleader be made by motion . . . ."'<u>Robinson v. Johnson,</u> No. 00-1979 (3rd Cir. 2002).

3. Defendants have not plead Conn. Gen. Stat. 53a-23 as an affirmative defense in their special defenses to Plaintiff's complaint and therefore can not now argue this statute as a defense to the complaint. (This is in response to page 4 and 5 of the Memo in Opposition).

4. Defendants have not plead Probable cause as an affirmative defense in their special defenses to Plaintiff's complaint. The Second Circuit in <u>Curry v. City of Syracuse</u>, No. 01-9211 (2nd Cir 2003), states:

"'Furthermore, when an arrest is made without a warrant, the officer has acted outside the scope of the legal process and therefore a rebuttable presumption arises that such an arrest is unlawful. The defendant has the burden of raising and proving the affirmative defense of probable cause.' <u>Rodriguez v. City of New York</u>, 149 Misc.2d 295, 296, 563 N.Y.S.2d 1004, 1005 (N.Y. Sup. Ct. 1990) (citing Broughton v. State, 37 N.Y.2d 451, 458, 335 N.E.2d 310, 315, 373 N.Y.S.2d 87, 94 (1975)). Probable cause is 'a complete defense to a cause of action for false arrest.' <u>Feinberg v. Saks & Co.</u>, 56 N.Y.2d 206, 210, 436 N.E.2d 1279, 1280, 451 N.Y.S.2d 677, 678 (1982). Lynch pled probable cause as an affirmative defense."

(This is in response to page 4 and 5 of the Memo in Opposition).

5. Having failed to plead probable cause as an affirmative defense to the complaint, Defendants can not make references to Conn. Gen. Stat. 53a-22, as a defense to this lawsuit, in that said statute is inapplicable to this case. (This is in response to page 4 and 5 of the Memo in Opposition).

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

PLAINTIFF,
JOHN ACZEL

BY _____
Tiziana M. Scaccia
Goldstein and Peck, P.C.
1087 Broad Street, P.O. Box 1538
Bridgeport, CT 06601-1538
(203) 334-9421
(203) 334-6949 (fax)
Ct08713

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, U.S. Mail to the following counsel of record this 21st day of March, 2005.

John J. Radshaw, III, Esquire
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

_____
Tiziana M. Scaccia

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640