UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN ACZEL
   Plaintiff                           : CIVIL NO. 300 CV 1802 AWT

V.

LEONARD LABONIA
ETHAN MABLE
and CITY OF DANBURY
   Defendants                       : MARCH 21, 2005

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MEMORANDUM IN OPPOSTION TO PLAINTIFF'S MOTION IN LIMINE RE: LAY WITNESS TESTIMONY OF MATT C. AND JOHN REED AT EMS, DANBURY EMERGENCY ROOM DEPARTMENT**

    The Plaintiff in the above matter respectfully responds to Defendants' Memorandum in Opposition To Plaintiff's Motion in Limine Re: Matt C. and John Reed at EMS, Danbury Emergency Room Department (hereinafter "Memo in Response"), as follows:

1. Assuming arguendo that Plaintiff was intoxicated on the date and time of the incident, that fact does not excuse Defendants attack on Plaintiff. (This is in response to pages 3-6 of the Memo in Response).

2. The issue in this case is not whether Plaintiff was intoxicated but whether Defendants used excessive force on Plaintiff, irrespective of whether or not Plaintiff was intoxicated. (This is in response to pages 3-6 of the Memo in Response).

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

3. Even if we assume arguendo that Plaintiff was intoxicated, that fact can not be used to conclude that Plaintiff used force against the officer or was resistive to the officer as Defendants are attempting to do. (This is in response to pages 3-6 of the Memo in Response). Rule 404(b) excludes evidence of other crimes or bad acts when offered to prove character in order to show action in conformity therewith. Fed. R.. Evid. 404. Defendants are attempting to introduce Plaintiff's alleged intoxication to prove that he did or did not engage in conduct that the Defendants in this case claim brought about the incident in question. For example, Defendants state in their Memo in Opposition at page 3 and 4:

> "Evidence of intoxication in this case is relevant because it is more likely that the Plaintiff attempted to assault and batter the officer and resist arrest. Because we know inhibitions are curbed and memory and reaction times are influenced by alcohol consumption, evidence of intoxication is relevant in this case to explain the Plaintiff's belligerent conduct. The Plaintiff's intoxication makes it more likely that he did indeed attempt to assault and batter the officers"

Indeed, such evidence that Defendants are attempting to introduce is expressly excluded by Rule 404 (b). Moreover, despite Defendants' false allegation in their Memo in Opposition at pages 3-6 there is no evidence that the Plaintiff was banging his head against the glass inside the police cruiser, except possibly the self-serving testimony of Officer Leonard Labonia. Defendants are attempting to introduce

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

evidence of Plaintiff's alleged intoxication to argue that if the Plaintiff was intoxicated, it is likely that he may have severely injured himself while banging his head against the cruiser window because he was less likely to fell pain. See pages 3-6 of the Memo in Opposition. This is just the type of evidence that Rule 404(b) excludes. Fed. R. Evid. 404. Defendants attempt to use the alleged intoxication of Plaintiff to prove cause of injury and to prove conduct on the part of Plaintiff is speculative and violative of Federal Rules of Evidence 404(b).

Moreover, Federal Rule of Evidence 403 states, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. If this court allows the introduction of the alleged intoxication of Plaintiff, the jury will likely be misled and/or confused as to the real issue to be decided in this case.

4. Defendants argue at page 4 of their Memo in Opposition that they need to present evidence to refute the claim of Plaintiff that Defendant officers attempted to conceal their attack on Plaintiff by falsely informing medical personnel at Danbury Hospital

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS No. 23640

and others that plaintiff's dazed and unstable demeanor was the result of intoxication. Introduction of reliable and trustworthy evidence of intoxication to defend against Plaintiff's allegation is one thing, however, it is clear that Defendants are attempting to introduce unreliable and untrustworthy evidence of the alleged intoxication. It is also clear that Defendants are attempting to offer the evidence not only to refute Plaintiff's allegation, but to prove conduct and causation, as aforesaid.

5. At page 2 and 3 of their Memo in Opposition, Defendants argue that the testimony of John Reed and Matt C., and other 'lay witnesses' is admissible under Fed. R. Evid. 702, which provides: "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or interferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. However, it is Plaintiff's position that such testimony is not helpful to a clear understanding of Plaintiff conduct on the date of the incident or on the issue of causation of injury, for the aforementioned reasons. Furthermore, such lay witnesses testimony purported to be introduced by Defendants in this case is not helpful to a clear understanding of the determination of the facts in

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS No. 23640

issue in this case.

                                         PLAINTIFF,
                                         JOHN ACZEL

BY _____
      Tiziana M. Scaccia
      Goldstein and Peck, P.C.
      1087 Broad Street, P.O. Box 1538
      Bridgeport, CT 06601-1538
      (203) 334-9421
      (203) 334-6949 (fax)
      Ct08713

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, U.S. Mail to the following counsel of record this 21st day of March, 2005.

John J. Radshaw, III, Esquire
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

_____
Tiziana M. Scaccia

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640