UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN ACZEL<br>　　Plaintiff | :<br>: CIVIL NO. 300 CV 1802 AWT<br>: |
| V. | :<br>: |
| LEONARD LABONIA<br>ETHAN MABLE<br>　and CITY OF DANBURY<br>　　Defendants | :<br>:<br>:<br>: MARCH 21, 2005 |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MEMORANDUM IN OPPOSTION TO PLAINTIFF'S MOTION IN LIMINE RE: ALLEGATION THAT PLAINTIFF WAS INTOXICATED AND ALLEGATION OF COMPLAINT OF SEXUAL ASSAULT AND ALLEGATION THAT GRETCHEN OLSEN WAS A CO-COMPLAINANT**

**A. ALLEGATIONS OF INTOXICATION:**

1.　For purposes of responding to arguments made by Defendants in their Memo in Opposition, pages 3-8, Plaintiff incorporates herein and makes a part hereof, as if more fully set forth herein Plaintiff's Response to Defendants' Memorandum in Opposition to Plaintiff's Motion in Limine Re: Lay Witness Testimony of Matt C. and John Reed at EMS, Danbury Emergency Room Department filed on even date herewith.

2.　Defendant, Officer Ethan Mable, who was the first officer after Defendant, Officer Leonard Labonia to arrive at the scene of the incident, testified that the odor that he smelled on Aczel was pepper spray. Officer Ethan Mable, also testified that he could

NOT state under oath that Aczel was intoxicated. This is in response to Defendants' Memo in Opposition, pages 2-6.

3. In response to arguments made at pages 5 and 6 of Defendants' Memo in Opposition, Plaintiff states as follows. Dr. Muratori, although disclosed as an expert, was not disclosed as an expert regarding alcohol consumption. Although this Doctor examined Plaintiff at the emergency room, Dr. Muratori performed NO tests on Plaintiff to determine whether or not Plaintiff was legally intoxicated. Moreover, his report is inconsistent in that in the "Diagnosis section" of the report, he refers to Plaintiff as acutely intoxicated but in the "Physical examination section" of the report he sates that Plaintiff was mildly intoxicated. As such Dr. Muratori can only testify as a lay witness as to this issue and therefore his testimony is as unreliable, untrustworthy, and prejudicial for the same reasons outlined in Paragraph 1-3 above.

In response to arguments made in page 2 of the Defendants Memo in Opposition, Plaintiff states as follows. The evidence that Defendants are attempting to introduce through lay testimony regarding the alleged intoxication of Plaintiff is unreliable and untrustworthy. "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or interferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. The lay witness testimony regarding Plaintiff's alleged intoxication is NOT helpful to a clear understating of the determination of a fact in issue in this case, for reasons stated in Paragraphs 1-3, above.

Federal Rule of Evidence 403 states, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

For all of the foregoing reasons, stated in Paragraphs 1-3, above, evidence of the alleged intoxication of Plaintiff in this case must be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

### B. ALLEGATION THAT GRETCHEN OLSEN WAS A CO-COMPLAINANT

1. Gretchen Olson will likely NOT testify at trial in that Defendants have informed

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

Plaintiff's counsel that she is likely committed to a mental health institution and/or in prison. Any statements made by Gretchen Olsen are hearsay statements. Indications in the police report referring to Gretchen Olsen as a co-complainant is hearsay. This paragraph is in response to arguments made by Defendants at page 6 of their Memo in Opposition.

