UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.: 3:00CV1802 (AWT) |
| | : | |
| v. | : | |
| | : | |
| LEONARD LABONIA, ETHAN MABLE | : | |
| AND CITY OF DANBURY | : | MARCH 25, 2005 |

**DEFENDANTS' REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION IN LIMINE RE: VARIOUS STATEMENTS OF DAVID FESH; MAGDOLNA ACZEL; FRANK BUTERA; VERONICA DEROSA; DAWN MORACHO; AND, GRETCHEN OLSON**

**I.    Law and Argument**

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801.  Hearsay is inadmissible except as provided by the Federal Rules of Evidence, rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.  Fed. R. Evid. 802.

Federal Rules of Evidence 803(1) states "[t]he following are not excluded by the hearsay rule, even though the declarant is available as a witness: **(1) Present sense impression.** A statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter."

2

"Under this exception, the declarant should be describing an event that is ongoing and startling or just occurred.  Little time or no time must exist between the occurrence and the statement, which operates to negate the likelihood of a deliberate or conscious misrepresentation. The crucial provision of this exception is immediacy." U.S. v. Lentz, 282 F.Supp.2d 399, 410 (E.D.Va. 2002) (citations omitted).

In this case, the Plaintiff seeks to introduce the written statements of non-party witnesses that were taken several hours and, in some instances, several weeks after the event .  As such, the written statements are inadmissible hearsay and not within the present sense impression exception.

### A.   The Statements of Nonparty Witnesses Do Not Fall Under the Present Sense Impression

The Plaintiff impermissibly seeks to offer the written statements of David Fesh, Magdolna Azel, Frank Butera, and Dawn Moracho, non-parties to the above captioned action, as exhibits.  In this case, statements were taken from these witnesses in connection with the subject incident on two dates.  First, the Danbury Police took statements from witnesses on the day of the incident.  David Fesh's statement was started at approximately 7:45 p.m., almost three hours after the incident.  This statement was clearly not made "while the declarant was perceiving the event or condition, or immediately thereafter" as Rule 803(1) requires.  Statements to police

made several hours or days after later that recall earlier events are inadmissible under this rule.  U.S. v. Lentz  282 F.Supp.2d at 411.  As such, this statement must be excluded.

In addition, the Plaintiff seeks to offer several statements that were taken on September 28, 1999.  The incident took place August 10, 1999.  Clearly, these statements are not admissible as present sense impressions.  As such, the statements of Magdolna Aczel, David Fesh, Dawn Maraccho, Frank Butera, Veronica Stefano and Gretchen Olson must be excluded.

## II. <u>CONCLUSION</u>

Based on the foregoing, the Defendants respectfully request that this Court grant the Defendants' Motion in Limine, and preclude the Plaintiff from introducing the written statements of all non-party witnesses as exhibits.

        DEFENDANTS,
        LEONARD LABONIA and ETHAN MABLE


        By<u>/s/John J. Radshaw, III</u>
         John J. Radshaw, III
         Howd & Ludorf, LLC
         65 Wethersfield Avenue
         Hartford, CT  06114
         (860) 249-1361
         (860) 249-7665 (fax)
         ct19882

## **CERTIFICATION**

       This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this day of March 25th, 2005

Tiziana Marie Scaccia, Esquire
Goldstein & Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT  06601-1538

                                            By/s/John J. Radshaw, III
                                            John J. Radshaw, III