UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.: 3:00CV1802 (AWT) |
| | : | |
| v. | : | |
| | : | |
| LEONARD LABONIA, ETHAN MABLE | : | |
| AND CITY OF DANBURY | : | MARCH 25, 2005 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE RE: LAY WITNESS TESTIMONY OF OFFICER JOSEPH RIOLO, DANBURY POLICE DEPARTMENT, OFFICER KARL MURPHY, DANBURY POLICE DEPARTMENT, MATT C. AND JOHN REED AT EMS, DANBURY EMERGENCY ROOM DEPARTMENT, SGT BRIAN MERRICK, DANBURY POLICE DEPARTMENT, AND DAVID OWEN, PRECISION**

The Defendants in the above-captioned matter hereby submit this Opposition Memorandum to the Plaintiff's Motion in Limine, dated March 10, 2005, and request that this Court deny the Plaintiff's motion because the witnesses were either explicitly disclosed or the Plaintiff was clearly on notice that they had information about the incident.

I.   **BACKGROUND**

This is a civil rights case brought by the Plaintiff under 42 U.S.C. § 1983 alleging that he was subject to excessive force on August 10, 1999, in the City of Danbury. The Plaintiff claims he was subject to excessive force by police officers. The Defendants claim that they were dispatched to Highland Avenue to investigate a

complaint of a dispute. In the course of their investigation, they determined that the Plaintiff was a suspect and briefly detained him in order to complete the investigation. During the brief detention, the Plaintiff, who the officers suspected was intoxicated, refused to comply with the lawful instructions of the officers, became violent, assaulted a police officer and refused to submit to being handcuffed. The officers were forced to use a reasonable degree of force to ensure the Plaintiff's compliance. The Plaintiff suffered physical injuries when he fought with, and was arrested by, the Defendants.

The Plaintiff also joins pendent state law causes of action for Assault and Battery, False Imprisonment, Abuse of Process, and Intentional Infliction of Emotional Distress.

The Defendant officers deny liability and assert that all of their actions were reasonable and justified under the circumstances.

## II. LAW AND ARGUMENT

### A. The Defendants explicitly disclosed all witnesses or Plaintiff was made aware of their existence during discovery.

Attached hereto as **Exhibit A** is a copy of the relevant pages of the Defendant, Leonard Labonia's responses to the Plaintiff's interrogatories identifying Officer Karl Murphy, Officer Joe Riolo and Sgt. Brian Merrick as witnesses to this incident. Attached hereto as **Exhibit B** is a copy of the relevant pages of the transcript of the deposition of Jeffrey Grant, that Plaintiff's Counsel attended, identifying David Owen as a witness to the incident. Attached hereto as **Exhibit C** is a copy of the part of the

2

*Plaintiff's* medical records, more specifically, the Ambulance Call Report naming (John) Reed as the driver of the ambulance crew that initially treated the Plaintiff. As such, contrary to Plaintiff's assertion that these witnesses were never disclosed, they were.

Regarding Matt C., now identified as Matt Cassavechia, the Defendants discovered that he was a witness to the incident by contacting John Reed, a medical provider to the Plaintiff. The Plaintiff is the party with information and control over the names of the Plaintiff's own medical providers. The Defendants cold not possibly be expected to disclose this witness when he was only discoverable based upon the Plaintiff's own medical records.

Furthermore, the Plaintiff failed to disclose these parties as possible witnesses to the Defendants, perhaps because they observed the Plaintiff's intoxicated state. As such, *Plaintiff's* failure to disclose these witnesses would be appropriately cured by allowing these witnesses' testimony. Not disclosing the Plaintiff's own medical providers to the Plaintiff is hardly "trial by ambush."

3

### III.    CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court deny the Plaintiff's Motion in Limine Re: Lay Witness testimony of OfficerJoseph Riolo, Danbury Police Department, Officer Karl Murphy, Danbury Police Department, Matt C. and John Reed at EMS, Danbury Emergency Room Department, Sgt. Brian Merrick, Danbury Police Department, and David Owen, Precision.

>                           DEFENDANTS,
>                           LEONARD LABONIA and ETHAN
>                           MABLE
>
>
>                           By___/s/ John J. Radshaw, III_____
>                           John J. Radshaw, III
>                           Howd & Ludorf, LLC
>                           65 Wethersfield Avenue
>                           Hartford, CT  06114
>                           (860) 249-1361
>                           (860) 249-7665 (fax)
>                           ct19882

## **CERTIFICATION**

       This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 25th day of March 2005

Tiziana Marie Scaccia, Esquire
Goldstein & Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT  06601-1538

                                      By____/s/ John J. Radshaw, III_____
                                      John J. Radshaw, III