UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN ACZEL | : |
|    Plaintiff | : CIVIL NO. 300 CV 1802 AWT |
| | : |
| V. | : |
| | : |
| LEONARD LABONIA | : |
| ETHAN MABLE | : |
|  and CITY OF DANBURY | : |
|    Defendants | : MARCH 24, 2005 |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO AMEND THE JOINT TRIAL MEMORANDUM**

I.  **Nature of Case:**

This is a civil rights case brought by the plaintiff, John Aczel, under 42 U.S.C. Section 1983 and under 42 U.S.C. Section 1988 alleging that his Fourth and Fourteenth Amendment rights were violated. Plaintiff alleges that he was falsely arrested and subjected to excessive force on August 10, 1999 by Defendant, Leonard Labonia and Defendant, Ethan Mable, both of whom are police officers of the City of Danbury. Plaintiff alleges that he was subjected to excessive force by Defendant police officers when, without probable cause, the police officers placed him an unventilated police cruiser in extremely hot weather (causing him to overheat and to experience breathing difficulties) and then subsequently repeatedly and violently struck his head, face, and body, pepper sprayed him and placed him under arrest. Plaintiff claims that Defendant police officers had a realistic opportunity to prevent use of excessive force against him but did not do so, and that Defendant police officers denied him adequate medical care despite the obligation of police officers to provide

1

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS No. 23640

medical treatment to persons injured by the police by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims.

Plaintiff also alleges that Defendant police officers violated the laws of the State of Connecticut. Plaintiff is suing Defendant police officers for violation of the state law tort of Assault and Battery. Plaintiff is also suing Defendant police officers for wrongfully and unlawfully confining him in the police car before assaulting him and later detaining him at the police station, all without reason, justification or authority in violation of the state law tort of False Imprisonment. Plaintiff is also suing Defendant police officers for using the criminal process against him in order to intimidate him from asserting his rights against them and in order to cover up their own wrongdoing and avoid civil and criminal liability for their own acts in violation of the state law tort of Abuse of Process. As part of the Abuse of Process claim, Plaintiff claims that Defendant police officers arrested him for committing the crime of interfering with a police officer and breach of peace to conceal and excuse their attack on him. Plaintiff further claims that Defendant police officers further attempted to conceal their attack on him by preparing a false police report, (which they knew, and intended, would be forwarded to and relied upon by a prosecutor), and, by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims. Plaintiff is also suing Defendant police officers for violation of the state law tort of Intentional Infliction of Emotional Distress.

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

The Defendant police officers deny liability. With respect to most of the claims made by Plaintiff, Defendant police officers assert that all of their actions were objectively reasonable under the circumstances.

Plaintiff claims as part of his damages that he was incarcerated for four to five hours, was required to appear in Court as an accused criminal, and was required to spend money to hire an attorney to defend himself against the false charges. Additionally, Plaintiff claims that he suffered a loss of liberty, inconvenience and humiliation, great physical pain and disability, and extreme emotional distress, with associated economic loss. Plaintiff also claims to have suffered a traumatic brain injury, traumatic labyrinthitis, a fracture of the left wrist; traumatic headaches; TMJ injury; a fractured zygomatic arch requiring surgical repair, rib injuries, and a knee injury.

## II. Law and Argument

The deadline for the parties to conduct discovery in this case was May 30, 2002, See Endorsement Order dated 5/01/02, granting Motion 18-1, Motion to Extend Time.

The parties filed a report of the parties planning meeting pursuant to Federal Rules of Civil Procedure 26(f), in this case on November 9, 2001. The report provided that Plaintiff would designate his experts and disclose his reports by August 1, 2001. It also provided that Defendants would designate their experts and disclose their reports by October 1, 2001. The Rule 26(f) Report was approved by the Court on November 30, 2000. Subsequently, on August 10, 2001, the court granted the parties request to modify the scheduling order providing the parties additional time to disclose their expert witnesses, as follows, Plaintiff was to disclose his expert witnesses by

3

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS No. 23640

September 1, 2001 and Defendants were to disclose their expert witnesses by November 1, 2001. No further extensions of time to disclose expert witnesses were sought by the parties.

Seven months after the expiration of the deadline to disclose experts, on May 10, 2002, Defendants filed a Disclosure of Expert Witnesses in this case disclosing, Dr. Joseph Muratori. Thereafter, Plaintiff's Motion in Limine dated June 13, 2002, objecting to the late disclosure of Dr. Muratori was denied by the Court.

Defendants have attached to their certified copy of the weather report a cover letter, authored by Robert B. Cox, explaining and commenting on data purported to be on the certified weather report. The certified copy of the weather report submitted by Defendants along with the letter of Robert B.Cox are inconsistent and contradictory. Plaintiff has objected to the admission of the Letter authored by Robert Cox for reasons set forth in Plaintiff's Motion in Limine re: Map/Diagram of Location of Incident and the Letter dated April 25, 2001 from Robert B. Cox to Ms. Sherri Adams, CIRMA (Cover letter interpreting and commenting on data on the certified weather report) dated February 14, 2005 (hereinafter Motion in Limine: re Cox letter). Plaintiff's Memorandum of Law in Support of its Motion in Limine: re Cox letter is incorporated herein as if more fully set forth. Plaintiff has also objected to the letter of Robert B. Cox, in the context of Plantiff's Objection to the Defendants' Motion for Judicial Notice. Plaintiff's Objection to the Motion for Judicial Notice is incorporated herein as if more fully set forth

