UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN ACZEL | : |
|    Plaintiff | : CIVIL NO. 300 CV 1802 AWT |
| | : |
| V. | : |
| | : |
| LEONARD LABONIA | : |
| ETHAN MABLE | : |
|  and CITY OF DANBURY | : |
|    Defendants | : APRIL 27, 2005 |

**PLAINTIFF'S OBJECTION TO DEFENDANTS' AMENDMENT TO MOITON FOR JUDICIAL NOTICE**

I.   **Nature of Case:**

This is a civil rights case brought by the plaintiff, John Aczel, under 42 U.S.C. Section 1983 and under 42 U.S.C. Section 1988 alleging that his Fourth and Fourteenth Amendment rights were violated. Plaintiff alleges that he was falsely arrested and subjected to excessive force on August 10, 1999 by Defendant, Leonard Labonia and Defendant, Ethan Mable, both of whom are police officers of the City of Danbury. Plaintiff alleges that he was subjected to excessive force by Defendant police officers when, without probable cause, the police officers placed him an unventilated police cruiser in extremely hot weather (causing him to overheat and to experience breathing difficulties) and then subsequently repeatedly and violently struck his head, face, and body, pepper sprayed him and placed him under arrest. Plaintiff claims that Defendant police officers had a realistic opportunity to prevent use of excessive force against him but did not do so, and that Defendant

1

police officers denied him adequate medical care despite the obligation of police officers to provide medical treatment to persons injured by the police by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims.

Plaintiff also alleges that Defendant police officers violated the laws of the State of Connecticut. Plaintiff is suing Defendant police officers for violation of the state law tort of Assault and Battery. Plaintiff is also suing Defendant police officers for wrongfully and unlawfully confining him in the police car before assaulting him and later detaining him at the police station, all without reason, justification or authority in violation of the state law tort of False Imprisonment. Plaintiff is also suing Defendant police officers for using the criminal process against him in order to intimidate him from asserting his rights against them and in order to cover up their own wrongdoing and avoid civil and criminal liability for their own acts in violation of the state law tort of Abuse of Process. As part of the Abuse of Process claim, Plaintiff claims that Defendant police officers arrested him for committing the crime of interfering with a police officer and breach of peace to conceal and excuse their attack on him. Plaintiff further claims that Defendant police officers further attempted to conceal their attack on him by preparing a false police report, (which they knew, and intended, would be forwarded to and relied upon by a prosecutor), and, by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims. Plaintiff is also suing

2

Defendant police officers for violation of the state law tort of Intentional Infliction of Emotional Distress.

The Defendant police officers deny liability. With respect to most of the claims made by Plaintiff, Defendant police officers assert that all of their actions were objectively reasonable under the circumstances.

Plaintiff claims as part of his damages that he was incarcerated for four to five hours, was required to appear in Court as an accused criminal, and was required to spend money to hire an attorney to defend himself against the false charges. Additionally, Plaintiff claims that he suffered a loss of liberty, inconvenience and humiliation, great physical pain and disability, and extreme emotional distress, with associated economic loss. Plaintiff also claims to have suffered a traumatic brain injury, traumatic labyrinthitis, a fracture of the left wrist; traumatic headaches; TMJ injury; a fractured zygomatic arch requiring surgical repair, rib injuries, and a knee injury.

## II.  Law and Argument

According to Plaintiff the incident took place between 4:15 p.m. and 4:30 p.m. Plaintiff will argue that the temperature reached its peak that day at 77 degrees Fahrenheit during the time frame that the incident occurred whereby Plaintiff was arrested without probable cause and placed in an unventilated police cruiser resulting in his experiencing severe breathing problems. The jury is entitled to examine the entire weather report and reach its own conclusions regarding the weather pattern on the date of the incident.

