UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN ACZEL | : |
|    Plaintiff | : CIVIL NO. 300 CV 1802 AWT |
| | : |
| V. | : |
| | : |
| LEONARD LABONIA | : |
| ETHAN MABLE | : |
|   and CITY OF DANBURY | : |
|    Defendants | : MARCH 24, 2005 |

**PLAINTIFF'S MOTION IN LIMINE RE: DEFENDANTS' DISCLOSURE OF EXPERTS DATED MARCH 7, 2005, DISCLOSING ROBERT B. COX**

I.   **Nature of Case:**

This is a civil rights case brought by the plaintiff, John Aczel, under 42 U.S.C. Section 1983 and under 42 U.S.C. Section 1988 alleging that his Fourth and Fourteenth Amendment rights were violated. Plaintiff alleges that he was falsely arrested and subjected to excessive force on August 10, 1999 by Defendant, Leonard Labonia and Defendant, Ethan Mable, both of whom are police officers of the City of Danbury. Plaintiff alleges that he was subjected to excessive force by Defendant police officers when, without probable cause, the police officers placed him an unventilated police cruiser in extremely hot weather (causing him to overheat and to experience breathing difficulties) and then subsequently repeatedly and violently struck his head, face, and body, pepper sprayed him and placed him under arrest. Plaintiff claims that Defendant police officers had a realistic opportunity to prevent use of excessive force against him but did not do so, and that Defendant

1

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

police officers denied him adequate medical care despite the obligation of police officers to provide medical treatment to persons injured by the police by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims.

Plaintiff also alleges that Defendant police officers violated the laws of the State of Connecticut. Plaintiff is suing Defendant police officers for violation of the state law tort of Assault and Battery. Plaintiff is also suing Defendant police officers for wrongfully and unlawfully confining him in the police car before assaulting him and later detaining him at the police station, all without reason, justification or authority in violation of the state law tort of False Imprisonment. Plaintiff is also suing Defendant police officers for using the criminal process against him in order to intimidate him from asserting his rights against them and in order to cover up their own wrongdoing and avoid civil and criminal liability for their own acts in violation of the state law tort of Abuse of Process. As part of the Abuse of Process claim, Plaintiff claims that Defendant police officers arrested him for committing the crime of interfering with a police officer and breach of peace to conceal and excuse their attack on him. Plaintiff further claims that Defendant police officers further attempted to conceal their attack on him by preparing a false police report, (which they knew, and intended, would be forwarded to and relied upon by a prosecutor), and, by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims. Plaintiff is also suing

2

Defendant police officers for violation of the state law tort of Intentional Infliction of Emotional Distress.

The Defendant police officers deny liability. With respect to most of the claims made by Plaintiff, Defendant police officers assert that all of their actions were objectively reasonable under the circumstances.

Plaintiff claims as part of his damages that he was incarcerated for four to five hours, was required to appear in Court as an accused criminal, and was required to spend money to hire an attorney to defend himself against the false charges. Additionally, Plaintiff claims that he suffered a loss of liberty, inconvenience and humiliation, great physical pain and disability, and extreme emotional distress, with associated economic loss. Plaintiff also claims to have suffered a traumatic brain injury, traumatic labyrinthitis, a fracture of the left wrist; traumatic headaches; TMJ injury; a fractured zygomatic arch requiring surgical repair, rib injuries, and a knee injury.

## II. Law and Argument

Plaintiff incorporates herein as if more fully set forth the following:

1. Plaintiff's Objection to Defendants Motion for Judicial Notice filed simultaneously herewith.

2. Plaintiff's Objection to Defendants' Motion to Amend the Joint Trial Memorandum filed simultaneously herewith.

3. Plaintiff's Motion in Limine re: Map/Diagram of Location of Incident and the Letter dated April 25, 2001 from Robert B. Cox to Ms. Sherri Adams, CIRMA (Cover letter

3

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS No. 23640

interpreting and commenting on data on the certified weather report) dated February 14, 2005.

