DENIED. However, the court will consider at the time of trial an appropriate limiting instruction and determine whether any redactions are appropriate pursuant to Fed. R. Evid. 403. It is so ordered.

Alvin W. Thompson, U.S.D.J.
Hartford, CT 9/28/05

FILED
2005 FEB 14 P 3: 46
U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN ACZEL
   Plaintiff

V.

LEONARD LABONIA
ETHAN MABLE
 and CITY OF DANBURY
   Defendants

: CIVIL NO. 300 CV 1802 AWT

: FEBRUARY 14, 2005

### PLAINTIFF'S MOTION IN LIMINE RE: THE POLICE REPORT

The Plaintiff in the above matter respectfully moves this Court to preclude the Defendants from introducing their Exhibit 1, the Police Report, in the Plaintiff and Defendants' Joint Trial Memorandum dated July 30, 2004. As is more specifically set forth in the attached memorandum of law, this exhibit should be precluded because the police report proposed to be introduced as an exhibit is cumulative or repetitive of the testimony to be given by Defendants, Leonard Labonia and Ethan Mable. The police report is a prior statement of the two Defendants and/or a recorded recollection of the two Defendants. There is no evidence advanced by the parties of recent fabrication and/or insufficient recollection permitting the police report to be introduced into evidence under Federal Rules of Evidence 801(d) and 803(5). The police report also does not meet the requirements of Federal Rules of Evidence 803(6) and can not qualify as a

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS No. 23640