UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOHN ACZEL
   Plaintiff                                 : CIVIL NO. 300 CV 1802 AWT

   V.

LEONARD LABONIA
ETHAN MABLE
 and CITY OF DANBURY
   Defendants                        : MARCH 10, 2005

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE RE: RE: LAY WITNESS TESTIMONY OF OFFICER JOSEPH RIOLO, DANBURY POLICE DEPARTMENT, OFFICER KARL MURPHY, DANBURY POLICE DEPARTMENT, MATT C. AND JOHN REED AT EMS, DANBURY EMERGENCY ROOM DEPARTMENT, SGT BRIAN MERRICK, DANBURY POLICE DEPARTMENT, AND DAVID OWEN, PRECISION**

**Nature of Case:**

This is a civil rights case brought by the plaintiff, John Aczel, under 42 U.S.C. Section 1983 and under 42 U.S.C. Section 1988 alleging that his Fourth and Fourteenth Amendment rights were violated. Plaintiff alleges that he was falsely arrested and subjected to excessive force on August 10, 1999 by Defendant, Leonard Labonia and Defendant, Ethan Mable, both of whom are police officers of the City of Danbury. Plaintiff alleges that he was subjected to excessive force by Defendant police officers when, without probable cause, the police officers placed him in an unventilated police cruiser in extremely hot weather (causing him to overheat and

experience severe breathing difficulties) and then subsequently repeatedly and violently struck his head, face, and body, pepper sprayed him and placed him under arrest. Plaintiff claims that Defendant police officers had a realistic opportunity to prevent use of excessive force against him but did not do so, and that Defendant police officers denied him adequate medical care despite the obligation of police officers to provide medical treatment to persons injured by the police by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims.

Plaintiff also alleges that Defendant police officers violated the laws of the State of Connecticut. Plaintiff is suing Defendant police officers for violation of the state law tort of Assault and Battery.    Plaintiff is also suing Defendant police officers for wrongfully and unlawfully confining him in an unventilated police car in hot weather (whereupon he began to experience severe breathing difficulties) before assaulting him and later detaining him at the police station, all without reason, justification or authority in violation of the state law tort of False Imprisonment.    Plaintiff is also suing Defendant police officers for using the criminal process against him in order to intimidate him from asserting his rights against them and in order to cover up their own wrongdoing and avoid civil and criminal liability for their own acts in violation of the state law tort of Abuse of Process.    As part of the Abuse of Process claim,

Plaintiff claims that Defendant police officers arrested him for committing the crime of interfering with a police officer and breach of peace to conceal and excuse their attack on him. Plaintiff further claims that Defendant police officers further attempted to conceal their attack on him by preparing a false police report, (which they knew, and intended, would be forwarded to and relied upon by a prosecutor), and, by falsely informing medical personnel at Danbury Hospital that he was intoxicated, although Defendant police officers did not seek to perform and did not perform any tests to confirm such claims. Plaintiff is also suing Defendant police officers for violation of the state law tort of Intentional Infliction of Emotional Distress.

     The Defendant police officers deny liability.  With respect to most of the claims made by Plaintiff,  Defendant police officers assert that all of their actions were objectively reasonable under the circumstances.

     Plaintiff claims as part of his damages that he was incarcerated for four to five hours, was required to appear in Court as an accused criminal, and was required to spend money to hire an attorney to defend himself against the false charges.   Additionally, Plaintiff claims that he suffered a loss of liberty, inconvenience and humiliation, great physical pain and disability, and extreme emotional distress, with associated economic loss. Plaintiff also claims to have suffered a traumatic brain injury, traumatic labyrinthitis, a fracture of the left wrist, traumatic headaches, TMJ injury, a fractured zygomatic arch requiring surgical repair, rib injuries, and a knee injury.

II.    <u>Law</u><u>and Argument</u>

Rule 402 of the Federal Rules of Evidence states, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible".   Rule 403, states, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence". Fed.R.Evid.403.

The lay witnesses, Joseph Riolo, Danbury Police Department, Officer Karl Murphy, Danbury Police Department, Matt C. and John Reed, at EMS, Danbury Emergency Room Department, Sgt. Brian Merrick, Danbury Police Department, and David Owen, Precision were never disclosed as witnesses in this case by Defendants.   They were not listed in the initial disclosures pursuant to Rule 26(a)(1).  Despite the nearly five years this case has been pending, defendants never supplemented their disclosures to include these witnesses. With exception to Officer Murphy, whom defendants identified as occupying a backup vehicle that arrived at the scene of the incident at their depositions, the first time Plaintiff learned of these witnesses was in the Joint Trial Memorandum. Not having notice, Plaintiffs did not have an opportunity to depose

these witnesses. Depositions were taken, in this case through May 16, 2002 and the deadline to complete discovery in this case was extended until May 30, 2002 pursuant to endorsement dated May 1, 2002, granting Motion 18-1, "Motion to extend Time to complete discovery". The parties drafted and filed the Joint Trial Memorandum in July, 2004. Therefore, Defendants did not disclose these witnesses until well over two years after the deadline for discovery had expired.

The Federal Rules of Civil Procedure was intended to avoid just the sort of "trial by ambush" attempted by Defendants here. <u>Marron v. H.O. Penn Machinery Co., Inc.</u> 518 F.Supp. 1069, 1073 (D.Conn.1981); <u>Cf. Airtex Corp. v. Shelly Radiant Ceiling Co.,</u> 536 F.2d 145, 155 (7 Cir. 1976) (noting "the duty of cooperation and disclosure imposed by the discovery provisions of the federal rules").

Accordingly, Defendants should be precluded from calling these witnesses.

III.    **CONCLUSION**

Based on the foregoing, the Plaintiff respectfully requests that this Court grant the Plaintiffs Motion in Limine, and preclude the Defendants from introducing testimony from lay witnesses, Joseph Riolo, Officer Karl Murphy, Matt C. , John Reed, Sgt. Brian Merrick, and David Owen, into evidence.

          PLAINTIFF,
          JOHN ACZEL

BY _____
          Tiziana M. Scaccia
          Goldstein and Peck, P.C.
          1087 Broad Street, P.O. Box 1538
          Bridgeport, CT 06601-1538
          (203) 334-9421
          (203) 334-6949 (fax)
          ct08713

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, U.S. Mail to the following counsel of record this 10"i day of March, 2005

John J. Radshaw, III, Esquire
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

 

_____
Tiziana M. Scaccia
Goldstein and Peek, P.C.
1087 Broad Street, P.O. Box 1538
Bridgeport, CT 06601-1538
(203) 334-9421
(203) 334-6949
ct08713