UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN ACZEL | : NO.: 3:00CV1802 (PCD) |
| | : |
| v. | : |
| | : |
| LEONARD LABONIA, ETHAN MABLE | : |
| AND CITY OF DANBURY | : NOVEMBER 28, 2005 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ORDER DISCLOSING ERASED RECORDS

The defendants, Leonard Labonia and Ethan Mable, hereby move this Court issue an order disclosing erased records stemming from John Aczel's arrest and criminal proceedings <u>State of Connecticut v. John Aczel</u> held at GA-3 Superior Court of Danbury, docket number D03D CR99 0106820s, which are unavailable pursuant to Connecticut General Statutes § 52-142a. In support of this motion, the above defendants represent:

1. By way of Writ, Summons and Complaint dated September 13, 2000, the plaintiff initiated the above-captioned action against these defendants claiming, <u>inter alia</u>, false arrest and false imprisonment; the charges against the defendant were apparently dismissed on October 26, 2001 (**Exhibit A**);

2. Pursuant to Connecticut General Statutes § 54-142a(a), "[w]henever in a criminal case, …the accused … is found not guilty or the charge or the charge is dismissed, all police and court records and records of the state's attorney pertaining to such charge shall be erased …."

3. Connecticut General Statutes § 54-142a(e) mandates that "…any person charged with retention and control of [erased] records … shall not disclose to anyone … information pertaining to any charge erased …."

4. Connecticut General Statutes § 54-142a(f) provides an exception to the non-disclosure of records, which reads, in part: "Upon motion properly brought, the court … may order disclosure of such records (1) to a defendant in an action for false arrest arising out of the proceedings so erased …."

5. The defendants represent that they necessitate the erased records in order to fully and fairly defend against the plaintiff's claims of false arrest and fals imprisonment made against them in this case.

6. The Defendants further represent that the records, including transcripts of the criminal proceedings may be needed at trial to refresh the Plaintiff's recollection during examination, and or for rebuttal, as the Plaintiff was not able clearly articulate the disposition of the charges against him during his deposition.  (**Exhibit B**, Depo. Tr. of John Aczel pp. 197-204).

WHEREFORE, the defendants, Leonard Labonia and Ethan Mable respectfully request that this Court grant their Motion for Order to Disclose Erased Records stemming from the matter State of Connecticut v. John Aczel, docket number D03D CR99 0106820s.

        THE DEFENDANTS,
        LEONARD LABONIA and ETHAN MABLE

        /s/John J. Radshaw, III
        John J. Radshaw, III, ct19882
        HOWD & LUDORF, LLC
        65 Wethersfield Avenue
        Hartford, CT 06114-1190
        (860) 249-1361(860) 249-7665
        E-mail:jradshaw@hl-law.com

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 28th day of November, 2005.

Tiziana Marie Scaccia, Esquire
Goldstein & Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT  06601-1538

                                        By    /s/John J. Radshaw, III
                                            John J. Radshaw, III