UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN ACZEL | : |
|     Plaintiff | : CIVIL NO. 300 CV 1802 AWT |
| | : |
| V. | : |
| | : |
| LEONARD LABONIA | : |
| ETHAN MABLE | : |
|  and CITY OF DANBURY | : |
|     Defendants | : DECEMBER 1, 2005 |

PLAINTIFF'S OBJECTION TO MOTION FOR ORDER DISCLOSING ERASED RECORDS

Plaintiff in the above matter hereby objects to the Motion for Order Disclosing Erased Records filed by Defendants in the above matter for the following reasons:

1. Plaintiff's deposition was taken on April 23, 2002, over three years ago. Thus, Defendants have been aware for over three years that Plaintiff, due to the fact that he is not well versed in the English language and also due to the fact that he is not at all versed in criminal procedure, could not articulate at his deposition his plea to the charges against him.

2. The criminal disposition sheet shows that the charges against Aczel were dismissed. The criminal disposition sheet was disclosed by Plaintiff to Defendant on September 5,

1

       2002. The criminal disposition sheet was appended to Plaintiff's Objection to the Motion for Summary Judgment filed by Labonia and Mable dated September 5, 2002, and marked Exhibit F.

3. In sum, Defendants are attempting to conduct discovery, approximately 4-5 years after the deadline for discovery expired and after the deadline to disclose experts expired. It is unfair and prejudicial to Plaintiff for the Court to allow Defendants to ignore deadlines in this case to the detriment of Plaintiff.

4. Defendants did not disclose their intention to introduce into trial as evidence, the erased criminal records in the Joint Trial Memorandum and they have never yet disclosed that they intend to introduce into this trial the erased records form the criminal proceedings. In five years of litigation, Defendants have never made the information contained in the erased criminal records "an issue" in this case.

5. The parties are scheduled to commence jury selection in this case on Monday, December 5, 2005 and trial can potentially begin on Tuesday, December 6, 2005. It is highly prejudicial to Plaintiff to allow Defendants to conduct discovery and to disclose these records at such a late stage. Had Plaintiff known that the records of the criminal proceedings would be an issue in this case, Plaintiff would have conducted its own

       discovery and would have been prepared to address this issue at trial and depending on whether the Plaintiff plead "not guilty", "nolle contendere" or otherwise, Plaintiff would have disclosed an expert in this case and/or disclosed Plaintiff's criminal attorney in this case, as an expert witness in order to explain the advice given to the Plaintiff with respect to his plea in the criminal proceeding and/or to explain the meaning of "nolle contendere" to the jury, or otherwise. It is absolute ambush to allow defendants at this late stage to begin discovery all over again.

6. If the Court allows Defendants to ignore the court's discovery deadlines and to ignore disclosures (or lack of disclosure) made in the joint trial memorandum deadline, Plaintiff will be prejudiced.

7. The Federal Rules of Civil Procedure was intended to avoid just the sort of "trial by ambush" attempted by Defendants here. <u>Marron v. H.O. Penn Machinery Co., Inc.</u> 518 F.Supp. 1069, 1073 (D.Conn.1981); <u>Cf. Airtex Corp. v. Shelly Radiant Ceiling Co.</u>, 536 F.2d 145, 155 (7 Cir. 1976) (noting "the duty of cooperation and disclosure imposed by the discovery provisions of the federal rules").

8. It is apparent that Defendants are seeking to a disclosure of the erased records in some effort to stall the trial of this case.

Accordingly, for all of the foregoing reasons, Plaintiff objects to Defendants' Motion for Order Disclosing Erased Records and requests that the Court deny the Motion.

### CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, U.S. Mail to the following counsel of record this 1st day of December, 2005.

John J. Radshaw, III, Esquire
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

            BY  /s/Tiziana M. Scaccia, Esq.
            Tiziana M. Scaccia, Esq. (ct 08713)
            GOLDSTEIN AND PECK, P.C.
            1087 Broad Street, P.O. Box 1538
            Bridgeport, CT   06601-1538
            Phone (203) 334-9421
            Fax (203) 334-6949
            Fed. ID No. ct08713
            e-mail: scacciat@goldsteinandpeck.com