UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.: 3:00CV1802 (PCD) |
| v. | : | |
| LEONARD LABONIA, ET AL | : | DECEMBER 5, 2005 |

## MOTION TO QUASH TRIAL SUBPOENAS AND FOR PROTECTIVE ORDERS PROHIBITING PRODUCITON OF DOCUMENTS VIA SUBPOENA

Pursuant to Fed.R.Civ.P. 26, 37 and 45 and D.Conn.L.R. 7 and 37, the defendants, LEONARD LABONIA and ETHAN MABLE, herby move that the Court quashes the subpoenas directed at CHIEF ALAN BAKER and DENA DIORO and issues a protective order releasing them from their obligation to appear on December 6, 2005 and prohibit the production of any of the documents sought by way of production via either subpoena.

In support of their motion, the defendants offer as follows:

1. Dean Dioro is the Personnel Director for the City of Danbury and her attendance is commanded for December 6, 2005 along with the command for her to produce the personnel files of the defendants, Officer Labonia and Offer Mable.

2. The court should quash this subpoena directed to Ms. Dioro and issue protective orders prohibiting production of the documents in question because:

    a.     This case is merely a lawsuit against two police officers; any <u>Monell</u> claim was dismissed at summary judgment, therefore, any material in their personnel files is irrelevant and immaterial.

    b.     Ms. Dioro was never listed as a witness in the Joint Trial Memorandum. Not being listed in the JTM, such witnesses are precluded from testifying at trial.

    c.     The personnel files sought in production were never listed as exhibits in the Joint Trial Memorandum. Not being listed in the JTM, such evidence is precluded from being offered at trial.

    d.     The officers' personnel files are privileged

    e.     Discovery is closed and our courts disfavor trial by ambush.

    f.     Any information in the personnel files that pertains to citizen complaints and the like was specifically precluded by the Court's Order, (see Doc. No. 168) on motion in *limine* by the defendants, (see Doc. No. 92). Not having moved for reconsideration, such order is law of the case.

    g.     The subpoena lacks a reasonable time to comply as required by the Federal Rules of Civil Procedure.

3.     Chief Alan Baker is the Chief of Police for the City of Danbury and his attendance is commanded for December 6, 2005 and he is requested to seventeen broad categories of documents.

4. The court should quash this subpoena directed to Ms. Dioro and issue protective orders prohibiting production of the documents in question because:

   a. This case is merely a lawsuit against two police officers; any <u>Monell</u> claim was dismissed at summary judgment, therefore, the materials sought are irrelevant and immaterial.

   b. Chief Baker was never listed as a witness in the Joint Trial Memorandum. Not being listed in the JTM, such witnesses are precluded from testifying at trial.

   c. Nearly all of the documents sought in production were never listed as exhibits in the Joint Trial Memorandum. Not being listed in the JTM, such evidence is precluded from being offered at trial.

   d. Discovery is closed and our courts disfavor trial by ambush.

   e. Any concerning internal affairs complaints and the like was specifically precluded by the Court's Order, (see Doc. No. 168) on motion by the defendants, (see Doc. No. 92). Not having moved for reconsideration, such order is law of the case.

   f. The documents sought will unnecessarily delay and complicate this trial beyond the claims remaining in the case, taxing scarce judicial resources.

   g. The subpoena lacks a reasonable time to comply as required by the Federal Rules of Civil Procedure.

As required by Local Rule, the defendants submit a memorandum of law in support of this motion.

This motion is filed in compliance with the Court's Standing Order on Motion Filing Procedures. With the service of subpoenas on November 30 and December 1 and with jury selection scheduled for December 5, the defendants submit good cause exhibits to deviate from the Standing Order on Motion Filing Procedures.

By filing motions in *limine* following the Joint Trial Memorandum and prior to the service of the subpoenas, counsel for the defendants has discussed some of these issues with counsel for the plaintiff but was not able to reach a resolution without the Court's intervention.

WHEREFORE, the defendants pray that their Motion to Quash and for Protective Orders is granted.

THE DEFENDANTS,
LEONARD ABONIA and ETHAN
MABLE

/s/ John J. Radshaw, III
John J. Radshaw, III, ct19882
HOWD & LUDORF, LLC
65 Wethersfield Avenue
Hartford, CT 06114-1190
(860) 249-1361
(860) 249-7665 (fax)

## CERTIFICATION

This is to certify that a copy of the foregoing sent this 5th day of December 2005 via facsimile and US Mail and hand-delivered to counsel.

Tiziana M. Scaccia, Esquire
GOLDSTEIN & PECK, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT 06601-1538

The undersigned hereby certifies that this motion is filed in conformance to the Court's Supplemental Order on Motion Filing Procedures.

/s/ John J. Radshaw, III
John J. Radshaw, III ct19882
HOWD & LUDORF, LLC
65 Wethersfield Avenue
Hartford, CT 06114-1190
(860) 249-1361
(860) 249-7665 (fax)