UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN ACZEL | : CIVIL ACTION NO.: 3:00-cv01802 |
| Plaintiffs, | : |
| vs. | : H-90-97 (PCD) |
| LEONARD LABONIA, ET AL. | : |
| Defendants. | : DECEMBER 5, 2005 |

## MOTION TO QUASH SUBPOENA

Non-party subpoena recipient, Danbury Hospital (the "Hospital"), requests that the Court issue an order quashing the subpoena served on it for the medical records of John Aczel to the extent that it would require the Hospital's keeper of records to travel from Danbury to New Haven for the sole purpose of authenticating the records. Under the circumstances, the Hospital believes that requiring live attendance would be unduly burdensome.

As grounds for this Motion, the Hospital states:

1. The Hospital has received a subpoena concerning the medical records of John Aczel.

2. The subpoena purports to require the production of medical records and the trial testimony, at 9:30 a.m. on Tuesday, December 6, 2005, of the Hospital's keeper of records.

3. The Hospital is not aware of any claims by any party that the records in its files are not authentic, and defendants' counsel, John J. Radshaw, III of Howd & Ludorf, LLC, has confirmed that he will not object on grounds of authenticity as long as the

Hospital delivers the sealed, certified records to Court. However, the undersigned has been unable to confirm with the subpoenaing attorney that live testimony is no longer required.

4. For proceedings in Connecticut state courts, the Connecticut legislature has determined that requiring Hospital records keepers to appear and testify live in Court is unduly burdensome and has enacted a statute providing for the admission of Hospital records without live records keeper testimony. Conn. Gen. Stat. § 4-104.

5. While the Hospital does not contend that this statute applies in federal courts, the Hospital believes that Fed. R. Civ. P. 45 gives the Court the discretion not to require live records keeper testimony, particularly when, as here, authenticity is not in dispute.

6. The Hospital has no objection to providing the records directly to the Court with a signed certification authenticating them.

7. The Hospital is a busy place, and sending the appropriate employee would be inconvenient and unduly burdensome for the employee as well as the Hospital when, in the Hospital's opinion, there is no reason that a written certification should be insufficient for the parties or the Court reasonably to establish authenticity of the records.

For the foregoing reasons, the Hospital respectfully requests that the subpoena be quashed to the extent that it would require its records keeper to travel from Danbury to New Haven to testify live at trial, and that it be permitted instead to present the sealed, certified Hospital records directly to the Court.

DANBURY HOSPITAL,

_____
Bethany L. Appleby (ct18418)
**WIGGIN AND DANA, LLP**
One Century Tower, P.O. Box 1832
265 Church Street
New Haven, CT 06508-1832
Telephone: 203-498-4400
Facsimile: 203-782-2889
email: bappleby@wiggin.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document was mailed, postage prepaid, this 5th day of December, 2005, to:

William J. Kupinse, Jr., Esq.
Daren R. Altieri, Esq.
Tiziana M. Scaccia, Esq.
Goldstein & Peck
1087 Broad Street
P.O. Box 1538
Bridgeport, CT 06601-1538

Robert L. Cavanaugh, Jr.
Rodie & Connolly
1980 Main Street
Stratford, CT 06615

Jay T. DonFrancisco, Esq.
Thomas R. Gerarde, Esq.
Melinda A. Powell, Esq.
John J. Radshaw, III, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114-1190

Thomas M. Murtha, Esq.
Mark A. Perkins, Esq.
Maher & Murtha
528 Clinton Avenue
P.O. Box 901
Bridgeport, CT 06601

\15558\15\565677.1

_____
Bethany L. Appleby