UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN ACZEL | NO.: 3:00CV1802 (PCD) |
| v. | |
| LEONARD LABONIA, ETHAN MABLE AND CITY OF DANBURY | DECEMBER 6, 2005 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO QUASH AND FOR PROTECTIVE ORDER

The defendants, LEONARD LABONIA and ETHAN MABLE, submit the following Memorandum of Law in support of their Motion to Quash and for Protective Orders dated December 6, 2005.

### I.   BACKGROUND.

This is a civil rights case brought by the plaintiff under 42 U.S.C. § 1983 alleging that he was subject to excessive force on August 10, 1999 in the City of Danbury. The plaintiff claims he was subject to excessive force by a police officer. The defendants claim that they were dispatched to Highland Avenue to investigate a complaint of a dispute. In the course of their investigation, they determined that the plaintiff was a suspect and briefly detained him in order to complete the investigation. During the brief detention, the plaintiff, who the officers suspected was intoxicated, refused to comply with the lawful instructions of the officers, became violent, assaulted a police officer and refused to submit to being handcuffed. The officers were forced to use a reasonable degree of force to ensure the plaintiff's compliance.

The plaintiff also joins pendent state law causes of action for Assault and Battery, False Imprisonment, Abuse of Process, and Intentional Infliction of Emotional Distress.

The defendant officers deny liability, and assert that all of their actions were reasonable and justified under the circumstances.

The City of Danbury, against which the plaintiff had asserted Monell claims, arguing that the City was liable for a failure to hire, screen, supervise, or train or based on some other policy, practice or procedure, was dismissed from the case at summary judgment.

Jury selection occurred on December 5, 2005. Evidence is expected to commence on December 6, 2005. In preparation for trial, the plaintiff's counsel issued a subpoena to Lt. Charles Kluge, the records officer for the City of Danbury Police Department.

On December 5, 2005, Lt. Kluge was served with a subpoena for his attendance at trial for Tuesday, December 6, 2005. *See* **Exhibit A**. The subpoena also commanded him to produce the records and other materials. *See* **Exhibit A**, p. 2-3. These are the same materials sought in a subpoena to Chief Baker. The subpoena commanded him to produce seventeen categories of documents. *See* **Exhibit A**, p. 2-3. These categories include: police reports (#1, 17), internal affairs investigations/reports, personnel records, discipline records (#2, 4-13), "manuals" (#3), "code of conduct" (#14), rules and regulations (#15), and general orders (#16). *Id.*

The parties filed and responded to more than 20 motions in *limine* that were all ruled upon by the Court, by *Thompson, J.* Further, the City of Danbury was dismissed from this case at summary judgment. Therefore, no claim exists based on *Monell*.

Now, on the eve of trial, the plaintiff has subpoenaed another City employees

with the intent to vex, harass and embarrass the defendants with irrelevant and immaterial evidence, and seeking documents specifically precluded by the orders on the motions in *limine*. This case is merely a lawsuit against two police officers; any *Monell* claim was dismissed at summary judgment, therefore, any material in their personnel files is irrelevant and immaterial. The personnel files sought in production were never listed as exhibits in the Joint Trial Memorandum. Not being listed in the JTM, such evidence is precluded from being offered at trial. Moreover, the officers' personnel files are privileged. Discovery is closed and our courts disfavor trial by ambush. Any information in the personnel files that pertains to citizen complaints and the like was specifically precluded by the Court's Order, (see Doc. No. 168) on motion in *limine* by the defendants, (see Doc. No. 92). Not having moved for reconsideration, such order is law of the case.

Any concerning internal affairs complaints and the like was specifically precluded by the Court's Order, (see Doc. No. 168) on motion by the defendants, (see Doc. No. 92). Not having moved for reconsideration, such order is law of the case. The documents sought will unnecessarily delay and complicate this trial beyond the claims remaining in the case, taxing scarce judicial resources. Furthermore, the subpoena lacks a reasonable time to comply as required by the Federal Rules of Civil Procedure.

For the reasons that following, he subpoenas should be quashed.

## II. LAW AND ARGUMENT.

### A. STANDARD OF REVIEW.

Federal Rule of Civil Procedure 26(c) requires that a party demonstrate "good cause" in order to obtain a protective order. "[T]he burden is upon the party seeking ... a protective order to show good cause." *Penthouse Int'l, Ltd. v. Playboy Enters.*, 663 F.2d 371, 391 (2d Cir.1981) (citation omitted); *see also* Fed. R. Civ. P. 26(c); *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir.1992) (burden is on moving party to show good cause). Rule 26(c), however, "is not a blanket authorization for the court to prohibit disclosure of information whenever it deems it advisable to do so, but is rather a grant of power to impose conditions on discovery in order to prevent injury, harassment, or abuse of the court's processes." *Bridge C.A.T. Scan Assocs. v. Technicare Corp.*, 710 F.2d 940, 944-45 (2d Cir.1983). Fed R. Civ. P. 45 provides that "[a] party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Fed.R.Civ.P. Rule 45(c)(1). Courts also give special weight to the burden on non-parties of producing documents to parties involved in litigation. *See Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir.1998) ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."); *Heidelberg Ams., Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41-42 (1st Cir.2003); *see also* Fed.R.Civ.P. 45(c)(2)(B) ("an order to compel production shall protect any person who is not a party from significant expense...."). The determination of issues of burden and reasonableness is committed to the sound discretion of the trial court. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y.1996); 9A

WRIGHT & MILLER, § 2463.

