## THE UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

*****************************************
                                         *

| | | |
|---|---|---|
| JOHN ACZEL | * | |
|   Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION NO. 3:00-CV-01802(PCD) |
| | * | |
| | * | |
| | * | |
| LEONARD LABONIA, ET AL | * | |
|   Defendants. | * | DECEMBER 22, 2005 |

*****************************************

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR A NEW TRIAL

Pursuant to Rule 50 and Rule 59 of the Federal Rules of Civil Procedure, the

plaintiff moves for a new trial and in support of his motion, files this Memorandum.

**FACTS:**

This case was tried to a jury in the course of 3 days, on December 7, 8, and

12. On December 13, 2005, the jury retired to consider its verdict. On December 14,

2005, the jury returned a verdict finding for the defendants on all counts except for the

count alleging a violation of the plaintiff's constitutional rights by the use of excessive

force by Leonard Labonia. On that count, as is evidenced by the answers to

interrogatories to the jury, the jury found that excessive force had been used, that the plaintiff was entitled to damages in the amount of $12,078.61, and that the defense of qualified immunity applied. This Court, recognizing the inconsistency of the finding, sent the jury back for further consideration. The jury returned and indicated that it could not reach a verdict on the excessive force count because the verdict was a "compromise." The jury asked whether they could award damages and also find that qualified immunity applied. The Court informed the jury that they could not do both. The Court then sent the jury back again to consider further its verdict. The jury subsequently returned indicating that it could not reach a unanimous decision on the excessive force count but would like the opportunity to change its verdict on the other counts. The Court having already accepted the verdict for the defendants on the other counts indicated that the jury could not do so. Eventually the jury returned and indicated that it could come to no other conclusions than it had. The jury indicated that they had debated the issue for two days and the compromised and inconsistent verdict was the only verdict on which they could agree.

The plaintiff moved for a mistrial, and the Court reserved its decision on the motion for a mistrial. The Court indicated that the defendant could file a Rule 50

2

motion for a judgment as a matter of law and was given two weeks to file a memorandum. The plaintiff was given two weeks to file a memorandum in response to the defendants' motion.

The plaintiff has filed this Motion for a New Trial on all counts on the basis that the jury clearly and impermissibly reached a compromise verdict and the verdict was internally inconsistent.

**ARGUMENT:**

There is no question that the verdict in this case, given the colloquy with the jury provides grounds for a mistrial or more technically the granting of a Motion for a New Trial pursuant to Rule 59 of the Federal Rules of Civil Procedure.

> A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States....

F.R.Civ.P. Rule 59(a).

Under Rule 59 of the Federal Rules of Civil Procedure, the standard of review for the Court is less stringent than that for a motion for judgment as a matter of law.

Densberger v. United Tech. Corp., 125 F. Supp. 2d 585 (D. Conn. 2000).  Song v. Ives Laboratories, Inc., 957 F.2d 1041 (2d Cir. 1992).

> A motion for a new trial should be granted when, in the opinion of the district court, "the jury has reached a seriously erroneous result or ... the verdict is a miscarriage of justice." [Citations omitted.] Unlike a judgment n.o.v., a new trial may be granted even if there is substantial evidence to support the jury's verdict. [Citation omitted.]  In contrast to the standard applied in considering a motion for judgment n.o.v., trial judge hearing a motion for a new trial "is free to weigh the evidence himself and need not view it in the light most favorable to the verdict winner." [Citation omitted.]

Id. At 1047.

"A Rule 59(a) motion for new trial is also an appropriate vehicle for a defendant to challenge a jury verdict on the ground that it is inconsistent." Densberger, Supra. p. 3 at 598.   There is no question that the initial determination by the jury on the issue of the violation of the plaintiff's Fourth Amendment rights by the use of excessive force was inconsistent.   Basically, the jury found that excessive force was used, awarded modest damages, and found that the defendant's actions were protected by qualified immunity.   There can be no more obvious inconsistency in the verdict on this count.   Where there are significant inconsistencies in a jury finding, the Seventh

4

Amendment right to a trial by jury is compromised and the case needs to be retried. Finnegan v. Fountan, 915 F.2d 817 (2d Cir. 1990).

