UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.: 3:00 CV 1802 (PCD) |
| | : | |
| v. | : | |
| | : | |
| LEONARD LABONIA, ET AL | : | JANUARY 16, 2006 |

## DEFENDANT LABONIA'S REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO RENEWED MOTION FOR JUDGMENT

The plaintiff's memorandum of law in opposition to the defendant's motion for judgment on the issue of qualified immunity offers no legal analysis and reads as if it were the plaintiff's counsel's closing argument, not a discussion of what facts a jury could have reasonably found. The plaintiff's brief in opposition ignores the doctrine of qualified immunity, the jury's factual findings implicit in the verdict that was recorded and accepted, and the presumption that the jury followed its instructions.

Turning to the plaintiff's litany of acts from pages 3-23 of his memorandum, this discussion bears little resemblance of the evidence adduced at trial. This litany ignores the factual findings implicit in the verdict that was accepted and recorded. These findings include the exoneration of Officer Mable and the findings in favor of all defendants on the state law claims. These claims, if proven, would have supported the vast conspiracy about which the plaintiff complains. With the exoneration of the defendants on these issues, it cannot be said that the jury reasonably found anything supporting the bulk of Aczel's version of the events, particularly with respect to the

claims of false imprisonment, abuse of process, assault and battery, and intentional infliction of emotional distress despite plaintiff's conclusory statements to the contrary.

The district court's decision in *Kent v. Katz*, 327 F.Supp.2d 302 (D. Vt. 2004) is instructive on the facts found by a jury when excessive force is found but the jury also found qualified immunity. In *Kent*, the district court denied the plaintiff's motion for judgment as a matter of law when the jury found that the officer in question had used excessive force, but was protected by qualified immunity. The *Kent* plaintiff claimed the instructions on excessive force and qualified immunity both required the jury to determine whether the defendant police officer acted reasonably when using force to arrest him. The *Kent* plaintiff contended the jury rendered a legally inconsistent verdict when it determined that the defendant police officer had used excessive force against him, but was nevertheless entitled to qualified immunity on that claim. This is no different than Aczel's argument here.

Like the *Kent* court, this Court should conclude the plaintiff's argument is without merit. Relying on *Saucier v. Katz*, the *Kent* court observed that the reasonableness inquiry in a qualified immunity determination is distinct from the reasonableness inquiry in an excessive force determination. Further, the *Kent* court observed that in *Saucier*, the Supreme Court explained that the inquiry as to whether a police officer used excessive force hinges on the facts and circumstances facing the officer at the scene. Correctly, the court observed that an officer could be reasonably mistaken about a given fact, for example, whether a suspect was likely to fight back, and would therefore be justified in using more force than was needed. Also, the court observed in a qualified

2

immunity determination the relevant question is whether the officer's mistake about the legality of his conduct was reasonable. In resolving the verdict finding for the plaintiff on the excessive force claim, the *Kent* court held that jury could have concluded that defendant police officer was unreasonably mistaken about the facts and circumstances facing him during the incident with the plaintiff and was therefore unreasonably mistaken about the appropriate level of force needed to arrest him. But the jury also could have found that the defendant officer reasonably believed the amount of force he used to arrest the plaintiff was legal, and thus concluded that the defendant police officer was entitled to qualified immunity. The *Kent* court held these were legally consistent determinations that a reasonable jury could have reached." Although unpublished, the Court of Appeals affirmed the district court's decision. *See Kent v. Katz*, 125 Fed.Appx. 334 (2005).

      This is exactly the situation posed in the present case. Officer Labonia repeatedly referred to his training as the basis for his action. None of that testimony was ever impeached or contradicted. Recalling the salient portion of the evidence, when Officer Labonia opened the door to remove Aczel for handcuffing, Aczel threw a punch that Labonia avoided.  Following his defensive tactics training, Officer Labonia took control of Aczel, spinning him around to face away from the officer, and he handcuffed Aczel's left hand. While refusing to allow his right hand to be cuffed, Aczel turned towards Officer Labonia who interpreted that motion as a threat to his safety. Responding in a manner consistent with his defensive tactics training, Officer Labonia applied a single

hand strike to Aczel, punching him in the face. The hand strike dazed Aczel who turned back around but still refused to allow his right hand to be handcuffed.

Not able to secure the right hand, Officer Labonia, following his training, took Aczel to the ground and attempted to use this leverage to handcuff Aczel. At this point, Labonia called for backup. Still, Aczel refused and held his right hand underneath his body. Despite several attempts and repeated orders to "stop resisting", Officer Labonia was unable to handcuff Aczel. Consistent with his training, Officer Labonia applied a one-second burst of pepper spray on the face and chest of Aczel in an effort to gain compliance. Aczel continued to struggle with Officer Labonia. Shortly thereafter, Officer Mable arrived and by the time he exited his cruiser, Officer Labonia had brought Aczel to a standing position. Each taking one arm, Officer Labonia and Officer Mable escorted Aczel back to Labonia's police cruiser. At that time, Officer Karl Murphy arrived. It took all three officers to secure handcuffs on Aczel. Thus, the jury's finding that qualified immunity applied establishes the factual basis that Officer Labonia acted in accordance with his training.

