FILED
2006 JAN 30 P 3:21
U.S. DISTRICT COURT
NEW HAVEN, CT

**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JOHN ACZEL<br>Plaintiff, | |
| vs. | CIVIL ACTION NO. 3:00-CV-01802(PCD) |
| LEONARD LABONIA, ET AL<br>Defendants. | JANUARY 27, 2006 |

**PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR NEW TRIAL DATED JANUARY 5, 2006**

**BACKGROUND:**

Under date of December 22, 2005, the plaintiff moved for a new trial pursuant to Rule 50 and Rule 59 of the Federal Rules of Civil Procedure and filed a Memorandum of Law in Support of Plaintiff's Motion for a New Trial. On January 5, 2006, the defendants filed Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for New Trial. The plaintiff files this brief reply to the defendants' memorandum.

**DISCUSSION:**

1. On page 2 of their memorandum, the defendants claim "the Court polled the jury as a group and each member nodded in assent that they agreed they had found that Officer Labonia had proven his entitlement to the affirmative defense of qualified immunity." The plaintiff does not agree that each member nodded in assent, but even if that were true, that does not remove the impermissible compromise verdict as evidenced by the inconsistency of the jury's finding, the statement of the jury that the verdict was a "compromise," the refusal of the jury to follow the Court's instructions that it could not find damages and find that qualified immunity applied, and the statement of the jury that it could not reach a unanimous verdict on the excessive force count, but would like the opportunity to change its verdict on the other counts.

2. On page 3 of their memorandum, the defendants argue that the "verdict form was possibly confusing" and yet later in the memorandum at pages 15-16, the defendants argue that there is a strong presumption that the jurors complied with the Court's instructions. Beyond the obvious inconsistency in the defendants' argument, clearly the jury did not follow the Court's instructions to eliminate damages, thus affirming the inconsistent and compromise verdict.

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

3. In footnote 2 on page of their memorandum, the defendants quibble about the claim of mistrial being designated as a motion for a new trial and the order in which that motion and the defendants' motion for judgment should be decided. The order of decision is immaterial. Based on the facts and law, the defendants' motion should be denied and the plaintiff's motion granted.

4. On page 4 of their memorandum, defendants argue that "the jury did not say it could not reach a unanimous verdict..." but that the jury "declined to follow the Court's instruction that it could not award damages...." That statement is equivalent to the fact that the jury could not reach a unanimous verdict on the issue of qualified immunity, and in fact as we know, the decision which the jury reached on that issue was a "compromise verdict".

5. On pages 4-6 of their memorandum, the defendants again are in effect asking this Court to construe the evidence in the manner most favorable to the defendants. Certainly that is not an appropriate course to follow with respect to the defendants' Motion for Judgment (See, Plaintiff's Memorandum of Law in Support of Plaintiff's Objection to Renewed Motion for Judgment, pp. 24-25) and given the facts and law, is not appropriate with respect to the plaintiff's Motion for New Trial. Under the



GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

circumstances of this case, the defendants cannot simply write a revisionist and conclusory history of what occurred from their point of view.

6. On pages 6-7 of their memorandum, the defendants' attempt to surmise that the jury found that the force used by Officer Labonia was not violative of the Fourth Amendment. In fact, given the verdict of the jury, that is exactly opposite to the compromise which the jury reached. In fact, the jury found excessive force and damages and qualified immunity. When faced with the inconsistency of the verdict, the jury wanted to compromise again by revising its finding on the other counts of the complaint. In their arguments, the defendants choose to ignore the fact that the jury also found damages which the jury refused to eliminate, thus creating an inconsistent verdict. Even if the jury had not told us that their verdict was a compromise, the verdict cannot be "read in a harmonious manner" without eliminating the finding of damages which is exactly what the jury would not do.

7. On page 7 of their memorandum, the defendants cite *LiButti v. United States* and then enter upon their "second bite of the apple" argument. This is not a "second bite at the apple" case. This Court has not decided a matter which the plaintiff is asking be set aside. This is a case in which the jury has rendered an inconsistent and

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

compromise verdict which is the precise basis and justification for the plaintiff's motion for mistrial or new trial as set forth in the argument and citations contained in the Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for a New Trial, dated December 22, 2005. All of the arguments of the defendants to characterize the evidence in a manner most favorable to them (pp. 8-10 of their Memorandum) do not change the need for a mistrial or new trial when the jury, as in this case, has reached a seriously erroneous result, a miscarriage of justice, or an inconsistent verdict. See, Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for a New Trial, p. 4. The only conclusion is, not as the defendants assert on page 8 of their Memorandum, that "the jury believed the defendants' version," but more likely that some did and some did not, thus forcing the compromise and inconsistent verdict.

8. When the defendants continue their argument on pages 11-12 of their memorandum, what they are really asking is that the Court substitute its judgment for those jurors who believed the plaintiff and not the defendants. The jury's divided opinion for which the Court cannot substitute its own judgment is the reason we have a compromise verdict.

