## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.: 3:00 CV 1802 (PCD) |
| | : | |
| v. | : | |
| LEONARD LABONIA, ET AL | : | SEPTEMBER 29, 2006 |

## **NOTICE OF APPEAL**

The defendants, LEONARD LABONIA and ETHAN MABLE, hereby give notice and appeal to the United States Court of Appeals for the Second Circuit from the following Judgment or Order:

Ruling dated September 22, 2006 by *Dorsey, J.*, granting plaintiff's Motion for New Trial and denying the defendants' Motion for Judgment.

The Judgment or Order in this action was entered on September 22, 2006 and is attached hereto as Exhibit A.

> THE DEFENDANTS,
> LEONARD LABONIA and ETHAN MABLE
>
> /s/ John J. Radshaw, III
> Thomas R. Gerarde, ct05640
> John J. Radshaw, III, ct19882
> HOWD & LUDORF, LLC
> 65 Wethersfield Avenue
> Hartford, CT  06114
> (860) 249-1361
> (860) 249-7665 (f)

- 2 -

# **C E R T I F I C A T I O N**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via US Mail to the following counsel of record this 29th day of September 2006.

William J. Kupinse, Jr., Esquire
GOLDSTEIN & PECK, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT  06601-1538

                                          /s/ John J. Radshaw, III
                                          Thomas R. Gerarde
                                          John J. Radshaw, III

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN ACZEL, <br>    Plaintiff, | : <br> : <br> : |
| v. | :    No. 3:00 CV 01802 (PCD) |
| | : |
| LEONARD LABONIA, et al., <br>    Defendants. | : <br> : |

### RULING ON DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW AND PLAINTIFF'S MOTION FOR A NEW TRIAL

Pending in this civil rights case are Defendants' Motion for Judgment as a Matter of Law pursuant to Rule 50 of the Federal Rules of Civil Procedure with respect to the issue of Defendant Labonia's qualified immunity [Doc. No. 218], Plaintiff's Motion for a New Trial pursuant to Rules 50 and 59 [Doc. No. 225], and Plaintiff's oral motion for a mistrial. For the reasons discussed below, Defendants' motion is **denied** and Plaintiff's motion for a new trial is **granted.** Plaintiff's motion for a mistrial is **denied as moot**.

**I.   BACKGROUND**

Plaintiff claimed that he was subjected by two defendant police officers to a false arrest, to excessive force in his arrest, to an assault and battery, to intentional infliction of emotional distress, to false imprisonment, and to abuse of process. During a three day trial, the Plaintiff presented evidence showing that he did not act improperly in his confrontation with the Defendants but was choked, kneed in the head, and kicked repeatedly for up to 10 minutes, the latter by more than one officer. Defendant Labonia presented evidence showing that when he attempted to arrest Plaintiff, who was intoxicated, Plaintiff tried to resist being handcuffed and removed to police headquarters. Incrementally, Mr. Labonia allegedly sought to restrain

1

# Exhibit A

Plaintiff, told him to stop resisting arrest, handcuffed Plaintiff with the assistance of other officers, and applied pepper spray to overcome Plaintiff's resistance. The jury apparently did not credit all of Plaintiff's evidence because it resolved five of Plaintiff's six claims against him, but, after more than a day of deliberation, it entered a verdict against Mr. Labonia on Plaintiff's claim of excessive force. (It is questionable which pieces of Plaintiff's evidence the jury chose to credit since it rejected Plaintiff's claim of assault, finding, compliant with the jury charge, that Defendant used force he reasonably believed was necessary to effectuate Plaintiff's arrest.)

The verdicts do not define exactly what the jury determined had occurred between Plaintiff and Defendant Labonia. The verdicts simply state that: liability was not proven as to either defendant with respect to the claims of false arrest, assault and battery, infliction of emotional distress, false arrest and abuse of process; the claim of excessive force was found not proven as to Defendant Mable; the claim of excessive force was found proven as to Defendant Labonia; and Mr. Labonia was found proven to be entitled to qualified immunity. The verdicts were accepted because the jurors indicated them to be the verdicts of each juror.

