UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.:  3:00CV1802 (PCD) |
| | : | |
| v. | : | |
| | : | |
| LEONARD LABONIA, ETHAN MABLE | : | |
| AND CITY OF DANBURY | : | MARCH 31, 2008 |

## MOTION FOR RECONSIDERATION AND FOR JUDGMENT

Defendant, Leonard Labonia, moves this court for reconsideration of its decisions

regarding the acceptance of the jury's verdict on the issue of qualified immunity, and

regarding the defendant's Motion for Judgment under FRCP 50.

This motion is made in accordance with FRCP 60(b) and the direction of the

United States Court of Appeals for the Second Circuit, which recently heard the appeal

in the above matter.  The Court of Appeals held:

> While this appeal was pending, the District Court expressed
> misgivings about its decision to reject the three supposedly
> inconsistent verdict form responses. Nothing in this decision bars
> the District Court from revisiting its earlier ruling as to whether the
> verdict form responses can be reconciled. Nor does anything in this
> decision bar whichever party is aggrieved by the reconsidered
> ruling from taking another appeal at the appropriate time, assuming
> jurisdiction lies.

ORAL ARGUMENT IS NOT REQUESTED

**Aczel v. Labonia** 06-4623-cv(2d Cir.) Summary Order 3-27-08 **Exhibit A**

The Court of Appeals was referencing this Court's response to a Joint Motion for

Articulation during the pendency of the appeal.  Specifically, this Court stated:

> The Court's ruling of September 20, 2006 does not provide for a new trial
> for all Defendants. The September 20th Ruling orders a new trial limited to
> the Fourth Amendment excessive force claim against Officer Labonia and
> his claim of qualified immunity. The Court notes that the verdicts on
> excessive force and on qualified immunity, standing alone, were not
> inconsistent. The jury reasonably could have found that whatever force it
> found used was excessive and further, applying the objective standard as
> was outlined in the charge to the jury, that Officer Labonia reasonably
> believed that the force he used was reasonable and was compliant with
> the reasonable force permitted by the Fourth Amendment. To the extent of
> those two findings, the verdict was not inconsistent. However the
> inconsistency arose when the jury awarded compensatory damages.
> When the jury returned its verdict, the inconsistency was noted, and the
> verdict was accepted in all respects except as to the claim of excessive
> force, the claim of qualified immunity and the award of damages. The
> Court flagged the inconsistency to the jury and instructed it to reconsider
> those portions of the verdict, but to no avail as the jury reported an
> impasse on those issues. In retrospect, it may have been more proper for
> the Court to simply have accepted the verdict as to the excessive force
> and qualified immunity claims and to have rejected the damages award,
> thereby eliminating the inconsistency.

**Aczel v. Labonia,** 3:00-cv-01802-PCD Document 250 Filed 01/22/2007 **Exhibit B.**

A District Court has the power to reconsider earlier rulings, and to provide relief it

deems justified, either upon motion or *sua sponte*.  See, FRCP 60; **Fort Knox Music**

**Inc. v. Baptiste,** 257 F.3d 108, 111 (2d Cir. 2001) ("While normally [relief under Rule

60(b)] is sought by motion of a party . . . nothing forbids the court to grant such relief

sua sponte.")

Good cause exists to accept the jury's verdict on qualified immunity and enter

judgment in favor of Officer Labonia.  The jury not only submitted a signed verdict form

indicating it was their unanimous (9-0) verdict that Officer Labonia was entitled to

qualified immunity **Exhibit C**; the jury was asked by this court in open court and on the

record if its verdict was to find Offcier Labonia was protected by qualified immunity and

all nine jurors signified their assent. **Exhibit D.**

Furthermore, the fact that the jury found no liability on the claim of assault under

state law is both consistent with the finding of qualified immunity and compelling

evidence that this jury believed that Officer Labonia was justified in his use of force.

The jury found no liability for assault after being instructed by the court as follows:

> "a police officer is justified in the use of physical force on another: (1) to
> the extent he reasonably believes is necessary to effectuate an arrest; or (2)
> defend himself or a third person from the use or imminent use of physical force
> while attempting to effect an arrest.  The Court further instructed the jury that the
> defendants must have reasonably believed he was in imminent danger of force
> due to the plaintiff's conduct necessitating him to act in self defense, and that
> they were not the aggressors in order to avail themselves of this affirmative
> defense.  In this regard, the Court instructed the jury that the test of the
> defendants' conduct as to the amount of force necessary is that which a
> reasonable person in the officer's position would have believed was necessary.
> The Court further instructed the jury that the defendants bore the burden of
> proving that they reasonably believed they were in imminent danger of injury, that

they were not the aggressor, and that they used no more force than a reasonable person similarly situated would have believed was necessary to effectuate the arrest or to defend himself. " **Exhibit E.**

The jury finding of no liability after receiving such instruction equates to findings of fact in Officer Labonia's favor on the elements provided to the jury in the Court's charge: Officer Labonia was not the aggressor; he acted in self defense; and the force used was reasonable.

Perhaps the most compelling finding of fact is on the face of the verdict form itself, where the jury answered "yes' to the question whether Officer Labonia had a reasonable and objective belief that the force used was reasonable under the circumstances at the time of the arrest. **Exhibit C**. Equally compelling is the fact that the jury made no finding of fact consistent with an award of damages against Officer Labonia and its entry of an amount on the damages line should be disregarded as a surplus finding of an amount of damages that had no legal basis to be awarded.

This court, therefore, can enter judgment in favor of Officer Labonia based on the acceptance of the jury's findings on the verdict form. In the alternative, this court can enter judgment in favor of Officer Labonia by granting, upon reconsideration, Officer Labonia's Motion for Judgment under FRCP 50, given that the jury's findings of fact in response to the court's charge on assault and qualified immunity provide the court with a compelling factual basis supporting a determination by this court that qualified

4

immigration should enter.  See **Cowan v. Breen**, 352 F.3d 756, 764-65 (2d. Cir. 2003) (court can enter qualified immunity based on specific factual findings made by jury).

The message from the Court of Appeals is simple and clear:  it recognizes this Court has thoughts about a "more proper" way for the proceedings to have resolved at the District Court stage, and it is inviting this Court to implement such resolution through a motion for reconsideration—after which it will entertain any appeal by the parties.

Defendant Labonia asks this court to grant his motion for reconsideration and, upon reconsideration, to enter judgment in his favor, either through acceptance of the jury's verdict on qualified immunity or through the granting of his Motion for Judgment under FRCP 50.


DEFENDANT,
LEONARD LABONIA


By   /s/ Thomas R. Gerarde_____
Thomas R. Gerarde
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114-1121
(860) 249-1361
(860) 249-7665 (fax)
E-Mail:  tgerarde@hl-law.com
ct05640

**CERTIFICATION**

This is to certify that on March 31, 2008, a copy of the foregoing Motion for Reconsideration and for Judgment was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


William Kupinse, Esquire
Keith P. Sturges, Esquire
Goldstein & Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT  06601-1538

_____/s/ Thomas R. Gerarde_____
Thomas R. Gerarde