06-4623-cv(L)
Aczel v. Labonia

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

1    At a stated term of the United States Court of Appeals
2    for the Second Circuit, held at the Daniel Patrick Moynihan
3    United States Courthouse, 500 Pearl Street, in the City of
4    New York, on the 27th day of March, two thousand eight.
5
6    PRESENT: HON. DENNIS JACOBS,
7                          Chief Judge,
8             HON. WILFRED FEINBERG,
9                          Circuit Judge,
10            HON. LEONARD B. SAND,
11                          District Judge,*
12
13    - - - - - - - - - - - - - - - - - - -X
14    JOHN ACZEL
15        Plaintiff-Appellee-Cross-
16        Appellant,
17
18        -v.-                                  06-4623-cv(L)
19                                              06-4956-cv(XAP)
20    LEONARD LABONIA and ETHAN MOBLE
21        Defendants-Appellants-Cross-
22        Appellees,

---

*The Honorable Leonard B. Sand, District Judge, United States District Court for the Southern District of New York, sitting by designation.

1

```
CITY OF DANBURY,
     Defendant-Appellee.
- - - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLANTS-        THOMAS R. GERARDE (Beatrice S.
CROSS-APPELLEES:                  Jordan, on the brief), Howd &
                                  Ludorf, LLC, Hartford, CT.

APPEARING FOR APPELLEE-
CROSS-APPELLANT:                  KEITH P. STURGES (William J.
                                  Kupinse, Jr., on the brief),
                                  Goldstein and Peck, P.C.,
                                  Bridgeport, CT.
```

Appeal from the United States District Court for the District of Connecticut (Dorsey, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the denial of judgment as a matter of law is **AFFIRMED** insofar as we have jurisdiction over the district court order. The remainder of the appeal is **DISMISSED** for lack of jurisdiction and the case is **REMANDED** to the district court.

Defendant Leonard Labonia, a police officer for the City of Danbury, Connecticut, appeals from an order of the United States District Court for the District of Connecticut (Dorsey, J.), denying his motion for judgment as a matter of law after a jury trial on plaintiff John Aczel's claims for, inter alia, false arrest and excessive force. See 42 U.S.C. § 1983. The jury returned a special verdict form that, in brief: (a) found no liability on the part of Labonia's co-defendant Ethan Moble as to all six causes of action, (b) found no liability on Labonia's part as to five causes of action, (c) found on the remaining claim that Labonia used excessive force but was entitled to qualified immunity, and (d) awarded Aczel compensatory damages despite finding no liability on the part of either defendant.

The district court accepted most of the verdict responses, but as to Labonia's use of excessive force, Labonia's entitlement to qualified immunity on the excessive force claim, and the award of damages, the court believed that these three responses could not be reconciled. Aczel moved for a new trial, which the district court granted, limited, however, to Aczel's excessive force claim against Labonia and Labonia's defense of qualified immunity.

Labonia moved for judgment as a matter of law on qualified immunity, which the district court denied on the ground that it required the resolution of disputed factual issues. The parties cross-appealed the district court's post-verdict rulings, although Aczel abandoned his appeal in favor of a motion to dismiss the entire appeal for lack of jurisdiction, which motion was referred to the merits panel. We assume the parties' familiarity with the underlying facts and procedural history of this case.

An order granting a new trial is not an appealable final order and therefore we lack jurisdiction to review it. Ortiz-Del Valle v. Nat'l Basketball Ass'n, 190 F.3d 598, 599 (2d Cir. 1999) (per curiam). An order denying judgment as a matter of law is similarly interlocutory and not appealable. However, we have jurisdiction to review a district court's denial of judgment on qualified immunity, see Mitchell v. Forsyth, 472 U.S. 511, 530 (1985), and then only if the appeal is based on "undisputed facts or plaintiff's version of the facts," Coons v. Casabella, 284 F.3d 437, 440 (2d Cir. 2002) (internal quotation marks omitted).

Aczel argues that this appeal is governed by our prior decision in this case, which had ruled that material factual issues as to qualified immunity required a jury trial. See Aczel v. Labonia, 92 F. App'x 17, 19-20 (2d Cir. 2004) (Aczel I). The prior decision was issued on defendants' interlocutory appeal from the district court's denial of summary judgment on the issue of qualified immunity. However, the prior decision exercised jurisdiction because defendants had argued entitlement to qualified immunity under the undisputed facts and, where disputed, under the version most favorable to the plaintiff. We rejected defendants' argument and remanded the case for trial. Id. at 21. Similarly, at this juncture, defendant Labonia argues that the undisputed facts, as established by the verdict form responses that were accepted by the district court, entitled him to judgment on qualified immunity. Our jurisdiction is limited to this question. See Britt v. Garcia, 457 F.3d 264, 271-72 (2d Cir. 2006).

Once the district court rejected the jury's verdict on excessive force and qualified immunity, the verdict form no longer resolved disputed factual issues regarding the precise force Labonia used, the reasonableness of his belief that he was justified in using that amount of force, and the reasonableness of his belief as to the legality of that

force.  See Stephenson v. Doe, 332 F.3d 68, 78-79 (2d Cir. 2003).  The district court was thus left with a trial record on the issue of qualified immunity in most respects indistinguishable from the fact scenario presented on the motion for summary judgment--a record in which the defense case contradicted plaintiff's on "myriad" factual issues.  See Aczel I, 92 F. App'x at 20.  Given the trial record, and the district court's decision to reject aspects of the verdict, the district court properly declined to conclude that Labonia was entitled to qualified immunity as a matter of law.  There is no basis to disturb that ruling.

While this appeal was pending, the district court expressed misgivings about its decision to reject the three supposedly inconsistent verdict form responses.  Nothing in this decision bars the district court from revisiting its earlier ruling as to whether the verdict form responses can be reconciled.  Nor does anything in this decision bar whichever party is aggrieved by the reconsidered ruling from taking another appeal at the appropriate time, assuming jurisdiction lies.

For the foregoing reasons, we **AFFIRM** the denial of judgment as a matter of law on qualified immunity.  We **DISMISS** the remainder of the appeals for lack of jurisdiction and **REMAND** the case to the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
By:

_____