1  on the defendant's part; that is to say, of a failure
2  on his part to use the care which a person of ordinary
3  prudence would use under the circumstances present, but
4  to be a basis of recovery, the application of force or
5  violence must, by reason of the intent, the wanton
6  conduct, or the negligence of the party charged with
7  the offense, be unlawful, and the plaintiff may resist
8  an unlawful arrest.
9       No, that should read, "The plaintiff may not
10 resist an unlawful arrest."
11      If, however, the force or violence applied to
12 the person of the plaintiff was the result of mere
13 accident, apart from intention, wantonness or
14 negligence, it was not unlawful, and defendant is not
15 liable. If the conduct is lawful, it would not
16 constitute an assault. Mere words do not constitute an
17 assault.
18      A police officer is justified in using
19 physical force on another person when and to the extent
20 that he reasonably believes such to be necessary to:
21      One, effect an arrest or prevent the escape
22 from custody of a person whom he reasonably believes to
23 have committed an offense, unless he knows that the
24 arrest or custody is unauthorized; or
25      two, to defend himself or a third person from

1  the use or imminent use of physical force while
2  effecting or attempting to effect an arrest, or while
3  preventing or attempting to prevent an escape.
4      The defendant claims in defense, that even if
5  you should conclude that he did assault the plaintiff,
6  he was justified in what he did because he acted solely
7  in defense of his own person, against an attack made
8  upon him by plaintiff.  Under certain circumstances the
9  law justifies the use of force or violence upon another
10 when it is done in self-defense.
11     In order to avail himself of this defense,
12 the defendant must have reasonably believed he was in
13 imminent danger of suffering force or violence to his
14 person because of the plaintiff's conduct, and that it
15 was necessary for him to act in self-defense.
16     Secondly, a defendant must not have been the
17 aggressor; that is, he must not have been the one who,
18 as the plaintiff contends, instigated the physical
19 conflict between them by himself attacking the
20 plaintiff, or by his own conduct leading the plaintiff
21 reasonably to believe that the defendant was about to
22 attack him.
23     If you find that defendant was the aggressor
24 in that sense of the word, the defendant in -- cannot
25 in law claim that he was justified in using force or

1    violence upon the person of plaintiff.
2         But even if you find that the plaintiff, and
3    the -- and not defendant was the aggressor, the
4    defendant was justified in using force or violence only
5    so far as it was reasonably necessary for him to do so
6    in order to protect himself from injury.
7         The test of defendant's conduct, in this
8    regard, is not how far it was in fact necessary for him
9    to go to protect himself, nor is it how far he
10   personally believed that it was necessary, but how far
11   a reasonable person in his position would have believed
12   it was necessary.
13        It is for you to decide, having heard the
14   testimony of the witness, to decide, based on the facts
15   as you find them, what a reasonable person -- man in
16   the position of the defendant would have felt it was
17   necessary to do to protect himself.  Even if the
18   defendant acted in self-defense and was not the
19   aggressor, and was so justified in taking steps for his
20   own protection, he cannot lawfully exceed the bounds of
21   conduct which a reasonable person situated as he was
22   situated, would consider necessary for his protection.
23        The burden rests upon the defendant to prove
24   to you that his acts and -- or -- and conduct were
25   justified by reason of the fact that he acted solely in

1   self-defense.  That means he must prove to you by a
2   preponderance of the evidence, that he reasonably
3   believed that he was in imminent danger of injury; that
4   he was not the aggressor; and that he used no more
5   force than was reasonably -- than a reasonable person
6   situated as he was situated, would have believed to be
7   necessary to protect himself from injury.  Unless the
8   defendant proves all of these facts, he would not have
9   been completely justified in what he did, and cannot
10  escape all liability to the plaintiff.
11          If the defendant proves that he was not the
12  aggressor and was acting in self-defense, but does not
13  prove that he used no more force than was necessary,
14  then he is liable for any injuries caused to the
15  plaintiff by his excessive use of force.
16          Summarize that claim, a police officer is
17  entitled to use force, one, to effectuate the arrest.
18  Two, to protect himself; that is, defend himself.  In
19  either instance, the measure is what force that he used
20  must be limited to that force reasonably necessary for
21  either of the two purposes, one, to effect the arrest,
22  two, to defend himself.
23          Plaintiff claims that the defendants
24  intentionally inflicted emotional distress on him
25  through their actions.