UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN ACZEL | : | NO.:  3:00CV1802 (PCD) |
| | : | |
| v. | : | |
| | : | |
| LEONARD LABONIA, ETHAN MABLE | : | |
| AND CITY OF DANBURY | : | MARCH 31, 2008 |

## <u>MOTION FOR RECONSIDERATION AND FOR JUDGMENT</u>

Defendant, Leonard Labonia, moves this court for reconsideration of its decisions

regarding the acceptance of the jury's verdict on the issue of qualified immunity, and

regarding the defendant's Motion for Judgment under FRCP 50.

This motion is made in accordance with FRCP 60(b) and the direction of the

United States Court of Appeals for the Second Circuit, which recently heard the appeal

in the above matter.  The Court of Appeals held:

> While this appeal was pending, the District Court expressed
> misgivings about its decision to reject the three supposedly
> inconsistent verdict form responses. Nothing in this decision bars
> the District Court from revisiting its earlier ruling as to whether the
> verdict form responses can be reconciled. Nor does anything in this
> decision bar whichever party is aggrieved by the reconsidered
> ruling from taking another appeal at the appropriate time, assuming
> jurisdiction lies.

ORAL ARGUMENT IS NOT REQUESTED

**Aczel v. Labonia** 06-4623-cv(2d Cir.) Summary Order 3-27-08 **Exhibit A**

The Court of Appeals was referencing this Court's response to a Joint Motion for

Articulation during the pendency of the appeal. Specifically, this Court stated:

> The Court's ruling of September 20, 2006 does not provide for a new trial
> for all Defendants. The September 20th Ruling orders a new trial limited to
> the Fourth Amendment excessive force claim against Officer Labonia and
> his claim of qualified immunity. The Court notes that the verdicts on
> excessive force and on qualified immunity, standing alone, were not
> inconsistent. The jury reasonably could have found that whatever force it
> found used was excessive and further, applying the objective standard as
> was outlined in the charge to the jury, that Officer Labonia reasonably
> believed that the force he used was reasonable and was compliant with
> the reasonable force permitted by the Fourth Amendment. To the extent of
> those two findings, the verdict was not inconsistent. However the
> inconsistency arose when the jury awarded compensatory damages.
> When the jury returned its verdict, the inconsistency was noted, and the
> verdict was accepted in all respects except as to the claim of excessive
> force, the claim of qualified immunity and the award of damages. The
> Court flagged the inconsistency to the jury and instructed it to reconsider
> those portions of the verdict, but to no avail as the jury reported an
> impasse on those issues. In retrospect, it may have been more proper for
> the Court to simply have accepted the verdict as to the excessive force
> and qualified immunity claims and to have rejected the damages award,
> thereby eliminating the inconsistency.

**Aczel v. Labonia,** 3:00-cv-01802-PCD Document 250 Filed 01/22/2007 **Exhibit B.**

A District Court has the power to reconsider earlier rulings, and to provide relief it

deems justified, either upon motion or *sua sponte.* See, FRCP 60; **Fort Knox Music**

**Inc. v. Baptiste,** 257 F.3d 108, 111 (2d Cir. 2001) ("While normally [relief under Rule

60(b)] is sought by motion of a party . . . nothing forbids the court to grant such relief

sua sponte.")

Good cause exists to accept the jury's verdict on qualified immunity and enter

judgment in favor of Officer Labonia.  The jury not only submitted a signed verdict form

indicating it was their unanimous (9-0) verdict that Officer Labonia was entitled to

qualified immunity **Exhibit C**; the jury was asked by this court in open court and on the

record if its verdict was to find Offcier Labonia was protected by qualified immunity and

all nine jurors signified their assent. **Exhibit D.**

Furthermore, the fact that the jury found no liability on the claim of assault under

state law is both consistent with the finding of qualified immunity and compelling

evidence that this jury believed that Officer Labonia was justified in his use of force.

