UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN ACZEL<br>　　Plaintiff | : CIVIL NO. 3:00cv1802(PCD)<br>:<br>:<br>: |
| VS. | :<br>: |
| LEONARD LABONIA,<br>ETHAN MABLE AND<br>CITY OF DANBURY<br>　　Defendants | :<br>:<br>:<br>: APRIL 21, 2008 |

### OBJECTION TO MOTION FOR RECONSIDERATION
### AND JUDGMENT AND CROSS MOTION FOR NEW TRIAL AS TO ALL COUNTS

The plaintiff, John Aczel, hereby objects to the defendant Leonard Labonia's Motion for Reconsideration and for Judgment.

The defendant has filed his motion pursuant to Fed. R. Civ. P. 60(b) which lists six instances where a court may relieve a party from final judgment. Only two of the six subsections have any possible relevance to this action. The rule provides as follows: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . (6) any other reason that justifies relief."

Fed. R.Civ. P. 60(C)(1) continues "A motion made under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after entry of the judgment or order or date of the proceeding." The defendant seeks relief from an order that was entered more than one year prior to his motion. The only conceivable section of the rule that the motion could be brought is the "catch all" provision contained in Fed. R. Civ. P. 60(b)(6).

Relief from judgment pursuant to Rule 60(b)(6) is an extraordinary remedy. "A motion pursuant to Rule 60(b)(6) is proper only when the asserted grounds for relief: (a) are not recognized by paragraphs 1-5 of Rule 60 and (b) rise to the level of extraordinary circumstances. Montco, Inc. v. Barr (Matter of Emergency Beacon Corp.), 666 F.2d 754, 758-759 (2d Cir. 1981). A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances. United States v. International Brotherhood of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001). The party seeking relief bears the burden to show the necessary extraordinary or exceptional circumstances. Paddington Partners v. Bouchard, 34 F.3d 1132, 1142 (2d. Cir. 1994).

The defendants do not make any showing of extraordinary circumstances in their papers. In fact, their argument is entirely based upon the assumption that a mistake in law has been made. Although the plaintiff does not concede that the Court was mistaken in declaring a mistrial, any motion for relief from the order would need to be filed pursuant to Fed. R. Civ. P. 60(b)(1), which has an express one year time limit. The defendant's motion is both untimely and inconsistent with the law of this circuit. For these reasons, the defendant's motion should be denied.

In addition, the defendant misreads the holding of the Second Circuit in this matter. The only holding is that "[g]iven the trial record, the District Court properly declined to conclude that Labonia was entitled to qualified immunity as a matter of law. There is no basis to disturb that ruling". See attached Exhibit A. The Second Circuit did not direct the defendants to file a Fed. R. Civ. P. 60 motion. It simply stated that the Court did not rule in any way on the misgivings of the District Court that were expressed in the ruling on the

motion for articulation. There was no direction anywhere in the Second Circuit's decision directing the defendant to file any motion.

In addition, the defendant makes the same substantive arguments that were made in the post-trial motions as well as the latest appeal. There is nothing new contained in the motion that would justify the extraordinary remedy of reconsideration of the order of the Court eighteen months after it was entered.

It remains true that a Fed. R. Civ. P. 50 motion for judgment as a matter of law shall only be granted where "(1) [t]here is such a complete absence of evidence supporting the verdict that a jury's findings could only have been the result of sheer surmise and conjecture, or (2) [t]here is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against him." Newmont Mines Ltd. v. Hanover Ins. Co., 784 F.2d 127, 132 (2d Cir. 1986).

It is without question that the evidence presented as to the amount of force used by the officers was highly disputed. The plaintiff's testimony and evidence demonstrate that the officers kicked, kneed and pepper sprayed the plaintiff while handcuffed and on the ground. (Trans. 12/7/2005, Vol. I, p.111 1.20-p.125 1.23). Although the defendants' version of events was markedly different, for purposes of the Rule 50 motion the evidence must be viewed in the light most favorable to the plaintiff. Examining the evidence in this light a reasonable jury could reasonably find that the officers used excessive force on Aczel. The jury specifically articulated that excessive force was used. The jury articulated an award of damages. When asked by the Court, the jury clearly and unequivocally stated that the verdict was a compromise verdict.

3

As was the case in the earlier Fed. R. Civ 50 P. motion, the defendants' entire qualified immunity analysis fundamentally fails to apply the above stated standard of review. The Court has recognized the defendants' failure to properly interpret the evidence in the context of the Rule 50 motion.

The Court must view the facts and draw all inferences in favor to the plaintiff. In so doing, there was testimony to support that Aczel did not use profanity; that Aczel, at all times complied with Officer Labonia's commands; that Aczel did not resist arrest; that Aczel did not resist being handcuffed; that Aczel did not punch Labonia; that Aczel was choked by Labonia; kneed to the ribs by Labonia, kneed to the head by Labonia; pepper sprayed by Labonia in Mable's presence, and kicked by at least four legs. In order for the Court to grant the motion for reconsideration and enter judgment in favor of the defendant, it would have to interpret all of this evidence in defendants' favor. Such a weighing of the evidence is improper in this motion and for that reason the Court should not reconsider its decision and enter judgment.

In the event that the Court finds that it is proper to reconsider the prior order, the plaintiff moves for the Order on Joint Motion for Articulation to be set aside and for a new trial to be held on all counts as to all defendants. The plaintiff moves for a new trial on the basis that the jury clearly and impermissibly reacted compromise verdict and the verdict was internally inconsistent. The jury's initial determination on the issue of the plaintiff's Fourth Amendment rights was inherently inconsistent. Basically they found that excessive force was used, awarded, inadequate damages and found qualified immunity. There can be no more obvious inconsistency.

4

Because of the inconsistency and inadequacy of the jury's verdict on the excessive force count coupled with the jury's desire to resolve the inconsistency by further discussion on other counts. A new trial on all issues is warranted.

> As the Supreme Court has instructed, where the practice permits a partial new trial, it may not be properly resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice. [Citations omitted] In accordance with that mandate, this court has required a complete new trial "when the issues of liability and damages were tried together and there are indications that a jury may have reacted a compromise verdict." [Citations omitted.] Mekdeci v. Merrell National Laboratories, 711 F.2d 1510, 1513 (11th Cir. 1983).

As noted in previous memoranda before this Court, this circuit was faced with similar circumstances in Stepenson v. Doe, No. 00-93 (2d Cir 6/13/2003)(copy attached). The court in Stepenson concluded "that the qualified immunity verdict is legally inconsistent with the verdict on excessive force and should not stand". Id. at p 7. The court went on to hold that "[i]f we are unable to harmonize the jury's findings we must vacate the judgment and order a new trial" Id. at p. 7.

The jury in this case attempted to recast its verdict by making a potential finding on other counts where qualified immunity was not a defense. The evidence of the internally inconsistent compromise verdict is so obvious that the only way to reconcile the inconsistency is for re-trial on all issues.

For the reasons more particularly stated herein, the plaintiff moves this Court to deny the defendant's Motion for Reconsideration and Judgment and to order a new trial on all counts as to all defendants.

5

THE PLAINTIFF,
JOHN ACZEL

BY _____
Keith P. Sturges
Fed. #ct26603
GOLDSTEIN AND PECK, P.C.
1087 Broad Street
Bridgeport, CT 06604
Phone (203) 334-9421
Fax (203) 334-6949
Email: sturgesk@goldsteinandpeck.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, this 21st day of April, 2008 to:

John J. Radshaw, III, Esq.
Thomas Gerarde, Esq.
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114

_____
Keith P. Sturges