UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN ACZEL,<br>    Plaintiff,<br><br>V.<br><br>LEONARD LABONIA, ETHAN MABLE,<br>and CITY OF DANBURY,<br>    Defendants. | :<br>:<br>:<br>:      Case No: 3:00-CV-01802(PCD)<br>:<br>:<br>:<br>: |

### RULING ON MOTION FOR RECONSIDERATION AND JUDGMENT

Now pending, after trial, judgment, and appeal in this matter, is Defendant Leonard Labonia's Motion for Reconsideration and Motion for Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure [Doc. Nos. 260, 261]. Defendant Labonia seeks reconsideration of the Court's prior ruling on September 22, 2006 ("the September 22nd Ruling") [Doc. No. 238] denying Defendant Labonia's prior motion for judgment as a matter of law and granting Plaintiff John Aczel's motion for a new trial as to the issue of excessive force and qualified immunity against Defendant Labonia. For the reasons stated below, Defendant's motions [Doc. Nos. 260, 261] are **granted.**

**I.    BACKGROUND**

Plaintiff brought this action against the two named individuals, both police officers in the City of Danbury, citing federal constitutional claims of false arrest and use of excessive force and state law claims of assault, false imprisonment, and abuse of process. After trial, a jury announced a verdict stating that: liability was not proven as to either defendant with respect to the claims of false arrest, assault and battery, infliction of emotional distress, and abuse of process; the claim of excessive force was found not proven as to Defendant Mable; the claim of excessive force was found proven as to Defendant Labonia; and Mr. Labonia was found proven

to be entitled to qualified immunity. The verdicts were accepted because the jurors indicated them to be the verdicts of each juror.

The jury also awarded Plaintiff compensatory damages for the excessive force claim found proven against Defendant Labonia. Because the award of damages was inconsistent with the combined finding of excessive force and qualified immunity, the Court instructed the jury to continue its deliberations in an effort to resolve the inconsistency. After further deliberations, the jury reported that it could not do so and had reached an unresolvable impasse. The jury was excused, and Plaintiff made an oral motion for a mistrial, which was ultimately denied.

After the close of the trial, Defendant Labonia moved for judgment as a matter of law on the claim of qualified immunity, and Plaintiff moved for a new trial. On September 22, 2006, the Court denied Defendant's motion for judgment on the qualified immunity claim and granted Plaintiff's motion for a new trial only on the claims of excessive force and qualified immunity as to Defendant Labonia. The parties cross-appealed the September 22nd Ruling to the Second Circuit, which issued a summary order affirming the denial of Labonia's motion for judgment as a matter of law on the basis of qualified immunity, in effect finding that there were questions of fact at issue that precluded a finding of qualified immunity as a matter of law. The Court of Appeals dismissed the remainder of the appeals for lack of jurisdiction and remanded the matter back to this Court. In its Summary Order, the Court of Appeals noted that this Court could revisit its earlier ruling as to whether the verdict responses could be reconciled. Defendant Labonia now moves for reconsideration of the September 22nd Ruling denying his post-trial motion for judgment.

II.     DISCUSSION

Defendant Labonia urges this court to enter a judgment in his favor pursuant to Rule 60(b) on the basis of qualified immunity, thereby disregarding the jury's legally invalid award of damages. Rule 60(b)(6) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). The Supreme Court has noted that the catch-all provision of Rule 60(b)(6) can be used to vacate judgments "whenever such action is appropriate to accomplish justice," but cautions that it should only be used in "extraordinary circumstances." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988) (citations omitted). Plaintiff objects to Defendant Labonia's motion on the ground that Labonia's motion is untimely and that it does not present exceptional circumstances as required to merit Rule 60(b)(6) relief. Plaintiff's claim that his motion is untimely because it was not filed within one year of the ruling sought to be overturned is without merit. This claim ignores the fact that the September 22nd Ruling was not final when entered because it was appealed. Finality came with the decision of the Court of Appeals, within four days of which Defendant Labonia filed his present motion. Therefore the motion will not be denied as untimely.