2. Moreover, Defendants have not plead probable cause as an affirmative defense in this case. Federal Rules of Civil Procedure, 8 (c) entitled "Affirmative Defenses", provides:

In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, <u>and any other matter constituting an avoidance or affirmative defense</u>. [emphasis added]. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

"The purpose of requiring the defendant to plead available affirmative defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with notice and the opportunity to demonstrate why the affirmative defense should not succeed. See <u>Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.</u>, 402 U.S. 313, 350 (1971); see also <u>Williams v. Ashland Eng'g Co.</u>, 45 F.3d 588, 593 (1st Cir. 1995) ('The purpose of Rule 8(c) is to give the court and the other parties fair warning that a particular line of defense

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

will be pursued.'); Grant v. Preferred Research, Inc., 885 F.2d 795, 797 (11th Cir. 1989) ('The Supreme Court has held that the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it.') (citing Blonder-Tongue); Marino v. Otis Eng'g Corp., 839 F.2d 1404, 1408 (10th Cir. 1988) ('The purpose behind rule 8(c) . . . [is to] put[ ] 'plaintiff on notice well in advance of trial that defendant intends to present a defense in the nature of an avoidance.' ) (citations omitted); Perez v. United States, 830 F.2d 54, 57 (5th Cir. 1987) ('The central purpose of the Rule 8(c) requirement that affirmative defenses be pled is to prevent unfair surprise. 'A defendant should not be permitted to 'lie behind a log' and ambush a plaintiff with an unexpected defense.' ). Technically, the Federal Rules of Civil Procedure require that affirmative defenses be pleaded in the answer. Rule 12(b) states that '[e]very defense . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion . . . .'"Robinson v. Johnson, No. 00-1979 (3rd Cir. 2002).

Defendants have not plead Probable cause as an affirmative defense in their special defenses to Plaintiff's complaint. The Second Circuit in Curry v. City of Syracuse, No. 01-9211 (2nd Cir 2003), states:

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS No. 23640

"'Furthermore, when an arrest is made without a warrant, the officer has acted outside the scope of the legal process and therefore a rebuttable presumption arises that such an arrest is unlawful. The defendant has the burden of raising and proving the affirmative defense of probable cause.' Rodriguez v. City of New York, 149 Misc.2d 295, 296, 563 N.Y.S.2d 1004, 1005 (N.Y. Sup. Ct. 1990) (citing Broughton v. State, 37 N.Y.2d 451, 458, 335 N.E.2d 310, 315, 373 N.Y.S.2d 87, 94 (1975)). Probable cause is 'a complete defense to a cause of action for false arrest.' Feinberg v. Saks & Co., 56 N.Y.2d 206, 210, 436 N.E.2d 1279, 1280, 451 N.Y.S.2d 677, 678 (1982). Lynch pled probable cause as an affirmative defense."

Having failed to plead probable cause as an affirmative defense to the complaint, Defendants can not make references to any statements by Gretchen Olsen and Veronica DeRosa-Stefano to show its effect on the listener, Officer Labonia, in connection with their efforts to show that they had probable cause or reasonable suspicion to detain, stop or arrest Plaintiff as Defendants argue at page 6 of their Memo in Opposition. Because the affirmative defense was not plead, such evidence is not admissible to establish the defense.

C. **REFERENCES TO SEXUAL TOUCHING, SEXUAL GESTURES AND ADVANCES**

Section B above is incorporated herein. Since Defendants have not pled probable cause as a special defense, they can not produce evidence, via oral statements of Gretchen Olsen or Veronical DeRosa-Stefano, to wit, that Plaintiff sexually or offensively touched

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

them, to support the defense (which was not affirmatively pled by Defendants) that Officer Labonia had reasonable suspicion to detain, stop, or arrest the Plaintiff.

This paragraph is in response to arguments set forth in Defendants' Memo in Opposition at pages 6-7.

PLAINTIFF,
JOHN ACZEL

BY _____
Tiziana M. Scaccia
Goldstein and Peck, P.C.
1087 Broad Street, P.O. Box 1538
Bridgeport, CT 06601-1538
(203) 334-9421
(203) 334-6949 (fax)
Ct08713

## **CERTIFICATION**

    This is to certify that a copy of the foregoing has been sent, handling charges prepaid, U.S. Mail to the following counsel of record this 21st day of March, 2005.

John J. Radshaw, III, Esquire
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

_____
Tiziana M. Scaccia

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640