Defendants are attempting to have Robert Cox testify that at the time of the incident at 5:00 pm the temperature was 72 degrees Fahrenheit. The time of the incident is a disputed fact. Plaintiff

4

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

has testified that the incident took place between 4:15 pm and 4:30 pm. and at 5:00 P.M. The temperature during the time frame of 4:15-4:30 PM was peaking to its peak that day at 77 degrees Fahrenheit. See Plaintiff's Objection to Defendants' Motion for Judicial Notice incorporated herein for a discussion on this issue. It would be a great injustice to Plaintiff have this expert suggest to the jury that the time that the incident was 5:00 P.M. The certified copy of the weather report speaks for itself and this expert can not add any testimony that is pertinent to this case that is not already reported in the certified copy of the weather report itself.

Defendants are now attempting to disclose an additional expert, Robert B. Cox (See Defendants' Disclosure of Expert Witnesses dated March 7, 2005), approximately 3 years after the deadline for discovery expired and approximately 4 years after the deadline to disclose experts expired. It is unfair and prejudicial to Plaintiff for the Court to continue to allow Defendants to ignore deadlines in this case to the detriment of Plaintiff. Plaintiff has many issues with the letter dated April 25, 2001, authored by Robert B. Cox. Plaintiff incorporates herein as if more fully set forth Plaintiff's Objection to Motion in Limine re: Judicial Notice, which sets forth Plaintiff objections regarding the matters that Robert B. Cox will testify to. It is absolutely prejudicial to Plaintiff to allow Defendants to disclose this expert in light of the fact that Plaintiff has not had and will have no opportunity to conduct discovery with respect to this expert and therefore has no effective means to cross-examine this purported expert witness if allowed to testify.

If the Court allows Defendants once again to ignore the court's deadline in order to attempt to perfect its own case, then it would only be fair that Plaintiff should be allowed to introduce any other

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS No. 23640

exhibits, documents, and/or experts that Plaintiff did not disclose and/or produce to date so that Plaintiff has an equal opportunity to perfect its own case. For example, Plaintiff may wish to disclose an expert to testify as to the temperature variation inside an unventilated vehicle in hot weather. Why should Defendants be allowed to perfect their case without allowing the same opportunity to Plaintiff? It is fundamentally unfair to the Plaintiff. Moreover, Plaintiff may also need to present a documents and/or its own experts in response to the testimony to be given by this expert. This court's discovery deadline and all other deadlines will be rendered a nullity if the Court allows Defendants once again to flout the deadlines set by the Court. If this court allows this expert to testify it would only be fair to allow Plaintiff to disclose any other expert that it feels it has not disclosed to date.

Despite the nearly five years this case has been pending, defendants never supplemented their disclosures to include this expert witnesses. Not having had notice, Plaintiffs did not have an opportunity to depose this witnesses. Plaintiff also did not have opportunity to disclose its own expert regarding the issues that this expert will purportedly testify to. The letter authored by Robert Cox and attached to Defendants' certified copy of the weather report as a cover letter, was not produced to Plaintiff until January 10, 2005, which is years after the deadline to conduct discovery and the deadline to disclose experts expired. Defendants' never disclosed Robert B. Cox as a potential witness until the Disclosure of experts dated March 7, 2005 was filed.

The Federal Rules of Civil Procedure was intended to avoid just the sort of "trial by ambush" attempted by Defendants here. <u>Marron v. H.O. Penn Machinery Co., Inc.</u> 518 F.Supp. 1069, 1073

6

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

(D.Conn.1981); Cf. Airtex Corp. v. Shelly Radiant Ceiling Co., 536 F.2d 145, 155 (7 Cir. 1976) (noting "the duty of cooperation and disclosure imposed by the discovery provisions of the federal rules").

Accordingly, Defendants should be precluded from calling Robert Cox, as an expert witness.

For all of the foregoing reasons, Plaintiff objects to Defendants' Motion to Amend the Joint Trial Memorandum to include the disclosure of the additional expert Robert B. Cox. Robert B. Cox was never disclosed as an expert in this case. The letter authored by Robert B. Cox and attached to the Defendants' certified weather report was produced to Plaintiff in this case for the first time when the court ordered that the parties exchange exhibits in this matter on January 10, 2005. Plaintiff did not disclose Robert B. Cox as a potential witness until they filed their Disclosure of Experts on March 7, 2005, which is years after the deadline to disclose experts expired and the deadline to conduct discovery expired. Moreover the deadline to exchange exhibits also expired approximately 3 months ago. If allowed to testify Plaintiff will have no means to effectively cross-examine this witness.

### III. CONCLUSION

Based on the foregoing, the plaintiff respectfully requests that this Court deny the Defendants' Motion to Amend the Joint Trial Memorandum and restrict Plaintiff and Defendants to produce 'only' the certified copies of their respective weather reports into evidence.

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

PLAINTIFF,
JOHN ACZEL

BY _____
Tiziana M. Scaccia
Goldstein and Peck, P.C.
1087 Broad Street, P.O. Box 1538
Bridgeport, CT 06601-1538
(203) 334-9421
(203) 334-6949 (fax)
ct08713

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, U.S. Mail to the following counsel of record this 24th day of March, 2005

John J. Radshaw, III, Esquire
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

_____
Tiziana M. Scaccia

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS No. 23640