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

If the Court takes judicial notice of only a few portions of the certified copy of the weather report as the Defendants request this Court to do, the jury will be left with an inaccurate, inconclusive and incomplete instruction from the Court as to the weather pattern on the date of the incident. The certified copy of the weather report clearly shows a pattern whereby the weather steadily rose from 68 degrees Fahrenheit at 8:53 am to its peak of 77 degrees Fahrenheit sometime after 3:53 p.m. but prior to 4:53 p.m. It is critical to Plaintiff case that the jury be given the entire picture of the weather pattern as depicted in the certified weather report on the date of the incident. Although there is no indication in the certified copy of the weather reports as to the exact time that the temperature reached 77 degrees Fahrenheit on the date of the incident, the jury could conclude, as Plaintiff will argue, that the temperature was at its peak sometime between 3:53p.m. but prior to 4:53 p.m. if it is allowed to examine the certified copy of the weather report in its entirety. The jury can not reach this conclusion without having the ability to see the entire weather report showing the weather pattern on the date of the incident.

If the court gives the jury only limited portions of the certified copy of the weather report, through an instruction based on judicial notice of only limited information on the weather report, the jury will be misled insofar as they may conclude and/or may be left to speculate that the weather could have peaked at some other time during the day in questions, i.e. at 11:00 a.m. or 12:00 p.m., which is clearly not the case if one examines the entirety of the certified copy of the weather report.

The time that the weather peaked on the date of the incident in this case is a material fact in this case and therefore it would be highly prejudicial to Plaintiff if the Court takes judicial notice of

4

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS No. 23640

only a portion of the weather report resulting in an incomplete and inaccurate picture of the weather pattern on the date of the incident.

Plaintiff incorporates herein as if more fully set forth herein Plaintiff's Objection to Defendants' Motion for Judicial Notice dated March 24, 2005, as of record. However, Plaintiff hereby corrects a typographical error on page 6 of its Objection to Defendants' Motion for Judicial Notice dated March 24, 2005, in that the information provided therein regarding the weather pattern incorrectly designates temperatures for 8:53 through 11:53 as P.M. rather than A.M. The corrected weather pattern on the date of the incident is as follows:

<u>CENTIGRADE</u>                    <u>FAHRENHEIT</u>

\* Page 6 of Plaintiff's Objection to Motion for Judicial Notice dated March 24, 2005 incorrectly designated the times following the asterisk (\*) as PM rather than AM.

| Time | Temp Dry-Bulb | | Time | Temp Dry-Bulb |
|------|---------------|---|------|---------------|
| 0853 | 20.00 | \* | 8:53AM | 68 |
| 0953 | 21.1 | \* | 9:53AM | 69.98 |
| 1053 | 21.1 | \* | 10.53AM | 69.98 |
| 1153 | 21.7 | \* | 11:53AM | 71.06 |
| 1253 | 22.2 |   | 12:53PM | 71.96 |
| 1353 | 23.9 |   | 1:53PM | 75.02 |
| 1453 | 23.3 |   | 2:53PM | 73.94 |
| 1553 | 24.4 |   | 3:53PM | 75.92 |
| 1653 | 22.2 |   | 4:53PM | 71.96 |

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

| | | | |
|---|---|---|---|
| 1753 | 21.7 | 5:53PM | 71.06 |

Moreover, the Defendants are requesting the court to round off the temperatures in its Amended request for Judicial notice. Plaintiff further objects to this request of Defendants in that Defendants are requesting the Court to take judicial notice of inaccurate and incomplete information.

Moreover, the certified copy of the weather report includes a conversion chart. The jury does not even have to use the mathematical calculation to convert from Celsius to Fahrenheit in that the temperatures are already computed and converted in the "conversion chart" and will be available to the jury if the jury is allowed to review the complete copy of the certified copy of the weather report.

### III.   CONCLUSION

Based on the foregoing, the plaintiff respectfully objects to Defendants' Amendement to Motion for Judicial Notice dated April 14, 2005.

                      PLAINTIFF,
                      JOHN ACZEL

                      BY_____
                      Tiziana M. Scaccia
                      Goldstein and Peck, P.C.
                      1087 Broad Street, P.O. Box 1538
                      Bridgeport, CT 06601-1538
                      (203) 334-9421
                      (203) 334-6949 (fax)
                      ct08713

6

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

**CERTIFICATION**

    This is to certify that a copy of the foregoing has been sent, handling charges prepaid, U.S. Mail to the following counsel of record this 28th day of April, 2005.

John J. Radshaw, III, Esquire
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

_____
Tiziana M. Scaccia

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS No. 23640