4. Plaintiff's Objection to Defendants' Disclosure of Experts, filed simultaneously herewith.

In sum, Defendants are attempting to disclose an additional expert, Robert B. Cox, approximately 3 years after the deadline for discovery expired and approximately 4 years after the deadline to disclose experts expired. It is unfair and prejudicial to Plaintiff for the Court to continue to allow Defendants to ignore deadlines in this case to the detriment of Plaintiff.

If the Court allows Defendants once again to ignore the court's deadline in order to attempt to perfect its own case, then it would only be fair that Plaintiff should be allowed to introduce any other exhibits, documents, and/or experts that Plaintiff did not disclose and/or produce to date so that Plaintiff has an equal opportunity to perfect its own case. For example, Plaintiff may wish to disclose an expert to testify as to the temperature variation inside an unventilated vehicle in hot weather. Why should Defendants be allowed to perfect their case without allowing the same opportunity to Plaintiff? It is fundamentally unfair to the Plaintiff. Moreover, Plaintiff may also need to present documents and/or its own experts in response to the testimony to be given by this expert. This court's discovery deadline and all other deadlines will be rendered a nullity if the Court allows Defendants once again to flout the deadlines set by the Court. If this court allows this expert to testify it would only be fair to allow Plaintiff to disclose any other expert that it feels it has not disclosed to date.

Despite the nearly five years this case has been pending, defendants never supplemented their

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS No. 23640

disclosures to include this expert witnesses. Not having had notice, Plaintiffs did not have an opportunity to depose this witnesses. Plaintiff also did not have opportunity to disclose its own expert regarding issue of the temperature at the exact time of the incident. The letter authored by Robert Cox and appended as a cover letter to Defendants' weather report was not produced to Plaintiff until January 10, 2005, which is years after the deadline to conduct discovery and the deadline to disclose experts expired in this case.

The Federal Rules of Civil Procedure was intended to avoid just the sort of "trial by ambush" attempted by Defendants here. Marron v. H.O. Penn Machinery Co., Inc. 518 F.Supp. 1069, 1073 (D.Conn.1981); Cf. Airtex Corp. v. Shelly Radiant Ceiling Co., 536 F.2d 145, 155 (7 Cir. 1976) (noting "the duty of cooperation and disclosure imposed by the discovery provisions of the federal rules").

If this court allows Defendants to disclose, Robert B. Cox, as an expert in this case at this late stage in the litigation, Plaintiff will be left with no means to effectively cross examine or rebut this expert's testimony in that the discovery deadline, the deadline to disclose experts, and the deadline to exchange exhibits have also expired. Defendants are attempting to have Robert Cox testify that at the time of the incident at 5:00 pm the temperature was 72 degrees Fahrenheit. The time of the incident is a disputed fact. Plaintiff has testified that the incident took place between 4:15 pm and 4:30 pm. The temperature during the time frame of 4:15-4:30 PM was peaking to its peak that day at 77 degrees Fahrenheit. See Plaintiff's Objection to Defendants' Motion for Judicial Notice incorporated herein for a discussion on this issue. It would be a great injustice to Plaintiff have this

expert suggest to the jury that the time that the incident took place was 5:00 P.M. The certified copy of the weather report speaks for itself and this expert can not add any testimony that is pertinent to this case that is not already reported in the certified copy of the weather report itself.

Accordingly, Defendants should be precluded from calling Robert Cox, as an expert witness.

For all of the foregoing reasons, Plaintiff requests that the court grants this Motion in Limine and preclude Robert B. Cox from testifying, in this case.

### III. CONCLUSION

Based on the foregoing, the plaintiff respectfully requests that the Court grant this Motion in Limine and preclude the testimony of Robert B. Cox, in this case.

PLAINTIFF,
JOHN ACZEL

BY _____
Tiziana M. Scaccia
Goldstein and Peck, P.C.
1087 Broad Street, P.O. Box 1538
Bridgeport, CT 06601-1538
(203) 334-9421
(203) 334-6949 (fax)
ct08713

6

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, U.S. Mail to the following counsel of record this 24th day of March, 2005

John J. Radshaw, III, Esquire
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

_____
Tiziana M. Scaccia

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS No. 23640