Rule 26 provides:

(c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(1) that the disclosure or discovery not be had;

(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;

(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;

(5) that discovery be conducted with no one present except persons designated by the court;

(6) that a deposition, after being sealed, be opened only by order of the court;

(7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and

(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or other person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

Rule 45 provides:

(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the

premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**B.    THE COURT SHOULD QUASH THE SUBPOENA DIRECTED TO POLICE LIEUTENTAN KLUGE AND PROTECTIVE ORDERS SHOULD ISSUE PROHIBITING THE PRODUCTION OF VOLUMINIOUS, IRRELEVANT, IMMATERIAL DOCUMENTS ALREADY ORDERED PRECLUDED BY COURT ORDER IN THIS CASE SOUGHT VIA SUBPOENA.**

This case is merely a lawsuit against two police officers; any *Monell* claim was dismissed at summary judgment, therefore, the materials sought are irrelevant and immaterial. The plaintiff intends to unnecessarily prolong this case with irrelevant and immaterial evidence to confuse and mislead the jury. Most serious, however, is the plaintiff's effort to circumvent orders already issued in this case to obtain materials already precluded. Such ruling is law of the case.

Pursuant to *Monell v.Dep't. of Soc. Servs.*, 436 U.S. 658 (1978), a City or other government policymaker may be held liable for a constitutional deprivation if it fails to properly train, supervise or discipline an officer that deprives a citizen of his constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). There is no *Monell* claim in this case. As such, the police department's rules, regulations, policies, etc., are irrelevant to the issues in this case. The appropriate standards to be applied to Constitutional violations are appropriately directed announced by the Courts and Constitution, and not by police regulations, polices, etc. The overwhelming weight of case law is against the plaintiff's position.[1]

---

[1] *Medina v. Cram*, 252 F.3d 1124, 1133 (10th Cir. 2001) (claims based on violations of state law and police procedure not actionable under § 1983); *Mettler v. Whitledge*, 165 F.3d 1197, 1203 (8th Cir. 1999) ("Most of the guidelines cited are for the protection of the sheriff's deputies, not of armed suspects, and in any event the breach of such guidelines is not dispositive to our determination of whether the deputies violated a clearly established constitutional right."); *Soller v. Moore*, 84 F.3d 964, 969 (7th Cir. 1996) (IACP (International Association of Chiefs of Police) Model Policy on off-duty officers engaging in traffic stops under circumstances where they are personally involved ruled inadmissible: "[W]hether it is wise public policy to allow off-duty police officers to chase late night traffic violators is beside the point; the action is not unconstitutional and, more to the point, it has nothing to do with the key issue of whether the force used after a suspect is collared is excessive under the circumstances."); *Romero v. Board of County Commissioners*, 60 F.3d 702, 705 (10th Cir. 1995) (that officer failed to arrest and handcuff drunk driver as required under state law and procedures irrelevant: "[V]iolations of state law and police procedure generally do not give rise to a § 1983 claim."); *Marti v. City of Maplewood*, 57 F.3d 680, 684 (8th Cir. 1995) (where plaintiff alleged officers failed to follow written policies, policies themselves not probative of municipal liability); *Scott v. Henrich*, 39 F. 3d 912, 915-16 (9th Cir. 1994) ("[Plaintiff] argues the police officers' conduct violated department guidelines for dealing with barricaded suspects. . . . Assuming internal police guidelines are relevant to determining whether use of force is objectively reasonable, they are relevant only when one of their purposes is to protect the individual against whom force is used."); *Plakas v. Drinsky*, 19 F.3d 1143, 1150-51 (7th Cir. 1994) ("[W]e think it is clear that the Constitution does not enact a police administrator's equipment list. We decline to use this case to impose constitutional equipment requirements on the police."); *Drewitt v. Pratt*, 999 F.2d 774 (4th Cir. 1993) ("failure of" the officer "to display his badge when announcing himself as a police officer" and demanding that the driver stop, even if it was a violation of state law, was "irrelevant to the issue of whether at the moment of the shooting" the officer had probable cause to shoot); *Fraire v. City of Arlington*, 957 F.2d 1268, 1276 (5th Cir. 1992) ("[E]ven a negligent departure from established police procedure does not necessarily signal violation of constitutional protections."); *Smith v. Freland*, 954 F.2d 343, 954 (6th Cir. 1992) (court rejected plaintiff's claim that officer should be liable for violating city policy that forbids officers to fire at moving vehicles and to apprehend misdemeanor suspect; issue was whether the officer violated the Constitution, "not whether he should be disciplined by the local police force. A city can certainly choose to hold its officers to a higher standard than that required by the Constitution without being subjected to increased liability under § 1983."); *Elliott v. Cheshire County*, 940 F.2d 7 (1st Cir. 1991) (in suicide, properly posed constitutional question is not whether defendant adhered to agency protocols, but whether it disregarded known risk particular detainee would commit suicide); *Edwards v. Baer*, 863 F.2d 606, 608 (8th Cir. 1988)