This Court, recognizing the inconsistency, returned the jury for further consideration having accepted the jury verdict on the other counts of the plaintiff's complaint.  The jury then returned, indicated that it could not reach a unanimous verdict on the Fourth Amendment claims and asked whether or not it could change its verdict on some of the other counts.  The only conclusion that can be reached as a result of this sequence of events is that the verdict in this case rendered by the jury was a "compromise verdict."  Obviously, the jury was having difficulty with the liability issues, but also was convinced to give the plaintiff some award.

Often the search for evidence of a compromise verdict, unlike in the present case, requires some inferences from the verdict itself.  In the present case, the need for inference is lessened because of the colloquy with the jury.  If it were not, there still would be a basis for determining that an improper compromise verdict had been rendered.

> A compromise verdict results when jurors resolve their inability to reach
> a determination with any certainty or unanimity on issues of liability by
> awarding a party inadequate damages....

5

Consideration of several factors may be useful when examining whether a verdict is a result of jury compromise.  These factors include "a damages award that is grossly inadequate, a close question of liability, and an odd chronology of jury deliberations." [Citations and comment omitted.]... [T]he overarching consideration must be whether "the record itself viewed in its entirety...clearly demonstrate[s] the compromise character of the verdict, otherwise it is not error for the trial judge to refuse to set the verdict aside on this ground." [Citations omitted.] When a court recognizes that the jury's verdict is a result of impermissible compromise, such a verdict taints the entire proceeding and the proper remedy is a new trial on all issues. [Citations omitted.] ("If sufficiently persuasive indicia of a compromise are present, then the issues of liability and damages are inseparable and a complete new trial is necessary").

Carter v. Chicago Police Officers Moore and Price, 165 F.3d 1071, 1083 (7th Cir. 1998).

In the present case, because of the inconsistency and inadequacy of the jury's verdict on the Fourth Amendment excessive force claims coupled with the jury's desire when faced with that inconsistency and unable to resolve it to return to other counts and alter its verdict, a new trial on all issues is warranted.

As the Supreme Court has instructed, where the practice permits a partial new trial, it may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice. [Citations omitted.]  In accordance with that mandate, this court has required a complete new trial "when the issues of liability and damages were tied

6

together and there are indications that the jury may have reached a compromise verdict." [Citations omitted.]

Mekdeci v. Merrell National Laboratories, 711 F.2d 1510, 1513 (11th Cir. 1983). The court went on to say "If sufficiently persuasive indicia of a compromise are present, then the issues of liability and damages are inseparable and a complete new trial is necessary." Id. at 1514.

In the case of Atkins v. New York City, 143 F.3d 100 (2d Cir. 1998), the court reasoned and found as follows:

> While we may order a new trial on damages only, [Citation omitted.] we should not do so "'if there is reason to think that the verdict may represent a compromise among jurors with different views on whether defendant was liable or if for some other reason it appears that the error on the damage issue may have affected the determination of liability'". [Citations omitted.] We may infer that a verdict is a compromise where damages are awarded in an amount inconsistent with the theory of liability offered at trial together with other indicia, such as a close question of liability. [Citations omitted.]

> Although there is in this case no evidence proving that a compromise verdict was returned, for the purpose of determining whether we should order a new trial on all issues, it is sufficient that the issue of liability was close and vigorously contested and that the verdict on damages was inconsistent with the facts adduced at trial. [Emphasis supplied.]

7

Id. at 104.  In reaching its conclusion, the court relied in part upon Maher v. Isthmian Steamship Company, 253 F.2d 414 (2d Cir. 1958).

In Maher, because of the limited number of decisions of federal courts, the court looked to state law on the issue on compromise verdicts.  Referring to a New York case, the court stated, "in addition to colloquy between the judge and the jury, the verdict itself contained the statement that the jury could reach agreement only by compromise on the question of whether the defendant was negligent in causing the plaintiff's injury."  Id. at 417-418.  Connecticut law likewise requires a new trial in the face of a compromise verdict.  Meek v. Walmart Stores, Inc., 72 Conn. App. 467 (2002).  Likewise, Connecticut law looks to a new trial on all issues where a compromise verdict has been rendered.  Scanlon v. Connecticut Light and Power, Co., 258 Conn. 436 (2001).