The defense of qualified immunity shields government agents "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *McEvoy v. Spencer*, 124 F.3d 92, 97, (C.A.2 1997) quoting, *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A right is "clearly established" when "[t]he contours of the right [are] . . . sufficiently clear that a reasonable official would understand that what he is doing violates that right . . . [T]he unlawfulness must be apparent." *Anderson v. Creighton*, 483

4

U.S. 635, 640 (1987). *See, e.g. Malley v. Briggs*, 475 U.S. 335, 341 (qualified immunity protects "all but the plainly incompetent or those who knowingly break the law."); *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985) (officials are immune unless "the law clearly proscribed the actions they took.")  It cannot be said that Officer Labonia's actions were clearly prohibited by established law.

Surprisingly, plaintiff fails to offer any law or analysis concerning the doctrine of qualified immunity based on the facts found by the jury implicit in the verdict that was accepted and recorded. Plaintiff's silence on this issue is a concession that the force used was objectively reasonable under the circumstances – viewed as single hand-strike or use of pepper spray or together. As the jury found, a single punch under these circumstances was undoubtedly objectively reasonable. Based on his defensive tactics training, a single hand strike was appropriate. It was measured and it had the effect intended – plaintiff Aczel was turned back around and the perceived threat ended. This is what the jury found and such is fully supported by existing law.

Plaintiff makes no effort to dispute that the use of pepper spray is an accepted use of force, especially when utilized after the arrestee continues to resist. *Fernandez v. City of Cooper City,* 207 F.Supp.2d 1371 (S.D.Fla.,2002). *See, e.g., Headwaters Forest Defense v. County of Humboldt*, 276 F.3d 1125, 1129-30 (C.A.9), *cert. denied sub nom. County of Humboldt v. Burton*, 537 U.S. 1000, 123 S.Ct. 513, 154 L.Ed.2d 394 (2002); *Park v. Shiflett*, 250 F.3d 843, 852-53 (C.A.4 2001); *LaLonde v. County of Riverside*, 204 F.3d 947, 961 (C.A.9 2000); *Adams v. Metiva*, 31 F.3d 375, 386 (6th Cir.1994).

With the jury having concluded that Officer Mable was not liable under any theory advanced by the plaintiff, the only reasonable conclusion drawn is that Officer Mable did not use any excessive force on Aczel. Officer Mable did not fail to intervene and from that conclusion, there was no impermissible or unlawful use of force in which Officer Mable should have intervened. The only permitted version supported by the accepted and recorded verdict as to Officer Mable is the version presented by Officer Labonia.

By failing to argue in opposition on brief, Plaintiff concedes that the law assumes that jurors follow the jury instructions. *See Richardson v. Marsh*, 481 U.S. 200, 206, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987); *Francis v. Franklin*, 471 U.S. 307, 325 n. 9, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985); *see also Trademark Research Corp. v. Maxwell Online, Inc.*, 995 F.2d 326, 340 (C.A.2 1993). And the jurors in this case are assumed to have followed their instructions. All of the jurors assented in open court that their answer to question A2 – finding excessive force – was in the affirmative and their answer to question A2a – finding qualified immunity – was in the affirmative. The note from the jury, Court Exhibit 5, demonstrates that the jury wanted to exonerate Officer Labonia and find him protected by qualified immunity. The only rational way to construe the verdict with the evidence in the record – particularly in light of the exoneration of Officer Mable - is to find that Officer Labonia is protected from liability by qualified immunity and that a group of jurors persisted in an effort to award plaintiff his out of pocket expenses notwithstanding. Therefore, the defendant's motion for judgment should be granted.

For the reasons set forth above and those set forth in the memorandum of law in support of motion for judgment, the defendant, Leonard Labonia, prays that the Court grants his motion for judgment and finds that he is shielded by the doctrine of qualified immunity on the plaintiff's claim of excessive force and enters judgment in his favor of defendant Labonia on the plaintiff's claim of excessive force.

RESPECTFULLY SUBMITTED,

THE DEFENDANT,
LEONARD LABONIA

/s/ John J. Radshaw, III
Thomas R. Gerarde, ct05640
John J. Radshaw, III, ct19882
Jeffrey E. Potter, ct26356
HOWD & LUDORF, LLC
65 Wethersfield Avenue
Hartford, CT 06114-1190
(860) 249-1361
(860) 249-7665 (fax)

## **CERTIFICATION**

      This is to certify that a copy of the foregoing sent this 16th day of January 2006 via US Mail to all counsel of record.

Tiziana M. Scaccia, Esquire
GOLDSTEIN & PECK, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT  06601-1538

      The undersigned hereby certifies that this pleading is filed in conformance to the Court's Supplemental Order on Motion Filing Procedures.

      /s/ John J. Radshaw, III
HOWD & LUDORF, LLC
65 Wethersfield Avenue
Hartford, CT 06114-1190
(860) 249-1361
(860) 249-7665 (fax)