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

9. On page 12 of their memorandum, the defendants "reject any characterization of the verdict as inconsistent". Of course, the defendants must reject that characterization, but it is not a characterization; the fact is that the verdict is inconsistent. One cannot have a finding of excessive force with damages and qualified immunity, especially where the jury wanted to change its verdict on other counts of the plaintiff's complaint. There is no ability for this Court to reconcile the jury's findings in this case as the defendants argue on pages 13-15 of their memorandum because the jury told us what they did, namely to reach an inconsistent compromise verdict , and when faced with the Court's instructions to harmonize its verdict, the jury refused to do so. In asking the Court to reconcile the verdict, the defendants are still asking the Court to ignore the finding of damages or to substitute its judgment for that of the jury. Why not just ignore the finding of qualified immunity and substitute a court judgment of no immunity for the jury's finding?

10. Notwithstanding the defendants' arguments on page 15-16 of their memorandum for a strong presumption that the jury complied with the Court's instructions, the jury did not since the Court clearly explained what the jury needed to do to resolve the inconsistency and the jury indicated that it could not do so, and

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

rather sought its own method of avoiding the problem by looking for a favorable finding on other counts of the complaint.

11. On page 16 of their memorandum, the defendants argue that the plaintiff's claim of no unanimity on the questions of excess force and qualified immunity is incorrect, and that "the jury was merely declined [sic] to follow the court's instructions to eliminate damages after being recharged." Again, the defendants would like the events to mean something that they do not. Clearly, there was a compromise verdict which is what the jury told us.

12. On pages 16-17 of their memorandum, the defendants argue that *Atkins v. City of New York* cannot be used "as support for Aczel's argument that his damage award is inadequate". Although we believe that the damage award for Aczel was inadequate, *Atkins* was not cited for that purpose. In *Atkins*, the Court had to infer a compromise verdict from a damages award inconsistent with the theory of liability offered by the plaintiff and a vigorous contest on liability. In fact, here we do not need to infer the existence of a compromise verdict because the jury told us that its verdict was a compromise.

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

13. A similar argument applies to the defendants' response with respect to *Maher v. Isthmain Steamship Co.* on pages 17-18 of their memorandum. Again, in that case, the issue was one of a need to infer a compromise verdict. No inference is required in the present case.

14. The defendants are correct when they argue on page 18 of their memorandum that the interpretation of qualified immunity in *Finnegan v. Fountain* was at odds with the Supreme Court's decision in *Saucier v. Katz*, but that is not the purpose for the citation of *Finnegan*. *Finnegan* held that where there are significant inconsistencies in a jury finding, the Seventh Amendment right to a trial by jury is compromised and the case needs to be retried. *Finnegan*'s holding is thus still applicable in the present case where there were inconsistencies which the jury refused to cure even with the encouragement of this Court.

15. The defendants' attempt on page 19 of their memorandum to distinguish *Stephenson v. Doe* on its facts is immaterial. The plaintiff does not claim that the conduct of the defendants in the present case is equivalent to that of the *Stephenson* defendant. The point of *Stephenson* is that where there is an inconsistency, a new trial is required.

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

16.   *Kent vs. Katz*, upon which the defendants rely on pages 19-20 of their memorandum, does not resolve the issues created by the inconsistent and compromised verdict which the jury in the present case returned. The plaintiff's argument is not a claim that a jury could not have found excessive force and qualified immunity as in *Kent*. Obviously, a jury could make such a finding as it did in *Kent* and not create an inconsistent verdict. A jury cannot, however, find excessive force, *damages* and qualified immunity as it did in the present case without creating an inconsistent verdict. The defendants cannot simply ignore the fact that the jury awarded damages. If the Court were to accept that argument, there would be no reason not to accept an argument by the plaintiff to ignore the finding of qualified immunity and let the verdict for damages stand. Obviously, such an argument would be as unreasonable as is the position of the defendants. A new trial is required to resolve the problem.

17.   In conclusion, on pages 21-22 of their memorandum, the defendants return to their favorite ploy of asking that this Court construe the facts in their favor. That argument does nothing to refute the clear evidence of a compromise verdict in this case - a verdict which is so internally consistent that the Court need not resort to an

GOLDSTEIN AND PECK, P.C.
ATTORNEYS AT LAW
1087 BROAD STREET • P.O. BOX 1538 • BRIDGEPORT, CT 06601-1538 • TEL. (203) 334-9421 • FAX (203) 334-6949 • JURIS NO. 23640

analysis of the facts in the manner most favorable to either side. There is no need to infer what the jury did. The jury told us that they reached a compromise verdict. Moreover, the verdict was internally inconsistent. There can be no clearer ground for a new trial.

THE PLAINTIFF

By: ______________________
William J. Kupinse, Jr. ct06113
GOLDSTEIN AND PECK, P.C.
1087 Broad Street, P.O. Box 1538
Bridgeport, Connecticut 06601
(203) 334-9421/(203) 334-9421

**CERTIFICATION**

I hereby certify that a copy of foregoing Plaintiff's Reply to Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for New Trial Dated January 5, 2006 mailed or electronically delivered this 27th day of January 2006 to all counsel and pro se parties of record:

John J. Radshaw, III
Howd & Ludofr, LLC
65 Wethersfield Avenue
Hartford, CT 06114-1190

______________________
William J. Kupinse, Jr.

P:\MyFiles\Wordperfect 12\1a my folders\clients\ACZEL\pleadings Aczel\00-cv-01802 p's reply to d's memorandum of law in opposition to p's motion for a new trial dated 1-5-06.wpd