The jury awarded Plaintiff compensatory damages from the excessive force in the amount of $12,078.61. It found neither defendant liable for punitive damages. In view of the findings as to excessive force and qualified immunity, the jury was instructed that damages could not be awarded if qualified immunity was found. After an instruction to continue its deliberations in an effort to resolve the inconsistency, the jury reported an inability to do so and requested an opportunity to reconsider its verdicts. Because the verdicts had been reported, accepted, and recorded, the jury was informed that it could not reconsider them. After further deliberation, the jury reported an inability to resolve the impasse on the excessive force claim. The jury was

excused, and Plaintiff made an oral motion for a mistrial. On December 14, 2005, Defendants moved for judgment as a matter of law on the issue of Defendant Labonia's liability [Doc. No. 218], and on December 23, 2005, Plaintiff moved for a new trial [Doc. No. 225].

## II. PLAINTIFF'S MOTION FOR A NEW TRIAL

### A. Standard of Review

Rule 59 of the Federal Rules of Civil Procedure provides, in relevant part: "A new trial may be granted to all or any of the parties and on all or part of the issues... in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States...." FED. R. CIV. P. 59(a). Thus, a motion for a new trial may be based on an argument that "the trial was not fair to the party moving," or on "questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." Charts v. Nationwide Mut. Ins. Co., 397 F. Supp.2d 357, 374 (D. Conn. 2005) (internal citations omitted). "A motion for a new trial should be granted when, in the opinion of the district court, the jury has reached a seriously erroneous result or ... the verdict is a miscarriage of justice.'" Song v. Ives Labs., Inc., 957 F.2d 1041, 1047 (2d Cir. 1992) (internal citations omitted). The parties to a litigation are entitled to a reasonably fair resolution of the issues presented in their case. Although parties are not entitled to perfection from juries, "[a] new trial may be granted, therefore, when the jury's verdict is against the weight of the evidence." Id. "The decision whether to grant a new trial following a jury trial under Rule 59 is committed to the sound discretion of the trial judge." Pouliot v. Paul Arpin Van Lines, Inc., 235 F.R.D. 537, 542 (D. Conn. 2006) (internal citations and quotation marks omitted). See also Metromedia Co. v. Fugazy, 983 F.2d 350, 363 (2d Cir.1992).

**B.     Discussion**

Plaintiff's motion claims the jury rendered a compromise verdict that was internally inconsistent. As Plaintiffs argue, the jury both awarded damages on the issue of Defendant Labonia's liability for excessive force and found him entitled to qualified immunity. (Pl.'s Mem. of Law at 4.) "[I]t is plain that proper deference to the parties' Seventh Amendment rights to a jury trial precludes entry of a judgment that disregards any material jury finding." Auwood v. Harry Brandt Booking Office, Inc., 850 F.2d 884, 890-91 (2d Cir. 1988). Because the jury's answers to special interrogatories submitted pursuant to Fed. R. Civ. P. 49(a) form the basis for resolving the case, the jury's answers "must be consistent with each other." Id. at 890. When evaluating a claim that a jury's answers are inconsistent, the Court must "adopt a view of the case, if there is one, that resolves any seeming inconsistency." Harris v. Niagra Mohawk Power Corp., 252 F.3d 592, 598 (2d Cir. 2001) (citing Brooks v. Brattleboro Mem'l Hosp., 958 F.2d 525, 529 (2d Cir.1992)). See also Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 364 (1962) ("Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way."); 5A Moore's Federal Practice ¶ 49.03[4], at 39-49 (2d ed. 1991). If the jury's answers cannot be rationally harmonized, the Court must vacate the judgment and order a new trial. Harris, 252 F.3d at 598; Brooks, 958 F.2d at 529.

To resolve Plaintiff's motion, the Court must examine the jury's finding of liability, its concomitant finding that Mr. Labonia was entitled to qualified immunity and the underlying standards for the two different assessments of his conduct. The jury was instructed to consider two different questions of fact regarding the claim of excessive force and the claim of qualified

4

immunity. When a plaintiff alleges that an officer has used excessive force during an arrest in violation of § 1983 and the Fourth Amendment, the jury must determine whether the officer's actions were objectively reasonable in light of the facts and circumstances confronting him. Graham v. Connor, 490 U.S. 386, 397 (1989). To find that a defendant is entitled to qualified immunity, the jury must then find that it was objectively reasonable for the defendant to believe that his action did not violate the law. See, e.g., Anderson v. Creighton, 483 U.S. 635, 641 (1987); Harlow v. Fitzgerald, 457 U.S. 800 (1982).