The jury found no liability for assault after being instructed by the court as follows:

> "a police officer is justified in the use of physical force on another: (1) to
> the extent he reasonably believes is necessary to effectuate an arrest; or (2)
> defend himself or a third person from the use or imminent use of physical force
> while attempting to effect an arrest.  The Court further instructed the jury that the
> defendants must have reasonably believed he was in imminent danger of force
> due to the plaintiff's conduct necessitating him to act in self defense, and that
> they were not the aggressors in order to avail themselves of this affirmative
> defense.  In this regard, the Court instructed the jury that the test of the
> defendants' conduct as to the amount of force necessary is that which a
> reasonable person in the officer's position would have believed was necessary.
> The Court further instructed the jury that the defendants bore the burden of
> proving that they reasonably believed they were in imminent danger of injury, that

3

they were not the aggressor, and that they used no more force than a reasonable person similarly situated would have believed was necessary to effectuate the arrest or to defend himself. " **Exhibit  E.**

The jury finding of no liability after receiving such instruction equates to findings of fact in Officer Labonia's favor on the elements provided to the jury in the Court's charge:  Officer Labonia was not the aggressor; he acted in self defense; and the force used was reasonable.

Perhaps the most compelling finding of fact is on the face of the verdict form itself, where the jury answered "yes' to the question whether Officer Labonia had a reasonable and objective belief that the force used was reasonable under the circumstances at the time of the arrest.   **Exhibit C**.  Equally compelling is the fact that the jury made no finding of fact consistent with an award of damages against Officer Labonia and its entry of an amount on the damages line should be disregarded as a surplus finding of an amount of damages that had no legal basis to be awarded.

This court, therefore, can enter judgment in favor of Officer Labonia based on the acceptance of the jury's findings on the verdict form.  In the alternative, this court can enter judgment in favor of Officer Labonia by granting, upon reconsideration, Officer Labonia's Motion for Judgment under FRCP 50, given that the jury's findings of fact in response to the court's charge on assault and qualified immunity provide the court with a compelling factual basis supporting a determination by this court that qualified

4

immunity should enter.  See **Cowan v. Breen**, 352 F.3d 756, 764-65 (2d. Cir. 2003) (court can enter qualified immunity based on specific factual findings made by jury).

The message from the Court of Appeals is simple and clear:  it recognizes this Court has thoughts about a "more proper" way for the proceedings to have resolved at the District Court stage, and it is inviting this Court to implement such resolution through a motion for reconsideration—after which it will entertain any appeal by the parties.

Defendant Labonia asks this court to grant his motion for reconsideration and, upon reconsideration, to enter judgment in his favor, either through acceptance of the jury's verdict on qualified immunity or through the granting of his Motion for Judgment under FRCP 50.

DEFENDANT,
LEONARD LABONIA


By   /s/ Thomas R. Gerarde
   Thomas R. Gerarde
   Howd & Ludorf, LLC
   65 Wethersfield Avenue
   Hartford, CT  06114-1121
   (860) 249-1361
   (860) 249-7665 (fax)
   E-Mail:  tgerarde@hl-law.com
   ct05640

5

## CERTIFICATION

This is to certify that on March 31, 2008, a copy of the foregoing Motion for Reconsideration and for Judgment was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

William Kupinse, Esquire
Keith P. Sturges, Esquire
Goldstein & Peck, P.C.
1087 Broad Street
P.O. Box 1538
Bridgeport, CT  06601-1538

_____/s/ Thomas R. Gerarde_____
Thomas R. Gerarde

06-4623-cv(L)
Aczel v. Labonia

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of March, two thousand eight.

PRESENT: HON. DENNIS JACOBS,
                              <u>Chief Judge</u>,
                    HON. WILFRED FEINBERG,
                              <u>Circuit Judge</u>,
                    HON. LEONARD B. SAND,
                              <u>District Judge</u>,*

- - - - - - - - - - - - - - - - - - - -X
JOHN ACZEL
        <u>Plaintiff-Appellee-Cross-</u>
        <u>Appellant</u>,

        -v.-                              06-4623-cv(L)
                                          06-4956-cv(XAP)
LEONARD LABONIA and ETHAN MOBLE
        <u>Defendants-Appellants-Cross-</u>
        <u>Appellees</u>,

---

*The Honorable Leonard B. Sand, District Judge, United States District Court for the Southern District of New York, sitting by designation.