More importantly, contrary to Plaintiff's assertions, there is no question that this case has presented a rather extraordinary circumstance. The jury returned a legally inconsistent verdict, finding no liability on the basis of qualified immunity yet awarding compensatory damages, and flouting instructions from the Court which precluded the consideration or award of damages if a defendant was found not liable. The jury's findings that Labonia had used excessive force but was entitled to qualified immunity pose no problem standing alone because they were confirmed

by written verdict and the recorded notation of the jury's unanimous verbal acknowledgment of the verdict as theirs. Those findings were further consistent with the jury's exoneration of Labonia with respect to the charge of assault. By proceeding to consider damages after finding Labonia entitled to qualified immunity, the jury overstepped its legal authority, and its compensatory damages award constitutes an unlawful award. The Court has been left to deal with the exceptional circumstance where a jury returned a unanimous, consistent verdict on the factual issues submitted to it finding no liability, but where it also issued an unauthorized and unlawful award of compensatory damages which could only be lawful based on a finding of liability.

     Initially, the Court was persuaded that this verdict is inconsistent and irreconcilable and that a new trial is necessary on the claims of excessive force and qualified immunity. Upon reconsideration, however, the Court concludes that the proper course of action is to accept the verdict on the excessive force and qualified immunity claims but vacate the award of damages. Before vacating the entire judgment and ordering a new trial, the Court has a responsibility to harmonize the inconsistency if it can. Jarvis v. Ford Motor Co., 283 F.3d 33, 68 (2d Cir. 2002); see also Harris v. Niagra Mohawk Power Corp., 252 F.3d 592, 598 (2d Cir. 2001). Although a court cannot credit one factual finding and vacate the other, "a reviewing court must adopt a view of the case, if there is one, that resolves any seeming inconsistency." Id. (citing Brooks v. Brattleboro Mem. Hosp., 958 F.2d 525, 529 (2d Cir. 1992)); see also Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 364, 82 S. Ct. 780, 7 L. Ed. 2d 798 (1962) ("Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way."). In this case, the factual underpinnings of the excessive force and

qualified immunity verdict are not inconsistent. As decided in the September 22nd Ruling and undisturbed by the parties' appeals, the jury's finding that Labonia used excessive force and was entitled to qualified immunity is not an internally inconsistent conclusion based on conflicting factual findings, and there is no reason to doubt the validity of the unanimous decision on those claims. See Aczel v. Labonia, No. 3:00-cv-1802 (PCD), 2006 WL 2715345, at * 3-4 (D. Conn. Sept. 22, 2006). Rather, harving returned a factually consistent verdict, instead of ending the matter there, the jury took the unauthorized step of considering and awarding damages. The Court is thus able to legally and efficiently harmonize the jury's verdict by striking the portion of the verdict that is legally invalid. Because vacating only the damages award does not require the Court to pick and choose the jury's factual findings as it sees fit, such a resolution is more appropriate than vacating the entire judgment and ordering a new trial. Cf. Stephenson v. Doe, 332 F.3d 68 (2d Cir. 2003) (where the inconsistency in the verdict was between the jury's excessive force finding and its qualified immunity finding); Brooks, 958 F.2d at 529-30 (holding that a verdict was irreconcilable where the jury found the defendants liable for negligence but then awarded zero damages).

Accordingly, Defendant's Motions for Reconsideration and for Judgment [Doc. Nos. 260, 261] are **granted.** The award of damages is hereby stricken. The verdict on the issues of excessive force and qualified immunity is accepted and recorded and judgment on that basis is entered for Defendant Labonia.

SO ORDERED.

Dated at new Haven, Connecticut this 14th day of May 2008.

                    /s/
              PETER C. DORSEY
        UNITED STATES DISTRICT JUDGE