The plaintiff' subpoena is divided into seventeen categories. These categories include: police reports (#1, 17), internal affairs investigations/reports, personnel records, discipline records (#2, 4-13), "manuals" (#3), "code of conduct" (#14), rules and regulations (#15), and general orders (#16).

Any concerning internal affairs complaints – items #2, 4-14 - and the like was specifically precluded by the Court's Order, (see Doc. No. 168) on motion by the defendants, (see Doc. No. 92). Not having moved for reconsideration, such order is law of the case. The remaining documents sought - "manuals" (#3), "code of conduct" (#14), rules and regulations (#15), and general orders (#16) – are relevant only to a *Monell* claim and will unnecessarily delay and complicate this trial beyond the claims remaining in the case, taxing scarce judicial resources. The question in this case against the individual defendants is "whether the defendants violated [the plaintiff's] rights, not whether they violated standards of professional conduct." *Saunders v. City of Chicago*, 320 F.Supp.2d 735, 739 (N.D.Ill. 2004). Rules, regulations and general orders are

---

(officer's arrest on invalid warrant violated special order; but "police department guidelines do not create a constitutional right"); *Edwards v. Thomas*, 31 F. Supp. 2d 1069, 1076 (N.D. Ill. 1999) (objective reasonableness, standard for excessive force claims, requires analysis of what hypothetical reasonable officer would have known and done in light of circumstances confronting actual officer in case; police regulations, general orders and officer training provide relevant (although not conclusive) benchmark for making such comparison); *Estate of Saldana by Saldana v. Weitzel*, 912 F. Supp. 413, 416 (D. Wisc. 1996) (decedent was holding knife, shouting, drunk and threatening people; officer shot from about fifteen feet; even if the plaintiff's expert was correct and closing gap to fifteen feet was poor policing, poor policing, however, not constitutional violation); *Charles v. Cotter*, 867 F. Supp. 648, 663-64 (N.D. Ill. 1994) (evidence that defendants violated police rules, regulations relevant with respect to claim they violated constitutional rights, but, granting plaintiff's motion, court limited use to impeachment and refreshing witnesses' recollection); *Jones v. Chieffo*, 833 F. Supp. 498, 507 (E.D. Pa. 1993) (under then-existing reckless indifference standard, "[officer's] choice to pursue the vehicles and to prevent them from causing any future harm without the use of his siren and without explaining his reasons for the pursuit may have violated state law, police directives, or even constituted a common law tort, but it may not state a claim for a constitutional deprivation of due process."); *Cf. Townsend v. Benya*, 287 F. Supp. 2d 868, 876 (N.D. Ill. 2003) (because knowledge and state of mind are required elements of plaintiff's § 1983 claims, knowing violations of department regulations by defendants are relevant).

inadmissible to prove a constitutional violation. *Id*, *Medina v. Cram*, 252 F.3d 1124, 1133 (10th Cir. 2001) (claims based on violations of state law and police procedure not actionable under § 1983).

All police records related are exempt from disclosure pursuant to the law enforcement privilege that protects law enforcement agencies and employees from discovery which interferes with police investigations. Disclosure would reveal law enforcement techniques and procedures, endanger the confidentiality of sources, to place witnesses and law enforcement personnel in jeopardy, publicize the privacy of individuals involved in an investigation, and otherwise interfere in the criminal investigations of the City of Danbury Police Department.

Additionally, the official information privilege also protects from disclosure a wide variety of sensitive and private police material. The official information privilege protects police personnel files and investigative reports from "fishing expeditions". This privilege is intended to be quite broad and general in its scope. Disclosure of said documents is a threat to the safety of police officers, an invasion of the privacy of police officers, the weakening of law enforcement programs or procedures, the chilling of police investigative candor, the chilling of citizen complainant candor, and state privacy law.

Accordingly, the subpoena should be quashed.