This circuit was faced with somewhat similar circumstances in Stephenson v. Doe, No. 00-93 (2d Cir. 06/13/2003) (copy attached).  In Stephenson, as in the present case, the jury determined that the officer had used excessive force, but was also entitled to qualified immunity.  Id. at pp. 4-5.  The Court concluded "that the

8

qualified immunity verdict is legally inconsistent with the verdict on excessive force

and should not stand". Id. at p. 7. The Court went on to find,

> "the proper approach when faced with seemingly inconsistent verdicts
> is not to credit one finding and vacate the other" [Citation omitted.]. If
> we are "unable to harmonize the jury's findings, 'we must vacate the
> judgment and order a new trial'" [Citation omitted.]. Moreover, we
> conclude from the record before us that the risk is simply too great that
> the instruction on qualified immunity improperly affected the jury's
> consideration of whether [the police officer] used unlawful force.

Id. at pp. 7-8. The Court went on to conclude,

> The jury was, in effect, told that it could find that [the police officer] used
> excessive force but could then still let him off the hook by finding
> qualified immunity. On this record there is a risk that the effect of
> having such an "out" (by finding qualified immunity) affected the care
> with which the jury conducted the excessive force inquiry [Citation and
> comment omitted]. If that is what happened, it would not be fair to throw
> out one part of the verdict (qualified immunity), but let the other
> (excessive force) stand. See, Finnegan v. Fountan, 915 F.2d 817, 821
> (2d Cir. 1990) (ordering new trial because of irreconcilable verdict, and
> explaining that even if the jury should not have been allowed to make
> the latter finding" this does not inspire anymore confidence in the former
> [finding]").

Id. at p. 8.

The need to order a new trial is even more compelling in the present case

where the jury made not only inconsistent findings of excessive force and qualified

9

immunity, but also found based on its finding of excessive force, inadequate damages, and, in addition, attempted to recast its verdict by making a finding in favor of the plaintiff on other counts where qualified immunity was not a defense.

**CONCLUSION:**

While there are other reasons which could be argued in support of the motion for a new trial (for example, rulings on the motions in limine, insufficiency of jury instructions, etc.  See, <u>Charts v. Nationwide Mutual Insurance Co.</u>, ___F. Supp. 2d ____ (3:97cv1621 (CFD) (2005)), the evidence of a compromise verdict which is internally inconsistent is so obvious that the court need not resort to consideration of other reasons.  There is no need to infer what the jury did, they told us. The plaintiff's motion for a new trial should be granted.

<div style="margin-left:40%">

THE PLAINTIFF

By: /s/ Tiziana M. Scaccia
Tiziana M. Scaccia  ct08713
GOLDSTEIN AND PECK, P.C.
1087 Broad Street, P.O. Box 1538
Bridgeport, Connecticut  06601
(203) 334-9421/(203) 334-9421
E-mail:scacciat@goldsteinandpeck.com

</div>

**CERTIFICATION**

This is to certify that the above was mailed or electronically delivered this 22nd day of December 2005 to all counsel and pro se parties of record:

John J. Radshaw, III
HOWD & LUDORF, LLC
65 Wethersfield Avenue
Hartford, CT 06114-1190

THE PLAINTIFF,
JOHN ACZEL

By:  /s/Tiziana M. Scaccia_____
    Tiziana M. Scaccia, Esq.
    GOLDSTEIN AND PECK, P.C.
    1087 Broad Street
    Bridgeport, CT 06601-1538
    Tel: (203) 334-9421
    Fax:(203) 334-6949
    Fed No. ct08713
    E-Mail:scacciat@goldsteinandpeck.com

P:\MYFILES\WORDPERFECT 12\1A MY FOLDERS\CLIENTS\ACZEL\PLEADINGS ACZEL\00-CV-01802 P'S MEMORANDUM IN SUPPORT OF P'S MOTION FOR A NEW TRIA 12-22-05L.WPD