      The Supreme Court has held that these standards require a jury to engage in a two-step inquiry because the reasonableness inquiry in a qualified immunity determination is distinct from the reasonableness inquiry in an excessive force determination. Saucier v. Katz, 533 U.S. 194, 197-207 (2001). In determining whether an officer violated a plaintiff's rights by excessive use of force, a jury addresses the question of fact whether an office made a reasonable mistake of fact which justified the use of force. Stephenson v. Doe, 332 F.3d 68, 78-79 (2d Cir. 2003). See also Saucier, 533 U.S. at 205-06 ("If an officer reasonably, but mistakenly, believed that a suspect was likely to fight back, for instance, the officer would be justified in using more force than in fact was needed.... Officers can have reasonable, but mistaken, beliefs as to the facts establishing the existence of probable cause or exigent circumstances, for example, and in those situations courts will not hold that they have violated the Constitution."). If the jury finds that the officer used excessive force, the "next, sequential step," id. at 201, is to determine whether he is entitled to qualified immunity. "The qualified immunity inquiry, by contrast, concerns an 'officer's mistake as to what the law requires' and acknowledges that 'reasonable mistakes can be made as to the legal constraints on particular police conduct.'" Stephenson, 332 F.3d at 79 (citing

5

Saucier, 533 U.S. at 205).  See also Kerman v. City of New York, 261 F.3d 229, 236 (2d Cir. 2001).  In other words, the qualified immunity inquiry determines "the objective reasonableness of the officer's belief in the lawfulness of his actions.  If the officer reasonably believed that his actions did not violate the plaintiff's rights, he is entitled to qualified immunity even if that belief was mistaken."  Loria v. Gorman, 306 F.3d 1271, 1281 (2d Cir. 2002).  A jury could therefore find that the force used was excessive contrary to clearly established "generalized constitutional protections" but that a defendant was not liable "in the specific context of the case" because it was not clearly established to the defendant, acting as a reasonable officer in his position, that his use of force was excessive and therefore unlawful in the situation he confronted.

Accordingly, the jury in this case was instructed that a finding of excessive force was not based on a negligence standard but on whether the force used under the circumstances was more than was reasonably necessary to effectuate taking Plaintiff into custody, as considered from the perspective of a reasonable officer on the scene.  The jury was also instructed that whether qualified immunity excused Defendants depended on whether Defendants objectively, reasonably believed that any force used was not contrary to clearly established standards and thus was not in violation of Plaintiff's rights but was reasonably necessary.  Plaintiff did not take exception to the charge, but Defendants challenged the submission of the issue of qualified immunity to the jury.   The jury returned verdicts finding that Defendant Labonia had used excessive force but was also entitled to qualified immunity.  Given the two-step inquiry explained in Saucier, it is not inherently inconsistent for a jury to decide both that an officer has employed excessive force and that he is entitled to qualified immunity.  See Kent v. Katz, 237 F. Supp. 2d 302, 309 (D. Vt.

6

2004).¹ A reasonable jury could have found that Labonia was unreasonably mistaken about the facts and circumstances facing him during the incident with the plaintiff and was therefore unreasonably mistaken about the appropriate level of force needed. The jury also could have found that Labonia was entitled to the protection of qualified immunity because he reasonably believed that such force was not excessive in that it was not contrary to the clearly established standards in this particular situation. To the extent Plaintiff's Motion for a New Trial relies on an inconsistency between the finding of excessive force and of qualified immunity, the motion will not be granted.

However, the jury's awarding damages is inconsistent with its finding of qualified immunity. The jury in this case was instructed that unless it resolved the issue of liability in Plaintiff's favor, it could not consider any award of damages. A finding of qualified immunity, notwithstanding a finding of excessive force, would resolve the issue of liability in Defendant's favor and foreclose an award of damages. The jury refused this result. The damages award is not consistent with the jury's resolution of the issues as to excessive force in favor of Defendant on the basis of qualified immunity. Plaintiff argues that the limited award represents a compromise between those on the jury favoring a verdict for Defendant on liability and some sentiment among others for at least a limited award of damages. (Pl.'s Mem. of Law at 5.) Where, as here, the damages claimed were not liquidated and were disputed, an award considered

---

¹ Stephenson, where the Second Circuit found that the finding of both excessive force and qualified immunity was inconsistent, is distinguishable from this case. The jury instructions in this case, by which both excessive force and qualified immunity were submitted to the jury, are not challenged in this motion, and they differ from those found by the Stephenson court to have confused the jury by failing to distinguish the varying bases for finding excessive force as opposed to finding qualified immunity.