1

Exhibit A

```
1   CITY OF DANBURY,
2        Defendant-Appellee.
3   - - - - - - - - - - - - - - - - - - -X
4
5   APPEARING FOR APPELLANTS-     THOMAS R. GERARDE (Beatrice S.
6   CROSS-APPELLEES:              Jordan, on the brief), Howd &
7                                Ludorf, LLC, Hartford, CT.
8   APPEARING FOR APPELLEE-
9   CROSS-APPELLANT:             KEITH P. STURGES (William J.
10                               Kupinse, Jr., on the brief),
                                 Goldstein and Peck, P.C.,
                                 Bridgeport, CT.
```

11    Appeal from the United States District Court for the
12 District of Connecticut (Dorsey, J.).
13
14    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED
15 AND DECREED** that the denial of judgment as a matter of law
16 is **AFFIRMED** insofar as we have jurisdiction over the
17 district court order. The remainder of the appeal is
18 **DISMISSED** for lack of jurisdiction and the case is **REMANDED**
19 to the district court.
20
21    Defendant Leonard Labonia, a police officer for the
22 City of Danbury, Connecticut, appeals from an order of the
23 United States District Court for the District of Connecticut
24 (Dorsey, J.), denying his motion for judgment as a matter of
25 law after a jury trial on plaintiff John Aczel's claims for,
26 inter alia, false arrest and excessive force. See 42 U.S.C.
27 § 1983. The jury returned a special verdict form that, in
28 brief: (a) found no liability on the part of Labonia's co-
29 defendant Ethan Moble as to all six causes of action, (b)
30 found no liability on Labonia's part as to five causes of
31 action, (c) found on the remaining claim that Labonia used
32 excessive force but was entitled to qualified immunity, and
33 (d) awarded Aczel compensatory damages despite finding no
34 liability on the part of either defendant.
35
36    The district court accepted most of the verdict
37 responses, but as to Labonia's use of excessive force,
38 Labonia's entitlement to qualified immunity on the excessive
39 force claim, and the award of damages, the court believed
40 that these three responses could not be reconciled. Aczel
41 moved for a new trial, which the district court granted,
42 limited, however, to Aczel's excessive force claim against
43 Labonia and Labonia's defense of qualified immunity.

Exhibit A

1   Labonia moved for judgment as a matter of law on qualified
2   immunity, which the district court denied on the ground that
3   it required the resolution of disputed factual issues.  The
4   parties cross-appealed the district court's post-verdict
5   rulings, although Aczel abandoned his appeal in favor of a
6   motion to dismiss the entire appeal for lack of
7   jurisdiction, which motion was referred to the merits panel.
8   We assume the parties' familiarity with the underlying facts
9   and procedural history of this case.
10
11      An order granting a new trial is not an appealable
12  final order and therefore we lack jurisdiction to review it.
13  Ortiz-Del Valle v. Nat'l Basketball Ass'n, 190 F.3d 598, 599
14  (2d Cir. 1999) (per curiam).  An order denying judgment as a
15  matter of law is similarly interlocutory and not appealable.
16  However, we have jurisdiction to review a district court's
17  denial of judgment on qualified immunity, see Mitchell v.
18  Forsyth, 472 U.S. 511, 530 (1985), and then only if the
19  appeal is based on "undisputed facts or plaintiff's version
20  of the facts," Coons v. Casabella, 284 F.3d 437, 440 (2d
21  Cir. 2002) (internal quotation marks omitted).
22
23      Aczel argues that this appeal is governed by our prior
24  decision in this case, which had ruled that material factual
25  issues as to qualified immunity required a jury trial.  See
26  Aczel v. Labonia, 92 F. App'x 17, 19-20 (2d Cir. 2004)
27  (Aczel I).  The prior decision was issued on defendants'
28  interlocutory appeal from the district court's denial of
29  summary judgment on the issue of qualified immunity.
30  However, the prior decision exercised jurisdiction because
31  defendants had argued entitlement to qualified immunity
32  under the undisputed facts and, where disputed, under the
33  version most favorable to the plaintiff.  We rejected
34  defendants' argument and remanded the case for trial.  Id.
35  at 21.  Similarly, at this juncture, defendant Labonia
36  argues that the undisputed facts, as established by the
37  verdict form responses that were accepted by the district
38  court, entitled him to judgment on qualified immunity.  Our
39  jurisdiction is limited to this question.  See Britt v.
40  Garcia, 457 F.3d 264, 271-72 (2d Cir. 2006).
41
42      Once the district court rejected the jury's verdict on
43  excessive force and qualified immunity, the verdict form no
44  longer resolved disputed factual issues regarding the
45  precise force Labonia used, the reasonableness of his belief
46  that he was justified in using that amount of force, and the
47  reasonableness of his belief as to the legality of that