## III. **CONCLUSION.**

WHEREFORE, the defendants pray that their Motion to Quash and for Protective Orders is granted.

RESPECTFULLY SUBMITTED,

THE DEFENDANTS,
LEONARD LABONIA and ETHAN
MABLE

/s/ John J. Radshaw, III
John J. Radshaw, III, ct19882
HOWD & LUDORF, LLC
65 Wethersfield Avenue
Hartford, CT 06114-1190
(860) 249-1361
(860) 249-7665 (fax)

## **CERTIFICATION**

This is to certify that a copy of the foregoing sent this 6th day of December 2005 via facsimile and US Mail and hand-delivered to counsel.

Tiziana M. Scaccia, Esquire
GOLDSTEIN & PECK, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT 06601-1538

The undersigned hereby certifies that this motion is filed in conformance to the Court's Supplemental Order on Motion Filing Procedures.

/s/ John J. Radshaw, III
John J. Radshaw, III, ct19882
HOWD & LUDORF, LLC
65 Wethersfield Avenue
Hartford, CT 06114-1190
(860) 249-1361
(860) 249-7665 (fax)

FROM :DANBURY POLICE DEPARTMENT        FAX NO. :203 796 1531        Dec. 05 2005 10:47AM  P2

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF _____

John Aczel

V.

Leonard Labonia, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  3:00-cv-01802 (PCD)

TO: Keeper of the Records - Danbury Police Department,
120 Main Street, Danbury, CT

[X] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| United States District court - District of Connecticut<br>141 Church Street, New Haven, CT 06510 | 1 |
| * Please call Attorney Scaccia at (203) 334-9421 to confirm date and time. | DATE AND TIME<br>12/6/05 - 9:30 a.m. |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached

| PLACE * Please call Attorney Scaccia at (203) 334-9421 to confirm date and time.<br>141 Church Street, New Haven, CT 06510 | DATE AND TIME<br>12/6/05 - 9:30 a.m. |
|---|---|

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>ct 08713    Attorney for Plaintiff | DATE<br>11/28/05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Tiziana Scaccia, Goldstein and Peck, P.C., 1087 Broad Street, Bridgeport, CT 06604

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

A TRUE COPY ATTEST

Exhibit A

SCHEDULE A TO SUBPOENA:

PLEASE PRODUCE THE FOLLOWING:

1. The original and/or a copy of all records generated by the police, the defendants and any individual of the Danbury Police Department that pertain to the incident complained of in the above captioned complaint, including without limitation, memo book entries, arrest reports, field notes, field reports, incident reports, injury reports, log entries, and hospital records.

2. The original and/or a copy of all records of the investigation and findings of the Internal Affairs or Inspection Department that investigated the incident alleged in the complaint of John Aczel vs. Leonard Labonia, et al.

3. The original and/or a copy of all departmental manuals for the Danbury Police Department.

4. The original and/or a copy of all Internal Affairs files, including but not limited to all documents, notes, memo, letter reports, notations, video, etc. pertaining to Leonard Labonia.

5. The original and/or a copy of all Internal Affairs files, including but not limited to all documents, notes, memo, letter reports, notations, video, etc. pertaining to Ethan Mable.

6. The original and/or a copy of all personnel files, including but not limited to all documents, notes, memo, letter reports, notations, video, etc. pertaining to Leonard Labonia.

7. The original and/or a copy of all personnel files, including but not limited to all documents, notes, memo, letter reports, notations, video, etc. pertaining to Ethan Mable.

8. The original and/or a copy of all files, including but not limited to all documents, notes, memo, letter reports, notations, video, etc. pertaining to any disciplinary action against Leonard Labonia.

9. The original and/or a copy of all files, including but not limited to all documents, notes, memo, letter reports, notations, video, etc. pertaining to any disciplinary action against Ethan Mable.

10. The original and/or a copy of all files, including but not limited to all documents, notes, memo, letter reports, notations, video, etc. that pertain to any formal complaints against Leonard Labonia.

11. The original and/or a copy of all files, including but not limited to all documents, notes, memo, letter reports, notations, video, etc. that pertain to any formal complaints against Ethan Mable.

12. The original and/or a copy of all files, including but not limited to all documents, notes, memo, letter reports, notations, video, etc. that pertain to any informal complaints against Leonard Labonia.

13. The original and/or a copy of all files, including but not limited to all documents, notes, memo, letter reports, notations, video, etc. that pertain to any informal complaints against Ethan Mable.

14. The original and/or copy of the Danbury Police Department, Code of Conduct.

15. The original and/or copy of the Rules and Regulations of the Police Department of the City of Danbury.

16. The original and/or copy of the Directives and General Orders of the Danbury Police Department.

17. Please produce all versions of the police report in reference to the incident alleged in the complaint of John Aczel vs. Leonard Labonia, et al.