7

low by the Plaintiff must not necessarily be considered a compromise. However, regardless of the amount of damages awarded, the fact that the jury awarded any damages at all reflects a disregard of the Court's specific instruction that, unless the jury resolved the qualified immunity issue in the Plaintiff's favor, it should not consider and could not award damages to Plaintiff.

Having found the Defendant to have used excess force but to be entitled to qualified immunity, the jury was wrong to award damages, and the award of damages renders its verdict irredeemably inconsistent. As it is not for the Court to pick the facts to be credited in order to resolve the inconsistency, Harris, 252 F.3d at 598 (" we believe that the proper approach when faced with seemingly inconsistent verdicts is not to credit one finding and vacate the other."), a new trial on the issues of excessive force and qualified immunity is required. Whether the latter issue is to be resolved by the Court, as suggested by Stephenson, 332 F.3d at 81, is a matter for another day.

### III. PLAINTIFF'S ORAL MOTION FOR MISTRAL

Because Plaintiff's oral motion for a mistrial asserts the same arguments on the same issues as his motion for a new trial, the Court need not address the motion for mistrial. Accordingly, the motion is denied as moot.

### IV. DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

#### A. Standard of Review

A court may grant a party's motion for judgment as a matter of law if "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." FED. R. CIV. P. 50(a). The court may enter judgment as a matter of law after a jury verdict, provided a pre-verdict motion is properly renewed. FED. R.

CIV. P. 50(b). The standard for granting a post-verdict Rule 50 motion for judgment as a matter of law is the same as for granting a motion for summary judgment pursuant to Rule 56. See Nadel v. Isaksson, 321 F.3d 266, 272 (2d Cir. 2003). Accordingly, viewing the evidence in the light most favorable to the nonmoving party, the Court must deny judgment as a matter of law unless "the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable [persons] could have reached." Id. (internal quotations and citations omitted) (alteration in original).

    B.    Discussion

Defendant moved for judgment on the basis of his claim of qualified immunity. The question of a police officer's qualified immunity depends on the force he was found to have used, which is a question for the jury. See Saucier, 533 U.S. at 201-02. Only when disputed factual issues are resolved can the application of qualified immunity become a question of law for the Court to decide. The jury in this case found Defendant Labonia's conduct to constitute excessive force, but the record does not reflect what precise force the jury found the Defendant had used. Without knowing what force has been proven as a factual matter, the Court cannot conclude that Defendant necessarily, i.e. as a matter of law, reasonably believed that the force used was not excessive as measured by clearly established standards of excessive force. There is no way for the Court to decide that an unknown quantum of force was within the range of force permissible under clearly established standards of law.

Defendant's Motion for Judgment as a Matter of Law presumes that there is only one possible conclusion, i.e. that it was not clearly established that the force he employed was not

9

compliant with the generally clearly established law of excessive force, and in the circumstances he faced he reasonably believed that such force was not excessive as a matter of law. However, a court enters a judgment notwithstanding the verdict only when "the evidence is such that without weighing the credibility of the witnesses there can be but one reasonable conclusion as to the verdict...." Brady v. Southern Railway Co., 320 U.S. 476, 479-80 (1943). Here, the evidence presented conflicting alleged facts. Defendant's motion requires a rejection of Plaintiff's evidence, which is not within the Court's province when deciding a Rule 50 motion. As mentioned above, the record does not reflect the jury's determination as to the degree of force used. Without knowing what force the jury found was used, the Court cannot find as a matter of law that some indeterminate conduct comported with what the Defendant reasonably, but mistakenly, believed to be the clearly established law of excessive force. Accordingly, Defendant's motion is denied.

V.   **CONCLUSION**

Plaintiff's Motion for a New Trial [Doc. No. 225] is **granted** as to his claim of excessive force, subject to Defendant's claim of qualified immunity. Plaintiff's motion for a mistrial is denied. Defendant's Motion for Judgment as a Matter of Law [Doc. No. 218] is **denied.**

SO ORDERED:

Dated at New Haven, Connecticut this 22nd day of September, 2006.

/s/
PETER C. DORSEY
UNITED STATES DISTRICT JUDGE