force.  See Stephenson v. Doe, 332 F.3d 68, 78-79 (2d Cir.
2003).  The district court was thus left with a trial record
on the issue of qualified immunity in most respects
indistinguishable from the fact scenario presented on the
motion for summary judgment--a record in which the defense
case contradicted plaintiff's on "myriad" factual issues.
See Aczel I, 92 F. App'x at 20.  Given the trial record, and
the district court's decision to reject aspects of the
verdict, the district court properly declined to conclude
that Labonia was entitled to qualified immunity as a matter
of law.  There is no basis to disturb that ruling.

    While this appeal was pending, the district court
expressed misgivings about its decision to reject the three
supposedly inconsistent verdict form responses.  Nothing in
this decision bars the district court from revisiting its
earlier ruling as to whether the verdict form responses can
be reconciled.  Nor does anything in this decision bar
whichever party is aggrieved by the reconsidered ruling from
taking another appeal at the appropriate time, assuming
jurisdiction lies.

    For the foregoing reasons, we **AFFIRM** the denial of
judgment as a matter of law on qualified immunity.  We
**DISMISS** the remainder of the appeals for lack of
jurisdiction and **REMAND** the case to the district court.


                        FOR THE COURT:
                        CATHERINE O'HAGAN WOLFE, CLERK
                        By:


                        _____

4

Exhibit A

Case 3:00-cv-01802-PCD   Document 250   Filed 01/22/2007   Page 1 of 2

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

JOHN ACZEL,
      Plaintiff,

v.                      Civil Action No. 3:-00-cv-1802 (PCD)

LEONARD LABONIA, et al.,
      Defendants.

## ORDER ON JOINT MOTION FOR ARTICULATION

The parties have jointly moved [Doc. No. 247] for an articulation of the Court's decision

on the parties' motions for judgment and new trial filed on September 20, 2006 [Doc. No. 238].

The motion is **granted**, and this articulation responds to the parties' requests as stated in their

motion.

The Court's ruling of September 20, 2006 does not provide for a new trial for all

Defendants. The September 20th Ruling orders a new trial limited to the Fourth Amendment

excessive force claim against Officer Labonia and his claim of qualified immunity. The Court

notes that the verdicts on excessive force and on qualified immunity, standing alone, were not

inconsistent. The jury reasonably could have found that whatever force it found used was

excessive and further, applying the objective standard as was outlined in the charge to the jury,

that Officer Labonia reasonably believed that the force he used was reasonable and was

compliant with the reasonable force permitted by the Fourth Amendment. To the extent of those

two findings, the verdict was not inconsistent. However the inconsistency arose when the jury

awarded compensatory damages. When the jury returned its verdict, the inconsistency was

noted, and the verdict was accepted in all respects except as to the claim of excessive force, the

claim of qualified immunity and the award of damages. The Court flagged the inconsistency to

A140

Exhibit B

the jury and instructed it to reconsider those portions of the verdict, but to no avail as the jury reported an impasse on those issues.  In retrospect, it may have been more proper for the Court to simply have accepted the verdict as to the excessive force and qualified immunity claims and to have rejected the damages award, thereby eliminating the inconsistency.

Dated at New Haven, Connecticut this 20th day of January, 2007.


_____/s/_____
PETER C. DORSEY
UNITED STATES DISTRICT JUDGE

Exhibit B

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

John Aczel,
          Plaintiff,

              -vs-

                                                    Civil No. 3:00cv1802 (PCD)

Leonard Labonia, et al.,
          Defendants.

## VERDICT FORM

### A. Liability

A1.   Do you find that Plaintiff has proved by a preponderance of the evidence that one or both Defendant(s) caused a violation of Plaintiff's right, guaranteed to him by the Fourth Amendment to the United States Constitution, to be free from false arrest?

          Leonard Labonia          _____ Yes     __X__ No
          Ethan Mable              _____ Yes     __X__ No

A1(a). If you answered A1 "yes" as to either Defendant, do you find that such Defendant or Defendants proved the entitlement to qualified immunity by proving a reasonable and objective belief that probable cause existed for the crime charged?

          Leonard Labonia          _____ Yes     _____ No
          Ethan Mable              _____ Yes     _____ No

A2.   Do you find that Plaintiff has proved by a preponderance of the evidence that one or both Defendant(s) caused a violation of Plaintiff's right, guaranteed to him by the Fourth Amendment to the United States Constitution, to be free from excessive force?

          Leonard Labonia          __X__ Yes     _____ No
          Ethan Mable              _____ Yes     __X__ No

A2(a). If you answered A2 "yes" as to either Defendant, do you find that such Defendant or Defendants proved the entitlement to qualified immunity by proving a reasonable and objective belief that the force used was reasonable under the circumstances at the time of the arrest?

          Leonard Labonia          __X__ Yes     _____ No
          Ethan Mable              _____ Yes     _____ No

A49

Exhibit C

A3.   Do you find that plaintiff has proved by a preponderance of the evidence that one or both Defendant(s) are liable for assault and battery?

      Leonard Labonia               _____ Yes    X No
      Ethan Mable                   _____ Yes    X No

A4.   Do you find that plaintiff has proved by a preponderance of the evidence that one or both Defendant(s) are liable for intentional infliction of emotional distress?

      Leonard Labonia                _____ Yes    X No
      Ethan Mable                   _____ Yes    X No

A5.   Do you find that plaintiff has proved by a preponderance of the evidence that one or both Defendant(s) are liable for false imprisonment?

      Leonard Labonia                _____ Yes    X No
      Ethan Mable                   _____ Yes    X No

A6.   Do you find that plaintiff has proved by a preponderance of the evidence that one or both Defendant(s) are liable for abuse of process?

      Leonard Labonia                _____ Yes    X No
      Ethan Mable                   _____ Yes    X No

*If you answered "No" with respect to any individual in Interrogatory A1-A6, you should not consider that defendant with respect to any other question that follows. If you answered "No" to every individual listed, then your deliberations are complete. Please have the jury foreperson fill in, sign, and date this verdict form.*

B. Damages

B1.   For each part, if any, of Interrogatories A1-A6 you have answered "yes," what amount of compensatory damages has Plaintiff proved were proximately caused by the acts of any Defendant?

      $ _12,078.61_

B2.   For each part, if any, of Interrogatories A1-A6 you have answered "yes," and if you find that Plaintiff has not proved entitlement to compensatory damages, what amount of nominal damages do you award as to the claims you have found proved but did not find a proven amount of compensatory damages?

      $ _0_

2

Exhibit C

B3a.   For each part, if any, of Interrogatories A1-A6 you have answered "yes," do you find that any Defendant's conduct which violated Plaintiff's rights was done willfully, recklessly, maliciously, or oppressively?

Leonard Labonia        _____ Yes      __X__ No
Ethan Mable            _____ Yes      __X__ No

B3b.   For each Defendant, if any, you have answered "yes" in Interrogatory B3a, what amount of punitive damages do you award as to each Defendant?

Leonard Labonia        $ _____
Ethan Mable            $ _____

**Your deliberations are complete. Please have the jury foreperson fill in, sign, and date this verdict form.**

*Carol H. Dillenbeck*
Foreperson

*12/14/05*
Date

3

A51

Exhibit C

46

```
 1          proven by a preponderance of the evidence,
 2          that one or both defendants caused a
 3          violation of the plaintiff's right guaranteed
 4          to him by the Fourth Amendment of the
 5          Constitution, to be free from false arrest?"
 6          The answer as to Mr. Labonia is "No."
 7          The answer to -- as to Mr. Mable is "No."
 8          Is that the intention of the jury?
 9          THE FOREPERSON:  Yes, that is the intention.
10          THE COURT:  All right.  The record will
11   reflect that all of the jurors have answered in the
12   affirmative, therefore, A.1.a. is skipped because it
13   doesn't apply.
14          Question A.2.:
15          "Do you find that the plaintiff has proved by
16          a preponderance of the evidence, that one or
17          both defendants caused a violation of the
18          plaintiff's right guaranteed to him by the
19          Fourth Amendment to the United States
20          Constitution, to be free from excessive
21          force?"
22          The answer as to Mr. Labonia is "Yes."
23          The answer as to Mr. Mable is "No."
24          Is that your verdict and your intention, each
25   one of you?
```

A108

Exhibit D

1    SEVERAL VOICES:  Yes.

2    THE COURT:  The record will reflect that all

3    of the jurors have answered in the affirmative.

4    Then A.2.a. says:

5    "If you've answered A.2. 'Yes' as to either

6    defendant, do you find that such defendant or

7    defendants" -- though it will only be --

8    "such defendant proved the entitlement to

9    qualified immunity by proving a reasonable

10    and objective belief that the force used was

11    reasonable under the circumstances at the

12    time of the arrest?", and the answer to that

13    on the form, it only applies to Mr. Labonia

14    since the question, A.2. was answered in the

15    negative as to Mr. Mable, but the answer to

16    Question A.2.a., as far as Mr. Labonia is

17    concerned, is also "Yes."

18    Is that your intention?

19    SEVERAL JURORS:  Yes.

20    THE COURT:  All right.  The jurors have

21    answered all the -- all in the affirmative.

22    Then, as to Questions A.3., which pertains to

23    the question of liability -- proof of the claim of

24    liability for assault and battery is answered "No" as

25    to Mr. Labonia, "No" as to Mr. Mable.

Exhibit D

1        MR. GERARDE: That would be fine with me,

2    Your Honor, anything. I mean, nine people shook their

3    head "Yes."

4        THE COURT: Well, --

5        MS. SCACCIA: Your Honor, I don't -- You

6    know, he keeps saying nine people shook their heads

7    "Yes," but I don't think we took a roll call on that,

8    and that's not fair --

9        MR. GERARDE: He asked --

10        MS. SCACCIA: -- to keep saying something.

11        THE COURT: Let me put it this way.

12        I asked the jury specifically whether the

13    answers that they gave, that are recorded on the jury

14    verdict form that was handed to me, reflected the

15    determination -- the decision of each juror, and I

16    observed very carefully, every juror indicated their

17    affirmance, their agreement that that was their

18    verdict.

19        I watched them, and I put it on the record

20    that the -- and the record is going to -- does reflect,

21    because I put it on the record, that every juror

22    answered in the affirmative.

23        Then I asked them the same question about

24    A.2.a., and again, they indicated that was their

25    verdict, that was their decision, --

1    on the defendant's part; that is to say, of a failure

2    on his part to use the care which a person of ordinary

3    prudence would use under the circumstances present, but

4    to be a basis of recovery, the application of force or

5    violence must, by reason of the intent, the wanton

6    conduct, or the negligence of the party charged with

7    the offense, be unlawful, and the plaintiff may resist

8    an unlawful arrest.

9         No, that should read, "The plaintiff may not

10   resist an unlawful arrest."

11        If, however, the force or violence applied to

12   the person of the plaintiff was the result of mere

13   accident, apart from intention, wantonness or

14   negligence, it was not unlawful, and defendant is not

15   liable. If the conduct is lawful, it would not

16   constitute an assault. Mere words do not constitute an

17   assault.

18        A police officer is justified in using

19   physical force on another person when and to the extent

20   that he reasonably believes such to be necessary to:

21        One, effect an arrest or prevent the escape

22   from custody of a person whom he reasonably believes to

23   have committed an offense, unless he knows that the

24   arrest or custody is unauthorized; or

25        two, to defend himself or a third person from

1     the use or imminent use of physical force while

2     effecting or attempting to effect an arrest, or while

3     preventing or attempting to prevent an escape.

4           The defendant claims in defense, that even if

5     you should conclude that he did assault the plaintiff,

6     he was justified in what he did because he acted solely

7     in defense of his own person, against an attack made

8     upon him by plaintiff.  Under certain circumstances the

9     law justifies the use of force or violence upon another

10    when it is done in self-defense.

11          In order to avail himself of this defense,

12    the defendant must have reasonably believed he was in

13    imminent danger of suffering force or violence to his

14    person because of the plaintiff's conduct, and that it

15    was necessary for him to act in self-defense.

16          Secondly, a defendant must not have been the

17    aggressor; that is, he must not have been the one who,

18    as the plaintiff contends, instigated the physical

19    conflict between them by himself attacking the

20    plaintiff, or by his own conduct leading the plaintiff

21    reasonably to believe that the defendant was about to

22    attack him.

23          If you find that defendant was the aggressor

24    in that sense of the word, the defendant in -- cannot

25    in law claim that he was justified in using force or

A80

Exhibit E

1    violence upon the person of plaintiff.

2         But even if you find that the plaintiff, and

3    the -- and not defendant was the aggressor, the

4    defendant was justified in using force or violence only

5    so far as it was reasonably necessary for him to do so

6    in order to protect himself from injury.

7         The test of defendant's conduct, in this

8    regard, is not how far it was in fact necessary for him

9    to go to protect himself, nor is it how far he

10   personally believed that it was necessary, but how far

11   a reasonable person in his position would have believed

12   it was necessary.

13        It is for you to decide, having heard the

14   testimony of the witness, to decide, based on the facts

15   as you find them, what a reasonable person -- man in

16   the position of the defendant would have felt it was

17   necessary to do to protect himself.  Even if the

18   defendant acted in self-defense and was not the

19   aggressor, and was so justified in taking steps for his

20   own protection, he cannot lawfully exceed the bounds of

21   conduct which a reasonable person situated as he was

22   situated, would consider necessary for his protection.

23        The burden rests upon the defendant to prove

24   to you that his acts and -- or -- and conduct were

25   justified by reason of the fact that he acted solely in

A81                                          Exhibit E

1   self-defense.  That means he must prove to you by a

2   preponderance of the evidence, that he reasonably

3   believed that he was in imminent danger of injury; that

4   he was not the aggressor; and that he used no more

5   force than was reasonably -- than a reasonable person

6   situated as he was situated, would have believed to be

7   necessary to protect himself from injury.  Unless the

8   defendant proves all of these facts, he would not have

9   been completely justified in what he did, and cannot

10  escape all liability to the plaintiff.

11          If the defendant proves that he was not the

12  aggressor and was acting in self-defense, but does not

13  prove that he used no more force than was necessary,

14  then he is liable for any injuries caused to the

15  plaintiff by his excessive use of force.

16          Summarize that claim, a police officer is

17  entitled to use force, one, to effectuate the arrest.

18  Two, to protect himself; that is, defend himself.  In

19  either instance, the measure is what force that he used

20  must be limited to that force reasonably necessary for

21  either of the two purposes, one, to effect the arrest,

22  two, to defend himself.

23          Plaintiff claims that the defendants

24  intentionally inflicted emotional distress on him

25  through their actions.

Exhibit E